LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

EDWARD REDDINGTON
(202) 434-5063
ereddington@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 25, 2016

**VIA ECF and EMAIL**

Honorable Sarah Netburn
Thurgood Marshall Courthouse
United States District Court
40 Foley Square, Room 430
New York, New York 10007

Re:   *Coordinated RMBS Trustee Actions Against HSBC Bank USA, N.A.*,
       Nos. 14-cv-08175; 14-cv-09366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

      I write in response to Plaintiffs' March 22, 2016 letter seeking a discovery conference to compel HSBC depositions and production of documents. Plaintiffs' requests are both premature and unfounded and should be denied. However, HSBC joins in Plaintiffs' request for a discovery conference, so that the Court can provide guidance and direction on how depositions are to be conducted in these six coordinated cases. HSBC attempted to set up meet-and-confers with Plaintiffs on multiple occasions to discuss this issue, but Plaintiffs inexplicably chose to avoid or cut short that process.

      **A.**    **Background**

      When the Court coordinated these cases and approved a Bellwether discovery process, the Court contemplated that discovery would proceed jointly. At an April 9, 2015 hearing, Judge Scheindlin instructed that Plaintiffs will have to coordinate on depositions to prevent HSBC witnesses from being deposed multiple times. Ex. 1 (excerpts of April 9, 2015 Hr'g Tr.) at 9:10-19 ("The Court: Let's start off by saying that with respect to HSBC, again, coordination is required. It's like a mini MDL. Four cases, you can only depose the HSBC people together . . . . You can't do HSBC people over and over . . . Whoever you're deposing, it is one time for the four cases, right?  Mr. DeLange [counsel for the *BlackRock* plaintiffs]:  That's correct, your Honor.").

Honorable Sarah Netburn
March 25, 2016
Page 2

   Judge Scheindlin also noted that HSBC would need more depositions than Plaintiffs because there are many plaintiff entities and just one defendant entity. *Id.* at 8:11-12 ("it's not equal. [HSBC is] facing four unique plaintiffs."). The inclusion of two additional cases, and four plaintiff entities, since that hearing has exacerbated this asymmetry. Against this backdrop and despite Judge Scheindlin's prior guidance, it is unclear whether the coordinated Plaintiffs intend to conduct discovery jointly or agree to reasonable proposals for the number of HSBC and Plaintiff depositions.

   The genesis of the instant dispute began on Friday, February 12, 2016, when, without first reaching out to HSBC to discuss dates, Plaintiffs emailed a letter for HSBC, noticing a 30(b)(6) deposition for February 22, 2016. The letter indicated a willingness to conduct the deposition on a different date, so long as it was in "sufficient time to incorporate such testimony in [plaintiffs'] class certification motion," which was then due on March 18. Ex. 2 (B. Galdston ltr.). HSBC and Plaintiffs engaged in several subsequent discussions regarding the timing of the Rule 30(b)(6) deposition. HSBC indicated that it believed certain of the topics were premature and objectionable, including because document discovery is not yet complete, and that the notice provided insufficient time to prepare a witness. Additionally, on February 23, 2016, HSBC suggested to Plaintiffs that before the parties began noticing and taking depositions, the parties should have a broader discussion about the discovery schedule, including the timing and scope of depositions. Ex. 3 (email from E. Reddington) at 3.

   HSBC requested that the parties meet-and-confer the following week, *id.*, but Plaintiffs did not respond to that request. On February 26, in response to Royal Park's request that HSBC provide a 30(b)(6) witness the week of March 6, HSBC again requested a meet-and-confer, explaining its concern about, among other things, producing the same witness multiple times. *Id.* at 1. Royal Park likewise did not respond to that request for a meet-and-confer. On March 7, 2016, Plaintiffs emailed HSBC requesting HSBC provide a Rule 30(b)(6) deponent in March. In response, HSBC again requested that the parties first discuss how depositions should proceed in the six related cases, and again requested a meet-and-confer. Ex. 4 (email from E. Reddington).

   On March 11, 2016, Royal Park filed a letter with the Court seeking an order requiring HSBC to designate by March 31 a 30(b)(6) deposition witness on two of the nine topics identified in Plaintiffs' February 12 notice. Also on March 11, after Royal Park filed its letter, the Court entered an amended scheduling order, setting July 11, 2016 as Plaintiffs' deadline to move for class certification. Plaintiffs' original class certification deadline was March 18; the modified joint schedule therefore alleviated the time pressure for Plaintiffs to conduct a 30(b)(6) deposition in March.

