LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

VIDYA ATRE MIRMIRA
(202) 434-5352
vmirmira@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 28, 2016

<u>Via ECF</u>

Honorable Sarah Netburn
Thurgood Marshall Courthouse
United States District Court
40 Foley Square, Room 430
New York, New York 10007

      Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 1:14-cv-09366-LGS-SN

Dear Judge Netburn,

      I write on behalf of HSBC Bank USA, N.A. to compel Plaintiffs in the above-captioned case ("BlackRock Plaintiffs" or "Plaintiffs") to identify which, if any, of them are proceeding as assignees of litigation rights related to claims of prior owners of the securities at issue in this case. Consistent with the case law and prior orders in this and other trustee cases, HSBC also requests that the Court order those plaintiffs proceeding as assignees to obtain and produce documents from their assignors. *See* Exs. 1–3.

      The discovery HSBC seeks to compel is necessary for the development of HSBC's defenses. If Plaintiffs are proceeding on assignment, HSBC must know, for example, the identity of the prior owner whose claim is at issue, the circumstances of the alleged harm, and facts related to the assignment itself. This information is relevant to the issue of whether Plaintiffs have standing to assert the claims of prior owners. It also provides basic facts that HSBC needs in order to seek further discovery in support of its defenses, including the knowledge of the prior holders and any interactions they may have had with HSBC. Information concerning the acquisition of sued-upon investments is also relevant to the determinations of damages, if any. Plaintiffs' refusal to provide substantive responses to these questions prejudices HSBC by denying it basic information about Plaintiffs' claims.

### I.    Motion to Compel Interrogatory Response

      In HSBC's First Set of Interrogatories to BlackRock Plaintiffs, served September 25, 2015, HSBC asked Plaintiffs in Interrogatory 3:

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
April 28, 2016
Page 2

> State whether You assert any claims that were purportedly assigned or transferred to You by any other person or entity, and, if yes, identify the claims that were purportedly assigned, the date of the assignment or transfer, the purchase price or other terms of each assignment and transfer, the location of each assignment or transfer, each past Owner of the claim, and the dates and terms of each past owner's acquisition and disposition of the claim.

HSBC needs this information about the identity and circumstances of any assignors and assigned claims for a number of reasons.  First, facts related to the purported assignment will determine whether Plaintiffs have standing to pursue the claims of prior holders.  Second, if Plaintiffs are proceeding on assignment, they assume an obligation to produce documents from their assignors.  In order to request those documents, HSBC must know as an initial matter who the assignors are.  And third, information about when and to whom the alleged harm occurred is necessary for HSBC to develop its defenses.  Yet Plaintiffs have refused to adequately answer this interrogatory.

 Plaintiffs initially objected to the terms "assigned" and "transferred" as vague, ambiguous, and undefined, despite the fact that these terms have well-understood and commonly accepted meanings.  Plaintiffs then pointed to three attached Appendices, none of which were remotely responsive: one was a chart containing some basic identifying information about certain trusts at issue, and the other two listed a series of Bates numbers referring to documents that were either irrelevant or contain insufficient information to answer the interrogatory.  Finally, Plaintiffs made the legal assertion that its securities are "bonds" within the meaning of N.Y. Gen. Oblig. Law § 13-107(3).

Plaintiffs' invocation of § 13-107 indicates that Plaintiffs intend to pursue legal claims of their predecessors-in-interest, because § 13-107 provides for the assignment of claims with the transfer of a bond, subject to any express limitation.  *Glenoit Mills, Inc. v. Style VI, Ltd.*, No. 93-cv-5494, 1996 WL 384894, at *2 (S.D.N.Y. July 9, 1996).[1]  Plaintiffs have taken the position, however, that they are not assignees because they contend their acquisition of rights through the operation of the statute is somehow different from an assignment.  Plaintiffs' position is contrary to the statute itself and to relevant case law.  There is no distinction between an "assignment" and a "transfer" under § 13-107.  The statute itself includes assignments in its definition of the term "transfer."  *See* N.Y. Gen. Oblig. Law § 13-109; *see also Banque Arabe et Internationale D'Investissement v. Maryland Nat. Bank*, 57 F.3d 146, 153 (2d Cir. 1995); *ACLI Int'l Commodity Servs., Inc. v. Banque Populaire Suisse*, 609 F. Supp. 434, 443 (S.D.N.Y. 1984).  To the extent Plaintiffs claim that § 13-107 applies, they are purporting to proceed as assignees.

HSBC moves to compel Plaintiffs to provide an adequate response to HSBC's interrogatory in order to clarify exactly which Plaintiffs purport to proceed on assigned claims.

---

[1]   HSBC does not concede that § 13-107 applies to the transactions by which the BlackRock Plaintiffs purchased the securities at issue here.

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
April 28, 2016
Page 3

Plaintiffs that intend to sue on past claims under § 13-107 must provide this information in order to establish whether the statute applies to their claims in the first place. They must show that New York law governs the transaction in which they purchased the security, and also any intermediate transfers of ownership that may have occurred between the time of the alleged harm and Plaintiffs' purchase.[2] Choice of law in contract cases is a fact-intensive question under New York law, and HSBC must have the opportunity to seek relevant discovery on that issue. Unless HSBC knows which Plaintiffs are proceeding on assignment, it cannot begin to develop these critical facts. Moreover, as explained in further detail below, HSBC must know which Plaintiffs are proceeding on assigned claims so that it can pursue discovery relevant to the assignors (which, as assignees, Plaintiffs are obligated to produce).

