LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

VIDYA ATRE MIRMIRA
(202) 434-5352
vmirmira@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 26, 2016

<u>Via ECF</u>

Honorable Sarah Netburn
Thurgood Marshall Courthouse
United States District Court
40 Foley Square, Room 430
New York, New York 10007

    Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 1:14-cv-09366-LGS-SN

Dear Judge Netburn,

    I write on behalf of HSBC Bank USA, N.A. in response to the Court's May 23, 2016 order.

    As an initial matter, Plaintiffs seek damages for claims that purportedly belonged to prior holders of their securities.  There is no precedent or legal justification for allowing a party to bring claims and pursue damages without providing basic information justifying their claims.  Thus, Plaintiffs appropriately bear the burden of proving alleged damages to prior holders by, among other things, identifying such prior holders and providing discovery demonstrating they had claims to transfer.  If Plaintiffs do not know who was harmed, or when, or how, they have no basis for bringing these claims.  And, if Plaintiffs are unable or unwilling to provide this information, they should not be permitted to proceed on claims of prior owners.

    With respect to Plaintiffs' suggestion that HSBC would know the identity of prior holders, Plaintiffs are incorrect.  HSBC served only as indenture trustee for the at-issue trusts.  HSBC is not provided and does not keep records of the chain of ownership of the securities, nor is it required to do so to perform its limited duties as trustee.  Plaintiffs' statement in their May 13, 2016 letter to the Court that HSBC "controls the certificateholder registrar" is simply inaccurate.  HSBC does not have access to any source of information on this issue that is not equally or more accessible to Plaintiffs.  Importantly, under the case law, the party asserting the claim must provide basic information about the claim.

    While HSBC does not know who the prior holders of Plaintiffs' securities were, with respect to how Plaintiffs could go about identifying their prior holders, they could consider

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
May 26, 2016
Page 2

following the lead of their co-plaintiff, Royal Park.  In their supplemental responses to HSBC's first set of interrogatories, BlackRock Plaintiffs identify the Depository Trust Company ("DTC") as the "location" of the bellwether securities.  While HSBC does not agree that DTC is the "location" of Plaintiffs' transactions in any relevant legal sense, in all likelihood DTC maintains a record of the broker-dealers whose customers held the securities at issue.  Plaintiffs could obtain that information from DTC and then serve subpoenas on the broker-dealers to identify prior beneficial owners.  That appears to be precisely the process that Royal Park has followed in its related case here.  *See* RP Dkt. 137.[1]

With respect to the number of prior owners, for any Plaintiff who bought in the original offerings of these securities, the number of prior owners is zero, and therefore the issue of identifying prior holders is non-existent.  The issue of identifying prior holders exists only for late, post-crisis buyers, many of whom have profited handsomely on their investments at distressed prices, and now also seek to recover based on alleged losses of prior owners, but apparently without carrying the burden of justifying their claims.  As to how many prior holders there may be, HSBC has no basis to offer an estimate. Unlike common stock, however, mortgage-backed securities do not trade on exchanges and are usually held by relatively few investors.

While it may be difficult for Plaintiffs to obtain information about their prior holders and their claims, no Plaintiff attempting to proceed under § 13-107—and indeed no putative class member—may recover without it.  The information is relevant to a number of dispositive issues, including Plaintiffs' standing and HSBC's defenses.  Plaintiffs have the burden of establishing their right to proceed under § 13-107 by demonstrating that New York law applies to each transfer of securities that occurred between the time of the alleged harm and Plaintiffs' ownership.  Unless Plaintiffs identify who the prior owners were and when their alleged harm occurred, they cannot meet their burden and they have no standing to sue under § 13-107.

Plaintiffs seek to avoid their discovery obligations regarding prior holders, or to shift them to the party that does not bear the burden of proof, based on the difficulty of obtaining the information.  But, all Plaintiffs must establish standing to sue and prove their claims and damages.  There is no justification here for permitting Plaintiffs to avoid their obligations just because their proof is difficult.  Likewise, HSBC should not be forced into the position of developing defenses against claims about which it lacks the most basic information.  Accordingly, if Plaintiffs will not provide discovery as to prior holders, they should be restricted to pursuing only those claims/damages that have arisen since Plaintiffs purchased the certificates.

We respectfully ask the Court to grant HSBC's letter motion to compel.

---

[1] Royal Park's proposed class definition of current *and former* owners of the three trusts overlaps with the BlackRock proposed class of only current owners of the same securities.

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
May 26, 2016
Page 3

                            Respectfully submitted,

                            Vidya Atre Mirmira