**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 7/15/2016 __
```

ROYAL PARK INVESTMENTS SA/NA,

                                        Plaintiff,                     14-CV-08175 (LGS)(SN)

                    -against-                                          **ORDER**

HSBC BANK USA NATIONAL ASSOCIATION,

                            Defendant.

-------------------------------------------------------------------X
-------------------------------------------------------------------X

BLACKROCK BALANCED CAPITAL
PORTFOLIO (FI), et al.,

                                        Plaintiffs,                    14-CV-09366 (LGS)(SN)

                    -against-

HSBC BANK USA,

                            Defendant.

-------------------------------------------------------------------X
-------------------------------------------------------------------X

PHOENIX LIGHT SF LIMITED, et al.,

                                        Plaintiffs,                    14-CV-10101 (LGS)(SN)

                    -against-

HSBC BANK USA, NATIONAL ASSOCIATION,

                            Defendant.

-------------------------------------------------------------------X

-------------------------------------------------------------------X

**NATIONAL CREDIT UNION
ADMINISTRATION BOARD, et al.,**

                                     **Plaintiffs,**              **15-CV-02144 (LGS)(SN)**

                **-against-**

**HSBC BANK US, NATIONAL ASSOCIATION,**

                                       **Defendant.**

-------------------------------------------------------------------X
-------------------------------------------------------------------X

**COMMERZBANK A.G.,**

                                     **Plaintiff,**              **15-CV-10032 (LGS)(SN)**

                **-against-**

**HSBC BANK US, NATIONAL ASSOCIATION,**

                                       **Defendant.**

-------------------------------------------------------------------X

-------------------------------------------------------------------X

**TRIAXX PRIME CDO 2006-1, et al.,**

                                     **Plaintiffs,**              **15-CV-10096 (LGS)(SN)**

                **-against-**

**HSBC BANK USA, NATIONAL ASSOCIATION,**

                                       **Defendant.**

-------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       In this ESI discovery dispute, the plaintiffs claim that HSBC has withheld documents

returned in response to the parties' agreed upon search terms by conducting a subsequent manual

search and producing only a percentage of the returned documents. The plaintiffs ask the Court to order HSBC to provide hit reports for its ESI searches and to disclose the criteria it used to withhold documents. HSBC counters that it has reviewed its collection of ESI only for responsiveness to the plaintiffs' document demands and not for relevance. HSBC claims that it has produced all non-privileged documents responsive to the plaintiffs' document demands except for those that it has properly withheld on the basis of an objection.

Having reviewed the parties' submissions, the Court is satisfied that HSBC has met its discovery obligations in accordance with the Federal Rules. Indeed, HSBC's protocol is consistent with Sedona Principle 6, which provides that it is "the responsibility of the producing party to determine what is responsive to discovery demands and to make arrangements to preserve and produce relevant information." The Sedona Principles 38 (2d Ed. 2007). Although there is nothing improper about agreeing to produce all documents generated from an ESI search protocol, doing so creates the risk of producing large quantities of non-responsive documents that are a burden to cull through for the receiving party. Moreover, the receiving party is not entitled to non-responsive documents, and thus failing to conduct a subsequent manual review gives that party more than it is entitled to.

Here, the parties agreed to certain search terms *after* the parties served discovery demands. Thus, application of the ESI search protocol would establish the collection of documents that would then be reviewed against the demands. It appears that at least some of the plaintiffs understood that this would be the methodology when responding to discovery demands. The Court concludes that HSBC did not violate any agreement by the party; rather it engaged in best practices.

HSBC need not provide the plaintiffs with hit reports or the criteria it used to withhold documents, the latter of which is arguably attorney work product. In accordance with the amended Federal Rule of Civil Procedure 34, however, HSBC shall identify its objections to the plaintiffs' document demands and specify which documents have been withheld based on those objections. Fed. R. Civ. P. 34(b)(2)(B), (C). In light of the press of deadlines, such supplemental responses shall be served on plaintiffs by no later than July 25, 2016.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:       New York, New York
             July 15, 2016