# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
## ATTORNEYS AT LAW
### NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

July 15, 2016

**VIA ECF & HAND DELIVERY**

Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Coordinated RMBS Trustee Litigation against HSBC Bank USA, N.A.,*
      Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

Pursuant to your Honor's direction at the June 29, 2016 conference, we write on behalf of the Plaintiffs in the above-referenced action to update the Court on the status of Defendant HSBC Bank USA, N.A.'s ("HSBC") document production.[1] Despite HSBC's representations that it has substantially completed its document production, and Plaintiffs' repeated requests and meet and confer efforts, HSBC still has not produced a wide range of documents responsive to Plaintiffs' requests for production, including numerous specific documents identified by Plaintiffs.

The specific document deficiencies identified in HSBC's production are consistent with HSBC's admission that it has withheld **at least 80%** of the documents returned by the parties' agreed-upon search terms based on HSBC's unilateral responsiveness determinations subject to its "relevance" and other objections, which Plaintiffs strenuously dispute.[2] Moreover, the Court has already considered and rejected many of HSBC's "relevance" objections, as discussed below. In light of HSBC's admission and the enormous quantity of documents withheld, the Court has now ordered HSBC "to identify its objections to the plaintiffs' document demands and specify which documents have been withheld on those objections." July 15, 2016 Order (ECF No. 165).[3] While Plaintiffs

---

[1] *See* Transcript of June 29, 2016 Conference at 50:12-13.

[2] On multiple occasions during the June 29, 2016 conference, counsel for HSBC confirmed that they were performing a relevance review of the documents that hit on the parties' agreed-upon search terms. *See, e.g.,* Transcript of June 29, 2016 Conference at 26:16-24. These representations are inconsistent with HSBC's contentions in its July 8, 2016 letter that "HSBC did not withhold documents based on relevance." ECF No. 162, at 1.

[3] The Court's Order is consistent with HSBC's own demands that Plaintiffs identify any documents withheld based on relevance objections. *See* HSBC's June 28, 2016 Ltr. at 1-2 ("If you withhold documents based on your objections, you must state which documents are being withheld, or which specific set of documents will



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
July 15, 2016
Page 2

submit that such information will assist in identifying additional categories of documents that are being improperly withheld, the documents identified below are indisputably relevant, responsive and should be immediately produced.

> **I.     HSBC Has Failed To Produce Specific Documents
> And Categories Of Documents Identified By Plaintiffs**

Plaintiffs have identified certain known responsive documents and categories of documents that HSBC has failed to produce. These documents have been identified through Plaintiffs' review of HSBC's productions thus far. Despite the shortcomings in HSBC's production, Plaintiffs have provided HSBC with as much detail as possible concerning these documents to assist HSBC in its collection and production efforts.[4]  In many instances, Plaintiffs even provided the specific names of such documents and Plaintiffs' understanding of where such documents are likely to be found at HSBC. To date, however, HSBC has failed to produce the following documents:

***Documents Specifically Referenced In Plaintiffs' Rule 30(b)(6) Deposition of HSBC.*** During the May 20, 2016, Rule 30(b)(6) deposition, HSBC's corporate representative, John Mackay, testified extensively about the existence, identification of and location of several categories of core, relevant, responsive documents that are centrally located and maintained at HSBC, including the following:

| Document Description | HSBC Location | Relevant Testimony |
|---|---|---|
| Committee Meeting agendas | Shared Drive | Mackay Depo. 58:10-59:15; 120:1-125:11 |
| Committee Meeting minutes | Shared Drive | Mackay Depo. 60:25-61:18, 64:2-66:4; 120:1-125:11 |
| Reports presented at Committee Meetings | Shared Drive | Mackay Depo. 66:5-67:1 |
| Terms of reference (lists how frequently each committee meets) | SharePoint | Mackay Depo. 118:12-119:19 |
| Communications | Intranet | Mackay Depo. 59:21-60:24; 63:8-64:5 |
| CTLA Policies and Procedures | SharePoint | Mackay Depo. 146:24-147:1 |
| Audits | Shared Drive | Mackay Depo. 151:12-152:19, 200:14-201:7 |
| Functional Instructional Manual (FIM) | Intranet | Mackay Depo. 157:7-158:5 |
| Potential repurchase party list | J Drive | Mackay Depo. 161:2-5 |
| Catalog of unresolved claims | J Drive | Mackay Depo. 161:12-162:5 |

---

be produced. . . . [The receiving party] should not be required to speculate as to whether there are undisclosed caveats limiting [the] production.").

