# Exhibit 2

## Wiener, Eric

| | |
|---|---|
| **From:** | Parekh, Niraj [NParekh@WMD-LAW.com] |
| **Sent:** | Thursday, June 30, 2016 9:19 PM |
| **To:** | Reddington, Edward |
| **Cc:** | Libra, John; Gibbons, Max; Ben Galdston; Lucas Gilmore; Attaway, Scott K.; Chris Wood; Matthew Davies; Charles R. Jacob; John G. Moon; Kane, Ryan; Fitzgerald, Steven; McGonigle, Sean; Hodges, Kevin; Mirmira, Vidya; Wiener, Eric; Weiss, Noah |
| **Subject:** | RE: Coordinated RMBS Trustee Actions Against HSBC Bank USA, NA, Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-0032; 15-cv-10096 |

Ed:

Plaintiffs are available for the meet-and-confer call on Tuesday at 10am EST.

However, HSBC's refusal to provide the information requested in our email is contrary to Judge Netburn's rulings and directions.  In particular, Judge Netburn stated during yesterday's hearing:  "The letter I want on July 5th is just going to be about HSBC's review.  That's what I want to focus on right now."  HSBC's attempt to inject issues concerning Plaintiffs' productions is inappropriate, as such issues are not properly the subject of the Court-ordered meet and confer and letter that is due on July 5.  While Plaintiffs are committed to transparency and making additional disclosures as appropriate, now is not the time.  Thus, if HSBC insists on conditioning its disclosure of information ordered by the Court upon Plaintiffs also providing information at this time, we will immediately notify the Court and seek all additional relief as appropriate.

Next, HSBC's refusal to provide hit reports and other relevant ESI data that is readily available from HSBC's ESI vendor (and likely is already within counsel's possession) regarding the volume of documents and custodians searched, the txt file of search terms, and "hit" results for those searches by custodians is in violation of the Court's explicit instructions. Indeed, Judge Netburn stated "If it turns out that [HSBC and its counsel] are running this through a filter that is blocking 75 percent of the hit results, I'm going to have a big issue I have to deal with.  So let's tee that up right away."  Again, if HSBC refuses to provide this information promptly, we will immediately inform the Court and seek all additional relief as appropriate.

We look forward to speaking with you tomorrow and promptly receiving the requested data and information, including a fulsome explanation of HSBC's review process.

Best regards,
Niraj J. Parekh

---

**From:** Reddington, Edward [mailto:EReddington@wc.com]
**Sent:** Thursday, June 30, 2016 3:53 PM
**To:** Parekh, Niraj <NParekh@WMD-LAW.com>
**Cc:** Libra, John <JLibra@KoreinTillery.com>; Gibbons, Max <MGibbons@KoreinTillery.com>; Ben Galdston <BenG@blbglaw.com>; Lucas Gilmore <Lucas.Gilmore@blbglaw.com>; Attaway, Scott K. <sattaway@khhte.com>; Chris Wood <CWood@rgrdlaw.com>; Matthew Davies <matthewcharlesdavies@gmail.com>; Charles R. Jacob <CJacob@mw-law.com>; John G. Moon <JMoon@mw-law.com>; Kane, Ryan <RKane@WMD-LAW.com>; Fitzgerald, Steven <sfitzgerald@wmd-law.com>; McGonigle, Sean <SMcGonigle@WMD-LAW.com>; Hodges, Kevin <KHodges@wc.com>; Mirmira, Vidya <VMirmira@wc.com>; Wiener, Eric <EWiener@wc.com>; Weiss, Noah <NWeiss@wc.com>
**Subject:** RE: Coordinated RMBS Trustee Actions Against HSBC Bank USA, NA, Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-0032; 15-cv-10096

Niraj:

We are available to meet and confer Tuesday morning at 10 EST or later.  During that call, we will be prepared to discuss HSBC's approach to the review and production of documents.  Since it is important for the parties to figure out whether there have been differences in approach, and whether such differences are a concern, we expect that each of the plaintiffs likewise will be able to discuss their own approach to the review and production of their own documents.  For example, during the hearing John suggested that some of the plaintiffs had been doing a "light" responsiveness review, while Chris represented Royal Park did no responsiveness review.  We would like to understand exactly what review plaintiffs did do.

We also will take a look at the specific document requests you flag below and will be prepared to discuss those specific requests.  With respect to HSBC's requests to plaintiffs, we believe plaintiffs have produced millions of pages of non-responsive materials, including many electronic documents that do not hit on the ordered search terms and therefore never should have been in the queue for potential production in the first place.  On the call, please be ready to explain which document requests you believe required plaintiffs to produce millions of pages of Bloomberg emails that do not involve bellwether trusts and do not reference purported problems with common originators, sponsors and servicers.  Please also be ready to explain the approach each plaintiff took to collecting and deciding to produce such materials that did not hit on search terms.

