# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*,<br><br>        Plaintiffs,<br><br>  -against-<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>        Defendant,<br><br>  -and-<br><br>The Trusts Identified in Exhibit 1,<br><br>        Nominal Defendants. | Case No. 14-cv-9366-SAS |

## PIMCO PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT HSBC BANK USA, N.A.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and all other applicable federal and local rules, Plaintiff PIMCO, as referenced in paragraphs 50 to 187 of the Complaint, including Plaintiff AST PIMCO Total Return Bond Portfolio, Plaintiff Fixed Income SHares (Series R), Plaintiff Fixed Income SHares: Series C, Plaintiff Fixed Income SHares: Series M, Plaintiff LVS I LLC, Plaintiff LVS I SPE XIV LLC, Plaintiff LVS II LLC, Plaintiff Pacific Bay CDO, Ltd., Plaintiff Pacific Shores CDO, Ltd., Plaintiff PCM Fund, Inc., Plaintiff PIMCO Absolute Return Strategy 3D Offshore Fund Ltd., Plaintiff PIMCO Absolute Return Strategy II Master Fund LDC, Plaintiff PIMCO Absolute Return Strategy III Master Fund LDC, Plaintiff PIMCO Absolute Return Strategy IV IDF LLC, Plaintiff PIMCO Absolute Return Strategy IV Master Fund LDC, Plaintiff PIMCO Absolute Return Strategy V Master Fund LDC, Plaintiff PIMCO Bermuda Trust II: PIMCO Bermuda Emerging Markets Bond Fund (M), Plaintiff PIMCO

Bermuda Trust II: PIMCO Bermuda Income Fund (M), Plaintiff PIMCO Bermuda Trust II:

PIMCO Bermuda JGB Floater Foreign Strategy Fund, Plaintiff PIMCO Bermuda Trust IV:

PIMCO Bermuda Global Bond Ex-Japan Fund, Plaintiff PIMCO Bermuda Trust: PIMCO

Emerging Markets Bond Fund (M), Plaintiff PIMCO Cayman SPC Limited: PIMCO Cayman

Global Aggregate Bond Segregated Portfolio, Plaintiff PIMCO Cayman SPC Limited: PIMCO

Cayman Japan CorePLUS Segregated Portfolio, Plaintiff PIMCO Cayman SPC Limited: PIMCO

Cayman Japan CorePLUS Strategy Segregated Portfolio, Plaintiff PIMCO Cayman SPC Limited:

PIMCO Cayman Japan Low Duration Segregated Portfolio, Plaintiff PIMCO Cayman SPC

Limited: PIMCO Cayman Unconstrained Bond Segregated Portfolio, Plaintiff PIMCO Cayman

Trust: PIMCO Cayman Foreign Bond Fund, Plaintiff PIMCO Cayman Trust: PIMCO Cayman

Global Advantage Bond Fund, Plaintiff PIMCO Cayman Trust: PIMCO Cayman Global

Aggregate Bond Fund, Plaintiff PIMCO Cayman Trust: PIMCO Cayman Global Aggregate Ex-

Japan (Yen-Hedged) Bond Fund II, Plaintiff PIMCO Cayman Trust: PIMCO Cayman Global

Aggregate Ex-Japan (Yen-Hedged) Income Fund, Plaintiff PIMCO Cayman Trust: PIMCO

Cayman Global Aggregate Ex-Japan Bond Fund, Plaintiff PIMCO Cayman Trust: PIMCO

Cayman Global Bond (NZD-Hedged) Fund, Plaintiff PIMCO Cayman Trust: PIMCO Cayman

Global Ex-Japan (Yen-Hedged) Bond Fund, Plaintiff PIMCO Cayman Trust: PIMCO Cayman

Total Return Strategy Fund, Plaintiff PIMCO Cayman Trust: PIMCO Cayman U.S. Bond Fund,

Plaintiff PIMCO Combined Alpha Strategies Master Fund LDC, Plaintiff PIMCO Corporate &

Income Opportunity Fund, Plaintiff PIMCO Corporate & Income Strategy Fund, Plaintiff PIMCO

Distressed Senior Credit Opportunities Fund II, L.P., Plaintiff PIMCO Dynamic Credit Income

Fund, Plaintiff PIMCO Dynamic Income Fund, Plaintiff PIMCO ETF Trust: PIMCO Total Return

Active Exchange Traded Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Diversified

