# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV,<br><br>    Plaintiff,<br> v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>    Defendant. | **Case No. 14-CV-8175-LGS-SN** |
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*,<br><br>    Plaintiffs,<br> v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>    Defendant. | **Case No. 14-CV-9366-LGS-SN** |
| PHOENIX LIGHT SF LIMITED, *et al.*,<br><br>    Plaintiffs,<br> v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>    Defendant. | **Case No. 14-cv-10101-LGS-SN** |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*,<br><br>    Plaintiffs,<br> v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>    Defendant. | **Case No. 15-cv-2144-LGS-SN** |

| | |
|---|---|
| COMMERZBANK AG, <br><br>     Plaintiff, <br> v. <br><br>HSBC BANK USA, NATIONAL ASSOCIATION, <br><br>     Defendant. | **Case No. 15-cv-10032-LGS-SN** |
| TRIAXX PRIME CDO 2006-1, LTD, *et al.*, <br><br>     Plaintiffs, <br> v. <br><br>HSBC BANK USA, NATIONAL ASSOCIATION, <br><br>     Defendant. | **Case No. 15-cv-10096-LGS-SN** |

**DECLARATION OF ERIC C. WIENER IN SUPPORT OF
HSBC BANK USA, N.A.'S RESPONSE TO THE
COURT'S AUGUST 9, 2016 ORDER TO SHOW CAUSE**

I, ERIC C. WIENER, declare as follows:

1. I am an associate in the law firm of Williams & Connolly LLP, counsel for Defendant HSBC Bank USA, N.A. ("HSBC") in the above-captioned actions. I submit this declaration in support of HSBC's Response to the Court's August 9, 2016 Order to Show Cause.

2. On July 31, 2015, counsel for HSBC, including myself, participated in a discovery meet-and-confer call with counsel for plaintiffs in the then-pending actions.

3. During the call, both sides raised concerns about the scope of the other side's document collection and production.

4. One of the concerns Ben Galdston, counsel for the *BlackRock* Plaintiffs, raised was that in HSBC's May 29, 2015 responses and objections to Plaintiffs' document requests,

2

HSBC had "re-written" many of Plaintiffs' document requests when describing what documents HSBC would produce in response to those requests.

5. Ed Reddington, counsel for HSBC, stated that HSBC believed many of Plaintiffs' requests were vague and overbroad, and so in response to each request, HSBC either stood on its objections and refused to produce documents, or it described what documents it would produce in response to the request.

6. Mr. Reddington said that HSBC's responses were the proper way to respond to document requests under the Federal Rules of Civil Procedure.

7. Mr. Galdston said Plaintiffs would provide HSBC with better requests and would explain why HSBC's responses and limitations to specific requests were overly narrow.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Washington, DC  By: _/s/ Eric C. Wiener_____
August 11, 2016  Eric C. Wiener