# Exhibit 6

Case 1:14-cv-09366-LGS-SN   Document 201-6   Filed 08/11/16   Page 1 of 5

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
### ATTORNEYS AT LAW
NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

August 24, 2015

**VIA EMAIL & U.S. MAIL**

Edward C. Reddington
WILLIAMS & CONNELLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

      Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*,
              No. 14-cv-9366-SAS (S.D.N.Y.)

Dear Ed:

      We write in response to the issues raised in HSBC's letters, dated July 23 and August 13, 2015.

      **The Scope of the Parties' Search and Production**

      First, based on your correspondence, HSBC has now confirmed that it is limiting its search for documents responsive to Plaintiffs' document requests to its "trustee department" only, and otherwise refuses to search for and produce documents within HSBC's possession, custody or control among HSBC affiliates, subsidiaries, divisions or departments other than the "trustee department," including HSBC's origination, securitization, or servicing units. As you know, Plaintiffs' complaint is replete with allegations that put documents and information from within HSBC's origination, securitization, and servicing units squarely at issue and properly discoverable in this action, including allegations that HSBC became aware of widespread and pervasive seller breaches of representations and warranties and servicing misconduct through HSBC's own origination, securitization and servicing activities, including HSBC's involvement in government and private investigations and litigation, among other reasons. Accordingly, the parties have reached an impasse and this matter is now ripe for the Court's determination.

      Second, even as to this limited universe of HSBC's "trustee department," we disagree that HSBC has been "transparent" about the scope and extent of its efforts to search for responsive documents and information. Despite our several requests, HSBC has refused to provide any details about its search, including identifying custodians and electronic search terms. Similarly, HSBC

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington
Williams & Connelly LLP
August 24, 2015
Page 2

has not produced any organizational charts, custodian lists, or otherwise identified by name title and tenure the employees within its "trustee department." Finally, HSBC has failed to provide information about the progress of its document collection and production efforts, such as dates and anticipated volume for its rolling productions.

By contrast, we have provided information about the scope of Plaintiffs' search efforts and anticipated schedule for productions. Contrary to the mischaracterizations in your August 13 letter, we repeatedly confirmed during the July 31 call that we are searching for documents responsive to HSBC's requests from Plaintiffs' departments or business units that are likely to have documents responsive to HSBC's requests, including the personnel involved in RMBS investments generally and as to the RMBS at issue in this action. We also confirmed that we are searching for responsive documents from the files of certain Plaintiffs' investment managers that were involved in the relevant trades, such as Blackrock Advisors, LLC, Blackrock Financial Management, Inc., Blackrock Investment Management LLC, Pacific Investment Management Company LLC, Prudential Investment LLC, Prudential Investment Management, Inc., Qualitative Management Associates LLC and Teacher Advisors, Inc.

Moreover, we intend to provide additional information and details soon regarding our search and collection efforts, including the identities of custodians and job titles, electronic search terms, the categories of documents we expect to produce on a rolling basis, and the anticipated schedule for productions. We request that HSBC provide us with the same information concurrently. Accordingly, please let us know a date when HSBC will be prepared to mutually exchange such information.

### Limitations on Discovery of "General Matters"

As you know, Judge Scheindlin has directed that discovery in this action is not limited to the 24 bellwether trusts but also includes discovery of "general matters" that are relevant to the parties' claims and defenses. HSBC, however, apparently will produce only limited corporate documents, such as HSBC's organizational charts and policies and procedures. HSBC otherwise refuses to search for and produce documents that are relevant to facts alleged in the Complaint, including (by way of example) information showing HSBC's knowledge of the improper origination, securities and servicing practices of the same originators, sponsors and servicers as for the bellwether trusts. As the Court recognized in its June 1, 2015 Order, Plaintiffs sufficiently pleaded that HSBC discovered seller breaches of representations and warranties and learned of servicer violations for the loans in the Trusts at issue through its involvement in governmental and private investigations and litigation focusing on the same alleged deficient practices of the same originators, sponsors and servicers with respect to other RMBS trusts. Plaintiffs are entitled to develop evidence supporting these sustained allegations with respect to the bellwether trusts. Accordingly, please let us know by **August 31** whether HSBC will produce documents responsive to Plaintiffs' requests on these subject matters.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington
Williams & Connelly LLP
August 24, 2015
Page 3

---

As to HSBC's discovery directed to Plaintiffs regarding "general matters," your letter mischaracterizes our position. While we contend that HSBC's affirmative defenses are without merit, we do not dispute that HSBC is entitled to discovery relevant to such affirmative defenses, and that such discovery may include information beyond the bellwether trusts. However, HSBC's affirmative discovery must be reasonably tailored to information *relevant* to such affirmative defenses. As written, HSBC's document requests are impermissibly vague and overbroad, seeking information reflecting, for example, Plaintiffs "*general knowledge of the RMBS market*" and "*hedging investments*" from January 1, 2004 through the present. Without further clarification and limitation to facts in dispute and the defenses alleged by HSBC, these requests arguably would require production of Plaintiffs' entire investment files for a nearly twelve year period, including a massive quantity of information that is patently irrelevant. Accordingly, such requests appear calculated only to harass and annoy the Plaintiffs. During our meet and confer conference call, we asked you to identify specific categories of documents you seek in support of your mitigation of damages defense as to Plaintiffs' claims for the bellwether trusts; but, you were unable to articulate any.

Accordingly, Plaintiffs are unwilling to produce documents responsive to these requests as currently framed. However, as we have repeatedly advised you, we are open to considering a narrowing of these requests if tailored to the claims and defenses in connection with the bellwether trusts.

### Plaintiffs' Supplemental Responses

Attached are supplemental responses to HSBC's RFPs on behalf of the Aegon Plaintiffs. As you will see, we believe these supplemental responses address the concerns raised in your July 23 letter. *See* Resp. to Requests 1-3, 13, 29, 31, 32, 35, 37, 40 and 43. Substantively identical responses for the other Plaintiffs will be served via email.

### Plaintiffs' Agreement to Produce Documents Subject to Specific Objections

To the extent such documents exist and can be collected and produced through a reasonable search, Plaintiffs have agreed to produce documents responsive to a number of HSBC's requests subject to and without waiving their general and specific objections to such requests. As we discussed, Plaintiffs' search for documents responsive to HSBC's requests continues and likely will not be complete until the document production cutoff date of November 20, 2015. However, with the exception of privileged or otherwise protected documents, Plaintiffs are not withholding production of otherwise responsive documents based on its objections unless expressly stated.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington
Williams & Connelly LLP
August 24, 2015
Page 4

### Privilege Logs

Plaintiffs understand the parties' obligations pursuant to the Rule 26(b)(5) to provide a description of all responsive documents withheld on the basis of a claim of privilege or protection. We propose the parties agree to exchange privilege logs on a rolling basis, as follows: (i) September 18, 2015; (ii) October 23, 2015; and (iii) November 20, 2015.

Please confirm HSBC's agreement to this schedule.

Sincerely,

Benjamin Galdston