UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV, *et al.*,<br><br>   Plaintiff,<br><br> -against-<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>   Defendant. | Case No. 14-cv-8175-LGS-SN |
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*,<br><br>   Plaintiffs,<br><br> -against-<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>   Defendant. | Case No. 14-cv-9366-LGS-SN |
| PHOENIX LIGHT SF LIMITED, *et al.*,<br><br>   Plaintiffs,<br><br> -against-<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>   Defendant. | Case No. 14-cv-10101-LGS-SN |

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*,<br><br>  Plaintiffs,<br><br> -against-<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>  Defendant. | Case No. 15-cv-2144-LGS-SN |
| COMMERZBANK AG,<br><br>  Plaintiff,<br><br> -against-<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>  Defendant. | Case No. 15-cv-10032-LGS-SN |
| TRIAXX PRIME CDO 2006-1, LTD., *et al.*,<br><br>  Plaintiffs,<br><br> -against-<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>  Defendant. | Case No. 15-cv-10096-LGS-SN |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT'S RESPONSE TO
THE COURT'S AUGUST 9, 2016 ORDER TO SHOW CAUSE**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

    A.    HSBC Fails To Show Compliance With The Court's July 15, 2016 Order ................................................................................................................... 4

    B.    HSBC Improperly Seeks To Avoid Its Obligation To Show Good Cause By Shifting Its Burden To Plaintiffs ............................................... 7

    C.    Plaintiffs' Requests Are Timely And The Production Of A Random Sample Imposes No Burden On HSBC .................................................. 10

CONCLUSION ............................................................................................................................. 12

## **TABLE OF AUTHORITIES**

**Case**                                                                                                                                          **Page**

*Davidson v. Citizens Gas & Coke Util.*,
    238 F.R.D. 234 (S.D. Ind. 2006) .......................................................................................... 10

*In re Health Mgmt., Inc., Sec. Litig.*,
    1999 WL 33594423 (E.D.N.Y. Apr. 15, 1999) ................................................................... 10

*Hickman v. Taylor*,
    329 U.S. 495 (1947) .............................................................................................................. 1

*Klunzinger v. I.R.S.*,
    27 F. Supp. 2d 1015 (W.D. Mich. 1998) .............................................................................. 8

*Margel v. E.G.L. Gem Lab Ltd.*,
    2008 WL 2224288 (S.D.N.Y. May 29, 2008) ...................................................................... 8

*Rammal v. The Timberland Co.*,
    1995 WL 559394 (S.D.N.Y. Sept. 20, 1995) ........................................................................ 8

*Selletti v. Carey*,
    173 F.R.D. 96 (S.D.N.Y. 1997), *aff'd,* 173 F.3d 104 (2d Cir. 1999) ..................................... 7

*Zanowic v. Reno*,
    2000 WL 1376251 (S.D.N.Y. Sept. 25, 2000) ...................................................................... 9

**STATUTES, RULES & REGULATIONS**

Federal Rules of Civil Procedure
    Rule 34(b)(2)(C) ............................................................................................................... 5, 8
    Rule 37(b) ...................................................................................................................... 1, 3, 7
    Rule 37(b)(2)(A) .................................................................................................................... 7
    Rule 37(b)(2) ......................................................................................................................... 7

Federal Rules of Evidence
    Rule 502(d) .......................................................................................................................... 11

**PRELIMINARY STATEMENT**

Having chosen to withhold the overwhelming majority of its documents that are responsive to Plaintiffs' requests and the parties' agreed-upon ESI search terms – *approximately 880,000 documents or 80%* – Defendant HSBC Bank USA, N.A. ("HSBC") bears the heavy burden of demonstrating why it should be permitted to contravene the federal courts' longstanding policy favoring "broad and liberal" discovery. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). That HSBC failed to log the documents it withheld or properly supervise the outsourced personnel who were making highly subjective and undisclosed "relevance" determinations provides HSBC no excuse.

