# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV,<br><br>            Plaintiff,<br>  v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>            Defendant. | **Case No. 14-CV-8175-LGS-SN** |
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*,<br><br>            Plaintiffs,<br>  v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>            Defendant. | **Case No. 14-CV-9366-LGS-SN** |
| PHOENIX LIGHT SF LIMITED, *et al.*,<br><br>            Plaintiffs,<br>  v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>            Defendant. | **Case No. 14-cv-10101-LGS-SN** |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*,<br><br>            Plaintiffs,<br>  v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>            Defendant. | **Case No. 15-cv-2144-LGS-SN** |

| | |
|---|---|
| COMMERZBANK AG,<br><br>               Plaintiff,<br>    v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>               Defendant. | **Case No. 15-cv-10032-LGS-SN** |
| TRIAXX PRIME CDO 2006-1, LTD, *et al*.,<br><br>               Plaintiffs,<br>    v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>               Defendant. | **Case No. 15-cv-10096-LGS-SN** |

**HSBC BANK USA, N.A.'S REPLY TO PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT'S RESPONSE TO THE COURT'S AUGUST 9, 2016 ORDER TO SHOW CAUSE**

Defendant HSBC Bank USA, N.A. ("HSBC") respectfully submits this reply to the Plaintiffs' Joint Opposition. *See* Dkt. 202.

HSBC's Response to the Court's August 9, 2016 Order to Show Cause explains that (1) HSBC's responses to Plaintiffs' documents requests comply with both Rule 34 and the Court's direction that HSBC "identify its objections to the plaintiffs' document demands and specify which documents have been withheld"; (2) Plaintiffs' document requests are objectionable, and Plaintiffs' original August 8 letter motion does not satisfy their burden to show that relevant documents have been requested and withheld; and (3) Plaintiffs' motion to compel, including their request for a sample of unproduced documents, is unsupported, untimely, and unduly burdensome.

1

Plaintiffs do not answer HSBC's points with either evidence or controlling law.  Nor do Plaintiffs articulate with specificity what categories of documents they claim they are missing, which requests such documents would be responsive to, or why HSBC's written responses to those requests would not control, especially given that Plaintiffs have had those written responses for more than 14 months.  Instead, Plaintiffs double-down and seek to get by with more of the same:  inaccurate assertions that are unsupported by facts and untethered to specific document requests, and strawman argumentation that HSBC withheld documents based on "relevance determinations."

Neither Plaintiffs' speculation and innuendo, nor their continued insistence on mischaracterizing the record and repeating inaccurate arguments, should be sufficient to justify their request to compel.  HSBC's August 11 Response to the Court's Order to Show Cause explains why no good cause exists to compel HSBC to produce a sample of unproduced documents.  HSBC complied with its obligation under the Federal Rules and the Court's Order to provide specific objections to Plaintiffs' document requests that identify what documents have been withheld.  Accordingly, Plaintiffs' requests should be denied.

**I.     HSBC's Responses to Plaintiffs' Document Requests Comply with Rule 34 and the Court's Order by Specifically Identifying the Limits of HSBC's Search and Production.**

The Court's July 15 Order required HSBC to "identify its objections to the plaintiffs' document demands and specify which documents have been withheld based on those objections."  Dkt. 185 at 4.  Plaintiffs' response mischaracterizes the Court's Order by asserting that it required HSBC to "specify those documents being withheld on a request-by-request basis," Response at 1 (quotation and emphasis omitted), and suggesting that the Court's Order required HSBC to do more than is required by Rule 34, Response at 2.  Plaintiffs' response also suggests that it would be either unusual or inappropriate for a party conducting a document

review to not log or further characterize non-responsive documents and that, by not doing so, HSBC failed to properly supervise its review. Response at 5-6. In making these assertions, Plaintiffs imply that they would be entitled to, or that the Court had ordered, a document-by-document log of unresponsive documents.

Plaintiffs are mistaken on all counts. The Court's July 15 Order required HSBC to comply with Rule 34. Indeed, the Court even cited to Rule 34(b)(2)(B) and (C) when directing HSBC to "identify its objections to the plaintiffs' document demand and specify which documents have been withheld on those objections. Fed. R. Civ. P. 34(b)(2)(B), (C)." Dkt. 185 at 4. While the Court referred to such responses as "supplemental responses," it did not impose any requirements beyond those in Rule 34.

