August 25, 2016

**VIA ECF & HAND DELIVERY**

Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re: *Coordinated RMBS Trustee Litigation against HSBC Bank USA, N.A.,*
Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

We write to update the Court on the status of the parties' discovery disputes.[1] Since the June 29, 2016 conference, the parties have engaged in extensive discussions and made progress in narrowing or resolving certain issues. While the parties continue to meet and confer, no issue is presently at an impasse.

***HSBC's ESI Production Remains Incomplete***: HSBC is currently withholding approximately 880,000 documents, or 80%, of its documents that are responsive to Plaintiffs' requests and the parties' agreed-upon ESI search terms. On August 9, 2016, the Court ordered HSBC to show cause why it should not produce a three-percent sample of these documents. BR ECF. No. 198. The issue is now fully briefed. BR ECF Nos. 201, 202, 204.[2]

***HSBC's Failure To Produce Centrally-Stored Documents***: HSBC has not searched shared drives, databases, or other electronic or hard copy repositories accessed by the 6 Court-ordered non-CTLA custodians and other individuals within their respective origination, securitization, servicing and legal departments. Indeed, the only centrally stored information HSBC has searched are publicly shared drives accessed by its CTLA employees. In addition, HSBC has failed to produce several categories of documents confirmed to be centrally-stored and readily accessible, including documents: (i) identified by HSBC's Rule 30(b)(6) representative (*see* Ex. 2); and (ii) specifically referenced in HSBC's productions (*see* Ex. 2).

***HSBC's Failure To Produce FHFA Deposition Transcripts***: In violation of the Court's June 7, 2016 Order [BR ECF No. 171], HSBC has failed to produce FHFA deposition transcripts

---

[1] *See* Orders dated July 28, 2016 [BR ECF No. 193] and August 2, 2016 [BR ECF No. 195].

[2] Consistent with withholding this inordinate volume of documents, HSBC has produced less than 250 documents for 5 custodians and less than 1,000 documents for 7 custodians, and less than 2,500 documents for 14 custodians. Similarly, HSBC has produced conspicuously few documents for the 6 non-CTLA custodians ordered by the Court. *See* Exhibit ("Ex.") 1, attached hereto.

The Honorable Sarah Netburn
August 25, 2016
Page 2

---

from employees who (i) have the authority to bind the Bank or (ii) are going to testify in a deposition or trial in this case.

**HSBC's Failure To Agree To A Loan File Reunderwriting Protocol**: Subsequent to the June 29, 2016 conference, Plaintiffs provided HSBC with a proposed Loan File Reunderwriting Protocol ("LFRUP").  The LFRUP, which is modeled on the FHFA Protocol, accomplishes each of the principles the Court articulated at the June 29 conference: it allows the parties to agree on "loan size, what loans are in that loan sampling, and whether or not each loan file is complete." Rather than provide Plaintiffs with a counterproposal, HSBC has made serial inquiries of Plaintiffs that are irrelevant to the Court's instructions and constitute premature expert discovery.  Plaintiffs have provided HSBC the requested information to the best of their ability in an effort to explicate Plaintiffs' sampling methodology.  If the parties are unable to agree upon a LFRUP within the next several weeks, Plaintiffs will promptly move for entry of their proposed LFRUP.

**HSBC's Failure To Produce ICP's Documents**: HSBC has failed to produce documents belonging to Triaxx's former and now defunct asset manager, ICP, despite the fact the documents are currently in the possession of HSBC's counsel for reasons unrelated to this action.  HSBC's counsel has agreed to provide ICP's documents to Triaxx once it receives consent from ICP, which it has failed to obtain despite Triaxx's repeated requests since May 2016.

\* \* \* \* \* \* \*

**HSBC's Disputes With The BlackRock Plaintiffs:**  Following the June 29 conference, the BlackRock Plaintiffs produced more than 550,000 documents and substantially completed their document production by the August 11 deadline.  Certain productions have continued beyond the August 11 deadline due to unanticipated issues, including: (i) the addition of 25 new custodians selected by HSBC; (ii) technical and search term infirmities; and (iii) German privacy laws.  The BlackRock Plaintiffs are implementing measures to avoid any potential prejudice to HSBC, including prioritizing the completion of intended deponents' files.  The BlackRock Plaintiffs' productions will be fully completed within the next several weeks.

