LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

EDWARD REDDINGTON
(202) 434-5063
ereddington@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 25, 2016

Via ECF

Honorable Sarah Netburn
Thurgood Marshall Courthouse
United States District Court

      Re:    *Coordinated RMBS Trustee Actions Against HSBC Bank USA, N.A.*, Nos. 14-cv-08175; 14-cv-09366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

      I write to update the Court regarding the ongoing discovery disputes between the parties in the coordinated RMBS trustee actions against HSBC Bank USA, N.A.

### I.    Plaintiffs' Productions

      Plaintiffs did not meet the August 11 document production deadline set by the Court at the June 29 hearing. This delay has set back HSBC's ability to prepare for depositions. On August 23, Plaintiffs informed HSBC that their productions would not be complete until September 6. Prior to August 23, Plaintiffs failed to provide specific information regarding their outstanding productions, including when those productions would happen and which custodians' files they would include.

      Since the June 29 hearing, the *BlackRock* Plaintiffs alone have produced over 525,000 documents totaling over 8.4 million pages.[1] Over 480,000 of those documents (totaling 7.7 million pages) came after the August 11 deadline. Despite these additions, there remain significant deficiencies in Plaintiffs' productions. As a result, HSBC is still missing complete document productions from over 100 of the custodians whom Plaintiffs proposed nearly a year ago or were ordered by the Court to add on February 18. HSBC has ongoing questions and concerns regarding the following production and discovery issues.

**Missing and Incomplete Custodians.** For TIAA, 48 of 48 custodians remain missing. For BlackRock, 12 of 38 custodians remain missing and 6 remain incomplete. For PIMCO, 10 of 15 custodians remain incomplete. For Prudential, 9 of 20 custodians remain incomplete. For DZ Bank, 8 of 8 custodians remain missing. For Kore, 5 of 5 custodians remain missing. For

---

[1] These figures reflect production and password information received by HSBC as of 3:00pm on August 25.

1

Honorable Sarah Netburn
August 25, 2016
Page 2

AEGON, 4 of 12 custodians remain incomplete.  For Sealink, 2 of 2 custodians remain incomplete.  For NCUA, 5 of 53 custodians remain missing or incomplete.  *See* Ex. 1.

**Missing Custodial Metadata.**  All of TIAA's and Kore's documents lack the custodial metadata required by the court-ordered ESI Protocol.  Custodial metadata indicates the custodial source from which a particular document was collected.  Without this metadata, HSBC cannot evaluate the documents it has received or prepare for depositions.  Plaintiffs' only response has been to offer alternative metadata fields that are not a proper substitute for custodial metadata.

**Shared and Hard Copy Files.**  HSBC has requested but Plaintiffs have refused to provide information about how many shared and hard copy files Plaintiffs produced and how those documents are identified by custodial metadata.  Plaintiffs have only provided inconclusive custodial metadata that does not indicate the source of the documents.

**Technical Problems.**  To date, the *BlackRock* Plaintiffs have not provided a solution to multiple technical problems that HSBC identified with Plaintiffs' productions on July 28, including documents that are cut off, emails that lack any of their corresponding attachments, and the failure to produce native versions of certain documents.  These significant technical problems affect the productions of DZ Bank, PIMCO, and Prudential, and have hindered HSBC's ability to evaluate the documents and prepare for depositions.

**Search Terms.**  Plaintiffs unilaterally deviated from the search terms that the Court ordered the parties to use and outright failed to run certain terms.  HSBC only learned of this issue last month and is still assessing its impact and meeting and conferring with Plaintiffs regarding how to rectify it.  Some Plaintiffs, including, for example, Phoenix Light, have indicated that they will run a number of the terms that they unilaterally omitted.  Other than Royal Park, however, none of the Plaintiffs have agreed to run the full set of Court-ordered terms which HSBC itself ran (most at Plaintiffs' insistence).

