September 8, 2016

**VIA ECF & HAND DELIVERY**
Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:  *Coordinated RMBS Trustee Actions Against HSBC Bank USA, N.A.*,
          <u>Nos. 14-cv-08175; 14-cv-09366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096</u>

Dear Judge Netburn:

       We write on behalf of Plaintiffs in response to Defendant HSBC Bank USA, N.A.'s ("HSBC") unauthorized September 2, 2016 letter [ECF No. 131] in further support of its request to stay expert loan file re-underwriting and, in the alternative, objecting to purported "defects" in Plaintiffs' proposal for how such re-underwriting should be conducted absent a stay.[1]

       To begin, HSBC's most recent filing repackages the same arguments that it has already set forth in detail on August 25, 2016 [ECF No. 126], and to which Plaintiffs responded on August 30, 2016 [ECF No. 130]. Despite purporting to "respond" to Plaintiffs' August 30 submission, HSBC's attempt to re-litigate these issues constitutes an unauthorized "reply," which is contrary to this Court's directions and Your Honor's Individual Practices. In addition, HSBC now contends that it will continue to "meet and confer with Plaintiffs" to reach an agreement on a joint loan file re-underwriting protocol, or a competing HSBC protocol, in advance of the next conference on September 21. *See* ECF No. 131 at 4. As such, HSBC's September 2 letter is both improper and premature, and should be rejected on this basis alone.

       Next, HSBC offers no new or legitimate grounds for this Court to "bifurcate" expert discovery and stay loan file re-underwriting until some indeterminate date in the future, which would indefinitely delay the ultimate adjudication of Plaintiffs' claims and prejudice Plaintiffs in discovery and on the merits.[2] HSBC makes no attempt to address the Hon. Jesse M. Furman's August 3, 2016 decision in *Fixed Income Shares: Series M. et al v. Citibank N.A.* denying an identical request in a similar action brought against another RMBS trustee defendant. Instead, HSBC repeats the same arguments raised in its August 25 letter, many of which were summarily rejected by Judge Furman in the only other case to consider such a request. In addition, in response to HSBC's August 25 letter, this Court already declined to stay expert discovery, explaining "that the best way to go forward is to approach expert discovery before we get to some of those bigger, what defendants call threshold merits issues." Aug. 29, 2016 Hr'g Tr. at 5:22-25. Consistent with its prior rulings and well-established precedent in favor of statistical

---

[1] The *Triaxx* plaintiffs join generally in the other plaintiffs' positions, but, as previously discussed, because of the relatively finite nature of Triaxx's case, Triaxx will not be sampling loans but will prove its case as to all loans it considers defective.

[2] HSBC's request to bifurcate discovery is further improper at this juncture as HSBC has received unlimited discovery from the Plaintiffs while attempting to limit Plaintiffs' right to relevant discovery of material factual issues that can only be resolved through expert re-underwriting of the loans in the HSBC trusts. Indeed, it would be inequitable for HSBC to file dispositive motions while simultaneously prohibiting Plaintiffs from developing the expert and fact discovery needed to oppose them.

sampling and a loan file re-underwriting protocol, the Court should reject HSBC's improper attempt to re-litigate this issue and deny its request for bifurcated discovery.

Finally, HSBC's purported "defects" with regard to Plaintiffs' proposed loan file re-underwriting protocol are equally contrived, and provide no grounds to reject Plaintiffs' proposal or otherwise depart from the Court's prior admonitions for the parties to reach agreement on sampling and re-underwriting loans. Plaintiffs have already addressed all of the concerns raised by HSBC—*e.g.*, early disclosure of sampling methodology, HSBC's access to loan files, rolling exchange of re-underwriting results, and coordinated Plaintiff expert reports—in their August 30 letter, and are prepared to continue meeting and conferring with HSBC. *See* ECF No. 130 at 4-5. HSBC has now had ample opportunity to raise whatever issues it has with regard to Plaintiffs' proposed protocol. Despite Plaintiffs' willingness to consider appropriate modifications to their proposal, HSBC has yet to provide any comments or a counterproposal. Instead, HSBC has abandoned the meet and confer process and continues to assert wholesale objections to sampling and other matters that Plaintiffs are willing to negotiate, or which can be addressed within the framework of Plaintiffs' proposed loan file re-underwriting protocol. In sum, Plaintiffs' protocol is modeled on the protocol entered by Judge Cote in the *FHFA* litigations, respects the current schedule for expert discovery, and fulfills the key purposes identified by this Court in these actions. Apparently, HSBC has no interest in negotiating with Plaintiffs in accordance with the Court's guidance concerning the requirements and purposes of a loan re-underwriting protocol.

Accordingly, for the reasons set forth herein and in Plaintiffs' August 30, 2016 letter, Plaintiffs respectfully submit that the Court should (i) deny HSBC's improper request to bifurcate or otherwise stay expert re-underwriting discovery, and (ii) enter Plaintiffs' proposed loan file re-underwriting protocol attached as Exhibit A to their August 30 letter.

Respectfully Submitted,

/s *Benjamin Galdston*
Benjamin Galdston
Bernstein Litowitz Berger & Grossmann LLP
*Counsel for Plaintiffs Blackrock Balanced Capital Portfolio (FI), et al.*

/s *Christopher M. Wood*
Christopher M. Wood
Robbins Geller Rudman & Dowd LLP
*Counsel for Plaintiff Royal Park Investments SA/NV*

/s *John A. Libra*
John A. Libra
Korein Tillery, LLC
*Counsel for Plaintiffs National Credit Union Administration Board, et al.*

/s *Ryan A. Kane*
Ryan A. Kane
Wollmuth Maher & Deutsch LLP
*Counsel for Plaintiffs Phoenix Light SF Limited, et al. and Commerzbank AG*

*/s/ John G. Moon*
John G. Moon
Miller & Wrubel PC
*Counsel for Plaintiffs Triaxx Prime CDO 2006-1, Ltd., et al.*

cc: All Counsel of Record (Via CM/ECF)