September 16, 2016

**VIA ECF & HAND DELIVERY**
The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Coordinated RMBS Trustee Litigation against HSBC Bank USA, N.A.*,
      Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

We write to update the Court on the status of the parties' discovery disputes in advance of the September 21, 2016 conference. Despite Plaintiffs' repeated efforts to resolve the remaining disputes and move these cases forward, HSBC has obstructed Plaintiffs' ability to do so, resulting in an impasse as to a number of disputes that require the Court's attention.

## I.   HSBC's Deficient Document Productions

***In Violation Of The Court's Orders, HSBC Refuses To Produce FHFA Deposition Transcripts***: On June 7, 2016, the Court ordered HSBC to produce FHFA deposition transcripts for "those employees who have the authority to bind the Bank or are going to testify in a deposition or trial in this case." BR ECF No. 171. Three months later and despite Plaintiffs' numerous requests (*see* BR ECF Nos. 186, 205), HSBC remains in contempt of the Court's Order.

HSBC contends that the Court's use of the term "Bank" was intended to limit the June 7 Order to personnel within HSBC's Corporate Trust and Loan Agency department (the "CTLA").[1] But as the Court has made clear, the "Bank" is the defendant – **HSBC Bank USA, N.A.** – not the CTLA. *See* Sept. 4, 2015 Hr'g Tr. at 5:12-13 ("the trustee is the bank, the whole bank, not the corporate trust department.") (Scheindlin, J.); *see also id.* at 14:18-15:1; 24:9-12. HSBC has admitted this. *Id.* at 15:5-6 ("I agree, your Honor, the trustee is the bank") (Reddington, E.). Accordingly, HSBC must produce deposition transcripts for all employees with authority to bind HSBC Bank USA, N.A.

HSBC also failed to produce deposition transcripts required under the second prong of the June 7 Order for those employees who "are going to testify in a deposition" in this case. On September 8, 2016, Plaintiffs noticed the depositions of six HSBC employees, including Jon Voigtman and Christina Carr, both of whom were deposed in the *FHFA Actions*. Yet neither Mr. Voigtman's nor Ms. Carr's deposition transcripts have been produced.

***HSBC Refuses To Search Reasonably Accessible ESI For Non-CTLA Custodians***: HSBC did not collect and search for relevant documents for non-CTLA custodians from any electronic sources (except email) or hard-copy repositories, claiming it was under no obligation to

---

[1] HSBC further claims that no HSBC employee who provided testimony in the *FHFA Actions* is (or was) authorized to bind the CTLA.

The Honorable Sarah Netburn
September 16, 2016
Page 2

do so.  Nevertheless, HSBC contends its production for non-CTLA custodians is "complete," despite producing less than 300 documents for five of the six of those custodians.  *See* Ex. 1.

***HSBC Has Failed To Produce 20 Categories Of Documents Identified By Plaintiffs***: Pursuant to the Court's August 26, 2016 Order (BR ECF No. 209), Plaintiffs identified 20 categories of documents that HSBC failed to produce and cited specific evidence impugning HSBC's assertion that its production is "complete."  *See* Ex. 2.  By way of example, although HSBC represented it "completed" its production of meeting minutes for the Fiduciary Risk Management Committee ("FRMC"), Plaintiffs identified 29 meetings for which HSBC failed to produce minutes.  HSBC has still not produced those minutes.  Plaintiffs also identified specific references to defective loans and improper servicing practices where HSBC apparently took no further action.  Plaintiffs advised HSBC that Plaintiffs intended to offer into evidence the fact of the absence of such documents as proof of HSBC's failure to perform its contractual and common law duties.  In response, HSBC claims that it can later introduce into evidence documents that were not previously produced in discovery to rebut Plaintiffs' claims.  This is precisely the type of "sandbagging" the Federal Rules of Civil Procedure prohibit.[2]

