September 30, 2016

**VIA ECF & HAND DELIVERY**

Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Coordinated RMBS Trustee Litigation against HSBC Bank USA, N.A.,*
       Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

We write to update the Court on Plaintiffs' discovery disputes with Defendant HSBC Bank USA, N.A. ("HSBC") in accordance with Your Honor's instructions at the September 21, 2016 conference. Sept. 21, 2016 Hr'g Tr. at 64:2-12. Despite Plaintiffs' best efforts to resolve these disputes, certain issues require the Court's attention.

### I.   HSBC's Deficient Document Production

***HSBC Continues To Refuse To Produce FHFA Deposition Transcripts***:   At the September 21 conference, the Court re-affirmed its June 7, 2016 Order that HSBC must produce FHFA deposition transcripts for "those employees who have the authority to bind the Bank or are going to testify in a deposition or trial in this case." ECF No. 171 at 3.

As to the first category, the Court made clear that HSBC must produce transcripts for "anybody who technically binds the [B]ank, regardless of what their role would be vis-à-vis the governing agreements." Sept. 21, 2016 Hr'g Tr. at 19:14-19. Nevertheless, HSBC continues to refuse to disclose and produce all FHFA transcripts for HSBC employees who have the authority to bind the Bank.

Plaintiffs' independent investigation has identified **at least 15** HSBC personnel who were deposed.[1] Among these individuals are or were HSBC employees with authority to bind the Bank, including the following:

**Martin Priest**: Vice President of HSBC Securities, Inc. ("HSI"). Mr. Priest signed HSBC filings with the U.S. Securities and Exchange Commission ("SEC") as an "Officer" of HSBC Bank USA, N.A. Ex. 1. Mr. Priest also testified in the *FHFA* action that he "was an employee of the

---

[1] In addition to the individuals highlighted herein, the list of HSBC personnel deposed in the FHFA actions includes: Corissa DeRose; Jay Kilpatrick; Jiwun Kim; Andrea Lenox; Joseph Little; Anthony Spangler; Ellen Weiss; and Zina Zinych.

The Honorable Sarah Netburn
September 30, 2016
Page 2

---

firm" [i.e., HSBC], and that HSBC's "dual" hat distinction was merely "semantics" and not a "meaningful difference."  Ex. 2 at 92:18-93:18; 94:2-9; see also Ex. 3 (deposition questionnaire identifying HSBC Bank USA, N.A. as employer).

**Jon Voigtman**: Former Managing Director and Head of Securitizations at HSI.  Mr. Voigtman was a defendant in the *FHFA* action and also testified he was a "dual hatted employee" who "acte[ed] on behalf of the Bank." Ex. 4 at 67::22-68:23.[2] Like Mr. Priest, Mr. Voigtman also signed HSBC SEC filings as an "Officer" of HSBC.

**Neal Leonard**: Former Chairman, CEO, Managing Director and Global Head of MBS/ABS at HSI.  Mr. Leonard was a defendant in the *FHFA* action and testified that he was "dual-hatted," meaning he was also employed by "the bank itself." Ex. 5 at 174:4-25.

**Mark Wirth**: Managing Director at HSI and Mortgage Trader at HSBC.  Mr. Wirth, a document custodian in this action, similarly testified he was a "dual hatted" HSBC employee (Ex. 6 at 90:18-22) and confirmed on his *FHFA* deposition questionnaire that he was an HSBC employee Ex.7. Mr. Wirth also signed HSBC SEC filings as an "Officer" of HSBC Bank USA, N.A.[3]  HSBC's Rule 30(b)(6) deponent testified that Mr. Wirth was an HSBC Bank USA "affiliated" employee who "has had the ability to sign on behalf of HSBC Bank USA."

**Todd White**: Managing Director and Global Head of MBS/ABS Trading & Principal Finance at HSI.  Mr. White was a defendant in the *FHFA* action and similarly testified regarding the "dual hat" HSBC employment. Ex. 8 at 60:21-61:22; 354:19-355:16.

HSBC should immediately produce these individuals' and any other of its employees' deposition transcripts.

HSBC should also produce all HSI employee transcripts, as it is clear that HSI was a mere appendage of HSBC and therefore could bind the Bank.  HSBC's own organizational charts (which bear the "HSBC Bank" logo) show a direct reporting line from HSI to the CEO of HSBC, which is the corporate parent entity.  Ex. 9.  Similarly, these individuals all had HSBC email addresses at the same domain, irrespective of whether they were employed by HSBC or one of its

---

[2] Publicly available excerpts of the FHFA transcripts indicate that Mr. Voigtman can provide testimony relevant to show HSBC's knowledge of the RMBS market, improper lending practices, HSBC's putback decision-making criteria and industry standards, among other pertinent issues. Ex. 4 at 92:7-97:11; 216:15-24.

[3] Mr. Wirth testified that he "was involved in some HSBC wide conversations about the mortgage business" during his FHFA deposition, which is directly relevant to HSBC's knowledge of improper lending, securitization and servicing practices. Ex. 6 at 224:19-225:3. Mr. Wirth is also a custodian for discovery purposes in this litigation.

