# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

October 12, 2016

**VIA ECF & HAND DELIVERY**

Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Coordinated RMBS Trustee Litigation against HSBC Bank USA, N.A.*,
      Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-10032

Dear Judge Netburn:

We write in response to Defendant HSBC Bank USA, N.A.'s ("HSBC") October 5, 2016 letter [BR ECF No. 231] in "response" to Plaintiffs' October 1, 2016 submission identifying serious outstanding deficiencies with HSBC's document productions. Although HSBC strains to obscure or deflect from its many specifically-identified shortcomings – vaguely claiming it is still "investigating" unquestionably discoverable information that it was ordered to produce months ago – the essential issues are not in dispute.

*First*, HSBC continues to violate the Court's several orders and instructions to immediately produce relevant information and sworn testimony for non-CTLA individuals, not limited to just email or individuals that HSBC selects based on its own self-serving interpretation of the Court's "intentions."

*Second*, HSBC continues to improperly re-argue the Court's prior rulings (i) authorizing Plaintiffs to challenge specific categories of documents withheld by HSBC on the basis of its objections and (ii) requiring HSBC to produce FHFA depositions transcripts. HSBC chose not to seek reconsideration of the Court's decisions. It cannot justify its protracted failure to comply with the Court's Orders by repeatedly recycling arguments the Court has already considered and rejected.

Accordingly, Plaintiffs respectfully request the Court further compel HSBC to comply with its discovery obligations and the Court's prior Orders, and issue all further relief as the Court deems appropriate to cease HSBC's dilatory and violative practices.

12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Sarah Netburn
October 12, 2016
Page 2

### I. HSBC's Failure To Produce FHFA Deposition Transcripts

At the September 21, 2016 hearing, the Court re-affirmed its June 7, 2016 Order compelling HSBC to promptly identify all individuals with ability to bind HSBC who provided testimony in the FHFA proceedings, and produce those transcripts.

It bears emphasis that for **more than four months** since the June 7 Order, HSBC has failed and refused to provide a complete list of individuals who provided testimony on behalf of HSBC in the FHFA proceedings. HSBC's violation of the Court's Order is inexcusable.

Next, HSBC concedes that it has produced only one responsive transcript (Gerard Mattia) to date. However, as explained in Plaintiffs' September 30 letter, publicly available information confirms **at least 6** additional senior-level HSBC officer depositions in the FHFA proceedings: Martin Priest; Jon Voigtman; Neal Leonard; Mark Wirth; Todd White; and Zina Zinych. Yet, HSBC refuses to produce these transcripts.

HSBC attempts to justify its violation of the Court's June 7 Order by claiming these individuals were employees of HSBC Securities (USA) Inc. ("HSI"). This claim is irrelevant, as each person was also concurrently an HSBC officer, and several testified regarding their "dual hatted" employment.

HSBC does not dispute this testimony. Instead, HSBC improperly attempts to reopen the Court's prior decision by challenging "relevance," as none of them worked in HSBC's corporate trust department or administered the Bellwether Trusts. However, the Court has rejected this argument numerous times, including most recently at the September 21 hearing when it made clear that HSBC must produce transcripts for "anybody who technically binds the [B]ank, regardless of what their role would be vis-à-vis the governing agreements." Sept. 21, 2016 Hr'g Tr. at 19:5-20.

Also in violation of the Court's June 7 Order, HSBC refuses to produce FHFA transcripts for the following witnesses whose depositions Plaintiffs have noticed: Cristina Baldwin Carr, Jon Voigtman. HSBC has verbally "objected" to these depositions on relevance grounds but has failed to provide any support or evidence. Moreover, HSBC has not obtained the Court's authorization to avoid these depositions or the deposition of Mr. Mattia (who was deposed in the FHFA proceedings), which were properly noticed weeks ago.[1]

Finally, HSBC refuses to produce the deposition transcripts for HSI employees, including Corissa DeRose, Jay Kilpatrick, Jiwun Kim, Andrea Lenox, Joseph Little, Anthony Spangler and Ellen Weiss. HSBC argues that the Bank and HSI are distinct corporate entities. This argument, however, is belied by the evidentiary record proffered by Plaintiffs establishing the principal-agency relationship between HSBC and HSI. HSBC's own organizational charts (which bear the "HSBC Bank" logo) show a direct reporting line from HSI to the CEO of HSBC, which is the corporate parent entity. Similarly, these individuals all had HSBC email addresses at the same domain, irrespective

---

[1] Relatedly, Mr. Voigtman is a former employee who is not represented by HSBC's counsel.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Sarah Netburn
October 12, 2016
Page 3

of whether they were employed by HSBC or one of its subsidiaries. Moreover, many HSBC employees were also officers of the Bank, or provided agency services, including buying loans for the Bank, and their knowledge is imputed to the Bank. *See Bank of China v. NBM LLC*, 359 F.3d 171, 179 (2d Cir. 2004) (courts presume an agent's knowledge is imputed to the principal corporation). *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 302 (S.D.N.Y. 2009) (rejecting defendant's argument that the court must apply the test for piercing of the corporate veil, rather than the ordinary test for vicarious liability, in determining whether affiliate's conduct could be imputed to parent corporation because affiliate was acting as parent's agent).

