```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X


ROYAL PARK INVESTMENTS SA/NA,

                              Plaintiff,         14-CV-08175 (LGS)(SN)

    -against-                           **ORDER**

HSBC BANK USA NATIONAL ASSOCIATION,

                              Defendant.
-----------------------------------------------------------------X

-----------------------------------------------------------------X

BLACKROCK BALANCED CAPITAL
PORTFOLIO (FI), et al.,

                              Plaintiffs,       14-CV-09366 (LGS)(SN)

    -against-

HSBC BANK USA,

                              Defendant.
-----------------------------------------------------------------X

-----------------------------------------------------------------X

PHOENIX LIGHT SF LIMITED, et al.,

                              Plaintiffs,       14-CV-10101 (LGS)(SN)

    -against-

HSBC BANK USA, NATIONAL ASSOCIATION,

                              Defendant.
-----------------------------------------------------------------X

```
-----------------------------------------------------------------X
```

**NATIONAL CREDIT UNION**
**ADMINISTRATION BOARD, et al.,**

                              **Plaintiffs,**           **15-CV-02144 (LGS)(SN)**

        -against-

**HSBC BANK US, NATIONAL ASSOCIATION,**

                              **Defendant.**

```
-----------------------------------------------------------------X
-----------------------------------------------------------------X
```

**COMMERZBANK A.G.,**

                              **Plaintiff,**           **15-CV-10032 (LGS)(SN)**

        -against-

**HSBC BANK US, NATIONAL ASSOCIATION,**

                              **Defendant.**

```
-----------------------------------------------------------------X
-----------------------------------------------------------------X
```

**TRIAXX PRIME CDO 2006-1, et al.,**

                                **Plaintiffs,**           **15-CV-10096 (LGS)(SN)**

        -against-

**HSBC BANK USA, NATIONAL ASSOCIATION,**

                              **Defendant.**
```
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

      The Court has received numerous letters regarding outstanding discovery disputes. In disposing of these disputes, the Court assumes familiarity with the cases and the underlying issues raised.

HSBC seeks documents and information from Sealink and its prior holders. BlackRock Balanced Capital Portfolio (FI) et al v. HSBC Bank USA, No. 14 Civ. 9366 (LGS)(SN) ("BlackRock"), ECF No. 228. Plaintiffs object, arguing that the Court's prior ruling on a similar issue does not apply. See BlackRock, ECF No. 170 (the "June 2, 2016 Order"). Plaintiffs have not persuaded the Court that the protocol set forth in the June 2, 2016 Order should not govern. Accordingly, Sealink is directed to issue a subpoena and follow the procedures previously set forth by the Court. HSBC's request to add four additional Sealink custodians is denied as untimely and on the merits.

HSBC requests the plaintiffs search for relevant and responsive documents from so-called centralized repositories of board and investment committee minutes and materials, and investor complaints. BlackRock, ECF No. 228. Plaintiffs respond that they have produced such documents through their search of reasonably accessible ESI. BlackRock, ECF No. 234. HSBC has not offered any evidence that the Plaintiffs have failed to provide responsive documents. Accordingly, any request from HSBC that the Plaintiffs conduct a further search is denied on the merits. HSBC may inquire at depositions regarding the availability of certain documents and may make a further application, if appropriate, on the record evidence.

HSBC seeks transcripts from Plaintiffs' employees in other RMBS litigation that sought relief from the same parties that Plaintiffs here claim HSBC should have pursued. BlackRock, ECF No. 228. Plaintiffs respond that HSBC has never before sought such transcripts, but simultaneously state that Plaintiffs previously told HSBC that they would not produce such information. BlackRock, ECF No. 234. Plaintiffs accuse HSBC of tit-for-tat discovery. On the merits, and for the same reason the Court ordered HSBC to produce certain FHFA transcripts, the Plaintiffs must also produce certain transcripts. Accordingly, HSBC must identify which

RMBS litigation it believes are *directly related* to the Plaintiffs' claims here. Consistent with the Court's June 7, 2016 Order, the Plaintiffs must produce deposition transcripts from only those employees who have the authority to bind the Plaintiffs or are going to testify in a deposition or at trial in this case. BlackRock, ECF No. 171. As the Court set forth at the September 21, 2016 Conference, the parties should agree to a reasonable period of time before a noticed deposition when such production shall be made. The Court had proposed ten business days from a confirmed deposition, but allowed the parties to agree upon whatever reasonable period of time was appropriate. That protocol shall govern these transcripts as well.

