**Robbins Geller Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Christopher M. Wood
cwood@rgrdlaw.com

November 9, 2016

The Honorable Sarah Netburn                                                                                         VIA ECF
Southern District of New York
40 Foley Square, Room 430
New York, NY  10007

   Re: *Coordinated RMBS Trustee Litigation against HSBC Bank USA, N.A.,*
      Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

  We write on behalf of Plaintiffs to request a pre-motion discovery conference.  Specifically, Plaintiffs seek the Court's assistance in addressing HSBC's failure to respond to or supplement its responses to interrogatories following the completion of document production.  HSBC is required to supplement or correct its responses to interrogatory requests in a timely manner.  *See* Fed. R. Civ. P. 26(e)(1).  Nevertheless, HSBC failed to respond fully to the requests, failed to supplement its responses, and now has failed to respond to Plaintiffs' communications regarding these deficiencies.[1]  Plaintiffs request that the Court order HSBC to immediately elect whether to rely on advice of counsel and (i) supplement its interrogatory responses or (ii) provide such remedy pursuant to Fed. R. Civ. P. 37(b)(2)(A) that the Court deems appropriate.

  Plaintiffs contacted HSBC on October 11, 2016, and requested a response to the deficits in HSBC's interrogatories by October 28, 2016.  *See* Ex. 3.  HSBC did not respond.  Plaintiffs then contacted HSBC on November 1, 2016.  HSBC did not respond.  In a final attempt to resolve this issue without having to burden the Court, Plaintiffs contacted HSBC on November 3, 2016, seeking its counsel's availability on November 4 or 7 to meet and confer.  On November 7, 2016, HSBC sent a brief letter stating that discovery is ongoing but failing to respond to Plaintiffs' request to meet and confer.  *See* Ex. 4.  Plaintiffs certify that they have in good faith attempted to confer with HSBC in an effort to obtain the requested discovery without court action.  *See* Fed. R. Civ. P. 37(a)(1).

**HSBC Can No Longer Shirk Its Duties to Respond to the Interrogatories**

  Requests #19, #20, and #21 of the Interrogatories each seek the identification of facts pertaining to certain of HSBC's affirmative defenses.[2]  HSBC's response to these requests was to consider the requests

---

[1] Attached to this letter are the following documents: Ex. 1 (Coordinated Plaintiffs' First Set of Joint Interrogatories to Defendant HSBC Bank USA, N.A. ("Interrogatories" or "Requests")), Ex. 2 (HSBC Bank USA, N.A.'s Responses and Objections to Coordinated Plaintiffs' First Set of Joint Interrogatories ("Response" or "Responses")); Ex. 3 (October 11, 2016 letter from Plaintiffs to HSBC); and Ex. 4 (November 7, 2016 letter from HSBC to Plaintiffs).

[2] Request #19 states: "Identify all Persons, including legal and compliance professionals on whose work, advice, professional judgment, and opinions You relied, as alleged in Your Answers, and describe the advice and opinions provided by

**ROBBINS GELLER**
**Rudman & Dowd LLP**

The Honorable Sarah Netburn
November 9, 2016
Page 2

as contention interrogatories and to refuse to respond until the close of discovery. *See* Responses #19, #20, and #21. To begin, these requests are not contention interrogatories because they merely seek the identification of facts supporting certain of HSBC's defenses and are not "interrogatories seeking the claims and contentions of the opposing party." *See* Local Rule 33.3(c). Local Rule 33.3(a) expressly authorizes interrogatories "at the commencement of discovery" that seek "names of witnesses with knowledge of information relevant to the subject matter of the action . . . the existence, custodian, location and general description of relevant documents . . . or information of a similar nature." Thus, these requests are not contention interrogatories. Moreover, document production has concluded, so there is no reason that HSBC cannot identify the requested documents from among those that it already produced.

**HSBC Must Elect Whether to Waive Privilege Regarding Advice of Counsel**

As Judge Scheindlin warned HSBC at the August 26, 2015 hearing, "if you want to claim that you relied on advice of counsel, you are going to have to waive so we know what the advice was that you relied on." Dkt. No. 74 (Aug. 26, 2015 Hearing Transcript) at 12. HSBC has raised an affirmative defense of advice of counsel (*id*. at 10-12) and in response to Request #19 that seeks information regarding that affirmative defense, HSBC refused to provide responsive information on the grounds of privilege "unless and until HSBC elects to rely on such a defense." Response #19. It has been well over a year since HSBC was warned that it would have to make its election, and HSBC still has not voiced its decision. Plaintiffs now face prejudice from HSBC's delay.

Document discovery is complete and the parties are now taking depositions. It is imperative that HSBC reveal its election so that Plaintiffs can properly prepare for the depositions. Plaintiffs respectfully submit that because document discovery is complete, HSBC must immediately either (i) identify where in the millions of pages of produced documents the advice of counsel can be found, or (ii) confirm that it is withdrawing the advice of counsel defense. Should HSBC not withdraw the advice of counsel defense, it must continue to supplement Response #19 pursuant to Fed. R. Civ. P. 26(e)(1).

