EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV, | Case No. 14-cv-8175-SAS-SN |
| Plaintiff, | |
| v. | |
| HSBC BANK USA, NA, AS TRUSTEE, | |
| Defendant, | |
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*, | Case No. 14-cv-9366-SAS-SN |
| Plaintiffs, | |
| v. | |
| HSBC BANK USA, NATIONAL ASSOCIATION, | |
| Defendant, | |
| PHOENIX LIGHT SF LIMITED, *et al.*, | Case No. 14-cv-10101-SAS-SN |
| Plaintiffs, | |
| v. | |
| HSBC BANK USA, N.A., | |
| Defendant, | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*, | Case No. 15-cv-02144-SAS-SN |
| Plaintiffs, | |
| v. | |
| HSBC BANK USA, N.A., | |
| Defendant. | |

**COORDINATED PLAINTIFFS' FIRST SET OF JOINT**
**<u>INTERROGATORIES TO DEFENDANT HSBC BANK USA, N.A.</u>**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

  PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Civil Rules for the United States District Court for the Southern District of New York, Plaintiffs in the above-referenced actions hereby request that Defendant HSBC Bank USA, N.A. respond to the following interrogatories, under oath and in writing. Such responses shall be served upon Plaintiffs' counsel within thirty (30) days of service, or at such other time as the parties may agree.

## DEFINITIONS AND INSTRUCTIONS

  1. The definitions and rules of construction set forth in Rules 26.3 and 33.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") are hereby incorporated and apply to these Interrogatories.

  2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope (in the form of facts, ideas, inquiries or otherwise), without respect to the form or medium of transmittal.

  3. "Answers" shall mean the Answers that You filed and served in the Litigation.

  4. "Bellwether Trusts" refers collectively or disjunctively to ACE Securities Corp. Home Equity Loan Trust, Series 2005-AG1 ("ACE 2005-AG1"); ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP2 ("ACE 2006-OP2"); Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AR5 ("DBALT 2006-AR5"); Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2007-OA1 ("DBALT 2007-OA1"); Fremont Home Loan Trust 2006-C ("FHLT 2006-C"); MortgageIT Trust 2007-1 ("MHL 2007-1"); Merrill Lynch Mortgage Backed Securities Trust, 2007-2 ("MLMBS 2007-2"); Morgan Stanley Mortgage Loan Trust 2004-2AR ("MSM 2004-2AR"); Nomura Asset Acceptance Corporation, Alternative Loan Trust,

Series 2005-AR6 ("NAA 2005-AR6"); Nomura Home Equity Loan, Inc., Home Equity Loan Trust, Series 2007-1 ("NHELI 2007-1"); Opteum Mortgage Acceptance Corporation Trust Series 2005-1 ("OPMAC 2005-1"); Sequoia Mortgage Trust 2004-3 ("SEMT 2004-3"); Sequoia Mortgage Trust 2004-4 ("SEMT 2004-4"); Sequoia Mortgage Trust 2004-5 ("SEMT 2004-5"); Sequoia Mortgage Trust 2004-8 ("SEMT 2004-8"); Sequoia Mortgage Trust 2005-2 ("SEMT 2005-2"); SunTrust Alternative Loan Trust 2006-1F ("STALT 2006-1F"); Wells Fargo Home Equity Asset-Backed Securities 2006-2 Trust ("WFHET 2006-2"); Wells Fargo Home Equity Asset-Backed Securities 2007-2 Trust ("WFHET 2007-2"); Wells Fargo Mortgage Backed Securities 2006-19 Trust ("WFMBS 2006-19"); Wells Fargo Mortgage Backed Securities 2006-6 Trust ("WFMBS 2006-6"); Wells Fargo Mortgage Backed Securities 2006-7 Trust ("WFMBS 2006-7"); Wells Fargo Mortgage Backed Securities 2006-9 Trust ("WFMBS 2006-9"); and Wells Fargo Mortgage Backed Securities 2007-5 Trust ("WFMBS 2007-5").

5.       "Certificates" means the publicly offered securities issued by the Bellwether Trusts governed by Pooling & Servicing Agreements ("PSAs").

6.       "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any method, as set forth in Local Civil Rule 26.3(c)(1) of the Local Rules.

7.       "Coordinated Force Placed Insurance Litigation" refers to the following actions: *Salvatore Saccoccio v. JP Morgan Chase Bank N.A., et al*, No. 13-cv-21107; *Hall v. Bank of America Corp.*, No. 12-cv-22700; *Fladell v. Wells Fargo Bank N.A.*, No. 13-cv-60721; and *Lopez v. HSBC Bank USA NA*, No. 13-cv-21104.

8.       "Describe" means to give detail sufficient: (i) to explain accurately and comprehensively the facts, background and circumstances which refer or relate to the

information sought in the Interrogatory including, where applicable, the date, time and place; and (ii) to Identify all Persons, Documents, Communications, acts, events, occurrences, and instances relating to the information sought in the Interrogatory.