   Plaintiffs responded to HSBC's multiple requests to meet and confer about depositions only after Royal Park filed its March 11 letter. On March 15, the parties met and conferred about depositions generally and about Plaintiffs' 30(b)(6) notice. HSBC explained that it did not object to providing a Rule 30(b)(6) deponent on topics 1 and 2 (subject to certain scope


Honorable Sarah Netburn
March 25, 2016
Page 3

limitations), but that it would not be able to prepare such a witness for a deposition in March. HSBC said it would offer dates before the document production deadline, but after March, to accommodate Plaintiffs' concerns regarding the class certification deadline. Plaintiffs agreed to consider HSBC's proposed dates.

On March 16, the BlackRock plaintiffs sent HSBC a letter asserting that HSBC's document productions were deficient and demanding HSBC confirm by March 18 that fourteen categories of documents set forth in the letter had been or would be produced within ten business days. Ex. 5 (B. Galdston ltr.). Plaintiffs did not raise these purported deficiencies during the meet-and-confer held one day earlier. On March 18, HSBC responded that it was looking into the categories raised in BlackRock's March 16 letter and would respond the following week. Ex. 6 (email from E. Wiener). HSBC also requested that the BlackRock plaintiffs identify specific documents referenced in their March 16 letter so that HSBC could better investigate and respond to their requests. *Id.*

Also on March 18, HSBC sent a letter to Plaintiffs offering dates for a Rule 30(b)(6) deposition on topics 1 and 2 and proposing a deposition plan. Ex. 7 (K. Hodges ltr.). In its March 18 letter, HSBC noted that it had some objections to the topics identified in Plaintiffs' notice and indicated it would provide those objections by separate cover. HSBC also proposed two dates to meet and confer further about the proposed plan. Plaintiffs did not respond to HSBC's request for a further meet-and-confer about the proposed plan on either of the offered dates; nor did Plaintiffs propose alternate dates. Instead, on March 22, Plaintiffs responded that the details of HSBC's deposition plan were unacceptable, and that they would respond later. Ex. 8 (B. Galdston ltr.). On the same day, Plaintiffs moved to compel HSBC to produce, among other things, a Rule 30(b)(6) witness on all nine topics by April 8. *Royal Park* Dkt. No. 117.

Additionally, without waiting for HSBC's response and despite the fact that document discovery had been extended to June 11, 2016 by agreement of all parties and the Court's order, Plaintiffs also moved to compel the production of the fourteen categories of documents identified in BlackRock's March 16 letter. On March 25, HSBC responded to BlackRock's March 16 letter explaining that HSBC already had produced documents for most of the categories in BlackRock's March 16 letter and that HSBC would produce additional documents to the extent they were called for by Plaintiffs' requests and were in HSBC's possession. Ex. 9 (E. Reddington ltr.).

**B.     The Parties Should Proceed Under a Common Deposition Discovery Plan.**

Plaintiffs have now noticed a total of six depositions, including the Rule 30(b)(6) notice. Additionally, the different Plaintiffs appear to have different priorities with respect to these depositions. For example, Royal Park has indicated its strong intention to file its class certification motion soon (presumably before the BlackRock Plaintiffs do so) and has prioritized topics 1 and 2 in the 30(b)(6) deposition notice. BlackRock, however, appears to be insisting that a 30(b)(6) deposition take place on all nine topics simultaneously. Triaxx recently suggested

Honorable Sarah Netburn
March 25, 2016
Page 4

they do not agree that they are required to conduct discovery jointly or that they would be limited to a 30(b)(6) deposition noticed by the other Plaintiffs. These differences underscore the need for a plan governing how the parties in the six related cases will conduct the 30(b)(6) (or any other) deposition. HSBC should not be required to prepare and produce multiple corporate witnesses as the case progresses. Instead, there should be a deposition plan that addresses, among other things, the following issues:

- How many depositions HSBC will be permitted to take of each Plaintiff;
- How many depositions Plaintiffs will be permitted to take of HSBC employees;
- How the parties will coordinate regarding depositions of third parties;
- The logistics and rules governing jointly noticed depositions, for example whether Plaintiffs will be permitted to subject individual HSBC employees to questioning from multiple Plaintiffs' counsel.