## II.     Motion to Compel Documents

To the extent a BlackRock Plaintiff claims that it is proceeding on assignment via § 13-107 or otherwise, that plaintiff must obtain and produce documents from its assignors.

A plaintiff proceeding on an assigned claim assumes the obligation to produce documents in the possession of its assignors. On December 4, 2015, in one of the cases related to this one, Judge Scheindlin ordered plaintiff Royal Park "to search for and produce relevant documents held by its assignors of the trusts at issue in this case." *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-08175-LGS-SN, Dkt. No. 89 (S.D.N.Y. Dec. 4, 2015) (Ex. 1); *see also Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-04394-AJN-BCM, Dkt. No. 104 (S.D.N.Y. Feb. 5, 2016) (following this Court's order) (Ex. 2); *Royal Park Investments SA/NV v. U.S. Bank, Nat'l Ass'n*, No. 14-cv-02590-VM-JCF, Dkt. Nos. 78 & 82 (S.D.N.Y. Mar. 30, 2016 & Apr. 19, 2016) (following *Deutsche Bank* order) (Ex. 3).

Plaintiffs' obligation to obtain documents from its assignors is compelled by the reasoning in *JPMorgan Chase v. Winnick*, 228 F.R.D. 505 (S.D.N.Y. 2005). In *Winnick*, Judge Lynch explained that "it is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees" while allowing those assignees to be "free of the obligations that go with litigating a claim." *Id.* at 506. Otherwise, "assignors would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor, would entail certain obligations that, when assigned, would magically disappear." *Id.*

---

[2]     *See Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-cv-10116-KBF, 2015 WL 2359358, at *2 n.3 (S.D.N.Y. May 18, 2015) (dismissing claims for lack of standing where "plaintiffs provide no explanation as to why this New York statute [§ 13-107] applies to a transfer of certificates and/or claims from a German company in Germany to Irish and Cayman companies in Ireland and the Cayman Islands"); *Racepoint Partners, LLC v. JPMorgan Chase Bank*, No. 06 CIV. 2501(MGC), 2006 WL 3044416, at *5 (S.D.N.Y. Oct. 26, 2006) (requiring plaintiffs to show that "New York law governed every prior transfer of the notes at issue in this case, such that their transferors would have automatically acquired the claims of all the previous noteholders through the operation of Section 13-107").

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
April 28, 2016
Page 4

The holding in *Winnick* is consistent with other opinions from this district. *See In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 196-97 (S.D.N.Y. 2007); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd*, 171 F.R.D. 135, 149 (S.D.N.Y. 1997). Courts in other districts also have relied on *Winnick* to order production of assignor documents.[3] We are aware of no decisions that reach a contrary conclusion and allow a party to pursue an assigned claim without the obligation to produce its assignor's documents. *See Deutsche Bank*, Dkt. No. 104 at 6 (Ex. 2) ("Royal Park, for its part, does not cite any case holding that the assignee of a litigation claim may pursue that claim, free from the obligation to provide otherwise-discoverable documents, simply because those documents remain in the hands of its non-party assignor."). The holding in *Winnick* applies to every BlackRock Plaintiff that purports to proceed under § 13-107 or an otherwise assigned claim.

In short, either Plaintiffs are suing only on their own behalf for time periods after which they purchased their certificates, in which case they have no right to seek damages for alleged harm that occurred prior to their acquisition of the securities, or they are suing on their purported right (through the operation of § 13-107 or otherwise) to pursue damages that occurred prior to their ownership, in which case the discovery obligations described in this Court's December 4, 2015 Order applies to them. Plaintiffs may not avoid the obligations of an assignee, while attempting to recover alleged damages that accrued prior to their acquisition of the securities. Plaintiffs' refusal to confirm that they are proceeding on assignment and, if so, to commit to obtaining documents from their assignors prejudices HSBC by preventing it from developing its defenses on the merits, its opposition to class certification, and its arguments against Plaintiffs' damages calculations. For example, if Plaintiffs are suing on a harm that occurred to a prior owner, HSBC's defenses based on the prior certificateholder's knowledge and actions will depend in part on facts related to the prior ownership. And facts concerning the dates of purchase and ownership and plaintiffs' acquisition of the certificates are basic to issues of standing, causation and damages.

For the foregoing reasons, HSBC moves the Court to compel Plaintiffs to provide a complete and responsive answer to Interrogatory No. 3 in HSBC's First Set of Interrogatories, which includes identifying which BlackRock Plaintiffs are proceeding on assignment, via § 13-107 or otherwise. For those BlackRock Plaintiffs who are suing as assignees, via § 13-107 or otherwise, HSBC requests the Court order those Plaintiffs to obtain and produce documents from their assignors. HSBC respectfully asks that the Court hold an in-person hearing to address these issues.

---

[3] *See, e.g., In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-MD-2343, 2014 WL 129814, at *1-2 (E.D. Tenn. Jan. 10, 2014); *Travelers Indem. Co. of Am. v. Kendrick Bros. Roofing*, No. 1:10-CV-00604-BLW, 2013 WL 6681240, at *2 (D. Idaho Dec. 18, 2013); *JPMorgan Chase Bank, N.A. v. KB Home*, No. 2:08-CV-1711-PMP-RJJ, 2010 WL 1994787, at *4-5 (D. Nev. May 18, 2010).

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
April 28, 2016
Page 5

                Sincerely,

                Vidya Atre Mirmira