[4] *See* Ltr. from J. Libra to E. Reddington, dated May 6, 2016; Ltr. from J. Libra to E. Reddington, dated June 4, 2016.

The Honorable Sarah Netburn
July 15, 2016
Page 3

| Bankruptcy and Default Report (reported defaulted transactions) | Shared Drive | Mackay Depo. 183:14-184:1 |

***Documents Specifically Referenced In HSBC's Productions.***  HSBC has failed to produce a large number of documents that are specifically referenced in material already produced to Plaintiffs. These documents are relevant, non-privileged and responsive to Plaintiffs' document requests. Moreover, the documents are readily ascertainable and should be collected and produced without further delay.

***Trust Procedure And Policy Manuals.***  HSBC has failed to produce relevant and responsive trust procedure and policy guidelines, some of which are explicitly cross-referenced in materials HSBC has produced thus far.  For example, the HSBC procedure entitled "Methodology for Addressing Claims of Representation & Warranty Breaches" references two different sets of governing documents that control and inform HSBC's general protocols for addressing potential repurchase claims that have not been produced.  HSBC claims these documents need not be produced because they are not necessary to understand the policy in which they are referenced.  But HSBC is, once again, imposing an improper and overly narrow restriction regarding what documents it considers "responsive."  Moreover, HSBC's limitation is contradicted by its own documents.  In particular, the requested policy and procedure guidelines are specifically identified as controlling by HSBC's own employees.  HSBC also claims that several policies Plaintiffs seek are not relevant because they are policies of HSBC North America Holdings when, in fact, the policies and procedures that HSBC produced identify HSBC North America Holdings as an entity that governs HSBC's conduct as a trustee.

***Access To Account Control System ("ACS") Database.***  HSBC has failed to provide Plaintiffs with access to material contained in HSBC's ACS database, claiming doing so would result in the production of irrelevant documents.  But HSBC's guidelines call for relevant information concerning the administration of the Bellwether trusts to be entered and saved in the ACS database.  HSBC's production indicates that material relevant to the trusts may only be located in the ACS database as attempts by HSBC to export data from ACS have routinely failed.

***Document Retention And Legal Hold Notices.***  HSBC has failed to produce the corporate trust retention schedule and the legal hold list on the ground that they are not necessary to understand CTLA's record retention policy.  But, to fully understand the policy, Plaintiffs need to understand who and what was subject to a litigation hold and when that hold was put in place.

***Rule 15 Ga-1 Reporting Documents.***  HSBC has failed to produce documents related to Rule 15 Ga-1 reporting on the ground that those documents are not covered by the scope of Plaintiffs' requests for production.  HSBC is wrong.  Rule 15 Ga-1 requires securitizers to "disclose fulfilled and unfulfilled . . . demand[s] to repurchase or replace [underlying assets] for breach of the representations and warranties" in "any asset-backed security . . . for which the underlying transaction agreements contain a covenant to repurchase or replace an underlying asset for breach of a representation and warranty."  17 C.F.R. 240.15Ga-1.  Documents related to reporting under this Rule fall within Plaintiffs' request for production no. 15, which seeks "[a]ll Documents and

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
July 15, 2016
Page 4

---

Communications concerning any actual or suspected . . . breaches of representations and warranties related to the Loans."

***Documents Concerning HSBC's Expenses Incurred In Connection With The Trusts.*** HSBC has failed to produce documents concerning HSBC's expenses incurred in performing its function as trustee or undertaking "discretionary actions" for the Trusts, and documents concerning whether those fees were or were not reimbursed from the Trust estate. HSBC objects to production on the ground that Plaintiffs' requests do not call for those documents. HSBC is wrong. Plaintiffs' Requests for Production indisputably call for production of these documents. *See*, *e.g.*, Request No. 1 ("All Documents and Communications Concerning the Trusts"); Request No. 4 ("All Documents and Communications Concerning Your policies or procedures with respect to Your administration of the Trusts . . . ."); No. 16 ("All Documents and Communications Concerning all efforts made by You to enforce the Trusts' or the Certificateholders' rights to require any other entity to cure or repurchase any Loan or otherwise preserve the assets or value of any Trust . . . ."); No. 36 ("All Documents and Communications Concerning any compensation You received for administering the Trusts . . . .").

***FHFA Deposition Transcripts.*** On June 7, 2016, the Court ordered HSBC to produce FHFA deposition transcripts from "those employees who have the authority to bind the Bank or are going to testify in a deposition or trial in this case." ECF No. 171. To date, HSBC has failed to produce any FHFA deposition transcripts in accordance with the Court's order.