During the call, we will not have the numbers you request below.  We do not believe Judge Netburn's direction that the parties meet and confer about the approach they took to reviewing and producing documents that hit on search terms requires us to generate the information you request below or to pay a vendor to do so over a holiday weekend.

With respect to search terms, we suggest the parties exchange the search terms they each used for their search of documents by close of business tomorrow.  Please let us know if that works for plaintiffs.

With respect to the technical state of the productions, several of the plaintiffs have made productions but have not provided custodian metadata as required by the ESI order.  We are missing such custodian metadata for TIAA, DZ Bank, Sealink, and Kore.  Perhaps there are some custodians from whom you have produced documents but for whom we cannot tell because you have not produced the required metadata.  Please be ready to explain on the call why you did not produce the required metadata and when you expect to be able to produce it.  If you believe you have provided documents from custodial files for TIAA, DZ Bank, Sealink, and Kore, please tell us which custodians from these entities you have completed producing documents for and which you have not.

With respect to other custodians, on the call please be ready to identify the specific plaintiff custodians from whom documents will still be forthcoming and what you anticipate the volume of these documents to be.  To facilitate this discussion, we are including below a list that identifies the specific custodians who we believe are missing.  If you think you have produced documents from the custodial files of persons on this list, please be ready to tell us this during the call.  If there are persons on this list for whom you have not produced documents, please be ready to confirm that as well.

Finally, even if you have produced documents from the custodial files for some custodians, you may not have completed those productions.  On the call, please be ready to tell us any agreed to or ordered custodians for whom you expect to be producing additional documents between now and August 11.

Regards,

Ed

++++++++++++++++++++++

- BlackRock: 12
    o Anderson, Keith

- o Chang, Hui-Chen
- o D'Vari, Ron
- o Khankin, Michael
- o Kopstein, Todd
- o Moeller, Ulf
- o Powers, Laura
- o Reiss, Alexander
- o Smaithangi, Sriram
- o Yalamanchili, Kishore
- o Yu, Sally
- o Zalaznick, Brian

- Prudential: 12
    - o Han, Kyuho
    - o Heard, Kenneth
    - o Ianev, Bogdan (Robert)
    - o Kang, Hyunsook (Hannah)
    - o Knapp, Frederick
    - o Laurita, Thomas
    - o Mahmoud, Emad
    - o Motta, Scott
    - o Motzer, Michelle
    - o Newton, Lam
    - o Nikitin, Evgeny
    - o Zou, Sherry (Qian)

- PIMCO: 10
    - o van Akkeren, Marco
    - o Bhansali, Vineer
    - o Bridwell, Jennifer
    - o Bui, Giang
    - o Gross, William H.
    - o Gu, Haidu
    - o Hyman, Dan
    - o Ivascyn, Dan
    - o Padmanabhan, Lalantika
    - o Simon, Scott

- NCUA: 2
    - o Crowley, Jon
    - o Lonski, John

- TIAA: 48 (no metadata provided)
    - o Albert, Mike
    - o Ashton, Keith
    - o Atkinson, Keith
    - o Bader, Iris

- o Becker, Brandon
- o Bhagat, Victor
- o Black, Lisa
- o Caleca, Paul
- o Carickhoff, Rob
- o Cerra, John
- o Chao, Albert
- o Denize, Yves
- o Dugaw, Marcus
- o Eisenhauer, Stacy
- o Feigelson, Jon
- o Forgione, Bill
- o Fulmer (Cho), Shirley
- o Goff, Phil
- o Grosso, Suzanne
- o Haggett, Evan
- o Haines, Michelle
- o Higgins, Joe
- o Honda, Sajeev
- o Koudinov, Youriy
- o Liberatore, Steve
- o Lipton, Andrew
- o Lummus, Jimmy
- o Martin, Bill (William)
- o Martin, Bridget
- o Mattison, Charles
- o McCally, John
- o Moraino, Ian
- o Morriss, John
- o Nabors, Robert (Tim)
- o Nelson, Duane
- o Nelson, Joyce
- o Palmer, Richard
- o Parekh, Aashh
- o Pierre Merritt, Marjorie
- o Price, Tom
- o Pryor, Carranza
- o Quinn, Cathy
- o Rosa, Eileen
- o Saari, Eric
- o Sterman, Steven
- o Travaglino, Nick
- o Virgilio, Steve
- o Wilkinson, Bill

- DZ Bank: 8 (no metadata provided)

- o Amendola, Carl
- o Baun, Jeffrey
- o Buckley, Simon
- o Goebler, Wolfgang
- o O'Connor, Nancy
- o Ravinet, Monica
- o Ritz, Bruce
- o Schmidt, Gerhard

- Kore: 5 (no metadata provided)
    - o Craft, Darren
    - o Herman, Alex
    - o Kosinski, Gary
    - o Kessler, David
    - o Maceira, Julio

- Sealink: 2 (no metadata provided)
    - o de Francisci, Paul
    - o Glomski, Terrence