Income Duration Hedged Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Diversified Income Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Emerging Local Bond Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Emerging Markets Bond Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Euro Bond Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Euro Income Bond Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Global Advantage Real Return Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Global Bond Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Global Investment Grade Credit Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Income Fund, Plaintiff PIMCO Funds: Global Investors Series plc, PIMCO Credit Absolute Return Fund, Plaintiff PIMCO Funds: Global Investors Series plc, PIMCO Dividend and Income Builder Fund, Plaintiff PIMCO Funds: Global Investors Series plc, StocksPLUS™ Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Strategic Income Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Total Return Bond Fund, Plaintiff PIMCO Funds: Global Investors Series plc, Unconstrained Bond Fund, Plaintiff PIMCO Funds: PIMCO CommoditiesPLUS® Strategy Fund, Plaintiff PIMCO Funds: PIMCO Commodity Real Return Strategy Fund®, Plaintiff PIMCO Funds: PIMCO Credit Absolute Return Fund, Plaintiff PIMCO Funds: PIMCO Diversified Income Fund, Plaintiff PIMCO Funds: PIMCO EM Fundamental IndexPLUS® AR Strategy Fund, Plaintiff PIMCO Funds: PIMCO Emerging Local Bond Fund, Plaintiff PIMCO Funds: PIMCO Emerging Markets Bond Fund, Plaintiff PIMCO Funds: PIMCO Emerging Markets Currency Fund, Plaintiff PIMCO Funds: PIMCO EMG Intl Low Volatility RAFI®- PLUS AR Fund, Plaintiff PIMCO Funds: PIMCO Floating Income Fund, Plaintiff PIMCO Funds: PIMCO Foreign Bond Fund (U.S. Dollar-Hedged), Plaintiff PIMCO Funds: PIMCO Foreign Bond Fund (Unhedged), Plaintiff PIMCO Funds: PIMCO Fundamental Advantage Absolute Return Strategy Fund, Plaintiff PIMCO Funds:

PIMCO Global Advantage® Strategy Bond Fund, Plaintiff PIMCO Funds: PIMCO Global Bond Fund (U.S. Dollar-Hedged), Plaintiff PIMCO Funds: PIMCO Global Bond Fund (Unhedged), Plaintiff PIMCO Funds: PIMCO Global Multi-Asset Fund, Plaintiff PIMCO Funds: PIMCO GNMA Fund, Plaintiff PIMCO Funds: PIMCO Income Fund, Plaintiff PIMCO Funds: PIMCO Inflation Response Multi-Asset Fund, Plaintiff PIMCO Funds: PIMCO International Fundamental IndexPLUS® AR Strategy Fund, Plaintiff PIMCO Funds: PIMCO International StocksPLUS® AR Strategy Fund (U.S. Dollar-Hedged), Plaintiff PIMCO Funds: PIMCO International StocksPLUS® AR Strategy Fund (Unhedged), Plaintiff PIMCO Funds: PIMCO Investment Grade Corporate Bond Fund, Plaintiff PIMCO Funds: PIMCO Long Duration Total Return Fund, Plaintiff PIMCO Funds: PIMCO Long-Term Credit Fund, Plaintiff PIMCO Funds: PIMCO Long-Term U.S. Government Fund, Plaintiff PIMCO Funds: PIMCO Low Duration Fund, Plaintiff PIMCO Funds: PIMCO Low Duration Fund II, Plaintiff PIMCO Funds: PIMCO Low Duration Fund III, Plaintiff PIMCO Funds: PIMCO Low Volatility RAFI®-PLUS AR Fund, Plaintiff PIMCO Funds: PIMCO Moderate Duration Fund, Plaintiff PIMCO Funds: PIMCO Mortgage Opportunities Fund, Plaintiff PIMCO Funds: PIMCO Real Estate Real Return Strategy Fund, Plaintiff PIMCO Funds: PIMCO Real Return Fund, Plaintiff PIMCO Funds: PIMCO Short-Term Fund, Plaintiff PIMCO Funds: PIMCO Small Cap StocksPLUS AR Strategy Fund, Plaintiff PIMCO Funds: PIMCO Small Company Fundamental IndexPLUS® AR Strategy Fund, Plaintiff PIMCO Funds: PIMCO StocksPLUS® Absolute Return Fund, Plaintiff PIMCO Funds: PIMCO StocksPLUS® AR Short Strategy Fund, Plaintiff PIMCO Funds: PIMCO StocksPLUS® Fund, Plaintiff PIMCO Funds: PIMCO Total Return Fund, Plaintiff PIMCO Funds: PIMCO Total Return Fund II, Plaintiff PIMCO Funds: PIMCO Total Return Fund III, Plaintiff PIMCO Funds: PIMCO Total Return Fund IV, Plaintiff PIMCO Funds: PIMCO Unconstrained Bond Fund, Plaintiff

PIMCO Funds: PIMCO Unconstrained Tax Managed Bond Fund, Plaintiff PIMCO Funds: PIMCO Worldwide Fundamental Advantage AR Strategy Fund, Plaintiff PIMCO Funds: Private Account Portfolio Series Asset-Backed Securities Portfolio, Plaintiff PIMCO Funds: Private Account Portfolio Series Developing Local Markets Portfolio, Plaintiff PIMCO Funds: Private Account Portfolio Series Emerging Markets Portfolio, Plaintiff PIMCO Funds: Private Account Portfolio Series International Portfolio, Plaintiff PIMCO Funds: Private Account Portfolio Series Long Duration Corporate Bond Portfolio, Plaintiff PIMCO Funds: Private Account Portfolio Series Mortgage Portfolio, Plaintiff PIMCO Funds: Private Account Portfolio Series Short-Term Portfolio, Plaintiff PIMCO Global Credit Opportunity Master Fund LDC, Plaintiff PIMCO Global Income Opportunities Fund, Plaintiff PIMCO Global StocksPLUS & Income Fund, Plaintiff PIMCO High Income Fund, Plaintiff PIMCO Income Opportunity Fund, Plaintiff PIMCO Income Strategy Fund, Plaintiff PIMCO Income Strategy Fund II, Plaintiff PIMCO Large Cap StocksPLUS Absolute Return Fund, Plaintiff PIMCO Multi-Sector Strategy Fund Ltd., Plaintiff PIMCO Offshore Funds - PIMCO Absolute Return Strategy IV eFund, Plaintiff PIMCO Offshore Funds: PIMCO Offshore Funds - PIMCO Absolute Return Strategy V Alpha Fund, Plaintiff PIMCO Strategic Income Fund, Inc., Plaintiff PIMCO Tactical Opportunities Master Fund Ltd., Plaintiff PIMCO Variable Insurance Trust: PIMCO Commodity Real Return Strategy Portfolio, Plaintiff PIMCO Variable Insurance Trust: PIMCO Emerging Markets Bond Portfolio, Plaintiff PIMCO Variable Insurance Trust: PIMCO Foreign Bond Portfolio (U.S. Dollar Hedged), Plaintiff PIMCO Variable Insurance Trust: PIMCO Global Advantage Strategy Bond Portfolio, Plaintiff PIMCO Variable Insurance Trust: PIMCO Global Bond Portfolio (Unhedged), Plaintiff PIMCO Variable Insurance Trust: PIMCO Low Duration Portfolio, Plaintiff PIMCO Variable Insurance Trust: PIMCO Real Return Portfolio, Plaintiff PIMCO Variable Insurance Trust: PIMCO Short-