The recent amendment to Federal Rule of Civil Procedure 37(b) did nothing to change the Supreme Court's guidance in *Hickman v. Taylor* that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id*. Plaintiffs did just that and, on July 15, 2016, the Court ordered HSBC to serve "supplemental responses" to Plaintiffs' document requests, state as to each request whether it was withholding documents based on its objections, and "*specify*" those documents being withheld on a request-by-request basis.[1] On July 25, 2016, in violation of the Court's order, HSBC provided merely a single sentence speculating as to vague "categories" of documents it "would have withheld" from production based on its objections. Plaintiffs again sought relief, and on August 9, 2016, the Court issued its Order to Show Cause, requiring HSBC to demonstrate "why it should not be required to produce a randomly generated sample of three percent of the documents withheld on the basis of its relevance objections" so that Plaintiffs "can test the legitimacy of HSBC's objections." ECF No. 198 at 3.

---

[1] ECF No. 185 at 4. Citations to "ECF No." refer to the docket in *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, National Association*, No. 14-cv-9366-LGS-SN.

HSBC fails to show good cause why additional relief is not warranted. In fact, HSBC's submission only further supports Plaintiffs' request for a random sample, while casting even more doubt on the propriety of HSBC's objections and discovery practices. As the Court noted, "[t]he volume of withheld documents suggests that HSBC's objections may have been overbroad." ECF No. 198 at 3. In response, HSBC claims that it should be excused from addressing these concerns because it chose not to track the documents or implement appropriate controls and, consequently, HSBC can "only do again what it already has – tell Plaintiffs the limitations that HSBC articulated more than a year ago in response to their requests."[2] In sum, HSBC admits that it can provide no more meaningful response than the threadbare explanation the Court has already rejected. Attempting to obscure its inability to show good cause, HSBC instead lards up its 23-page "response" with irrelevant, immaterial and extraneous matter, which should be ignored.

HSBC's arguments can be swiftly disposed.

*First*, HSBC wrongly claims it complied with the Court's July 15, 2016 Order because it previously informed Plaintiffs about its "search" for responsive documents. Mem. 11-14. Putting aside that HSBC is wrong as a factual matter, the Court's July 15, 2016 Order required more. In particular, HSBC was ordered to serve "supplemental responses" to Plaintiffs' requests that "specify which documents" were withheld on the basis of its objections. HSBC failed to comply. Instead, HSBC hypothesized a non-exhaustive list of ten vague, general categories of documents that would have been withheld. Notably, HSBC makes no attempt to explain how those categories, which include personal emails and non-RMBS trustee documents, could possibly account for nearly 1 million documents. *See infra* Section A.

---

[2] Mem. 4-5. Citations to "Mem." refer to HSBC Bank USA, N.A.'s Response To The Court's August 9, 2016 Order To Show Cause, dated August 11, 2016. ECF No. 201.

*Second*, HSBC attempts to shift blame for its continued failures onto Plaintiffs. HSBC claims that Plaintiffs purportedly failed to meet their burden of identifying "specific document requests" or "categories of documents" that Plaintiffs believe HSBC should have been but were not produced. Mem. 15-16. HSBC is wrong. This discovery dispute is borne out of HSBC's "hide-the-ball" tactics, which have left Plaintiffs to only guess at what documents are being withheld. Plaintiffs satisfied their obligations in moving to compel and identifying omissions and deficiencies in HSBC's productions, including by specific examples. In response, the Court issued orders that imposed clear obligations on HSBC and none on Plaintiffs. Accordingly, the Court was well within its power pursuant to Fed. R. Civ. P. 37(b) to issue orders to resolve these proper discovery disputes. *See infra* Section B.

*Third*, HSBC claims, without basis, it would be untimely and impose an undue burden to require HSBC to produce a random sample of documents. Mem. 19-21. As to timeliness, the record confirms that Plaintiffs have been diligently challenging HSBC's objections and only first learned of the enormous magnitude of documents being withheld at the June 29, 2016 conference. Moreover, the dubious nature of HSBC's objections came into focus only *after* HSBC had substantially completed its productions and Plaintiffs were able to analyze what was produced and piece together what is missing. Next, HSBC's burden arguments are unavailing as HSBC brought this result on itself. Having assumed the risk of its chosen path, HSBC cannot complain about its consequences. Moreover, any burden falls on the Plaintiffs who must review HSBC's sample and engage in further motion practice, as appropriate. *See infra* Section C.