HSBC's May 29, 2015 responses already conform precisely to the requirements of the amended Federal Rules. In response to Plaintiffs' overbroad requests, HSBC told the Plaintiffs which documents it would be willing to produce. HSBC's responses are not boilerplate. Rather, HSBC stated its objections with specificity. For each objectionable document request, HSBC told Plaintiffs specifically what the limits of HSBC's search and production would be. HSBC also specifically informed the Plaintiffs that it would adhere to its objections for anything outside those limits. This is the opposite of "hiding the ball." In contrast with the Plaintiffs' approach, HSBC was transparent about where it would search and what it would produce.

Under the rules, and as is specifically noted in the 2015 commentary to amended Rule 34, HSBC's responses inform Plaintiffs that "anything beyond the scope of the search specified in the objection" has been "withheld." Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note

3

(2015); Ex. 1[1] (HSBC's Responses and Objections to Plaintiffs' Document Requests). Anything outside those limits would not be produced, and HSBC's responses informed Plaintiffs of this fact. There is no further category of "responsive" documents that have been withheld or that can be identified. Thus, there simply is no basis for Plaintiffs to argue that they were not informed of the limits of HSBC's search and production, or that HSBC's responses do not satisfy the rules or the Court's Order. HSBC's responses identify HSBC's objections and specify which documents have been withheld by articulating the limits of HSBC's production.

## II. Plaintiffs Make No Attempt to Justify Their Objectionable Requests, to Identify Particular Responses That Are Insufficient, or to Explain the Relevance of Additional Documents.

Litigants are not entitled to demand the production of irrelevant documents or to move to compel documents that have not been requested. Nor can a party seeking to compel the production of documents do so in the abstract or based upon objectionable requests. Plaintiffs here seek to do all these things. Plaintiffs have the burden to establish that they have requested relevant materials, and that HSBC's responses and objections are not justified. *See* Local Civil R. 37.1 ("Upon any motion or application involving discovery or disclosure requests or responses . . . , the moving party shall specify and quote or set forth verbatim . . . each discovery request and response to which the motion . . . is addressed. The motion . . . shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response."); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 61472, at *6 (S.D.N.Y. Jan. 6, 2014) (denying motion to compel where "plaintiffs have not sustained their burden of establishing the relevance of the . . . outstanding requests"); *Lifeng Chen v. New Trend Apparel, Inc.*, 2012 WL 2130553, at *1 (S.D.N.Y. June 11, 2012) ("Insofar as plaintiffs are seeking to challenge

---

[1] Cites to exhibits herein are to the exhibits to HSBC's Response to the Court's August 9, 2016 Order to Show Cause, Dkt. 201, dated August 11, 2016.

4

defendants' objections, their motion is deficient in failing to address, on an item-by-item basis, the objections proffered by defendants."); *see also Taylor v. O'Hanneson*, 2014 WL 2696585, at *2 (E.D. Cal. June 13, 2014). Plaintiffs have not complied with Local Civil Rule 37.1, and their response does not even attempt to grapple with or distinguish these principles and this authority.

Rather than support their assertions with specific document requests as they are required to do under the rules, Plaintiffs seek instead to carry their burden by creating the false impression that responsive documents have been withheld based solely on the generic rate at which documents hit on the search terms. HSBC's Response explains why the search terms would produce many false positives, especially when run against custodians who have performed services for more than a decade in hundreds of trusts not at issue in this case, including non-RMBS matters. Plaintiffs have no answer to this, and the problem of false positives is well-recognized in the law and by the Sedona Principles.

In any event, one need only look to the <u>Plaintiffs' own course of conduct</u> with respect to the search terms to confirm that Plaintiffs well-understood the terms would hit extremely large numbers of non-responsive materials. As recently as June 20, Plaintiffs told the Court that "many of the search terms would result in the production of <u>millions</u> of tangentially related or irrelevant documents." Dkt. 176 at 2 (emphasis added). <u>After</u> the June 29 hearing, HSBC learned that the Plaintiffs unilaterally decided to <u>not</u> run many of the Court-ordered search terms and are refusing to run them now. *See generally* Dkt. 190-3. One of their justifications for doing so is that the terms are not relevant and would create undue burden by hitting on too many non-responsive documents. Plaintiffs' unilateral actions with respect to the search terms and their justifications for those actions border on the outrageous, given that the terms were developed and directed in large part based on Plaintiffs' representations about how relevant they would be. It

5

likewise borders on the incredible that, at the same time the Plaintiffs were secretly refusing to run the search terms against their own documents based on burden and relevance, they simultaneously were telling the Court that a low response rate for the terms suggests that HSBC had not produced large numbers of responsive documents. Plaintiffs' feigned outrage and surprise that the terms would hit large numbers of non-responsive documents is mere gamesmanship. Plaintiffs have known all along that the terms were overbroad and would hit huge numbers of non-responsive documents.