**HSBC's Disputes With Royal Park Investments SA/NV**: Royal Park substantially completed its document production by August 11, and is now re-confirming its privilege assertions.  HSBC's interrogatories, which ask Royal Park (and other Plaintiffs) to describe each event of default or breach of representation and/or warranty for each loan in each trust, are premature contention interrogatories under Local Civil Rule 33.3. Indeed, Judge Moses recently denied Deutsche Bank's motion to compel a supplemental response to very similar interrogatories.[3]  The Court should reach the same conclusion here.

---

[3] *See Royal Park Investments SA/NV v. Deutsche Bank National Trust Company*, 14-cv-4394 (S.D.N.Y), Aug. 12, 2016 Hrg. Trn. at 80 (Judge Moses held that Deutsche Bank was "asking RPI to give you information which it must amass from the discovery it's in the middle of conducting from you. So, these

***HSBC's Disputes With National Credit Union Administration Board***: NCUA substantially completed its production by August 11 and is conducting its privilege review, which may result in minimal additional productions. HSBC's challenges to NCUA's productions are without merit. *First*, the low volume productions from certain NCUA custodians is explained by NCUA's minimal management of the at-issue RMBS. *Second*, NCUA is not obligated to run overbroad terms (*e.g.,* "RMBS & NCUA"), or searches entirely unrelated to its case (*e.g.*, CUSIPs other than NCUA's RMBS). *Finally*, as Judge Scheindlin previously ruled, HSBC must follow the process outlined in *Touhy v. Ragen*, 340 U.S. 462 (1951), to obtain documents created by NCUA in its regulatory capacity. *See* Ex. 3 (11/16/2015 transcript at 37).

***HSBC's Disputes With Phoenix Light, SF Ltd. And Commerzbank AG***: Both Phoenix Light and Commerzbank substantially completed their respective document productions by August 11. Despite HSBC's belated requests, Plaintiffs have agreed to meet and confer regarding additional custodians, supplemental productions and application of certain search terms. Plaintiffs similarly object to running search terms unique to other Plaintiffs and related to RMBS certificates Plaintiffs never purchased.

***HSBC's Disputes With Triaxx Prime CDO 2006-1, Ltd., et al.***: The Triaxx Plaintiffs substantially completed production by August 11. The parties, however, are meeting and conferring regarding HSBC's overbroad and irrelevant search terms.

\* \* \* \* \* \* \*

We thank the Court for its attention and look forward to discussing these matters further at the August 29 conference.

Respectfully submitted,

| | | |
|---|---|---|
| */s/ Benjamin Galdston* | */s/ Christopher M. Wood* | */s/ Steven S. Fitzgerald* |
| Benjamin Galdston | Christopher M. Wood | Steven S. Fitzgerald |
| Bernstein Litowitz Berger | Robbins Geller Rudman | Wollmuth Maher |
|    & Grossmann LLP |    & Dowd LLP |    & Deutsch LLP |
| *Counsel for Plaintiffs BlackRock Balanced Capital Portfolio (FI), et al.* | *Counsel for Plaintiff Royal Park Investments SA/NV* | *Counsel for Plaintiffs Phoenix Light SF Limited, et al. and Commerzbank AG* |

---

interrogatories asked at this time in this case are premature. I will not compel answers to [these] interrogatories [] at this time.").

The Honorable Sarah Netburn
August 25, 2016
Page 4

 */s/ John A. Libra*        */s/ John G. Moon*
John A. Libra              John G. Moon
Korein Tillery, LLC      Miller & Wrubel PC
*Counsel for Plaintiffs*   *Counsel for Plaintiffs Triaxx*
*National Credit Union*   *Prime CDO 2006-1, Ltd., et*
*Administration Board, et al.* *al.*

The Honorable Sarah Netburn
August 25, 2016
Page 5

## **Exhibit 1**

| HSBC Custodian | Role | Doc Count |
|---|---|---:|
| Marcy Hertz | Servicing Oversight | 2,446 |
| Mark Wirth | Head of Whole Loan Trading | 278 |
| Michael J. Maser | Head of RBWM Mortgage | 234 |
| Michael Emer | Originations Oversight | 197 |
| Joseph Meyer | Primary liaison for originations | 111 |
| David Goeden | Origination and servicing oversight | 36 |