**Interrogatories Regarding Breaches of Representations & Warranties and Events of Default.**  NCUA, Royal Park, Phoenix Light, and Commerzbank refused to respond to HSBC's Interrogatories concerning the factual basis for their allegations of breaches and events of default.  Plaintiffs object that this information is not relevant and that the interrogatories are premature.  These objections are meritless.  The *BlackRock* Plaintiffs also failed to respond to HSBC's Third Set of Interrogatories with the specificity required by the federal rules.

**NCUA's Minimal Productions.**  NCUA's own files make up less than 1% of its productions. NCUA refuses to produce any relevant documents from its own files prior to March 20, 2009, the date of the first conservatorship of the corporate credit unions.  HSBC has attempted to compromise on this issue, seeking three defined categories of documents relevant to NCUA's conservation and liquidation of the corporate credit unions, including NCUA's analysis and valuation of the bellwether trusts and its development of the NGN Trusts on which it sues. Because these documents predate March 20, 2009, NCUA categorically refuses to produce them.

Honorable Sarah Netburn
August 25, 2016
Page 3

In addition to these questions and concerns, HSBC continues to have ongoing meet and confer discussions with Royal Park, Phoenix Light, Commerzbank, and Triaxx. HSBC and Royal Park continue to meet and confer regarding interrogatories regarding damages, 30(b)(6) topics, assertions of privilege, and specific document requests. HSBC and Phoenix Light continue to meet and confer regarding search terms, and specific document requests. HSBC and Commerzbank continue to meet and confer regarding appropriate search terms, Commerzbank's custodians, and Commerzbank's responses to HSBC's discovery requests. HSBC and Triaxx continue to meet and confer regarding search terms.

## II.     HSBC's Production

In contrast to Plaintiffs, HSBC met the August 11 document production deadline. HSBC's position on Plaintiffs' request for non-responsive documents is fully set out in the briefing submitted to the Court. Aside from that issue, Plaintiffs inquired about several discrete categories of documents during a meet and confer call on August 23. HSBC had already produced many of those documents. HSBC is investigating several of the other categories identified by Plaintiffs and will meet and confer with Plaintiffs about those documents.

## III.    Reunderwriting Protocol

The parties have met and conferred, and are continuing their discussions, but they have not yet reached an agreement on a mutually acceptable loan reunderwriting protocol. Due to the exorbitant costs involved, HSBC submits that expert discovery regarding sampling and re-underwriting should proceed only after critical threshold legal issues as to Plaintiffs' claims are resolved. If expert discovery is not staged in this fashion, Plaintiffs must disclose greater detail about their sampling methodology *before* the parties enter into a reunderwriting protocol and begin reunderwriting, as was done in the FHFA matter. It is particularly necessary here because it appears that Plaintiffs plan to use different methodologies and different sets of loans in their reunderwriting, contrary to Judge Scheindlin's direction that expert reports be prepared jointly.

Plaintiffs have identified 7,060 loans and indicated that the different plaintiff groups may reunderwrite different sets of loans from this list. HSBC should not be put to the burdensome and expensive task of undertaking a large-scale loan file collection and reunderwriting process in support of a sample that has not been properly identified and that could be found invalid.

HSBC has informed Plaintiffs of its position that the final protocol should also provide for Plaintiffs' disclosure of alleged loan defects on an agreed rolling schedule. This approach, which was followed in the FHFA matter, will allow for reunderwriting to commence for trust samples where loan files have been gathered early, facilitate timely discussion on the parties' positions on the applicable guidelines, and leave sufficient time for development of meaningful expert responses. HSBC is committed to further discussions with Plaintiffs on these issues.

* * * * *

The Court should require Plaintiffs to correct their numerous document deficiencies as soon as possible and continue to meet and confer with HSBC.

Honorable Sarah Netburn
August 25, 2016
Page 4

        Sincerely,

        Edward Reddington

Attachment

cc: All counsel via ECF