## II.     HSBC's Disputes With Plaintiffs

***BlackRock Plaintiffs***:  The BR Plaintiffs have completed their production of relevant, responsive, non-privileged documents identified during their search for and review of reasonably accessible ESI.  Nevertheless, HSBC continues to manufacture issues in an apparent effort to needlessly prolong discovery and delay adjudication.  Tellingly, HSBC has not identified any specific documents or category of documents that have not been produced.  Additionally, the BR Plaintiffs have addressed or are addressing the various technical issues raised by HSBC.  HSBC's claim of "prejudice" regarding deposition preparation is similarly meritless.  The BR Plaintiffs produced over 5.5 million documents before August 11, 2016.  Since that date, the BR Plaintiffs prioritized their production in the manner requested by HSBC and frequently updated HSBC as to the status of their production.  HSBC also ignores Your Honor's guidance that it cannot reasonably expect to take every deposition having "fully digested all of the documents" and "having full satisfaction that you have canvassed every single corner of discovery."  *See* June 29, 2016 Hr'g Tr. at 8:19-24.  Finally, under the parties' deposition protocol, HSBC may only depose 45 fact witnesses.  The BR Plaintiffs have produced documents from 148 custodians.  Against this backdrop, HSBC's claim of prejudice is cover for its failure to prepare for depositions.

***Royal Park Investments SA/NV***:  Royal Park substantially completed its production by August 11, and is now re-confirming its privilege assertions.  In addition, HSBC asked Royal Park to produce certain additional documents after August 11, which Royal Park agreed to do.

***National Credit Union Administration Board***:  NCUA substantially completed its production by August 11.  NCUA's privilege review is ongoing, and will result in minimal

---

[2] *See*, *e.g.*, *Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 WL 902649, at *9 (S.D.N.Y. Mar. 7, 2014) (precluding defendant from relying on documents produced after discovery cutoff because, among other reasons, the sudden production of the documents was highly prejudicial given defendant's representations of complete productions).

2

The Honorable Sarah Netburn
September 16, 2016
Page 3

additional productions.  *First*, HSBC takes issue with the number of documents produced from certain NCUA custodians, but NCUA has explained to HSBC that low volume productions should not be surprising as management of the at-issue RMBS is a small portion of NCUA's activities.  *Second*, HSBC complains that NCUA did not run terms entirely unrelated to its case, such as CUSIP numbers associated with other plaintiffs' RMBS.  HSBC cannot justify asking NCUA to run irrelevant terms, particularly when it also complains that NCUA has over-produced.  *Third*, HSBC complains that NCUA did not run overbroad terms such as "RMBS and NCUA."  NCUA informed HSBC in November 2015 that it would not run such facially overbroad terms, but HSBC never raised this issue with the Court (or NCUA) until now.  *Finally*, HSBC attempts to re-litigate an issue already decided last year by Judge Scheindlin.  On November 9, 2015, HSBC sought to compel the production of documents NCUA created in its regulatory capacity as an independent agency of the federal government.  NCUA ECF No. 75.  NCUA opposed, and Judge Scheindlin held, that HSBC must follow the process outlined in *Touhy v. Ragen*, 340 U.S. 462 (1951), to obtain those regulatory documents.  HSBC's strategic decision to not challenge Judge Scheindlin's decision or comply with *Touhy*, but rather to wait until the close of document discovery to re-raise the issue should not be countenanced.

***Phoenix Light, SF Ltd. And Commerzbank AG***:  Phoenix Light and Commerzbank substantially completed their productions by August 11.  The parties are in the process of meeting and conferring regarding certain additional productions after the August 11 deadline, and both Phoenix Light and Commerzbank have agreed to make certain additional productions.  Plaintiffs continue to object to running search terms unique to other Plaintiffs and related to RMBS certificates Plaintiffs never purchased.

***Triaxx Prime CDO 2006-1, Ltd., et al.***:  The Triaxx Plaintiffs substantially completed production by August 11.  The parties, however, are meeting and conferring regarding HSBC's overbroad and irrelevant search terms.