The Honorable Sarah Netburn
September 30, 2016
Page 3

subsidiaries. Ex. 10. Moreover, many of its employees were Officers of the Bank, or provided agency services. See, e.g. FHFA Deposition Questionnaire of Zina Zinych, Ex. 11.

HSBC justifies its failure to produce these transcripts by arguing it is only obligated to produce transcripts of individuals who could bind HSBC's Corporate Trust division as "Responsible Officers" under the Trusts' Governing Agreements ("GAs"). This argument fails for two reasons. First, the Court has twice rejected this meaningless "Corporate Trust" distinction in affirming that the defendant, HSBC Bank USA, N.A. (not the Corporate Trust division) is the "trustee" as identified in the GAs. *See* Sept. 21, 2016 Hr'g Tr. at 19:14-19. Second, even accepting HSBC's argument, HSBC itself is defined as a "Responsible Officer" in the GAs.

HSBC has also failed to produce FHFA transcripts for the following witnesses whose depositions Plaintiffs have noticed: Cristina Baldwin Carr, Jon Voigtman, and Marcy Hertz. HSBC objects to these depositions on relevance grounds but has failed to provide any support or evidence. Moreover, HSBC has not sought to quash these depositions, or the deposition of HSBC CFO Gerard Mattia (who was deposed in the FHFA proceedings), which were properly noticed weeks ago.[4]

In sum, HSBC should disclose all HSBC personnel who were deposed in the FHFA proceedings. HSBC must make a fulsome disclosure so that the Court and Plaintiffs may assess HSBC's compliance with the Court's June 7 Order requiring disclosure of transcripts for all employees "who can bind the Bank."

Plaintiffs submit that on these facts, HSBC has no justification to remain in contempt of the Court's June 7 Order.

***HSBC's Search Of ESI Other Than Email For Non-CTLA Custodians***: During the September 21 conference, the Court ordered HSBC to search ESI sources beyond email for the six non-CTLA custodians. Sept. 21, 2016 Hr'g Tr. at 28:6-12. To date, HSBC has failed to disclose the sources, or commit to searching and producing ESI from those sources.

***HSBC Failed To Produce Specific Documents Identified By Plaintiffs***: On September 9, 2016, Plaintiffs identified specific documents and categories of documents that HSBC failed to produce pursuant to the Court's August 26, 2016 Order. The missing documents and categories of documents identified by Plaintiffs raise significant concerns as to the sufficiency of HSBC's production. For example:

- Exception Reports: Plaintiffs identified exception reports for certain Bellwether Trusts that are missing from HSBC's production.

---

[4] Relatedly, Mr. Voigtman is a former employee who is not represented by HSBC's counsel.

The Honorable Sarah Netburn
September 30, 2016
Page 4

- Repurchase Tracking Spreadsheets: HSBC produced Repurchase Tracking Spreadsheets that identify repurchase-related notices, including for loans in the Trusts, which are missing from HSBC's production.

- Repurchase Reports Created Pursuant To SEC Rule 15Ga-1: HSBC produced Repurchase Reports prepared pursuant to SEC Rule 15Ga-1 that identify repurchase-related notices, including for loans in the Trusts, which are missing from HSBC's production.

- Committee Minutes: Plaintiffs identified certain committee meetings for which the minutes are missing from HSBC's production.

Although Plaintiffs identified these and numerous other specific documents and categories of documents missing from HSBC's productions HSBC has failed to produce or commit to producing these documents.

\* \* \* \* \* \* \* \* \*

With respect to discovery issues raised by HSBC, all Plaintiffs have addressed and resolved or committed to resolve these matters.

\* \* \* \* \* \* \* \* \*

We thank the Court for its attention and are available at the Court's convenience for a status conference to discuss these matters further.[5]

Respectfully submitted,

| /s/ Benjamin Galdston | /s/ Christopher M. Wood | /s/ Steven S. Fitzgerald |
|---|---|---|
| Benjamin Galdston | Christopher M. Wood | Steven S. Fitzgerald |
| Bernstein Litowitz Berger & Grossmann LLP | Robbins Geller Rudman & Dowd LLP | Wollmuth Maher & Deutsch LLP |
| *Counsel for Plaintiffs BlackRock Balanced Capital Portfolio (FI), et al.* | *Counsel for Plaintiff Royal Park Investments SA/NV* | *Counsel for Plaintiffs Phoenix Light SF Limited, et al. and Commerzbank AG* |

---

[5] Plaintiffs have also had a number of discovery disputes with non-parties, such as Wells Fargo Bank, N.A. Plaintiffs are still in the process of meeting and conferring with those non-parties to resolve those disputes, so they are not yet ripe for judicial intervention. However, Plaintiffs reserve the right to bring any such disputes before the Court at a later date should the need arise.

The Honorable Sarah Netburn
September 30, 2016
Page 5

_____

| | |
|---|---|
| */s/ John A. Libra* | */s/ John G. Moon* |
| John A. Libra | John G. Moon |
| Korein Tillery, LLC | Miller & Wrubel PC |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs Triaxx* |
| *National Credit Union* | *Prime CDO 2006-1, Ltd., et* |
| *Administration Board, et al.* | *al.* |