Plaintiffs respectfully request the Court compel HSBC's full and immediate compliance with the June 7 Order and immediately disclose all individuals deposed in the FHFA proceedings and produce the transcripts for all personnel "who can bind the Bank" or are noticed for deposition in this action.

## II.     HSBC's Deficient Search Of Its Non-CTLA Custodians

At the September 21, 2016 hearing, the Court reprimanded HSBC for unjustifiably (and secretly) limiting its search of non-CTLA custodian ESI to email. The Court ordered HSBC to promptly identify to Plaintiffs all additional sources of responsive ESI, to search these sources, and to promptly produce responsive, non-privileged documents. The Court further noted HSBC's long pattern of disobeying the Court's prior Orders regarding non-CTLA custodians, noting that this issue was addressed by Judge Scheindlin in September and November 2014, and subsequently affirmed by this Court multiple times since then.

Yet, HSBC concedes in its September 30 letter that it still refuses to comply with the Court's Orders. Indeed, HSBC has provided Plaintiffs with **no** information whatsoever regarding this subject matter, or an estimate of when it will be in a position to do so. Plaintiffs have noticed the deposition of non-CTLA custodian Marcy Hertz for December 15, 2016. HSBC's failure to turn over the non-CTLA documents is prejudicing Plaintiffs' ability to prepare for Ms. Hertz's deposition.

## III.    Specific And Readily Accessible Documents HSBC Has Failed To Produce

Tellingly, HSBC does not dispute that it has also failed to produce all relevant and responsive documents relating to Exception Reports, Repurchase Tracking Spreadsheets, Repurchase Reports Created Pursuant to SEC Rule 15Ga-1, and Committee Minutes (*e.g.*, Fiduciary Risk Management Committee ("FRMC"); HSS Americas Operational Risk Committee). Instead, HSBC claims that Plaintiffs did not request the documents, or failed to identify them with sufficient particularity. The arguments are utterly false.

Plaintiffs unquestionably requested these documents (*see e.g.*, Request Nos. 4, 16, 18 and 47 of Plaintiffs' Joint Requests for Production of Documents). Furthermore, the record is replete with specific requests by Plaintiffs identifying these missing documents to HSBC by name and even by their precise date. Moreover, Plaintiffs have demonstrated to HSBC that these documents exist and are relevant because they are specifically discussed in relevant documents HSBC has produced (*i.e.*,

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Sarah Netburn
October 12, 2016
Page 4

agendas, discussion points, presentations and other materials transmitted in advance of a FRMC meeting). Accordingly, HSBC cannot credibly claim it is unaware what documents are missing.

Similarly, Plaintiffs requested that HSBC produce all relevant Repurchase Tracking Spreadsheets and corresponding repurchase-related correspondence, which Plaintiffs are informed and believe are centrally located documents. To assist in this endeavor, Plaintiffs referred HSBC to specific Repurchase Tracking Spreadsheets produced by HSBC, which are standard form spreadsheets created by the CTLA and identify hundreds of loans relating to the Bellwether Trusts and reference specific repurchase-related correspondence concerning those loans.

Likewise, Plaintiffs have identified specific loans in HSBC's Rule 15Ga-1 reports that relate to the Bellwether Trusts and reference "demands" that HSBC has not produced. HSBC must produce the missing "demand" for each loan identified or, if HSBC contends that it has been produced, the Bates number of the document in HSBC's production.

Finally, Plaintiffs have identified numerous categories of documents missing from HSBC's production, including (i) Event of Default letters; (ii) Tolling Agreements; (iii) Indemnification and Contribution Agreements; (iv) Confidentiality and Indemnification Agreements; (v) Remittance Reports; (vi) Trustee Reports; (vii) Exception Reports; (viii) Final Certification Reports; (ix) Governing Documents; and (x) Working Group Lists. To date, HSBC has failed to produce these missing documents.

\* \* \* \* \* \*

While Plaintiffs remain available to address these matters with the Court, the record discussed above – nearly all of which is not disputed by HSBC – evinces a pattern of delay and disregard by HSBC of its discovery obligations and the Court's authority. Accordingly, Plaintiffs respectfully request the Court issue appropriate relief necessary to finally compel HSBC's full compliance so that Plaintiffs may proceed with deposition and expert discovery, and prepare these cases swiftly for trial.

We thank the Court for its attention and assistance in these matters.

Respectfully,

Benjamin Galdston

cc: All Counsel of Record via ECF