HSBC seeks Plaintiffs' RMBS Investment Models and any "relevant and responsive documents maintained by the department and/or individuals responsible for building and maintaining the investment models." BlackRock, ECF No. 228. Plaintiffs object, claiming HSBC never formally demanded such information and, in any event, it is burdensome and not proportionate to the needs of the case. BlackRock, ECF No. 234. The Court agrees that HSBC has not made a sufficient showing to demand the broad scope of documents and information it seeks related to the RMBS Investment Models. HSBC's demand is denied without prejudice to exploring such information at depositions and renewing its request, if appropriate, on the record evidence.

HSBC complains that two BlackRock custodians have generated a disappointing volume of documents. BlackRock, ECF No. 228. BlackRock responds that it has followed the ESI protocol and that "it is what it is." BlackRock, ECF No. 234. To allay suspicions, BlackRock must confirm in writing that these custodians preserved their documents in the searched database (that is, the active email files). If these custodians did not preserve their documents in this fashion, BlackRock must report to HSBC on the availability of backup tapes and/or archives.

HSBC seeks additional custodians and expanded search terms from Commerzbank. BlackRock, ECF No. 228. It argues that Commerzbank has offered fewer custodians (five) than nearly any other plaintiff, and that production to date suggests that at least six additional custodians are likely to have responsive and relevant documents. Commerzbank claims that its production is proportionate to its claim, which involves one certificate with an original face value of approximately $10 million from the Bellwether Trusts, and that it is equal to HSBC's production. Commerzbank AG v. HSBC Bank USA National Association ("Commerzbank"), No. 15 Civ. 10032 (LGS)(SN), ECF No. 101. Commerzbank further argues that it has added an additional custodian (Guido Neethling) and agreed to conduct targeted follow-up searches. In response to accusations of timeliness, HSBC points out that Commerzbank was late to join this complex litigation, and therefore was not itself involved in the development of the ESI Protocol. The Protocol contains no Commerzbank-specific search terms. Commerzbank, ECF No. 103. See also ECF No. 106 (Commerzbank challenging the need and burden of additional searches). HSBC is entitled to Commerzbank-specific searches, and to the extent the parties have not settled on such terms, they must do so immediately. Commerzbank has proposed to run five additional requested search strings through all of its custodians, including Mr. Neethling, but the parties should meet and confer as to whether such searches are adequate. The Court denies HSBC's request to add additional custodians.

HSBC raises potential issues with other individual Plaintiffs, though many of those issues appear to have been resolved or the parties are continuing to work together to address them. BlackRock, ECF No. 228. Accordingly, the Court understands that: (1) as discussed at the September 21, 2016 Conference, the Plaintiffs are working to produce department and folder specific information as required by the ESI Protocol; (2) DZ Bank is working to address the

problem of "parent emails" and "orphan attachments"; (3) TIAA is working to address the problem of missing custodian metadata. TIAA has also represented that it may be producing additional documents for certain custodians. To the extent there remains a deficient production from these custodians, TIAA must report to HSBC whether there exists backup tapes or archives that should be explored for further production; (4) Phoenix Light is working to produce responsive and relevant documents from Erste Abwicklungsanstalt ("EAA"). See Phoenix Light SF Limited et al v. HSBC Bank USA, National Association, No. 14 Civ. 10101 (LGS)(SN) ("Phoenix Light"), ECF No. 147; and (5) HSBC and Royal Park continue to meet and confer regarding privilege assertions and the production of documents from Royal Park's assignor, BNP Paribas. The Court understands that these issues are not ready for a judicial ruling and that the parties may make a later application.

Plaintiffs continue to raise issues regarding HSBC's production of transcripts from the FHFA Litigation. BlackRock, ECF No. 230. The Court is exhausted by this ongoing issue and begs the parties to resolve these issues on their own now that the Court has ruled several times on the matter. The Plaintiffs are entitled to the deposition transcripts of any employee who can bind HSBC Bank USA, N.A., or any employee who will testify at a deposition or trial in this case. With respect to the former category, the Court has understood this category to be limited to very high-level executives of HSBC Bank, and not to chief executives or senior officers of units or affiliates within or related to HSBC Bank. For the reasons stated in HSBC's letter, it would not include the five individuals identified in Plaintiffs' September 30, 2016 letter. BlackRock, ECF No. 231. To the extent that there are individuals who fall within this limited category, their transcripts shall be produced within ten business days from today's date. With respect to the latter category (deponents), such production shall be made within ten business days of a

*confirmed deposition* (that is, if the parties have not agreed to the deposition, no production is required) but not fewer than ten business days from the date of such confirmed deposition. This protocol shall govern unless the parties have agreed to another reasonable schedule, as discussed above.

The Plaintiffs raise additional discovery disputes related to non-CTLA custodians and four specific categories of documents. BlackRock, ECF No. 230. HSBC represents that it has responded to these complaints and that judicial intervention is unnecessary. BlackRock, ECF No. 231. Accordingly, the Court will take no further action at this time on these matters.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         October 17, 2016