**HSBC Cannot Rely on the Bank Examination Privilege**

Request #22 seeks information regarding HSBC employees involved in the Interagency Review of Foreclosure Practices. HSBC "object[ed] to disclosure of specific information related to this review as protected from disclosure under the bank examination privilege." Response #22. HSBC misapprehends the bank examination privilege. To begin, the bank examination privilege only shields agency opinions or recommendations from discovery, whereas factual matter has no such protection. *See Lee v. FDIC*, 923 F. Supp. 451, 459 (S.D.N.Y. 1996). Moreover, the bank examination privilege belongs to banking regulatory entities, and may not be asserted by HSBC. *See Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 282 (S.D.N.Y. 2013). In short, HSBC has no basis to raise the bank examination privilege, which in

---

those Persons." Request #20 states: "Identify the way(s) that Plaintiffs failed to mitigate their damages, as You allege in Your Answers." Request #21 states: "Identify all settlements, releases, or accords and satisfactions that bar Plaintiffs' claims, as You allege in Your Answers."

**ROBBINS GELLER**
**Rudman & Dowd LLP**

The Honorable Sarah Netburn
November 9, 2016
Page 3

any event would not protect it from disclosing the requested information. HSBC must respond to Request #22.

### HSBC's Evasive and Incomplete Responses are Unacceptable and Improper

"A showing that a given answer to an interrogatory is evasive or incomplete is good grounds for a motion to compel." *Bank of China v. St. Paul Mercury Ins. Co.*, No. 03 Civ. 9797 (RWS), 2004 U.S. Dist. LEXIS 23364, at *5 (S.D.N.Y. Nov. 19, 2004); *see also* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). HSBC's evasive responses to Plaintiffs' Interrogatories are improper and Plaintiffs request that the Court compel HSBC to respond fully. As set forth below, HSBC's responses are improper and incomplete.

**Request #1**: *Identify and Describe the functions of all Persons that You engaged in connection with Your administration of the Bellwether Trusts for the purposes of analyzing, evaluating or reviewing an Originator's, Sponsor's or Servicer's compliance with the Governing Agreements and any federal, state or local requirement, and the Documents You sent or received in connection with this assignment.*

HSBC's response is incomplete and states that its duties "***generally*** did not include a duty to analyze, evaluate, or review." Response #1 (emphasis added). Request #1, however, was not limited to HSBC's "duties" (general or otherwise). Moreover, HSBC's response suggests that regardless of what may have been its "general" duties, it also partook in the activities identified in Request #1 on at least one occasion. HSBC's evasive response sidesteps the request and does not comply with HSBC's obligation pursuant to Fed. R. Civ. P. 33.

HSBC's response also referred to privileged information. In accordance with a trustee's obligation "'to provide full and accurate information to the beneficiary on his management of the trust . . . ***the trustee must make available to the beneficiary, on request, any communications with an attorney that are intended to assist in the administration of the trust***.'" *Fitzpatrick v. Am. Int'l Grp., Inc.*, 272 F.R.D. 100, 110 (S.D.N.Y. 2010) (emphasis added). To the extent that HSBC sought legal advice on behalf of the trust, it must disclose that information to Plaintiffs.

If HSBC's position is that it sought legal advice for its own benefit, then it must now elect whether it will waive privilege in accordance with Judge Scheindlin's observation regarding HSBC's advice of counsel affirmative defense, discussed *supra*.

**Request #11**: *Describe all steps that You took to evaluate any potential conflicts of interest as Trustee with the Holders.*

HSBC evaded its response to this request by stating it "was not necessarily aware of the specific identities of each of the Holders in the Bellwether Trusts" and "is not aware of any conflicts of interest." Response #11. HSBC's evasive response leaves wide open the possibility that it took steps to evaluate ***potential*** conflicts of interest. HSBC must provide a full response or affirmatively state that it took no steps whatsoever to evaluate any potential conflicts of interest.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Sarah Netburn
November 9, 2016
Page 4

  **Request #13**: *Identify all lawsuits (by providing the name and case number of the case, the court in which the case is pending, and the current status or final disposition of the case) in which You were a party or received a subpoena, alleging non-compliance with underwriting or servicing guidelines or breaches of any of the Governing Agreements by an Originator, Servicer, or Sponsor.*

  HSBC unilaterally excluded from its response "information about foreclosure actions." Response #13. Nevertheless, an incomplete response "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). A foreclosure action meeting the criteria of Request #13 would be extremely relevant to Plaintiffs' claims, and falls squarely within the scope of appropriate discovery. HSBC cannot avoid its obligation to respond.

  **Request #14**: *Identify all governmental investigations in which you received a subpoena, civil investigative demand, or similar request for documents or information, including the Interagency Review of Foreclosure Practices and the investigation that recently culminated in Your agreement with the U.S. Department of Justice, the Department of Housing and Urban Development (HUD) and the Consumer Financial Protection Bureau to pay $470 million to resolve claims concerning Your origination, servicing and foreclosure practices.*

  Once again, HSBC provided an incomplete response by unilaterally limiting "its response to government investigations in which HSBC received a subpoena" (Response #14), despite that Request #14 explicitly includes "governmental investigations in which [HSBC] received a subpoena, civil investigative demand, or similar request for documents or information." HSBC failed to provide any rationale for refusing to include within its response "governmental investigations in which [HSBC] received a . . . civil investigative demand, or similar request for documents or information."