9.    The term "Event of Default" means any event defined in the Governing Agreement for any Bellwether Trust as an Event of Default.

10.    "FHFA Coordinated Litigation" refers collectively to the following actions: (1) *Federal Housing Finance Agency v. General Electric Company, et al.*, No. 11-cv-07048 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. CitiGroup Inc., et al.*, No. 11-cv-06196 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association, et al. v. UBS Americas, Inc., et al.*, No. 11-cv-05201 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. JPMorgan Chase & Co., et al.*, No. 11-cv-06188 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. Deutsche Bank AG, et al.*, No. 11-cv-06192 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation  v. Ally Financial Inc., et al.*, No. 11-cv-07010 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association, et al. v. Morgan Stanley, et al.*, No. 11-cv-06739 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. SG Americas, Inc., et al.*, No. 11-cv-06203 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. Credit Suisse Holdings (USA) Inc., et al.*, No. 11-cv-06200 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. Bank of America Corp., et al.*, No. 11-cv-06195 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency, as Conservator for the Federal National Mortgage Association, et al. v. Countrywide Financial Corporation, et al.*, No. 11-cv-06916 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency, as Conservator for the Federal National Mortgage Association, et al. v. Countrywide Financial Corporation, et al.*, No. 11-cv-06916

(DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. Barclays Bank Plc, et al.*, No. 11-cv-06190 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association, et al. v. First Horizon National Corporation, et al.*, No. 11-cv-06193 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. The Royal Bank of Scotland Group, plc., et al.*, No 11-cv-01383 (AWT) (D. Conn.); *Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association, et al. v. Goldman Sachs & Co., et al.*, No. 11-cv-06198 (DLC) (S.D.N.Y.); *Federal Housing Finance Agency v. HSBC North America Holdings Inc., et al.*, No. 11-cv-06189 (DLC) (S.D.N.Y.); and *Federal Housing Finance Agency v. Nomura Holding America Inc.*, No. 11-06201 (DLC) (S.D.N.Y.).

11. "Governing Agreements" refers collectively or disjunctively to the PSAs and Indentures for the Bellwether Trusts.

12. "Holder" or "Owner" refers to the holders or owners of the Certificates or Notes as defined by the Governing Agreements, including the beneficial owners of the Certificates or Notes.

13. "Identify" shall mean:

(a) with respect to a Communication, means (i) to State the date, place and substance of the Communication; (ii) to Identify the Persons who were parties to the Communication; (iii) to Identify the Person on whose behalf each such Person was acting; and (iv) to Identify all other Persons present when the Communication occurred;

(b) with respect to a Document, means (i) to State its type (i.e., letter, memorandum, report, etc.), title, and date; (ii) its subject matter; (iii) its author's identity; (iii) its addressee's identity; (iv) its present location; and (v) its custodian's identity; and/or

(c) with respect to an act, event, occurrence, or instance, means (i) to fully Describe that act, event, occurrence, or instance; (ii) to State the date and place of that act, event, occurrence, or instance; (iii) to Identify all Persons involved and the nature of their involvement; and (iv) to Identify all Documents and Communications which refer or relate to that act, event, occurrence, or instance.

14.     "Litigation" shall mean the above-captioned actions.

15.     The term "Loan" or "Loans" means any or all mortgage loans underlying or collateralizing the Certificates or Notes, including any or all mortgage loans identified on any loan tape provided in connection with the offer or sale of the Certificates or Notes.

16.     "Interagency Review of Foreclosure Practices" refers to The Federal Reserve System, the Office of the Comptroller of the Currency (OCC), the Federal Deposit Insurance Corporation (FDIC), and the Office of Thrift Supervision (OTS) review, examinations, findings and regulatory proceedings against fourteen federally regulated residential mortgage servicers (Bank of America, Citibank, HSBC, JPMorgan Chase, MetLife, PNC, US Bank, Wells Fargo, GMAC Mortgage, LLC, an affiliate of FDIC-regulated Ally Bank, SunTrust, Aurora Bank, OneWest Bank, Sovereign Bank, and EverBank).

17.     The term "Originator" means any financial institution that directly or indirectly sold Loans underlying or collateralizing any of the Certificates or Notes, as well as its officers, directors, employees, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting or purporting to act on its behalf.

18.     "Mortgage Files," "Mortgage Loans" and "Mortgage Loan Schedules" each refer collectively or disjunctively to the documentation (including, without limitation, the note and modifications, the lien, and the assignment) for mortgages held by the Bellwether Trusts.

19.     "Notes" means the publicly offered securities issued by the Bellwether Trusts governed by Indentures.

20.     "Person" or "persons," as defined in Local Rule 26.3, refers to "any natural person or any legal entity, including, without limitation, any business or governmental entity or association."