Additionally, since HSBC has produced over one million pages of documents thus far, and its document production is ongoing, when Plaintiffs identify a witness as a deponent, HSBC must be given a reasonable amount of time to prepare that witness and review their documents before the deposition takes place.

HSBC submitted a proposal regarding a deposition discovery plan to Plaintiffs on March 18, 2016. Ex. 7. Plaintiffs apparently have rejected that proposal, but they have not agreed to meet and confer about it, and they have not offered an alternative (although they have indicated they will do so). The parties should not press forward with depositions until they agree to or the Court orders a set of ground rules for how depositions will proceed in these coordinated cases.

      **C.**     **Plaintiffs' Demand for an Immediate 30(b)(6) and Other Depositions is Premature.**

With the recent modifications to the class certification and overall pretrial schedule, there is no immediate need for Plaintiffs to demand depositions before the parties have agreed to an overall approach to depositions. Document production is not complete, and taking depositions before the substantial completion of document productions will inevitably lead to inefficiencies, particularly given the large volume of documents that are being produced in this case. The current schedule sets the completion of document production for June 11, 2016, exactly one month before Plaintiffs' class certification motion is due. HSBC already has offered deposition dates on the class-certification-related topics well before the June 11 document production deadline, so the relevant discovery easily can be completed by Plaintiffs' July 11 deadline to move for class certification. HSBC expects that Plaintiffs will similarly make their witnesses available in a timely fashion prior to HSBC's class certification opposition deadline. Simply put, given the current schedule, and the fact that the parties should be focused on producing relevant documents, there is no need to start depositions imminently.

### D. Plaintiffs' Motion to Compel Documents Should Be Denied.

Plaintiffs' motion to compel documents is premature because the parties have not even *begun* to meet and confer on their requests. Plaintiffs' motion focuses on categories of documents they expect are centrally located at HSBC.[1] Plaintiffs filed this motion on March 22 without making any effort to meet and confer with HSBC regarding the fourteen categories of centrally-located documents listed in their March 16 letter. Plaintiffs also never responded to HSBC's March 18 request to identify particular documents mentioned in their letter, despite their demand that HSBC produce all documents in the categories mentioned within ten business days. Ex. 6. Plaintiffs' failure to meet and confer as required by the Court's Individual Rules, *see* Rule II.C, demonstrates the prematurity of this dispute.

As HSBC said it would in its March 18 email, Ex. 6, HSBC looked into the issues raised by Plaintiffs. HSBC explains in its letter dated today responding to Plaintiffs' document complaints that HSBC either long ago produced or does not have most of the categories of documents Plaintiffs seek. Ex. 9. HSBC produced its centralized trust administration files for the twenty-four Bellwether Trusts on May 22 and June 23, 2015. Furthermore, it appears that several of the categories of documents on which Plaintiffs now move are not subject to any outstanding document request. *See, e.g.*, Ex. 9 (responses to categories 2, 3, 7, and 14). However, to the extent documents are covered by outstanding requests, subject to HSBC's objections, HSBC already has produced many of the documents Plaintiffs seek. *See, e.g.*, Ex. 9 (responses to categories 1, 3, 6, 8, 9, 10, 11, 12, and 13). HSBC continues to review and produce documents in advance of the June 11, 2016 document production deadline set by the Court. Given these circumstances, HSBC expects that the parties will be able to narrow the issues on which they need Court guidance, if they need any at all.

Given that HSBC already has produced its centralized trust administration files for the Bellwether Trusts, that Plaintiffs' Requests for Production do not cover a number of the document categories they seek to compel, and that HSBC continues to produce documents in advance of the June 11, 2016 document production deadline, the Court should deny Plaintiffs' premature motion to compel.

Respectfully submitted,

Edward Reddington

---

[1] Plaintiffs provide no basis for their assertion that the document categories listed in their letter are centrally maintained at HSBC and require no application of electronic search terms to locate. To the contrary, such assertions are belied by the content of their requests, which include document categories for which search terms were specifically designed. *See, e.g.*, search terms "event of default" and "events of default." To the extent Plaintiffs assert that HSBC has not disputed that certain documents are centrally located, it is only because Plaintiffs did not give HSBC a chance to respond to their letter before filing their motion with the Court.