## II. HSBC Has Failed To Produce Documents Concerning Performance Of Its Duties As An RMBS Trustee That Do Not Refer To A Bellwether Trust

Plaintiffs have repeatedly asked HSBC to search for and produce documents that concern HSBC's performance of its duties as an RMBS trustee, even if those documents do not specifically refer to a Bellwether Trust. HSBC contends that such documents are outside the scope of discovery.

While Plaintiffs agree that more generic materials regarding HSBC's "trustee" activities generally (*e.g.*, HSBC's administration of CMBS trusts, CDOs, or other non-RMBS trusts) may not be within the scope of appropriate discovery in this matter, this Court has already addressed and rejected HSBC's objection and ruled that Plaintiffs are entitled to general matters that might apply to all of the RMBS Trusts at issue in this action: "while there are bellwether trusts, there are also general issues that relate to all the trusts, whether they're bellwether or not, but they relate to all. Whether you're on the particular trust or not doesn't matter. They're, to me, there's always got to be in a bellwether case some general issues that would apply to all the trusts."[5]

That ruling by Judge Scheindlin—which is law of the case here—is further consistent with the analogous weight of authority holding that, "[o]n a motion to dismiss, plaintiffs are entitled to all inferences drawn in their favor, and this includes that the same originators who accumulated pools of

---

[5] Transcript of Nov. 16, 2015 Hearing at 23:6-12; *see also* Transcript of June 24, 2015 Conference at 5:19-23; Transcript of Sept. 4, 2015 Conference at 26:7-13.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
July 15, 2016
Page 5

---

loans with pervasive evidence of breaches followed their routine practices with regard to the RMBS in the pools here.  The same is true with regard to actions by servicers and other participants: plaintiffs may rely on an inference that they acted here as they have been shown to act elsewhere." *Blackrock Core Bond Portfolio v. U.S. Bank Nat'l Ass'n*, No. 14-CV-9401 (KBF), 2016 WL 796848, at *15 (S.D.N.Y. Feb. 26, 2016).  Judge Scheindlin likewise denied HSBC's motion to dismiss the plaintiffs' contract claims in these cases, reasoning that "it would be implausible to assume that somehow all of the mortgage loans underlying the MBS miraculously avoided being originated with practices generally utilized [by the seller] and its contracted affiliates at that time." *Royal Park Investments SA/NV v. HSBC Bank USA, Nat. Ass'n*, 109 F. Supp. 3d 587, 602 (S.D.N.Y. 2015); *see also Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-4394 (AJN), 2016 WL 439020, at *6 (S.D.N.Y. Feb. 3, 2016) ("Indeed, it would be *im*plausible to assume that somehow all of the mortgage loans underlying the [Trusts] miraculously avoided the pervasive practices of the industry at the time.").

It follows that the same inferences used to meet the plausibility threshold for a complaint make those same types of materials concerning common Bellwether-Trust entities discoverable under Rule 26.  Here, Plaintiffs' allegations concern HSBC's contractual, statutory and common law duties as Trustee and its consistent failure to fulfill those duties.  Consequently, material related to HSBC's discretionary authority, its discovery of issues with common originators, sponsors, and servicers, and its implementation of trust procedures is relevant even if that material is not specifically tied to a Bellwether trust.  For example, material received by HSBC revealing pervasive or widespread breaches of representations and warranties by the same Sellers to the Bellwether Trusts, even if such materials pertain to a non-Bellwether Trust, are evidence of pervasive problems relevant to all Trusts.  Just as HSBC has repeatedly sought general information concerning Plaintiffs' investment in and monitoring of non-Bellwether RMBS Trusts and the RMBS market generally, Plaintiffs seek similar material that would shed light on HSBC's general monitoring and oversight of RMBS trusts under its watch.

\* \* \* \* \* \*

Plaintiffs respectfully request the Court compel HSBC to complete its production of the foregoing missing documents and categories of documents, and to produce any documents that concern HSBC's general performance of its duties as trustees.  Plaintiffs reserve all rights with regard to additional deficiencies in HSBC's production, including those identified following HSBC's compliance with the Court's July 15, 2016 Order, and will promptly raise them with the Court in accordance with the Scheduling Order.

We thank the Court for its attention to these matters.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
July 15, 2016
Page 6

                                          Respectfully submitted,

                                          Benjamin Galdston

cc: Counsel of Record via ECF