---

**From:** Parekh, Niraj [mailto:NParekh@WMD-LAW.com]
**Sent:** Thursday, June 30, 2016 10:55 AM
**To:** Reddington, Edward <EReddington@wc.com>; Hodges, Kevin <KHodges@wc.com>; Mirmira, Vidya <VMirmira@wc.com>; Wiener, Eric <EWiener@wc.com>
**Cc:** Libra, John <JLibra@KoreinTillery.com>; Gibbons, Max <MGibbons@KoreinTillery.com>; Ben Galdston <BenG@blbglaw.com>; Lucas Gilmore <Lucas.Gilmore@blbglaw.com>; Attaway, Scott K. <sattaway@khhte.com>; Chris Wood <CWood@rgrdlaw.com>; Matthew Davies <matthewcharlesdavies@gmail.com>; Charles R. Jacob <CJacob@mw-law.com>; John G. Moon <JMoon@mw-law.com>; Kane, Ryan <RKane@WMD-LAW.com>; Fitzgerald, Steven <sfitzgerald@wmd-law.com>; McGonigle, Sean <SMcGonigle@WMD-LAW.com>
**Subject:** Coordinated RMBS Trustee Actions Against HSBC Bank USA, NA, Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-0032; 15-cv-10096

Counsel:

On behalf of Plaintiffs, we request a meet-and-confer this afternoon or Friday to address HSBC's review and production of documents identified through the search term protocol negotiated by the parties. Consistent with Judge Netburn's instructions, please provide ahead of the call a report that identifies: (i) the total number of documents collected from all of HSBC's custodians and shared network spaces; (ii) the total number of "hits" when the search terms were run across that universe of documents; (iii) the total number of documents HSBC has produced to plaintiffs; (iv) a breakdown of the number of responsive HSBC documents hitting on each of the agreed-upon search terms; and (v) the number of documents that HSBC actually produced with respect to each search term. Your vendor should have this information readily available if it is not already in your possession. We would also like reports showing the "hits" for each search term by custodian and source, and the number of documents produced for those hits by custodian and source. However, if these reports take longer to run we do not need them for our initial call but expect HSBC to produce them by 7/5.

We also request that you provide a description of your screening criteria for withholding documents that hit upon the search terms, and be prepared to discuss those criteria on our meet-and-confer call. We have identified the following illustrative, non-exhaustive, examples based on Plaintiffs' First RFP (dated April 29, 2015):

1.  <u>Relevant Originator/Sponsor/Servicer Practices</u>
    - RFP No. 12 seeks documents concerning the origination and underwriting practices of the relevant "originators" that originated one or more of the loans in the trusts at issue.  RFP No. 13 seeks documents concerning the securitization and due diligence practices of the relevant "sponsors" for the trusts at issue.  RFP 14 seeks documents concerning loan servicing and administration practices of the relevant "servicers" for the trusts at issue.  In response, HSBC objected on relevance and other grounds but agreed to produce certain non-privileged documents located after a reasonable search.
    - Pursuant to the search term protocol, HSBC thereafter agreed to search for and produce documents referencing such originators, sponsors, or servicers in proximity to other negotiated terms.
    - Please be prepared to explain whether documents responsive to Plaintiffs' requests and hitting on the agreed-upon search terms have been withheld from HSBC's production on the basis of relevance.  Please also be prepared to describe the screening criteria employed when determining whether a particular document was responsive to these requests.

2.  <u>Repurchase Requests</u>
    - Plaintiffs RFP includes a number of requests for documents concerning HSBC's efforts to enforce the repurchase of loans in breach of representations and warranties provided in the trusts at issue.  E.g., RFP Nos. 16, 17, 33, 50, & 51.  HSBC responded by objecting to the on relevance and other grounds, but agreed to produce certain documents responsive such requests after a reasonable search.
    - Pursuant to the search term protocol, HSBC agreed to run several proximity search terms designed to capture documents relating to HSBC's repurchase efforts with regard to the relevant originators and/or sponsors, and also to run stand-alone searches targeting any direction from Plaintiffs.
    - Please be prepared explain whether documents responsive to Plaintiffs' requests and hitting on the agreed-upon search terms have been withheld from HSBC's production on the basis of relevance.  Please also be prepared to describe the screening criteria employed when determining whether a particular document was responsive to these requests.

*          *          *

To ensure that our call is productive, please be sure HSBC is able to provide similar information for each of Plaintiffs document requests.  This should not be a difficult undertaking as the review is presumably already completed and you and your team should obviously be fully aware as to how it was conducted.

Regards,
Niraj Parekh

_____
Niraj J. Parekh
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110
T: (212) 382-3300
F: (212) 382-0050
nparekh@wmd-law.com
www.wmd-law.com

This electronic message contains privileged attorney-client communications from the law firm of Wollmuth Maher & Deutsch LLP. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the

message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.