Term Portfolio, Plaintiff PIMCO Variable Insurance Trust: PIMCO Total Return Portfolio, and Plaintiff Terlingua Fund 2, LP (collectively "Plaintiffs" or "PIMCO"), by and through their undersigned counsel, hereby submit the following Responses and Objections to the First Request for Production of Documents dated April 29, 2015, of Defendant HSBC Bank USA, N.A. ("HSBC") (the "Document Requests" or "Requests").

PIMCO's responses and objections are made for the sole purpose of this action.  PIMCO reserves the right to supplement, modify, or amend these responses in accordance with the Federal Rules and the Local Rules.

## GENERAL OBJECTIONS

1.      Plaintiffs object to HSBC's sixty Document Requests insofar as they are overbroad, vague, ambiguous, lack particularity, and seek documents that are neither relevant to the claims or defenses in this action, either generally or specifically to class certification issues, nor reasonably calculated to lead to the discovery of admissible evidence, such as information related to investments other than the securities directly at issue in this action (the "RMBS").  Plaintiffs will not produce documents that relate to securities and investments not at issue in this action.

2.      Plaintiffs further object to the Document Requests insofar as they seek to impose burdens or obligations broader than or inconsistent with the Federal Rules of Civil Procedure, Local Rules and/or other applicable rules of procedure or law.  Plaintiffs will construe and respond to the Document Requests in accordance with the applicable rules of procedure or law.

3.      Plaintiffs further object to the Document Requests to the extent any request uses broader definitions or rules of construction than those set forth in Local Civil Rule 26.3.

4.      Plaintiffs further object to the Document Requests as overbroad, unduly burdensome, and unreasonably costly and time consuming to the extent that they purport to impose

an obligation on Plaintiffs to conduct anything other than a reasonable and diligent search of locations where responsive documents are reasonably expected to be found.  Plaintiffs object to the Document Requests to the extent that they purport to require Plaintiffs to search for and produce documents, including email and other electronic documents, that are not accessible because of undue burden or cost.

5.     Plaintiffs further object to the Document Requests to the extent that they seek non-discoverable information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or other applicable privileges, protections, immunities, or limitations on discovery.  No documents or information covered by any privilege, protection, immunity, or limitation shall be intentionally disclosed.  In the event that any such documents or information are disclosed by Plaintiffs, such disclosure is inadvertent and does not constitute a waiver of any privilege, protection, immunity, or limitation from disclosure.  Plaintiffs reserve the right to demand the return of any document that may inadvertently be produced during discovery if they determine that such document may contain privileged or protected information.

6.     To the extent that Plaintiffs have produced or will produce any documents or materials, such production is subject to Plaintiffs' other objections to the Document Requests, claims of privilege and protection, any protective order that the parties may enter in connection with discovery, and any other agreements that the parties reach regarding the scope of the Document Requests.

7.     Plaintiffs object to the Document Requests insofar as they seek the production of documents or information that: (i) are within the possession, custody, or control of HSBC; (ii) are publicly available; (iii) are otherwise obtainable from other sources to which HSBC has equal or more ready access and thereby subjects Plaintiffs to unreasonable and undue annoyance,

oppression, burden and expense; (iv) have already been identified or produced in the action; and (v) are obtainable from other sources that are more convenient, less burdensome, or less expensive.

8.     Plaintiffs expressly reserve and do not waive their rights to: (i) object on any grounds (including, but not limited to, competence, relevance, materiality, privilege or admissibility) to the use of the responses and objections as evidence for any purpose, or to the use of the documents or information that are produced at any point in the proceeding; (ii) object on any ground to any other discovery requests that involve or relate to the subject matter of the Document Requests; (iii) revise, correct, amend, supplement, or clarify any of the responses or objections at a later time; or (iv) use or rely on, at any time, including at trial, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence.

9.     Plaintiffs object to the Document Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  Plaintiffs' responses and objections are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by or in the Document Requests (including the Definitions and Instructions and each specific request therein).  No objection or limitation, or lack thereof, shall be deemed a waiver of Plaintiffs' right to assert such objection or limitation at any time in the future.