*Finally*, the irrelevant, immaterial, and false allegations contained in HSBC's response regarding Plaintiffs' own discovery responses and meet and confer efforts should be ignored. HSBC's attempt to disparage Plaintiffs serves no purpose other than to burden and distract the

Court, and has no bearing on the issue at hand – HSBC's failure to comply with the Court's July 15, 2016 Order or otherwise show good cause why it should not produce a random sample of documents so Plaintiffs may test HSBC's objections. *See infra* Section B.

Accordingly, HSBC should be ordered to produce a randomly generated sample of three percent of the documents it is withholding based on its objections by August 19, 2016. Additionally, in light of the concerns raised by HSBC's conduct to date, Plaintiffs further respectfully submit that Plaintiffs should be permitted to make the random selection.

## ARGUMENT

HSBC has failed to show compliance with the Court's July 15, 2016 Order or demonstrate why it should not be compelled to produce a randomly generated sample of three percent of the documents it is withholding based on its objections. Instead, HSBC repeats already rejected arguments (*see infra* Section A), wrongly attempts to blame Plaintiffs (*see infra* Section B), and inappropriately claims laches and undue burden (*see infra* Section C). None of those arguments excuse HSBC's failure to comply with the Court's orders or address the Court's "concern" that "[t]he volume of withheld documents suggests that HSBC's objections may have been overbroad." ECF No. 198 at 3.

### A.   HSBC Fails To Show Compliance With The Court's July 15, 2016 Order

HSBC makes no showing that it complied with the Court's July 15, 2016 Order because it cannot. HSBC's July 25, 2016 letter was wholly deficient, prompting the order to show cause, and HSBC's August 11, 2016 response relies solely on assertions that the Court has already rejected. For example, HSBC stands on its prior response, claiming it has "inform[e]d Plaintiffs of the limits that have controlled HSBC's search for responsive documents." Mem. 12. But the

July 15, 2016 Order required more.[3]  Specifically, it required HSBC to (i) serve *supplemental* responses to Plaintiffs' document requests, and (ii) identify in those supplemental responses its objections to Plaintiffs' document requests and *specify* which documents have been withheld based on those objections.  Yet nowhere in HSBC's response does it show compliance with this clear directive or good cause to avoid the further relief ordered by the Court.

HSBC admits that it did not serve supplemental responses to Plaintiffs' document requests. Instead, HSBC re-served its original May 29, 2015 responses to Plaintiffs' document requests without supplementation because, in HSBC's view, no supplementation was necessary under the Federal Rules despite the Court's July 15, 2016 Order otherwise.  Mem. 3.  Because HSBC failed to serve supplemental responses, HSBC did not comply, *a fortiari*, with the Court's July 15, 2016 Order and did not identify, for each request, the objections for which HSBC was withholding otherwise responsive documents or "specify" the documents being withheld based on those objections.

HSBC further concedes that it cannot comply with the Court's July 15, 2016 Order requiring HSBC to "specify" documents being withheld based on its objections.  According to HSBC, it chose not to comply with the Court's directive because "documents determined to be non-responsive were not further categorized or reviewed for relevance or privilege."  Mem. 3 (emphasis in original).  Put differently, HSBC failed to log documents or properly supervise the

---

[3] HSBC ignores a fundamental difference between its obligations under the Federal Rules of Civil Procedure and the Court's July 15, 2016 Order.  While Fed. R. Civ. P. 34(b)(2)(C) required HSBC to "*state whether* any responsive materials are being withheld," the Court's July 15, 2016 Order required HSBC to "*specify which* documents have been withheld based on those objections." ECF No. 185 at 4 (emphasis added).  This additional requirement was more than justified given the percentage of documents containing search terms that HSBC withheld from production.  *See* June 29, 2016 Hr'g Tr. at 38:1-3 ("If it turns out that you guys are running this through a filter that is blocking 75 percent of the hit results, I'm going to have a big issue I have to deal with.").

outsourced personnel who were making the highly subjective decisions regarding what to withhold and why. HSBC thus admits that it can "only do again what it already has [done]." *Id.* at 4-5. Yet, the Court has already determined that HSBC has not adequately identified, explained or supported its objections, and rejected this very argument when it entered its July 15, 2016 Order. *Compare* ECF No. 184 at 3-4 (arguing HSBC's original responses to Plaintiffs' document requests complied with Fed. R. Civ. P. 34) *with* ECF No. 201 at 11-13 (same).