HSBC's concerns are not minor points. Plaintiffs are seeking to compel the production of additional, irrelevant materials under circumstances in which they either never requested the materials, or their requests were objectionable and HSBC preserved its objections. The one document request Plaintiffs cite in their response makes this point and supports HSBC's position, not Plaintiffs' assertions. Plaintiffs argue in their response that they were entitled to the production of "two missing audit reports." Response at 9. To advance this argument, Plaintiffs rely on a document request that called for the production of "all documents and communications concerning the standard of care for your service as Trustee, <u>including without limitation</u> *any* white paper, analysis, audit, review, publication, study, commentary, law review article, industry statement, industry commentary, or regulatory statement or commentary." RFP No. 7 (Ex. 3 at 13) (emphasis added). Putting aside whether two missing documents in a universe of 133,000 produced documents would ever be sufficient to support the relief Plaintiffs seek here, this request reveals the problems with Plaintiffs' innuendo and generic assertions.

First, this request is patently objectionable. Courts properly uphold objections to overbroad and vague requests that call for "all documents without limitation." *See, e.g., Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (limiting the scope of a

document request that sought "any and all documents" because the request "provide[d] no meaningful limitations"); *see also Go v. Rockefeller Univ.*, 280 F.R.D. 165, 179 (S.D.N.Y. 2012) (denying a number of requests for documents as "clearly overbroad"). Second, HSBC preserved its objections to this request, specifically noting that the request was "vague and ambiguous, overbroad, irrelevant, and unduly burdensome." Ex. 1 at 11. Third, in articulating its objections, HSBC identified exactly what it would be willing to produce in response to this request— "documents constituting or stating HSBC's policies and procedures with respect to administration of the Trusts"—and specifically told the Plaintiffs that HSBC "stands on its objections and declines to produce other documents in response to this request." *Id.* Thus, HSBC did precisely what the rules require: it told Plaintiffs what the limits of its search and production would be, which satisfies the requirement to identify which documents would be withheld. Finally, even if this request were not objectionable, and even if HSBC had not appropriately identified the limits of what it would produce, Plaintiffs remain mistaken that this request would require the production of any audit report, let alone the couple of random audit reports that were cherry-picked by the Plaintiffs. At most, this request would call for audits of HSBC's "standard of care for [HSBC's] service as Trustee." Ex. 3 at 13. Plaintiffs have made no showing that the referenced audit reports would be responsive to this request.

Additionally, before ordering the production of additional documents, Plaintiffs must establish that those documents would be both relevant and proportional to the needs of the case. Plaintiffs cannot do so here. The Second Circuit and this Court both have held that Plaintiffs' claims against an indenture trustee must be proven loan-by-loan and trust-by-trust. *Ret. Bd. of Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d Cir. 2014); *Royal Park Invs. SA/NV v. HSBC Bank USA, Nat'l Ass'n*, 109 F. Supp. 3d 587, 601

7

(S.D.N.Y. 2015) ("Certainly, at trial or summary judgment, plaintiffs must prove their claims 'loan-by-loan and trust-by-trust.'").  Additionally, a recent decision from the First Department made clear that an RMBS trustee like HSBC "does not have a duty to 'nose to the source.'"  *Commerce Bank v. Bank of N.Y. Mellon*, 35 N.Y.S.3d 63, 65 (1st Dep't July 5, 2016).  This controlling law is relevant to the evaluation of Plaintiffs' requests for more discovery.  Indeed, recent developments in the law have compelled the class action plaintiff in the *Policemen's Annuity* case to wholly abandon its nearly identical claims against another indenture trustee.  *Ret. Bd. of Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, No. 11-cv-05459, Dkt. 202 (S.D.N.Y. filed Aug. 8, 2016).

      Here, the Court ordered that discovery would go forward only as to the 24 Bellwether trusts.  June 24, 2015 Hr'g Tr. at 5:8-20.  Against that backdrop, HSBC already has produced over *133,000* documents.  With respect to the 24 Bellwether trusts, HSBC has produced large numbers of broad categories of documents.  HSBC's production, however, has not been limited to Bellwether trust documents.  HSBC has produced many thousands of additional documents that are <u>not</u> related to the Bellwether trusts.  Plaintiffs now are seeking to compel HSBC to produce potentially thousands of additional documents.  These additional documents likewise will not be related to any Bellwether trust.  There simply is no good cause to order this without requiring the Plaintiffs to show (1) that such documents would be relevant and proportional to the needs of the case; (2) that such documents have been requested; and (3) that HSBC's objections and limitations to those requests are unjustified.  This showing has not been made here.