The Honorable Sarah Netburn
August 25, 2016
Page 6

_____

## Exhibit 2

*Documents Specifically Referenced In Plaintiffs' Rule 30(b)(6) Deposition of HSBC.* During Plaintiffs' May 20, 2016 Rule 30(b)(6) deposition of HSBC, its corporate representative, John Mackay, testified about the existence, identification of and location of several categories of core, relevant, responsive documents that are centrally located at HSBC that HSBC has failed to make substantial or complete productions, including the following:

| Document Description | HSBC Location | Relevant Testimony |
|---|---|---|
| Committee Meeting Agendas | Shared Drive | Mackay Depo. 58:10-59:15; 120:1-125:11 |
| Committee Meeting Minutes | Shared Drive | Mackay Depo. 60:25-61:18, 64:2-66:4; 120:1-125:11 |
| Reports presented at Committee Meetings | Shared Drive | Mackay Depo. 66:5-67:1 |
| Terms of reference (lists how frequently each committee meets) | SharePoint | Mackay Depo. 118:12-119:19 |
| Communications | Intranet | Mackay Depo. 59:21-60:24; 63:8-64:5 |
| CTLA Policies and Procedures | SharePoint | Mackay Depo. 146:24-147:1 |
| Audits | Shared Drive | Mackay Depo. 151:12-152:19, 200:14-201:7 |
| Functional Instructional Manual (FIM) | Intranet | Mackay Depo. 157:7-158:5 |
| Potential repurchase party list | J Drive | Mackay Depo. 161:2-5 |
| Catalog of unresolved claims | J Drive | Mackay Depo. 161:12-162:5 |
| Bankruptcy and Default Report (reported defaulted transactions) | Shared Drive | Mackay Depo. 183:14-184:1 |

# **EXHIBIT 3**

```
                                                                  1
     FBGLROYC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    ROYAL PARK, et al.,

4                 Plaintiffs,

5             v.                        14 CV 8175 (SAS)
                                        14 CV 9366 (SAS)
6                                       15 CV 2144 (SAS)
     HSBC,                              14 CV 10101 (SAS)
7
                  Defendant.
8
     ------------------------------x
9                                       New York, N.Y.
                                        November 16, 2015
10                                      3:06 p.m.

11   Before:

12                   HON. SHIRA A. SCHEINDLIN,

13                                      District Judge

14                         APPEARANCES

15   BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
          Attorneys for BlackRock Plaintiffs
16   BY:  BENJAMIN GALDSTON
          LUCAS E. GILMORE
17        TIMOTHY A. DeLANGE

18   KOREIN TILLERY
          Attorneys for Plaintiff NCUA
19   BY:  JOHN A. LIBRA
          MAX C. GIBBONS
20        -and-
     KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
21   BY:  SCOTT K. ATTAWAY

22   ROBBINS GELLER RUDMAN & DOWD LLP
          Attorneys for Plaintiff Royal Park
23   BY:  CHRISTOPHER M. WOOD

24           (Appearances continued on next page)

25


                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
                                                                     2
     FBGLROYC


 1                        APPEARANCES (cont'd)

 2   WOLLMUTH MAHER & DEUTSCH LLP
          Attorneys for Plaintiff Phoenix Light
 3   BY:  STEVEN S. FITZGERALD
          DANIELLE A. D'AQUILA
 4        SEAN P. McGONIGLE

 5   WILLIAMS & CONNOLLY LLP
          Attorneys for Defendant HSBC
 6   BY:  ERIC C. WIENER
          VIDYA ATRE MIRMIRA
 7        EDWARD C. REDDINGTON
          KEVIN M. HODGES
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                   35
     FBGLROYC
```

1     the best I can tell you.

2              So now I'm going to go to the fourth issue.  There's

3     nothing I can do today.  I haven't read the case.  It may well

4     be distinguishable.  I suspect it is.  I'm going to go to the

5     last issue.

6              The last issue is two more letters.  HSBC wants to

7     compel the plaintiff NCUA -- which I think is National Credit

8     Union Association, is that?

9              MR. LIBRA:  That's correct, your Honor, the National

10    Credit Union Association Board.

11             THE COURT:  I want to make sure I get the letters

12    right.  It wants to compel them to produce certain documents in

13    their regulatory capacity.  And the short answer may well be if

14    you want to do that, you're going to have to follow Touhy

15    procedures because NCUA says it's producing all the relevant

16    nonprivileged documents without making any distinctions.  But

17    if you want additional discovery in the regulatory capacity,

18    you're going to have to go through the Touhy procedure.