### III.     **Requested Relief**

Plaintiffs respectfully request that the Court enter an order granting the following relief:

- HSBC shall produce all FHFA deposition transcripts in accordance with the Court's June 7 Order by **September 23, 2016**; and

- HSBC shall search all reasonably accessible ESI for its non-corporate trust custodians not previously searched and to produce all non-privileged documents that hit on the parties' agreed-upon search terms.[3]

We thank the Court for its attention to these matters.

---

[3] The parties continue to meet and confer concerning the 20 categories of documents Plaintiffs identified as missing from HSBC's production.  Plaintiffs will seek appropriate relief from the Court if the parties are not able to resolve these issues without the Court's intervention.

The Honorable Sarah Netburn
September 16, 2016
Page 4

                                        Respectfully submitted,

| */s/ Benjamin Galdston* | */s/ Christopher M. Wood* | */s/ Steven S. Fitzgerald* |
|---|---|---|
| Benjamin Galdston | Christopher M. Wood | Steven S. Fitzgerald |
| Bernstein Litowitz Berger & Grossmann LLP | Robbins Geller Rudman & Dowd LLP | Wollmuth Maher & Deutsch LLP |
| *Counsel for Plaintiffs BlackRock Balanced Capital Portfolio (FI), et al.* | *Counsel for Plaintiff Royal Park Investments SA/NV* | *Counsel for Plaintiffs Phoenix Light SF Limited, et al. and Commerzbank AG* |

| */s/ John A. Libra* | */s/ John G. Moon* |
|---|---|
| John A. Libra | John G. Moon |
| Korein Tillery, LLC | Miller & Wrubel PC |
| *Counsel for Plaintiffs National Credit Union Administration Board, et al.* | *Counsel for Plaintiffs Triaxx Prime CDO 2006-1, Ltd., et al.* |

# **<u>EXHIBIT 1</u>**

**Exhibit 1**

| HSBC Custodian | Role | Document Count |
|---|---|---|
| Mark Wirth | Head of Whole Loan Trading | 278 |
| Michael J. Maser | Head of RBWM Mortgage | 234 |
| Michael Emer | Originations Oversight | 197 |
| Joseph Meyer | Primary liaison for originations | 111 |
| David Goeden | Origination and servicing oversight | 36 |

# **EXHIBIT 2**

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
## ATTORNEYS AT LAW
### NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

September 9, 2016

**VIA E-MAIL**
Edward C. Reddington
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

Re:   *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.,*
       No. 14 Civ. 9366 (LGS) (SN) (S.D.N.Y.)

Dear Mr. Reddington:

We write in furtherance of the parties' August 24, 2016 and September 9, 2016 telephonic conferences, and the Court's August 26, 2016 Order instructing the parties to meet and confer concerning the categories of documents that Plaintiffs believe Defendant HSBCS Bank USA, N.A. ("HSBC") has improperly withheld.

### I.   HSBC's Failure To Respond

As a preliminary matter, we are disappointed that HSBC was not prepared today to discuss issues relating to HSBC's search for and production of documents. Many of these issues have been the subject of numerous meet and confer discussions that have taken place over the course of several months, as well as letters to the Court. The parties discussed these issues extensively during our August 24 call. At the conclusion of that call, HSBC committed to provide us with responses to each of our inquiries and updates with respect to the status of its production. Despite the passage of over two weeks, HSBC has yet to provide a response to any of our concerns.

By contrast, Plaintiffs have provided frequent and regular productions and updates addressing HSBC's concerns. Discovery is a two-way street, and as HSBC has repeatedly insisted in the past, these meet and confer discussions must be bilateral. We look forward to receiving your availability to resume today's meet and confer call when HSBC will be prepared to address these long outstanding issues.

### II.   HSBC's Deficient Search

As you know, during the parties' August 24 meet and confer, Plaintiffs identified numerous deficiencies with HSBC's search that raise serious concerns as to whether HSBC's production is, in fact, complete. Among other issues, the parties discussed: (a) the status of HSBC's search of non-corporate trust custodians and relevant departments; (b) HSBC's search for documents from sources




BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington, Esq.
September 9, 2016
Page 2

specifically referenced in Plaintiffs' Rule 30(b)(6) deposition of HSBC; and (c) HSBC's failure to identify and produce relevant FHFA deposition transcripts, as ordered by the Court.