  **Request #16**: *Identify all compensation or other income You received in connection with the Bellwether Trusts, including annual fees, transactional fees, ancillary fees, and float income.*

  In response, HSBC identified a number of Schedules of Fees documents, which are unsigned and do not identify "all compensation or other income [HSBC] received." Response #16 is evasive and incomplete because it does not indicate whether any of those proposed fees of the (unsigned) identified documents were received and, if so, the total amount of such fees.

  **Request #17**: *Identify the banking institutions and accounts that You used to deposit and hold funds for the benefit of the Bellwether Trusts.*

  Response #17 is evasive and non-responsive, stating that HSBC "did not *routinely* receive or hold funds from borrowers or from other deal parties for the benefit of the Bellwether Trusts." Response #17 (emphasis added). The use of the modifier "routinely" strongly suggests that HSBC did receive or hold funds from borrowers or from other deal parties for the benefit of the Bellwether Trusts from time to time. To the extent that such functions occurred, HSBC must respond to Request #17. To the extent that HSBC did not receive or hold funds from borrowers or from other deal parties for the benefit of the Bellwether

Trusts, it must affirmatively say so – HSBC's gamesmanship, half-truths, and evasiveness should not be tolerated.

**Request #18**: *Identify all tolling agreements or similar agreements that You entered into with any Originator, Servicer, or Sponsor.*

Once again, HSBC provided an evasive non-response that improperly addressed only a narrow subset of the interrogatory, as HSBC "limit[ed] its response to tolling agreements with Originators, Servicers, or Sponsors of the Bellwether Trusts that specifically relate to claims by or possible liabilities to the Bellwether Trusts." Response #18. HSBC's response excludes the "or similar agreements" portion of the request, and includes a requirement that the responsive information "specifically relate to claims by or possible liabilities to the Bellwether Trusts," whatever that means (Plaintiffs were unable to ask HSBC, as they refused to provide any availability to meet and confer). *Id.*

**Request #22**: *Identify (by name, job title, job responsibilities, dates of employment and reporting structure) all HSBC personnel involved in the FHFA Coordinated Litigation, Interagency Review of Foreclosure Practices, or the Coordinated Force Placed Insurance Litigation, and the nature of such involvement in these proceedings (e.g., communications with the counsel for litigants; the search, collection or disclosure of information and documents; etc.).*

HSBC's evasive response is self-limited to "information concerning employees who, based on [HSBC's] understanding, were principally involved in these collateral lawsuits or review" and "limit[ing] its response to individuals who were HBUS employees after 2010 at the time of their involvement with the FHFA Coordinated Litigation, the Interagency Review of Foreclosure Practices, or the Coordinated Force Placed Insurance Litigation." Response #22. Such artificial limitations exclude key HSBC personnel who were present in the critical 2006-2009 period. The results of these drastic limitations are obvious – HSBC only identified three employees who were involved in the FHFA Coordinated Litigation, and the involvement of two of those was described only as "[i]dentified in initial disclosures." *Id.* Plaintiffs are entitled to a full response to Request #22 in order to prepare for depositions.

**Request #23**: *Identify all policies and procedures governing Your trusteeship of the Bellwether Trusts, and identify all persons responsible for drafting, revising, and implementing these policies and procedures.*

Response #23 referred Plaintiffs to certain documents, some of which appear to name individuals involved in the drafting and/or updating of policies or procedures. Response #23 is non-responsive as it does not identify who *implemented* the policies and procedures, as set forth in Request #23. HSBC must supplement its response to add this omitted information

We thank the Court for its attention to this matter.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Sarah Netburn
Novemer 9, 2016
Page 6

Respectfully submitted,

| s/ Benjamin Galdston | s/ Christopher M. Wood |
|---|---|
| BENJAMIN GALDSTON | CHRISTOPHER M. WOOD |
| Bernstein Litowitz Berger & Grossmann LLP | Robbins Geller Rudman & Dowd LLP |
| *Counsel for Plaintiffs BlackRock Balanced Capital Portfolio (FI), et al.* | *Counsel for Plaintiff Royal Park Investments SA/NV* |

| s/ Steven S. Fitzgerald | s/ John A. Libra |
|---|---|
| STEVEN S. FITZGERALD | JOHN A. LIBRA |
| Wollmuth Maher & Deutsch LLP | Korein Tillery, LLC |
| *Counsel for Plaintiffs Phoenix Light SF Limited, et al. and Commerzbank AG* | *Counsel for Plaintiffs National Credit Union Administration Board, et al.* |

s/ John G. Moon
JOHN G. MOON
Miller & Wrubel PC
*Counsel for Plaintiffs Triaxx Prime CDO 2006-1, Ltd., et al.*

1204965_1