21.     "Refer" or "relate" or "referring" or "relating" means all documents which comprise, explicitly or implicitly refer to, were reviewed in conjunction with, or were created, generated or maintained as a result of the subject matter of the request, including, without limitation, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request.

22.     "Representation and/or Warranty" shall mean and include any representation and/or warranty made in a Governing Agreement, or in connection with a Governing Agreement, concerning any Loan.

23.     "Servicer" shall mean any mortgage loan servicer, master servicer, or sub-servicer identified in, or appointed pursuant to, any Governing Agreement, and any successor servicer(s), master servicer(s), or sub-servicer(s) appointed pursuant to a Governing Agreement.

24.     "Sponsor" means any financial institution that securitized the Loans underlying or collateralizing the Certificates or Notes, as well as its officers, directors, employees, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting or purporting to act on its behalf.

25.     "You" or "Your" or "HSBC" means HSBC Bank USA, National Association, and includes any subsidiaries, parents or affiliated corporations, present or former officers, directors, employees, successors, predecessors, investigators, attorneys, accountants, agents or representatives.

## RELEVANT TIME PERIOD FOR TOPICS

Unless otherwise specified herein, the relevant time period for these Interrogatories is January 1, 2004 through the present.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify and Describe the functions of all Persons that You engaged in connection with Your administration of the Bellwether Trusts for the purposes of analyzing, evaluating or reviewing an Originator's, Sponsor's or Servicer's compliance with the Governing Agreements and any federal, state or local requirement, and the Documents You sent or received in connection with this assignment.

### INTERROGATORY NO. 2:

Identify each Document or Communication You received alleging, identifying, or discussing a breach or a potential breach of a Representation and Warranty occurring within a Bellwether Trust, irrespective of Your position with respect to the allegation.

### INTERROGATORY NO. 3:

For each Document and Communication Identified in Your response to Interrogatory No. 2, describe all steps that You took when you became aware of the Document or Communication, including all steps you took to protect the rights of the Holders.

**INTERROGATORY NO. 4:**

Identify each Document or Communication You received alleging, identifying, or discussing a breach or a potential breach of a servicing obligation occurring within a Bellwether Trust, irrespective of Your position with respect to the allegation.

**INTERROGATORY NO. 5:**

For each Document and Communication Identified in Your response to Interrogatory No. 4, describe all steps that You took when you became aware of the Document or Communication, including all steps you took to protect the rights of the Holders.

**INTERROGATORY NO. 6:**

Identify each written notice of a breach of representation or warranty made by an Originator or Sponsor in respect of a Loan within a Bellwether Trust that You sent or provided to the parties to the applicable Governing Agreement.

**INTERROGATORY NO. 7:**

Identify all demands made by You or any other entity to repurchase any of the Loans from the Bellwether Trusts, the specific Loans subject to the demand and any Persons involved in the demand, response or negotiation with respect to the repurchase request, including the title, dates of employment, and role of each person.

**INTERROGATORY NO. 8:**

Identify each written notice of a breach of a servicing obligation made by a Servicer in respect of a Loan within a Bellwether Trust that You sent or provided to the responsible Servicer.

**INTERROGATORY NO. 9:**

Identify each written notice of an Event of Default occurring within a Bellwether Trust that you sent or provided to the responsible Servicer.

**INTERROGATORY NO. 10:**

Identify each written notice of an uncured Event of Default within a Bellwether Trust that You sent or provided to Holders.

**INTERROGATORY NO. 11:**

Describe all steps that You took to evaluate any potential conflicts of interest as Trustee with the Holders.

**INTERROGATORY NO. 12:**

Describe all steps that You took to evaluate or estimate Your potential liability for alleged defective loans and alleged violations of servicing standards and requirements.

**INTERROGATORY NO. 13:**

Identify all lawsuits (by providing the name and case number of the case, the court in which the case is pending, and the current status or final disposition of the case) in which You were a party or received a subpoena, alleging non-compliance with underwriting or servicing guidelines or breaches of any of the Governing Agreements by an Originator, Servicer, or Sponsor.

**INTERROGATORY NO. 14:**

Identify all governmental investigations in which you received a subpoena, civil investigative demand, or similar request for documents or information, including the Interagency Review of Foreclosure Practices and the investigation that recently culminated in Your agreement with the U.S. Department of Justice, the Department of Housing and Urban Development (HUD) and the

Consumer Financial Protection Bureau to pay $470 million to resolve claims concerning Your origination, servicing and foreclosure practices.

**INTERROGATORY NO. 15:**

Identify all transcripts, sworn statements, affidavits, declarations or other records of testimony or statements under oath that any of Your officers and employees provided in connection with the proceedings identified in Your responses to Interrogatory Nos. 4-5.