10.     Any representation that Plaintiffs will search for or produce non-privileged or protected documents shall not be construed as a representation or admission that such documents exist, or that such documents are admissible or relevant.  Any representations that Plaintiffs have no non-privileged documents responsive to a request should not be construed as a representation that privileged documents responsive to the request exist.  Nothing herein is intended to, nor does

it, constitute an admission or representation that Plaintiffs engaged in the activities about which HSBC has requested documents.

11.     Plaintiffs' responses to the Requests are made on the basis of information and discovery conducted to date, which is continuing.  Plaintiffs' express reservation of rights herein shall not be construed to limit, waive or extinguish any other rights under applicable law, the Federal Rules of Civil Procedure, and local or Court rules that Plaintiffs may assert in connection with these responses and objections to the Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to the Requests to the extent that HSBC, by requesting "all" documents, seek multiple copies, duplicate documents, and identical documents, on the grounds that such requests are overbroad, unduly burdensome and seek documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs will not produce multiple copies or duplicate documents.

2.     Plaintiffs object to the Definition of "Action" as overbroad and unduly burdensome. In responding to the Requests, Plaintiffs will construe "action" as meaning the above-captioned action only.

3.     Plaintiffs object to the Definition of the terms "RMBS" and "Residential Mortgage Backed Securities" as overbroad and unduly burdensome.  Plaintiffs will construe these terms to have their ordinary common meaning.

4.     Plaintiffs object to the Definition of the term "Employee" as overbroad and unduly burdensome.  Plaintiffs will construe this term to have its ordinary common meaning.

5.      Plaintiffs object to the Definition of the term "Trusts at issue" as overbroad to the extent it includes trusts that are not referenced in in Exhibit 1 of the Verified Derivative Complaint and Alternative Class Action Against HSBC BANK USA, National Association (ECF No.1).

6.      By responding to the Document Requests, Plaintiffs do not agree with or otherwise adopt any of HSBC's definitions or characterizations.

7.      Plaintiffs further object to Instruction No. 10 concerning the production of a privilege log to the extent that it purports to impose an obligation beyond that imposed by Fed. R. Civ. P. 34.  Plaintiffs will produce documents as required by Fed. R. Civ. P. 34 and any orders of the Court.

*      *      *

The above General Objections and Objections to Definitions and Instructions are incorporated into each of the specific responses and objections set forth below as if each General Objection or Objection to Definitions and Instructions was specifically set forth therein.   No specific response or objection shall constitute a waiver, in whole or in part, of any of the foregoing General Objections or Objections to Definitions and Instructions.

### SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST NO. 1:**   Organizational charts, group directories, and other similar documents relating to You, including documents sufficient to identify all persons, positions, and business units responsible for the management or administration of You, and to identify all persons, positions and business units involved in any way (e.g., in analyzing, acquiring, monitoring, selling, or communicating with Your own investors) with Your investments in the securities or trusts at issue.

### RESPONSE TO REQUEST NO. 1:

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous, particularly as to the phrase "involved in *any way*."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 2:**    Documents sufficient to identify every current and former member of Your investment committee or similar body, and of every subcommittee thereof.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrase "sufficient to identify *every* current and former member of [Plaintiffs'] investment committee . . . and *every* subcommittee thereof."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 3:**    Documents sufficient to identify Your inside and outside investment advisors, investment managers, brokers, and dealers, and any of their officers or employees, involved in any way with Your investments in RMBS or the securities or trusts at issue.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "*any* of their officers or employees, involved in *any way*" and "investments in RMBS."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 4:**    All communications and drafts of communications with, or intended for, actual or potential investors in You relating to Your actual or potential investment in RMBS or the securities or trusts at issue.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "potential investors" and "potential investment in RMBS" generally, regardless of whether such documents concern any RMBS trust at issue in this action.

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 5:**   All communications and drafts of communications with, or intended for, actual or potential purchasers of financial products offered by You relating to Your actual or potential investment in RMBS or the securities or trusts at issue.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly because it seeks all documents relating to any communications with "*potential* purchasers of financial products" relating to "*potential* investment in RMBS" generally, regardless of whether such documents concern any RMBS trust at issue in this action.

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 6:**   All documents referred to, incorporated by reference, and/or utilized, directly or indirectly, in the Complaint.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this Request as vague and ambiguous, particularly as to the phrase "directly or indirectly."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request.

**REQUEST NO. 7:**   All documents concerning any of the securities or trusts at issue including, without limitation, all agreements, forms, prospectuses, prospectus supplements, offering documents, confirmations, marketing materials, research reports, articles, brochures, annual and periodic reports, regulatory filings, and correspondence.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous, particularly as to the phrase "[a]ll documents concerning."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request.

**REQUEST NO. 8:**   All documents prepared by or for You or any member of the putative class, concerning any of the securities or trusts at issue, including, without limitation, all notes, memoranda, research, evaluations, analyses, modeling, and documents containing information obtained via sources such as Polypaths, Intex, Bloomberg, QRM, or Loan Performance.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous, including as to the phrase "information obtained via sources."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 9:**   All documents relating to Your purported status as a "Certificateholder" or "Noteholder" in this action, including all physical certificates or notes reflecting the securities at issue in this action.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the General Objections, Plaintiffs will produce documents responsive to this Request.