Notably, HSBC also provides no explanation how its non-exhaustive list of ten vague, general categories identified in its July 25, 2016 letter could somehow satisfy its obligation to "specify which documents have been withheld" based on its objections. ECF No. 197 at 2. In its Order to Show Cause, the Court stated that "HSBC has withheld approximately 880,000 documents" and "[t]he volume of withheld documents suggests that HSBC's objections may have been overbroad; *but without more information, the Court can not verify that concern.*" (emphasis added). ECF No. 198 at 3. Despite ample opportunity, HSBC failed to provide any substantive information to address the Court's concern or enable Plaintiffs to "test the legitimacy of HSBC's objections." *Id*.

HSBC attempts to distract the Court by claiming the parties' agreed-upon search terms are somehow to blame. Mem. 13-14. The fallacy of HSBC's argument is self-evident. If the search terms were overbroad, which HSBC supposedly confirmed through its manual review, HSBC should have nothing to fear by producing a random sample. Instead, HSBC devotes **23 pages** of argument to resisting disclosure. This only further begs the question, what is HSBC hiding? In any event, HSBC previously made this same unpersuasive argument in its July 8, 2016 letter, which the Court rejected. *See* ECF No. 184 at 4.

Furthermore, HSBC misleadingly contends that it did not withhold documents based on general relevance objections, and that HSBC determined whether documents were "responsive" based on the substance of Plaintiffs' requests and HSBC's objections. Mem. 1-2. This distinction is meaningless because HSBC challenged the "relevance" of documents sought by Plaintiffs among its objections to every request but one. *See, e.g.*, Mem. 13 (citing HSBC's response to Plaintiffs' Request No. 1, "HSBC objects to this Request as vague and ambiguous, overbroad, *irrelevant*, and unduly burdensome.") (emphasis added).

### B.   HSBC Improperly Seeks To Avoid Its Obligation To Show Good Cause By Shifting Its Burden To Plaintiffs

HSBC attempts to excuse its failure to comply with the Court's July 15, 2016 Order by claiming Plaintiffs somehow failed to meet their "burden" in compelling discovery from HSBC. According to HSBC, Plaintiffs failed to identify "specific document requests" or missing "categories of documents." Mem. 15-16. HSBC is wrong. Plaintiffs properly and timely sought relief, and the Court partially granted Plaintiffs' motion to compel.

As HSBC failed to comply with the Court's July 15, 2016 Order, the Court was well within its power to order HSBC to show cause why it should not be required to produce a randomly generated sample of three percent of the documents withheld. Under Fed. R. Civ. P. 37(b)(2)(A), where a party fails to obey a discovery order, the Court may "issue further just orders" to protect the administration of justice. *Selletti v. Carey*, 173 F.R.D. 96, 103 (S.D.N.Y. 1997), *aff'd,* 173 F.3d 104 (2d Cir. 1999) ("when a court issues a clearly articulated order requiring specified discovery and a party fails to comply with that order, the court has the authority to impose Rule 37(b)(2) sanctions.") (citation omitted). Further, any orders imposed pursuant to Rule 37(b) should "ensure that a party does not benefit from its own failure to comply with discovery requests."

*Rammal v. The Timberland Co.*, 1995 WL 559394, at *2 (S.D.N.Y. Sept. 20, 1995). The Court's August 9, 2016 Order to Show Cause is consistent with Rule 37's purpose.