**III.    Plaintiffs' Requests Are Untimely and Unduly Burdensome.**

      Plaintiffs claim that they were not "sitting on information for months" and that "HSBC refused to provide meaningful information about its objections or specify documents being

withheld based on those objections." Response at 10. Plaintiffs are wrong. Plaintiffs have had HSBC's objections and responses for over 14 months. There is nothing ambiguous about the statement that HSBC "stands on its objections and declines to produce other documents in response to this request." *See, e.g.*, Ex. 1 at 8. Plaintiffs' assertions raise the question of whether they ever read HSBC's responses.

Plaintiffs and their counsel are sophisticated litigants. If they did not read HSBC's responses, they should have done so. If they did read HSBC's responses, they should have raised any specific concerns they had with HSBC's limitations before now. Plaintiffs have had HSBC's objections to their document requests for more than a year. HSBC conducted its review in reliance on those unchallenged limitations. If Plaintiffs believed a particular limitation identified in HSBC's responses was too narrow or was not supportable, the burden was on them to raise that issue with HSBC and ultimately with the Court if necessary. *See* Local Civil R. 37.1. Plaintiffs did not do so in a timely fashion.

Courts have not hesitated to find discovery motions untimely where, as here, they are brought on the eve of document production deadlines and after the movant had been in possession of the challenged objections for months. For example, in *Davidson v. Citizens Gas & Coke Utility*, plaintiffs sought to challenge defendant's allegedly insufficient discovery responses 14 months after those responses were provided. 238 F.R.D. 234, 235 (S.D. Ind. 2006). In rejecting plaintiffs' challenge, the court observed that "[t]he delay in filing the motion to compel, alone, was sufficient reason for its denial," and also noted "[t]he issues in the lawsuit had, to a great degree, been 'sculpted' by that point." *Id.*; *see also In re Health Mgmt., Inc., Secs. Litig.*, 1999 WL 33594423, at *2 (E.D.N.Y. Apr. 15, 1999) (denying motion to compel production of documents as untimely after plaintiffs waited 16 months to move after receiving objections).

This same reasoning applies here.  Plaintiffs have had HSBC's discovery responses since May 29, 2015.  Those detailed responses were provided in full compliance with the Federal Rules.  With one exception not relevant here, Plaintiffs did not challenge those responses or even identify to HSBC any responses with which they disagreed.  As a result, the scope of HSBC's document review has long since been set and "sculpted" and re-visiting the scope of that review now, based on objections that Plaintiffs have had for nearly 15 months, would create unjustified delay and burden.  For this reason, too, Plaintiffs' motion should be denied.

## CONCLUSION

HSBC continues to believe Plaintiffs have advanced these discovery disputes primarily to shift attention away from their own deficiencies.  The current document production deadline in these cases was August 11, 2016.  Since that deadline has passed, the Plaintiffs collectively have produced an additional 11 productions.  Notwithstanding these additional productions, Plaintiffs still have failed to produce many documents from key custodians.  According to metadata HSBC has received, more than seven weeks after the Court directed that "[n]othing should be produced beyond August 11th," June 29, 2016 Hr'g Tr. at 52:6, and ordered Plaintiffs to inform HSBC "in as much detail as possible what custodians have not yet been searched or are in the process of being searched," id. at 38:25-39:2, there are still numerous Court-ordered custodians for whom the Plaintiffs have provided no documents and no explanation for why they are missing.

HSBC has complied with the Federal Rules and the Court's Order.  For the foregoing reasons, and the reasons set forth in HSBC's August 11 Response, no good cause exists to require HSBC to produce a sample of unproduced documents, and Plaintiffs' August 8 letter motion to compel HSBC to produce additional documents should be denied.

Dated: August 19, 2016	By:	/s/ *Edward C. Reddington*
George A. Borden
Kevin M. Hodges (*pro hac vice*)
Andrew W. Rudge (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Vidya Atre Mirmira (*pro hac vice*)
Eric C. Wiener (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
gborden@wc.com
khodges@wc.com
arudge@wc.com
ereddington@wc.com
vmirmira@wc.com
ewiener@wc.com

*Counsel for HSBC Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

/s/ *Edward C. Reddington*
Edward C. Reddington