19             MS. MIRMIRA:  Your Honor, the NCUA's own Touhy

20    regulation, 12 C.F.R. 792.49, say that Touhy is not applicable

21    here.  It says when the NCUA is a party to a legal

22    proceeding --

23             THE COURT:  It's not a party in its regulatory

24    capacity.  You know that.  It's not suing in that capacity.

25    There is a distinction.  Again, it says -- what's your name?

36
FBGLROYC

1            MR. LIBRA:  John Libra, your Honor, for NCUA
2     liquidating agent.
3            THE COURT:  You say you're producing without
4     distinguishing in any event.  Didn't you say that in your
5     letter?
6            MR. LIBRA:  That's correct, your Honor.  We're
7     producing large volume documents from the credit unions who
8     purchased these securities and from the NCUA
9     post-conservatorship in whatever capacity those individuals
10    were working.
11           THE COURT:  Without making a distinction.
12           MR. LIBRA:  That's correct.
13           THE COURT:  What's the fight about, if you're giving
14    them documents that you create in your regulatory capacity,
15    where is the dispute?
16           MR. LIBRA:  Your Honor, some of the requests call for
17    what I would consider peer regulatory documents.  So
18    pre-conservatorship examinations by the NCUA, those we would
19    consider peer regulatory documents.  To the extent they want to
20    seek those, the Touhy regulations would control.
21           THE COURT:  But they say and she cited a statute that
22    you have said that Touhy procedures don't apply when you're a
23    party.
24           MR. LIBRA:  Your Honor, I think you answered that
25    question.  The NCUA as the liquidating agent here is a separate

1    party and a distinct capacity that they're operating in here.
2             THE COURT:  Is there case law that supports that when
3    you appear in a liquidating capacity, you're not appearing in
4    your regulatory capacity?
5             MR. LIBRA:  That's right, your Honor.  There's a lot
6    of case law in the FDIC context, which we think is a perfect
7    analogy here.  There is not a whole lot of case law in terms of
8    the NCUA specifically.
9             THE COURT:  If it was FDIC, it would separate the two.
10   It would say when you're in your liquidating capacity, you're a
11   party.  It doesn't make you a party for all purposes.
12            MR. LIBRA:  That's right, your Honor.
13            THE COURT:  I think that's right.  I think you have to
14   proceed with the Touhy process.
15            MS. MIRMIRA:  Your Honor, may I be heard briefly.  The
16   FDIC statute is different from the NCUA statute.
17            THE COURT:  I'm sure it is.
18            MS. MIRMIRA:  They have specific statutory provisions.
19   Moreover, the FDIC case law Mr. Libra refers to is in the
20   context of affirmative defenses and the no duty rule, which has
21   essentially been abrogated by the Supreme Court's decision in
22   O'Melveny.
23            Moreover, some of the documents that we seek such
24   as --
25            THE COURT:  Such as what?

```
                                                                    38
     FBGLROYC
1               MS. MIRMIRA:  Moreover, the documents that we seek,
2    such as the documents underlying the reviews of the credit
3    union, have already been ordered to be produced.  In the McGraw
4    Hill case, they had to produce the very same documents.  The
5    judge overruled their objections.
6               THE COURT:  Anything you've already produced in
7    another litigation you have to produce here.  Does that help?
8               MS. MIRMIRA:  Thank you, your Honor.
9               MR. LIBRA:  Your Honor, I would suggest there that the
10   Ninth Circuit as --
11              THE COURT:  I don't care.  If you produced it and
12   gathered it in another litigation, produce it here.  I did the
13   same thing when I had the S&P and McGraw Hill case.  I said if
14   you've already produced it, gathered it up, given it to
15   Congress, give it here.  I did that there; I'm doing the same
16   thing here.  If you've already gathered and produced it
17   elsewhere, produce it here.  To the extent you haven't and they
18   want something that was not gathered and produced, use Touhy.
19   That's my ruling.
20              MS. MIRMIRA:  Thank you, your Honor.
21              MR. LIBRA:  Understood, your Honor.
22              THE COURT:  Now I've been through the eight letters
23   and four disputes.  What is your view on whether you need sort
24   of a full time or a more accessible source of regulation,
25   whether it be a special master or someone else?
```