### A. Status Of Productions For Non-Corporate Trust Custodians

During the parties' August 24 meet and confer, HSBC claimed to have "completed" its search for and production of documents from the non- Corporate Trust and Loan Agency ("CTLA") custodians. Yet HSBC's claim was contradicted by its own representations during the call.

First, HSBC represented that it did not search centrally-maintained sources, including the J Drive or H Drive, outside the CTLA and did not know whether the non-CTLA custodians had access to those centrally-maintained sources. Accordingly, Plaintiffs requested that HSBC confirm (1) what shared drives are available to each non-CTLA custodian and individuals in their departments; (2) of those shared drives identified, what shared drives did HSBC search, and (3) of those shared drives searched, what documents were produced to Plaintiffs.

Second, HSBC did not know whether it searched any electronic sources (with the exception of e-mail), personal folders, and hard copy documents for the non-CTLA custodians. Therefore, Plaintiffs requested HSBC to confirm whether it, in fact, searched for and produced relevant documents from such sources.

### B. Documents Referenced In Plaintiffs' Rule 30(b)(6) Deposition Of HSBC

The parties also discussed on the August 24 meet and confer HSBC's production of documents specifically referenced during the May 20, 2016 Rule 30(b)(6) deposition of John Mackay, HSBC's corporate representative. Mr. Mackay testified extensively about the existence, identification of and location of several categories of core, relevant, responsive documents that are centrally located and maintained at HSBC. Yet, to date, HSBC has not sufficiently search for and completed its production of many of these categories of documents.

As to committee meeting minutes and audit-related materials, HSBC represented that it only searched custodial ESI, despite Mr. Mackay's representation that such materials existed in centrally-located sources. According to HSBC, it could not identify the specific sources cited by Mr. Mackay. Plaintiffs requested HSBC to confirm whether the centrally-located sources cited by Mr. Mackay existed, and if so, whether those sources were searched.

### C. FHFA Deposition Transcripts

In violation of the Court's June 7, 2016 Order, HSBC conceded that it had yet to identify and produce the FHFA deposition transcripts from "those employees who have the authority to bind the Bank or are going to testify in a deposition or trial in this case." ECF No. 171.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington, Esq.
September 9, 2016
Page 3

### III. HSBC's Deficient Production

Despite its repeated representations to the contrary, HSBC's document production is incomplete. HSBC has failed to make a meaningful production of documents for fifty percent of its custodians. For 15 of the 30 custodians, HSBC produced less than 2,500 documents. Additionally, for 7 of those 15 custodians, HSBC produced less than 1,000 documents. While it is impossible for Plaintiffs to fully assess the deficiencies within each of these custodians' productions without knowing what documents HSBC improperly withheld, Plaintiffs continue to identify categories of documents for which HSBC has improperly withheld documents.

#### A. Breaches of Representations and Warranties

Plaintiffs have identified numerous categories of documents relating to breaches of representations and warranties that were improperly withheld.

***Repurchase Tracking Spreadsheets***. Although HSBC purports to have completed its production of repurchase tracking spreadsheets, HSBC has failed to produce relevant documents referred to in those spreadsheets. *See, e.g.*, HSBCCTLA2026242; HSBCCTLA1252852. For example, HSBC did not produce numerous notices to the repurchasing parties that are identified in the repurchase tracking spreadsheets, including but not limited to, the December 10, 2012 notice for loan number 1351004980 (MLMBS 2007-2), the April 19, 2011 notice for loan number 1351004840 (FHLT 2006-C), the December 13, 2010 notice for loan numbers 1351004820, 40216723, and 40214967 (FHLT 2006-C), and the May 29, 2009 notice for loan number 1158068456 (MHL 2007-1). *See* HSBCCTLA1252852. Moreover, HSBC produced incomplete repurchase tracking spreadsheets that do not identify all applicable loan numbers. *See* HSBCCTLA2026242; HSBCCTLA2025829. Please produce complete repurchase tracking spreadsheets with all applicable loan numbers and all relevant documents referred to in those repurchase tracking spreadsheets.