**INTERROGATORY NO. 16:**

Identify all compensation or other income You received in connection with the Bellwether Trusts, including annual fees, transactional fees, ancillary fees, and float income.

**INTERROGATORY NO. 17:**

Identify the banking institutions and accounts that You used to deposit and hold funds for the benefit of the Bellwether Trusts.

**INTERROGATORY NO. 18:**

Identify all tolling agreements or similar agreements that You entered into with any Originator, Servicer, or Sponsor.

**INTERROGATORY NO. 19:**

Identify all Persons, including legal and compliance professionals on whose work, advice, professional judgment, and opinions You relied, as alleged in Your Answers, and describe the advice and opinions provided by those Persons.

**INTERROGATORY NO. 20:**

Identify the way(s) that Plaintiffs failed to mitigate their damages, as You allege in Your Answers.

**INTERROGATORY NO. 21:**

Identify all settlements, releases, or accords and satisfactions that bar Plaintiffs' claims, as You allege in Your Answers.

**INTERROGATORY NO. 22:**

Identify (by name, job title, job responsibilities, dates of employment and reporting structure) all HSBC personnel involved in the FHFA Coordinated Litigation, Interagency Review of Foreclosure Practices, or the Coordinated Force Placed Insurance Litigation, and the nature of such involvement in these proceedings (e.g., communications with the counsel for litigants; the search, collection or disclosure of information and documents; etc.).

**INTERROGATORY NO. 23:**

Identify all policies and procedures governing Your trusteeship of the Bellwether Trusts, and identify all persons responsible for drafting, revising, and implementing these policies and procedures.

Dated: March 3, 2016

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP

_____s/Benjamin Galdston_____
    BENJAMIN GALDSTON

BLAIR A. NICHOLAS
TIMOTHY A. DeLANGE
BENJAMIN GALDSTON
LUCAS E. GILMORE
12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

*Counsel for Plaintiffs BlackRock Balanced*
*Capital Portfolio (FI), et al.*

ROBBINS GELLER RUDMAN
   & DOWD LLP

_____s/Christopher M. Wood_____
   CHRISTOPHER M. WOOD

CHRISTOPHER M. WOOD
414 Union Street, Suite 900
Nashville, TN  37219
Tel:   (615) 244-2203
Fax:   (615) 252-3798
    -and-
ARTHUR C. LEAHY
DARRYL J. ALVARADO
CODY R. LeJEUNE
ASHLEY M. ROBINSON
HILLARY B. STAKEM
JENNIFER N. CARINGAL
JUAN CARLOS SANCHEZ

11

J. MARCO JANOSKI GRAY
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Tel:      (619) 231-1058
Fax:      (619) 231-7423
   -and-
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Tel:      (631) 367-7100
Fax:      (631) 367-1173

*Counsel for Plaintiff Royal Park Investments
SA/NV*

WOLLMUTH MAHER & DEUTSCH LLP                    KOREIN TILLERY, LLC

_____*s/ Steven S. Fitzgerald*_____                    _____*s/ John A. Libra*_____
STEVEN S. FITZGERALD                                  JOHN A. LIBRA

DAVID H. WOLLMUTH                                     JOHN A. LIBRA
RANDALL R. RAINER                                     GEORGE A. ZELCS
MICHAEL C. LEDLEY                                     MATTHEW C. DAVIES
STEVEN S. FITZGERALD                                  MAX C. GIBBONS
NIRAJ J. PAREKH                                       205 North Michigan Avenue, Suite 1950
SEAN P. MCGONIGLE                                     Chicago, IL 60601
500 Fifth Avenue                                     Tel:      (312-641-9750
New York, NY 10110                                   Fax:      (312) 641-9751
Tel:      (212) 382-3300
Fax:      (212) 382-0050

KOREIN TILLERY, LLC                                   WOLLMUTH MAHER & DEUTSCH LLP

GEORGE A. ZELCS                                       DAVID H. WOLLMUTH
JOHN A. LIBRA                                         RANDALL R. RAINER
MATTHEW C. DAVIES                                     MICHAEL C. LEDLEY
MAX C. GIBBONS                                        STEVEN S. FITZGERALD
205 North Michigan Plaza, Suite 1950                 NIRAJ J. PAREKH
Chicago, IL 60601                                    SEAN P. MCGONIGLE
Tel:      (312) 641-9750                             500 Fifth Avenue
Fax:      (312) 641-9760                             New York, NY 10110
   -and-                                              Tel:      (212) 382-3300
STEPHEN M. TILLERY                                    Fax:      (212) 382-0050
505 North Seventh Street, Suite 3600
St. Louis, MO 63101-1625                             *Counsel for Plaintiffs National Credit Union
Tel:      (314) 241-4844                             Administration Board, et al.*
Fax:      (314) 241-3525

*Counsel for Plaintiff Phoenix Light SF
Limited, et al.*