**REQUEST NO. 10:**  All documents concerning, relating to, reflecting, or relied upon by You in the acquisition or disposition of any security issued by any trust at issue in the Complaint, including but not limited to documents sufficient to show the counterparty, date, place of transaction, type of transaction, amount of securities, class of securities, price, and the reasons for Your decision to enter into the transaction, and also including, without limitation, documents prepared by all brokers, accountants, tax, financial, or investment advisors, or any other similar person relating to any such security.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms and phrases "relating to," "reflecting," "relied upon," "sufficient to show," "reasons for [Plaintiffs'] decision," "*all* brokers, accountants, tax, financial, or investment advisors," and "similar person."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 11:**  To any extent You purport to be the assignee of any claims You assert in this action, all documents relating to or reflecting the assignment.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous, particularly as to the phrase "assignee of any claims" and the term "assignment."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 12:**   To any extent You purport to have been authorized to maintain Your claims in this action by any other person or entity, all documents relating to or reflecting such authorization.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous, particularly as to the phrase "authorized to maintain" and the term "authorization."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 13:**  All documents concerning Your policies, procedures, approaches, investment strategy, risk analysis, or guidelines concerning the purchase or sale of or investment in RMBS, including, without limitation, documents concerning evaluations or analyses of residential mortgage loans.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms and phrases "policies, procedures, approaches, investment strategy, risk analysis, or guidelines," "investment in RMBS," "RMBS" generally, and "evaluations."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 14:**  All documents and communications received or sent by You relating to or reflecting any analysis, consideration, investigation, research or evaluation of acquiring, disposing of or holding any securities issued by the trusts at issue in this action.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous,

and unduly burdensome, including as to the phrase "relating to or reflecting *any* analysis, consideration, investigation, research or evaluation."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 15:**  All documents relating to or reflecting Your internal communications or communications between You and any other person, including, without limitation, any of Your affiliates, members, shareholders, or investors, and/or members of the putative class, concerning: (a) this action, (b) any matter alleged in any complaint that has been filed in this action, or (c) the securities and trusts at issue.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, including as to the phrase "*any* matter alleged in *any* complaint."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 16:**  Documents sufficient to identify all persons involved in any decisions by You to acquire, dispose of, or hold any security issued by any trust at issue in the Complaint.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, including as to the phrases "*any* decisions" and "*any* security issues by *any* trust at issue."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 17:**   All documents relating to or discussing HSBC in its capacity as an indenture trustee in any transaction.

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly because it seeks all documents "relating to or discussing" "*any* transaction," regardless of whether such documents concern the RMBS trusts at issue in this action.

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 18:**   All documents relating to any RMBS transaction in which HSBC was or is involved.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request to the extent it seeks public records and documents equally available to HSBC.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms and phrases "*[a]ll* documents," "relating to," "*any* RMBS transaction," and "involved."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 19:**  All documents and communications relating to or reflecting Your analysis and/or views on the U.S. real estate market, the RMBS market, and investing or trading strategies relating to RMBS (or any other mortgage-backed investment).

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "views," "U.S. real estate market" and "investing or trading strategies relating to RMBS (or any other mortgage-backed investment)" generally.

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 20:**  All documents relating to or reflecting Your views and expectations relating to indenture trustees in any transaction.

**RESPONSE TO REQUEST NO. 20:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "*[a]ll* documents relating to or reflecting," "views and expectations," and "indenture trustees in *any* transaction."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 21:**  All documents relating to or reflecting any communication between You and HSBC in connection with any security or trust at issue in the Complaint.

**RESPONSE TO REQUEST NO. 21:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous,

and unduly burdensome, particularly as to the phrases "any communication" and "in connection with."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 22:**  All documents relating to or reflecting communications between You and any other person or entity that owns or owned any securities issued by the trusts at issue in this action relating to the securities and/or trusts at issue.

**RESPONSE TO REQUEST NO. 22:**

Plaintiffs object to this Request as overbroad, duplicative of Request No. 21, and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrase "*any* other person or entity that owns or owned *any* securities."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 23:**  All documents relating to or reflecting communications concerning the securities and trusts at issue or investment in RMBS generally between You and any other person or entity that was an originator, depositor, seller, underwriter, servicer, master servicer, rating agency, administrator or custodian, or served in any similar role, or was a party in connection with any trust at issue in this action.

**RESPONSE TO REQUEST NO. 23:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "relating to or reflecting," "RMBS generally," "similar role," and "a party in connection with."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 24:**  All documents relating to or reflecting requests made by You to anyone to make any demand or bring any claim related to any RMBS.

**RESPONSE TO REQUEST NO. 24:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms and phrases "anyone,"  "*any* demand," "*any* claim," and "*any* RMBS."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 25:**  All documents and communications relating to statements made by You relating to the securities or trusts at issue or RMBS generally.

**RESPONSE TO REQUEST NO. 25:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms and phrases "statements," "relating to," and "RMBS generally."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 26:**  All documents relating to or reflecting Your allegations that HSBC had actual knowledge of breaches of representations or warranties in connection with the trusts at issue in this action.

**RESPONSE TO REQUEST NO. 26:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request to the extent it seeks public records and documents equally available to HSBC. Plaintiffs further object to this Request as burdensome and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that HSBC itself has previously produced to Plaintiffs. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms and phrases "statements," "relating to," and "RMBS generally."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 27:** All documents relating to or reflecting Your allegations that HSBC had actual knowledge of Events of Default or other circumstances requiring HSBC to act in connection with the trusts at issue in this action.