HSBC cannot now claim that it was excused from compliance with the Court's July 15, 2016 Order by shifting its burden to Plaintiffs.[4] As an initial matter, the Court's July 15, 2016 Order did not impose *any* obligations on Plaintiffs, including to identify missing documents. Regardless, HSBC has withheld nearly 900,000 documents, and it is impossible for Plaintiffs to know what documents HSBC is withholding based on its boilerplate objections. *See* Mem. 13. It is likewise impossible for Plaintiffs to link missing documents to specific requests and specific objections. This information is exclusively in HSBC's possession and HSBC has steadfastly refused to provide Plaintiffs with information necessary to "facilitate an informed discussion" of HSBC's objections. Federal Rules Committee Notes, 2015 Amendment to Rule 34(b)(2)(C).

Indeed, all of the cases cited by HSBC are inapposite for this reason. HSBC does not cite a single on-point case where, as here, a defendant defied a court order to specify the documents being withheld on the basis of its objections to address the parties' and the Court's concern that the defendant was improperly withholding relevant, responsive information. *See* Mem. 18 (citing *Margel v. E.G.L. Gem Lab Ltd.*, 2008 WL 2224288, at *2-3 (S.D.N.Y. May 29, 2008) (declining to sanction plaintiff for failing to produce destroyed computer records because those records were not covered by defendant's document requests); *Klunzinger v. I.R.S.*, 27 F. Supp. 2d 1015, 1028

---

[4] HSBC's response to the Court is laden with irrelevant matters and factually inaccurate assertions that should not be considered by the Court. HSBC attempts to distract the Court from its noncompliance by raising off-point arguments regarding, among other things, Plaintiffs' responses to HSBC's document requests (Mem. 3-4, 8 n.2), discussions relating to other actions (Mem. 5-6), and misrepresentations regarding the parties' meet and confer process (Mem. 8-10, Ex. 4). For purposes of judicial economy and efficiency, Plaintiffs do not address each of HSBC's mischaracterizations and respectfully submit that the Court should not consider them in determining whether HSBC complied with the July 15, 2016 Order.

(W.D. Mich. 1998) (denying plaintiff's request for the court to review withheld FOIA documents *in camera* because, unlike here, the IRS provided detailed declarations explaining its factual basis for withholding those documents under certain exemptions); *Zanowic v. Reno*, 2000 WL 1376251, at *5-6 (S.D.N.Y. Sept. 25, 2000) (denying defendant's motion to compel plaintiff to execute consents for the release of documents maintained by government agencies where documents not relevant)).

Moreover, while under no obligation to do so, Plaintiffs identified at least four examples of documents that HSBC appears to be improperly withholding. *See* ECF No. 196 at 4-5 (Plaintiffs' August 8, 2016 letter to the Court); *see also* June 29, 2016 Hr'g Tr. at 24:15-25:4 (counsel for Plaintiffs identifying various deficiencies with HSBC's productions). Each of these documents is responsive to Plaintiffs' requests. For example, Plaintiffs identified two audit reports that HSBC inexplicably failed to produce that are responsive to, among others, Request No. 7 (seeking "[a]ll Documents and Communications Concerning the standard of care for your service as Trustee, including without limitation any white paper, analysis, *audit* . . . ."). As HSBC has refused to provide meaningful information about its objections, specify the documents it is withholding, or otherwise comply with the Court's Orders, Plaintiffs are greatly disadvantaged and left to guess and piece together what is missing from those documents that are produced. Other than identifying documents in HSBC's production that fortuitously refer to other responsive documents, such as the two missing audit reports, Plaintiffs simply have no way of knowing what relevant, responsive materials HSBC is improperly withholding.

      **C.    Plaintiffs' Requests Are Timely And The Production Of A Random Sample Imposes No Burden On HSBC**

As a last resort, HSBC claims that Plaintiffs' request for HSBC to produce a randomly generated sample of the documents withheld is untimely and would impose an undue burden on HSBC. Mem. 19-21. Neither is true.