***Repurchase Reports Created Pursuant To SEC Rule 15Ga-1***. Contrary to HSBC's purported "completion" of documents concerning SEC Rule 15Ga-1, HSBC has failed to produce memorandums of understanding ("MOUs") and repurchase reports prepared pursuant to SEC Rule 15Ga-1. To date, HSBC only produced four executed MOUs that relate to eight Bellwether Trusts. *See, e.g.*, HSBCCTLA0528739. Plaintiffs also do not believe that HSBC produced all repurchase reports prepared in connection with SEC Rule 15Ga-1 or all relevant repurchase demands that are referred to in the repurchase reports. *See, e.g.*, HSBCCTLA2024219 (citing a demand dated April 23, 2010 but such demand was not produced); HSBCCTLA0799206 (citing a demand dated Nov. 28, 2012 but such demand was not produced). Please confirm whether HSBC has completed its production of MOUs, repurchase reports, and repurchase demands referenced within the repurchase reports.

***Catalogue And Reports Of Potential Repurchase Claims***. HSBC maintained a Microsoft Access database cataloguing unresolved repurchase claims. Within the database, HSBC tracked information such as "MS Breach Notice – Repurchase," "MS No Response – Repurchase," and "Loan Repurchased." *See, e.g.*, HSBCCTLA1303035. Furthermore, the database shows that HSBC created

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington, Esq.
September 9, 2016
Page 4

reports such as "Weekly Report MS Past Due" and "Monthly Report Repurchase." *Id.* However, HSBC still has not produce all relevant documents referenced within the database. For example, HSBC did not produce the August 28, 2009 breach notice for loan number 1351001557 (NHELI 2007-1), the May 14, 2009 breach notice for loan number 1256010080 (NHELI 2007-1), and the December 1, 2009 breach notice for loan number 1134040082 (MHL 2007-1). *See* HSBCCTLA1303037. Please complete your production of all relevant documents associated with or referenced in its Access database cataloguing unresolved repurchase claims.

***Messages Received Through CTSLink***. HSBC received many of its communications concerning breaches of representations and warranties through CTSLink, the website maintained by the master servicer for the Bellwether Trusts. However, HSBC has failed to produce any messages that it received through CTSLink. Instead, HSBC only produced emails that notified HSBC of messages on the website. *See* HSBCCTLA0272839; HSBCCTLA0272531. Accordingly, please produce all relevant CTSLink messages.

B. <u>Event of Default Letters</u>

HSBC has only produced two Event of Default letters for the Bellwether Trusts. *See* HSBCCTLA0000432; HSBCCTLA0000762_R. Please produce all Event of Default Letters, or confirm, on a trust by trust basis, that they do not exist.

C. <u>Meeting Minutes</u>

During the August 24 meet and confer, HSBC represented that it completed its production of committee meeting minute for the Fiduciary Risk Management Committee ("FRMC") (and predecessor committees: Risk Management Committee ("RMC") and Trust Fiduciary Committee ("TFC")). However, Plaintiffs have identified the following non-exhaustive list of monthly committee meetings for which minutes have not been produced:

- 5/25/2005 (RMC)
- 7/26/2005 (RMC)
- 8/30/2005 (RMC)
- 10/25/2005 (RMC)
- 7/6/2006 (RMC)
- 12/19/2006 (RMC)
- 4/18/2007 (TFC)
- 6/11/2007 (RMC)
- 7/11/2007 (RMC)
- 11/18/2007 (FRMC)
- 2/1/2008 (FRMC)
- 3/19/2008 (FRMC)
- 8/20/2008 (FRMC)
- 4/15/2009 (FRMC)

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington, Esq.
September 9, 2016
Page 5