**RESPONSE TO REQUEST NO. 27:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request to the extent it seeks public records and documents equally available to HSBC. Plaintiffs further object to this Request as burdensome and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that HSBC itself has previously produced to Plaintiffs. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "relating to," "other circumstances," and "act in connection with."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 28:**  All documents relating to or reflecting Your discovery of the facts alleged in the Complaint.

**RESPONSE TO REQUEST NO. 28:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request to the extent it seeks public records and documents equally available to HSBC. Plaintiffs further object to this Request as burdensome and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that HSBC itself has previously produced to Plaintiffs. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the term "discovery" and the phrase "relating to."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 29:**  All documents relating to or reflecting Your receipt or possession of any document referred to in the Complaint.

**RESPONSE TO REQUEST NO. 29:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "relating to" and "any document."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 30:** All documents relating to or reflecting (a) any gain or loss realized or incurred by You on any securities issued by the trusts at issue in this action; (b) any distributions, amounts, interest, or other monies received in connection with the securities at issue; (c) any documents reflecting Your valuations or marks of the securities at issue; and (d) any documents reflecting projections relating to the securities at issue.

**RESPONSE TO REQUEST NO. 30:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague and ambiguous, particularly as to the phrases "relating to," "in connection with," "valuations or marks," and "projections relating to." Plaintiffs further object to this Request as unduly burdensome, particularly as to the phrases "*[a]ll* documents," "*any* gain or loss," "*any* distributions . . . ," and "*any* documents."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 31:** All documents relating to or reflecting the amount or computation of damages or losses allegedly suffered by You as a result of the conduct alleged in the Complaint.

**RESPONSE TO REQUEST NO. 31:**

Plaintiffs object to this Request on the grounds that the issue of damages will be subject to expert testimony, and this Request is premature inasmuch as it seeks expert opinions and analyses

when the time to designate experts and exchange expert reports on this issue has not yet occurred,

no expert discovery on this issue has been conducted to date and the requested information is

beyond the scope of Federal Rule of Civil Procedure 26(a)(2) and (b)(4).  Plaintiffs further object

to this Request as overbroad, vague and ambiguous including as to the term "suffered."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will

provide HSBC with an expert damages report in accordance with the schedule that the Court sets

forth and in compliance with Fed. R. Civ. P. 26(a)(2).

**REQUEST NO. 32:**  All documents relating to or reflecting efforts by You to mitigate damages
allegedly caused as a result of the allegations in the Complaint.

**RESPONSE TO REQUEST NO. 32:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant

to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous,

particularly as to the phrase "reflecting efforts."

Plaintiffs stand on the foregoing and General Objections.

**REQUEST NO. 33:**  All documents relating to or reflecting the underwriting guidelines used by
any of the originators of the mortgage loans backing the Trusts at issue.

**RESPONSE TO REQUEST NO. 33:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant

to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous,

and unduly burdensome, particularly as to the phrases "underwriting guidelines" and "*any* of the

originators."  Plaintiffs further object to this Request to the extent it seeks documents equally or

more available to HSBC and its affiliates.  Plaintiffs further object to this Request as burdensome

and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that

HSBC itself has previously produced to Plaintiffs.

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 34:** All documents relating to or reflecting the servicing practices or guidelines used by any of the servicers of the trusts at issue.

**RESPONSE TO REQUEST NO. 34:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "servicing practices or guidelines" and "*any of the servicers.*" Plaintiffs further object to this Request to the extent it seeks documents equally or more available to HSBC and its affiliates. Plaintiffs further object to this Request as burdensome and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that HSBC itself has previously produced to Plaintiffs.

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 35:** All settlement agreements between You and any other person or entity relating to any securities or trusts at issue.

**RESPONSE TO REQUEST NO. 35:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request in that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and/or any other applicable privilege, protection or immunity. Plaintiffs further object to this Request as vague and ambiguous, particularly as to the phrase "any other person or entity."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs respond as follows: Plaintiffs are not presently aware of any other non-privileged or not otherwise protected documents responsive to this Request.

**REQUEST NO. 36:**  All tolling agreements between You and any other person or entity relating to any securities or trusts at issue in this action or any other RMBS.

**RESPONSE TO REQUEST NO. 36:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, including as to the phrases "*any* other person or entity" and "*any* other RMBS."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 37:**  Documents sufficient to identify members of the putative class you seek to represent and the securities they acquired.

**RESPONSE TO REQUEST NO. 37:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague, ambiguous,

and unduly burdensome.  Plaintiffs further object to this Request to the extent to it seeks records and documents more readily available to HSBC.  Plaintiffs further object to this Request as premature inasmuch as it seeks expert opinions and analyses when the time to designate experts and exchange expert reports on this issue has not yet occurred, no expert discovery on this issue has been conducted to date and the requested information is beyond the scope of Federal Rule of Civil Procedure 26(a)(2) and (b)(4).

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will provide HSBC with an expert damages report in accordance with the schedule that the Court sets forth and in compliance with Fed. R. Civ. P. 26(a)(2).

**REQUEST NO. 38:**  All documents on which You intend to rely to establish the appropriateness of class certification in this action.