First, Plaintiffs' request is timely. It was only after the June 29, 2016 conference that Plaintiffs learned that HSBC was withholding approximately 80% of otherwise responsive ESI documents that returned in response to the parties' agreed-upon search terms. Moreover, because HSBC refused to provide meaningful information about its objections or specify documents being withheld based on those objections, it was only *after* HSBC had substantially completed (and Plaintiffs had partially reviewed) its productions that Plaintiffs were able to begin to identify omitted documents and other deficiencies. Plaintiffs were not, as HSBC suggests, sitting on information for months, as in cases cited by HSBC.[5] *See* Mem. 20 (citing *In re Health Mgmt., Inc., Sec. Litig.*, 1999 WL 33594423, at *2 (E.D.N.Y. Apr. 15, 1999) (denying plaintiff's challenge to a third party's privilege log where it waited 16 months and until 5 months after the close of discovery); *Davidson v. Citizens Gas & Coke Util.*, 238 F.R.D. 234, 234 (S.D. Ind. 2006) (denying motion to compel filed 14 months after receiving deficient discovery responses)). Instead, Plaintiffs promptly met and conferred with HSBC, and upon HSBC's refusal to provide any information necessary to address the manner of its review and quantity of documents withheld,

---

[5] HSBC claims that two document production deadlines passed "without any complaint from Plaintiffs" about HSBC's responses. Mem. 20. HSBC is wrong. Since the commencement of discovery, Plaintiffs have repeatedly challenged HSBC's incomplete document productions, only to be told that such challenges were "premature" and should await completion of HSBC's productions. HSBC cannot have it both ways.

Plaintiffs raised the issue with the Court.[6] *See* ECF No. 181. Thus, HSBC's laches argument is meritless.

Second, HSBC's burden argument is similarly unavailing. HSBC claims it would be burdensome to produce even a small fraction (three percent) of the documents withheld because HSBC claims it did not review the documents for privilege. Mem. 20. But HSBC fails to support its purported burden argument, nor can it. The review of these documents (which have already been collected and processed) solely for privilege presents no undue burden, especially in proportion to a case of this magnitude, the clawback provisions of the Federal Rules and the parties' stipulated protective order, and given the resources available to a defendant like HSBC.[7] The real burden is on the Plaintiffs who must substantively review the documents to evaluate the propriety of HSBC's objections.

Additionally, both the Court's and Plaintiffs' concern that HSBC is withholding an enormous quantity of unidentified documents, which are likely relevant given the presence of agreed-upon search terms, substantially outweighs any minimal burden attendant to the production of a small sample. In short, if these documents truly are "non-responsive" as HSBC claims, then there can be no harm in producing them so that the Court's and Plaintiffs' concerns can be put to rest.

---

[6] HSBC also ignores the numerous meet and confer discussions and correspondence from Plaintiffs requesting – to no avail – additional information and cooperation from HSBC, including for example letters dated March 16, 2016, and May 6, 2016.

[7] In the alternative, the Court could enter an Order pursuant to Fed. R. Evid. 502(d) which would allow HSBC to produce the 26,400 documents to Plaintiffs without reviewing them for privilege and without waiving any privilege claims.

-11-

**CONCLUSION**

HSBC has failed to comply with the Court's July 15, 2016 Order and further failed to show good cause why its violation of the Court's July 15, 2016 Order should be excused. Accordingly, the Court should order HSBC to produce a randomly generated sample of three percent of the documents withheld on the basis of its relevance objections by Friday, August 19, 2016, and grant Plaintiffs additional relief that is just and warranted. In particular, in light of the significant concerns raised by the volume of documents withheld by HSBC and its non-compliance with the Court's July 15, 2016 Order, which remain unaddressed to date, Plaintiffs respectfully request that Plaintiffs make the random selection of documents.