- 9/16/2009 (FRMC)
- 9/29/2009 (FRMC)
- 7/15/2010 (FRMC)
- 4/27/2011 (FRMC)
- 6/20/2011 (FRMC)
- 10/14/2011 (FRMC)
- 2/8/2012 (FRMC)
- 4/11/2012 (RMC)
- 6/21/2012 (RMC)
- 5/28/2013 (FRMC)
- 6/20/2013 (FRMC)
- 7/18/2013 (FRMC)
- 9/5/2013 (RMC)
- 4/17/2014 (FRMC)
- 4/23/2014 (FRMC)

Moreover, in addition to monthly meetings, the FRMC also held quarterly meetings. *See* HSBCTLA2157521. Plaintiffs do not believe that HSBC has produced a complete set of relevant minutes from the FRMC's quarterly meetings.

Plaintiffs further believe that HSBC has not produced a complete set of relevant meeting minutes for the following committees:

- Trust and Investment Management Committee (TIMCO)
- CTLA Monthly Management Call (MANCO)
- Global Risk Management Committee
- Americas Region Risk Management Committee
- Business Control Committee
- Global Markets Americas - Capital Management Committee
- Business Steering Committee
- Global and Local Business Acceptance Committee
- Global Default and Discretionary Risk Committee
- Foreclosure/Loss Mitigation Committee
- Regulatory Impact Committee

Please complete your production of relevant meeting minutes for foregoing committees.

D. <u>Internal and External Audit Reports</u>

HSBC has not produced all relevant documents relating to audit reports. Below is a list of non-exhaustive examples:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington, Esq.
September 9, 2016
Page 6

- A Compliance Review Report dated June 27, 2006 references a "compliance review report" dated August 11, 2005, a "Discovery Review of CTLA" dated February 27, 2006, and an internal audit report from an August 2005 audit that were not produced. *See* HSBCCTLA1490891.

- An email relating to a CTLA Internal Audit lists 20 documents that were not produced, including "CTLAReview2006final.doc," "GFA 05 Exam" and "GFA 06 Fiduciary Audit.doc.zip." *See* HSBCCTLA2149414.

- Minutes from a December 15, 2010 CTLA Fiduciary and Risk Management Committee meeting refer to a 2010 GFA fiduciary exam that was completed that month yet no report was produced. *See* HSBCCTLA2151456.

- Minutes from an October 2, 2013 Fiduciary Committee meeting refer to multiple audits including "2012 audits" and "two fiduciary audits [] scheduled for fourth quarter 2013 covering HSUS Fiduciary Activity" but those audit reports were not produced. *See* HSBCCTLA2092506.

Please complete your production of all relevant audit-related materials, including from centrally-maintained sources identified by Mr. Mackay in his deposition.

E. <u>Tolling Agreements</u>

HSBC has not produced tolling agreements for the Bellwether Trusts. By way of example, in a Direction Letter dated May 16, 2012, HSBC was instructed by Freddie Mac to enter into five tolling agreements. *See* HSBCCTLA0269037. Those five tolling agreements applied to the ACE 2006-OP2 and MHL 2007-1 Trusts. According to an email produced by HSBC, Freddie Mac "subsequently added several deals" to the tolling agreements but no documents were produced showing which deals were added to determine if any were additional Bellwether Trusts. *See* HSBCCTLA0269032. HSBC has not otherwise produced any other tolling agreements that relate to the Bellwether Trusts. Please produce all tolling agreements that pertain to the Bellwether Trusts or confirm, on a trust by trust basis, that none exist.

F. <u>Indemnification and Contribution Agreements</u>

HSBC has only produced fully-executed Indemnification and Contribution Agreements for seven Bellwether Trusts: WFMBS 2006-6, WFMBS 2006-7, WFMBS 2006-9, WFMBS 2006-19, WFMBS 2007-5, WFHET 2006-2 and WFHET 2007-2. *See, e.g.,* HSBCCTLA0045292. Please produce executed Indemnification and Contribution Agreements for the remaining Bellwether Trusts. If such agreements do not exist for a particular Trust, please identify that Trust to Plaintiffs.