**RESPONSE TO REQUEST NO. 38:**

Plaintiffs object to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request to the extent it calls for a legal conclusion, a legal argument, or constitutes a contention discovery request that is premature at this stage of the litigation. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege, doctrine or immunity.  Plaintiffs further object to this Request on the grounds that it seeks documents that contain confidential or private financial information which are not related to the subject matter of this litigation.  Plaintiffs further object to this Request to the extent it is not limited to a reasonable time period.

Subject to and without waiving the foregoing and General Objections, Plaintiffs will produce documents responsive to this Request, if any, to the extent such documents are not privileged or otherwise protected.

**REQUEST NO. 39:**  Documents sufficient to identify any claims made by You in the bankruptcy of any other person or entity that was an originator, depositor, seller, underwriter, servicer, master servicer, administrator or custodian, or served in any similar role, or was a party in connection with any trust at issue in this action and the disposition, if any, of all such claims.

**RESPONSE TO REQUEST NO. 39:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms "sufficient" and "claims" and the phrase "similar role."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 40:**  All documents You obtain by subpoena, document request, or informal request in connection with this action.

**RESPONSE TO REQUEST NO. 40:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous, particularly as to the phrases "informal request" and "in connection with."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 41:**  All documents not otherwise requested herein that relate to Your claims against HSBC or otherwise bear upon, concern, or provide evidence tending to support or negate any of the allegations in the Complaint.

**RESPONSE TO REQUEST NO. 41:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "[a]ll documents not otherwise requested herein," "relate to," "bear upon," and "provide evidence."

-28-

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will

produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

**REQUEST NO. 42:**  All documents sufficient to show Your document retention policies, as they exist now, and have existed since June 1, 2003.

**RESPONSE TO REQUEST NO. 42:**

Subject to and without waiving the General Objections, Plaintiffs will produce documents

responsive to this Request, if any.

**REQUEST NO. 43:**  All documents concerning any efforts made by You to hedge investments in any of the securities or trusts at issue, including, without limitation, Documents concerning any insurance, investments, positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps) that You executed or held that reference any of the securities at issue, or that served, or were intended, to hedge any of the securities or trusts at issue or insure against any loss on the securities or trusts at issue.

**RESPONSE TO REQUEST NO. 43:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant

to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous,

and unduly burdensome, particularly as to the terms and phrases "any efforts," "hedge,"

"investments," "derivative contracts," "that reference," "that served," "were intended," and "any

loss."

Plaintiffs stand on the foregoing and General Objections.

**REQUEST NO. 44:**  All documents concerning any investigations or analyses conducted by You or any putative class member, any third party vendor, or anyone acting on Your behalf concerning any of the securities or trusts at issue, or any of the underlying loans backing such securities or trusts, including any mortgage loan re-underwriting and/or other forensic review related to the trusts or securities at issue.

**RESPONSE TO REQUEST NO. 44:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant

to any party's claims or defenses.  Plaintiffs further object to this Request in that it seeks

information protected by the attorney-client privilege, the attorney work product doctrine, the

common interest privilege, and/or any other applicable privilege, protection or immunity. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrase "*any* investigations or analyses . . . by . . . *any* putative class member, *any* third party vendor, or *anyone*."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request, if any, that concern the RMBS trusts at issue in this action and are not privileged or otherwise protected.

**REQUEST NO. 45:**   All minutes, agendas, meeting materials, and handouts for meetings of Your board of directors (or similar governing body), or any committee or subcommittee thereof, to the extent such documents concern investments in any Trust at issue or other RMBS.

**RESPONSE TO REQUEST NO. 45:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous, including as to the phrase "other RMBS."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 46:**   All minutes, agendas, meeting materials, and handouts for meetings of Your investment committee (or similar body) or any subcommittee thereof, to the extent such documents concern investments in any Trust at issue or other RMBS.

**RESPONSE TO REQUEST NO. 46:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague and ambiguous, including as to the phrase "other RMBS."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

**REQUEST NO. 47:** All documents concerning Your or any member of the putative class's knowledge or suspicion of any failure on the part of any party regarding the handling, storage, filing, or review, of documents relevant to the trusts at issue.

**RESPONSE TO REQUEST NO. 47:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the term "suspicion" and the phrase "any party."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 48:** All documents concerning Your or any member of the putative class's knowledge or suspicion of any breaches of any "Representations and Warranties" contained in the governing agreements.

**RESPONSE TO REQUEST NO. 48:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the term "suspicion."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document

subpoenas on various entities concerning the subject of this Request.  To the extent that Plaintiffs

receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such

documents.

**REQUEST NO. 49:**  All documents concerning Your or any member of the putative class's
knowledge or suspicion of any other alleged breaches of the Depositor's or Seller's obligations
under the governing agreements.

**RESPONSE TO REQUEST NO. 49:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant

to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous,

and unduly burdensome, particularly as to the term "suspicion."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will

produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

Plaintiffs have propounded document requests on HSBC and intend to serve third-party document

subpoenas on various entities concerning the subject of this Request.  To the extent that Plaintiffs

receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such

documents.

**REQUEST NO. 50:**  All documents concerning Your or any member of the putative class's
knowledge or suspicion of any breaches of the Servicer's or Master Servicer's obligations under
the governing agreements.