Dated: August 16, 2016

        BERNSTEIN LITOWITZ BERGER
          & GROSSMANN LLP

        */s/ Benjamin Galdston*
          BENJAMIN GALDSTON

        BLAIR A. NICHOLAS (admitted *Pro Hac Vice*)
        TIMOTHY A. DeLANGE (admitted *Pro Hac Vice*)
        BENJAMIN GALDSTON (admitted *Pro Hac Vice*)
        BRETT M. MIDDLETON (admitted *Pro Hac Vice*)
        LUCAS E. GILMORE (admitted *Pro Hac Vice*)
        RICHARD GLUCK (admitted *Pro Hac Vice*)
        RACHEL FELONG (admitted *Pro Hac Vice*)
        ROBERT S. TRISOTTO
        12481 High Bluff Drive, Suite 300
        San Diego, CA 92130
        Tel:   (858) 793-0070
        Fax:  (858) 793-0323

        *Counsel for Plaintiffs BlackRock Balanced Capital Portfolio (FI), et al.*

        -and-

ROBBINS GELLER RUDMAN
& DOWD LLP
CHRISTOPHER M. WOOD

*/s/ Christopher M. Wood*

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com


ROBBINS GELLER RUDMAN
& DOWD LLP
ARTHUR C. LEAHY
STEVEN W. PEPICH
CODY R. LeJEUNE
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
artl@rgrdlaw.com
stevep@rgrdlaw.com
clejeune@rgrdlaw.com
jcaringal@rgrdlaw.com

*Attorneys for Plaintiff Royal Park*

-and-

*/s/ David H. Wollmuth*
David H. Wollmuth
Steven S. Fitzgerald
Niraj J. Parekh
Sean P. McGonigle
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
sfitzgerald@wmd-law.com
nparekh@wmd-law.com
smcgonigle@wmd-law.com

*Attorneys for the Phoenix Light Plaintiffs*

-13-

George A. Zelcs
John A. Libra
Matthew C. Davies
Max C. Gibbons
KOREIN TILLERY LLC
205 North Michigan Plaza
Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9750
Fax: (312) 641-9760
gzelcs@koreintillery.com
jlibra@koreintillery.com
mdavies@koreintillery.com
mgibbons@koreintillery.com

Stephen M. Tillery
KOREIN TILLERY LLC
505 North Seventh Street
Suite 3600
St. Louis, Missouri 63101-1625
Phone: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com

*Attorneys for the Phoenix Light Plaintiffs*

-and-

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,
as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, Southwest Corporate Federal Credit Union, and Constitution Corporate Federal Credit Union, and on behalf of and for the benefit of the NGN trusts

By: */s/ George A. Zelcs*
George A. Zelcs
John A. Libra
Max C. Gibbons
Matthew C. Davies
KOREIN TILLERY LLC
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Fax: (312) 641-9751
gzelcs@koreintillery.com
jlibra@koreintillery.com
mgibbons@koreintillery.com
mdavies@koreintillery.com

-14-

Stephen M. Tillery
KOREIN TILLERY LLC
505 North Seventh Street
Suite 3600
St. Louis, Missouri 63101-1625
Phone: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Scott K. Attaway
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
sattaway@khhte.com

David H. Wollmuth
William A. Maher
Steven S. Fitzgerald
Ryan A. Kane
Danielle D'Aquila
Niraj Parekh
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
wmaher@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com
ddaquila@wmd-law.com
nparekh@wmd-law.com

*Attorneys for the National Credit Union Administration Board*

<u>Of Counsel</u>:
Michael J. McKenna, General Counsel
Alan Burch, Associate General Counsel
NATIONAL CREDIT UNION
ADMINISTRATION
1775 Duke Street
Alexandria, Virginia 22314
mmckenna@ncua.gov
aburch@ncua.go

 -and-

*/s/  David H. Wollmuth*

David H. Wollmuth
Steven S. Fitzgerald
Ryan A. Kane
Niraj J. Parekh
Sean P. McGonigle
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Phone: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com
nparekh@wmd-law.com
smcgonigle@wmd-law.com

*Attorneys for Plaintiff Commerzbank AG*

-and-

MILLER & WRUBEL P.C.

*/s/ John G. Moon*
JOHN G. MOON
CHARLES R. JACOB III
KERRIN T. KLEIN
570 Lexington Avenue
New York, New York 10022
Tel:     (212) 336-3500

*Counsel for Plaintiffs Triaxx Prime CDO 2006-1, Ltd., et al.*