Additionally, please advise Plaintiffs if HSBC entered into any other indemnification agreements in its capacity as Trustee for the Trusts. For example, HSBC and Greenpoint Mortgage

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington, Esq.
September 9, 2016
Page 7

Funding, Inc. ("Greenpoint") entered into an Indemnification Agreement consenting to the transfer of servicing rights from Greenpoint to Ocwen Loan Servicing, LLC. *See* HSBCCTLA1253609.

### G. Confidentiality and Indemnification Agreements

HSBC failed to produce a complete set of Confidentiality and Indemnification Agreements. In response to requests that HSBC investigate breaches of representations and warranties and/or servicing deficiencies of loans, HSBC executed Confidentiality and Indemnification Agreements together with Direction Letters. *See* HSBCCTLA0095228. HSBC has not produced any such executed agreements concerning the Bellwether Trusts, even though HSBC produced draft versions for certain Bellwether Trusts. *See* HSBCCTLA0096460, HSBCCTLA0096454. Please produce these agreements along with their respective direction letters, or confirm that no such documents exist.

### H. Remittance Reports

HSBC has only produced two complete remittance reports for the Bellwether Trusts. The remaining remittance reports that were produced are incomplete. *Compare* HSBCCTLA1248794 *with* HSBCCTLA0190534. Plaintiffs request HSBC to produce all monthly remittance report in full for each Trust.

### I. Trustee Reports

Although HSBC has produced over 300 trustee reports, none pertain to the Bellwether Trusts. *See, e.*g, HSBCCTLA0124161. Please produce trustee reports for the Bellwether Trusts.

### J. Exception Reports

HSBC has not produced exception reports for the ACE 2005-AG1, MSM 2004-2AR, or OPMAC 2005-1 Trusts. Please produce complete exception reports for these three Trusts.

### K. Final Certification Reports

HSBC has not produced complete Final Certification Reports for 19 Bellwether Trusts.[1] For example, the Final Certification Report is incomplete for the DBALT 2006-AR5 Trust. While it should contain information on 5,488 loans between two groups, the Final Certification Report only contains 2,843 loans. *See* HSBCCTLA0143591. Please produce complete Final Certification Reports for all Bellwether Trusts.

---

[1] These 19 Trusts include: (1) ACE 2005-AG1; (2) ACE 2006-OP2; (3) DBALT 2006-AR5; (4) DBALT 2007-OA1; (5) FHLT 2006-C; (6) MHL 2007-1; (7)MLMBS 2007-2; (8) MSM 2004-2AR; (9) NAA 2005-AR6; (10) NHELI 2007-1; (11) OPMAC 2005-1; (12) SEMT 2004-3; (13) SEMT 2004-4; (14) SEMT 2004-5; (15) SEMT 2004-8; (16) SEMT 2005-2; (17) STALT 2006-1F; (18) WFHET 2007-2; and (19) WFMBS 2007-5.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington, Esq.
September 9, 2016
Page 8

### L. Government Inquiries

HSBC has failed to produce all relevant governmental inquiry, investigation or litigation documents, including all documents HSBC provided to or received from any state or federal government entity relating to HSBC's performance as trustee of an RMBS trust such as the Interagency Review of Foreclosure Practices or National Mortgage Settlement.  *See also* HSBCCTLA2118587 (email discussing a FBI subpoena relating to mortgage fraud but no related documents produced); HSBCCTLA1640321 (legal invoice describing a ""Merrill Lynch RMBS NJ Subpoena" but no related documents produced).

### M. Governing Documents

HSBC has not produced a complete set of exhibits and schedules for all governing documents for the Bellwether Trusts.  For example, HSBC has not produced a complete set of Purchase and Servicing Agreements attached as exhibits to the Pooling and Servicing Agreements.[2]  *See* HSBCCTLA0083631_R.  Furthermore, in some instances, the governing documents refer to a "separate closing binder" in which the exhibits are retained at McKee Nelson LLP.  *See* HSBCCTLA0073949.  *See also* HSBCCTLA1314811 (referring to a "Mortgage Loan Schedule" but no such document was attached).  Please produce all exhibits and schedules for all governing documents.