**RESPONSE TO REQUEST NO. 50:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant

to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous,

and unduly burdensome, particularly as to the term "suspicion."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will

produce responsive documents, if any, concerning the RMBS trusts at issue in this action.

Plaintiffs have propounded document requests on HSBC and intend to serve third-party document

subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 51:** All documents concerning Your or any member of the putative class's knowledge or suspicion of any defaults or Events of Default under the governing agreements.

**RESPONSE TO REQUEST NO. 51:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the term "suspicion."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 52:** All documents concerning Your or any member of the putative class's knowledge or suspicion of any breaches of HSBC's obligations under the governing agreements.

**RESPONSE TO REQUEST NO. 52:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms "suspicion" and "obligations."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this request. To the extent that Plaintiffs

receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 53:**  All documents concerning Your or any member of the putative class's knowledge or suspicion of any breaches of the Owner Trustee's obligations under the governing agreements.

**RESPONSE TO REQUEST NO. 53:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms "suspicion" and "obligations."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request.  To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 54:**  All documents concerning Your or any member of the putative class's knowledge or suspicion of any breaches of any party's obligations under the governing agreements.

**RESPONSE TO REQUEST NO. 54:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses.  Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the terms "suspicion" and "obligations."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request.  To the extent that Plaintiffs

receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 55:** All documents related to or suggestive of HSBC's alleged conflicts of interest.

**RESPONSE TO REQUEST NO. 55:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request to the extent it seeks public records and documents equally available to HSBC. Plaintiffs further object to this Request as unduly burdensome and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that HSBC itself has previously produced to Plaintiffs. Plaintiffs further object to this Request as vague and ambiguous, particularly as to the phrase "related to or suggestive of."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 56:** All documents identified in Your Initial Disclosures pursuant to Fed. R. Civ. P. 26.

**RESPONSE TO REQUEST NO. 56:**

Subject to and without waiving the General Objections, Plaintiffs will produce documents responsive to this Request.

**REQUEST NO. 57:** All documents concerning any foreclosure actions that You contend were delayed or prevented as a result of HSBC's alleged conduct as indenture trustee.

**RESPONSE TO REQUEST NO. 57:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request to the extent it seeks public records and documents equally available to HSBC. Plaintiffs further object to this Request as unduly burdensome and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that HSBC itself has previously produced to Plaintiffs. Plaintiffs further object to this Request as vague and ambiguous, particularly as to the term "contend."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 58:** Documents sufficient to identify (a) each mortgage loan held, currently or in the past, by any of the Trusts at issue that You believe had a material breach of a representation or warranty, as alleged in the Complaint, and (b) what the specific breach was.

**RESPONSE TO REQUEST NO. 58:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request to the extent it seeks documents equally or more available to HSBC. Plaintiffs further object to this Request as unduly burdensome and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that HSBC itself has previously produced to Plaintiffs. Plaintiffs further object to this Request as vague, ambiguous, and unduly burdensome, particularly as to the phrases "each mortgage loan held currently or in the past," and "what the specific breach was."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce responsive documents, if any, concerning the RMBS trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 59:**   All documents related to HSBC's compensation as trustee.

**RESPONSE TO REQUEST NO. 59:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request to the extent it seeks documents equally or more available to HSBC. Plaintiffs further object to this Request as unduly burdensome and duplicative to the extent it contemplates that Plaintiffs will produce documents to HSBC that HSBC itself has previously produced to Plaintiffs. Plaintiffs further object to this Request as vague and ambiguous as to the term "compensation."

Subject to and without waiving the foregoing and the General Objections, Plaintiffs will produce documents responsive to this Request concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action. Plaintiffs have propounded document requests on HSBC and intend to serve third-party document subpoenas on various entities concerning the subject of this Request. To the extent that Plaintiffs receive documents in response to the third-party subpoenas, Plaintiffs will provide a copy of such documents.

**REQUEST NO. 60:**   Documents sufficient to identify any RMBS transaction, other than the trusts at issue, in which You and HSBC were involved.

**RESPONSE TO REQUEST NO. 60:**

Plaintiffs object to this Request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiffs further object to this Request as vague and ambiguous as to the term "involved."

Plaintiffs stand on the foregoing and General Objections. Plaintiffs will produce documents concerning Plaintiffs' purchase and holdings of RMBS at issue in this action and the trusts at issue in this action.

Dated: June 1, 2015

> BERNSTEIN LITOWITZ BERGER
> & GROSSMANN LLP
>
> BENJAMIN GALDSTON
>
> BLAIR A. NICHOLAS (admitted *pro hac vice*)
> TIMOTHY A. DELANGE (admitted *pro hac vice*)
> BENJAMIN GALDSTON (admitted *pro hac vice*)
> DAVID R. KAPLAN (admitted *pro hac vice*)
> LUCAS E. GILMORE (admitted *pro hac vice*)
> 12481 High Bluff Drive, Suite 300
> San Diego, CA 92130
> Tel:    (858) 793-0070
> Fax:    (858) 793-0323
>     -and-
> JEROEN VAN KWAWEGEN (JV 1010)
> JAI CHANDRASEKHAR (JC 3789)
> 1285 Avenue of the Americas, 38th Floor
> New York, NY 10019
> Tel:    (212) 554-1400
> Fax:    (212) 554-1444
>
> *Counsel for Plaintiffs*