### N. Marketing Materials

HSBC failed to produce a complete set of marketing materials.  By way of example, HSBC produced an email that discusses "Marketing Materials and Client Presentations" but the presentations were not produced despite references to "slides" and "pitchbooks" in the email.  *See* HSBCCTLA2003082.  Additionally, another email chain refers to a "Proposed structure for CTA pitch book presentation" and references an attachment "CTA Pitch Book – General October 2006 Low Res.ppt" but that presentation was also not produced. *See* HSBCCTLA2003036.  Please produce all marketing materials concerning HSBC's services as Trustee, including pitch books and presentations.

### O. Working Group Lists

HSBC has not produced working group lists for the ACE 2006-OP2, NAA 2005-AR6, SEMT 2004-8, SEMT 2005-2, and WFMBS 2006-6 Trusts.  Please produce these documents to Plaintiffs or confirm they do not exist.

---

[2] These exhibits include:  (1) Second Amended and Restated Master Mortgage Loan purchase Agreement; (2) Amended and Restated Master Servicing Agreement; (3) Seller's Warranties and Servicing Agreement; (4) Mortgage Loan Sale and Servicing Agreement; (5) Mortgage Loan Sale and Servicing Agreement; and (6) Flow Mortgage Loan Sale and Servicing Agreement.

Edward C. Reddington, Esq.
September 9, 2016
Page 9

### IV.  HSBC's Production For Non-CTLA Custodians Is Incomplete

To date, HSBC has produced less than 300 documents for five out of the six non-CTLA custodians:

- Michael Emer:  197 documents
- David Goeden:  36 documents
- Michael Maser:  234 documents
- Joseph Meyer:  111 documents
- Mark Wirth:  278 documents

Although HSBC claims that its productions are complete, Plaintiffs' review of HSBC's meager production for these five non-CTLA custodians reveals deficiencies.  For example, HSBC has produced only 36 documents – seven documents with 29 attachments – for the custodian David Goeden.  Based on Plaintiffs' review of these documents, Mr. Goeden was involved in numerous committees, including a risk management committee, which met monthly.  But HSBC has only produced two set of minutes from those committee meetings.  *See* HSBCCTLA2007362 (May 10, 2012 meeting minutes for RBWM Risk Management Committee); HSBCCTLA2104552 (April 24, 2013 meeting minutes for RBWM U.S. Management Committee).

Accordingly, Plaintiffs will explore whether HSBC's productions are, in fact, completed for its non-CTLA custodians during their depositions.  To the extent Plaintiffs learn of specific documents or categories of documents that should have been produced but were not for the non-CTLA custodians, Plaintiffs reserve the right to seek appropriate relief from the Court, including the right to re-open the non-CTLA custodians' depositions.

### V.  HSBC's Categories Of Purportedly Non-Responsive Documents Withheld

In response to the Court's July 15, 2016 Order, HSBC identified categories of documents that "primarily" included "such things as" (i) "references to Bellwether Entities where there was no allegation of improper activity by a Bellwether Entity;" (ii) "repurchase-related documents unrelated to a Bellwether Trust or Bellwether Entity;" and (iii) "documents related to the HSBC-PHH contract negotiations."  Plaintiffs submit that these categories of documents are relevant, responsive and have been improperly withheld.

Pursuant to the Court's August 26, 2016 Order, Plaintiffs request that HSBC be available to meet and confer concerning the categories of purportedly non-responsive documents that it withheld that were identified in its July 25, 2016 letter.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Edward C. Reddington, Esq.
September 9, 2016
Page 10

     We look forward to your prompt response to the above-discussed deficiencies with HSBC's document production.  Plaintiffs are prepared to meet and confer at a mutually convenient time.

                                             Respectfully,

                                             Benjamin Galdston