EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV, <br><br> Plaintiff, <br><br> v. <br><br> HSBC BANK USA, NATIONAL ASSOCIATION, <br><br> Defendant. | Case No. 14-CV-8175-LGS-SN |
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HSBC BANK USA, NATIONAL ASSOCIATION, <br><br> Defendant. | Case No. 14-CV-9366-LGS-SN |
| PHOENIX LIGHT SF LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HSBC BANK USA, NATIONAL ASSOCIATION, <br><br> Defendant. | Case No. 14-CV-10101-LGS-SN |

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*,<br><br>       Plaintiffs,<br><br>  v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>      Defendant. | Case No. 15-CV-2144-LGS-SN |
| COMMERZBANK AG,<br><br>       Plaintiff,<br>  v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>      Defendant. | Case No. 15-CV-10032-LGS-SN |
| TRIAXX PRIME CDO 2006-1, LTD, *et al.*,<br><br>       Plaintiffs,<br>  v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>      Defendant. | Case No. 15-CV-10096-LGS-SN |

### HSBC BANK USA, N.A.'S RESPONSES AND OBJECTIONS TO COORDINATED PLAINTIFFS' FIRST SET OF JOINT INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, HSBC Bank USA, N.A.

("HSBC") provides the following responses and objections to Coordinated Plaintiffs' First Set of

Joint Interrogatories dated March 3, 2016 (the "Interrogatories").

### GENERAL OBJECTIONS

1.     HSBC's specific objections to each Interrogatory are in addition to the general

limitations and objections set forth in this section.  These limitations and objections form a part

of the response to each Interrogatory and are set forth here to avoid the duplication of restating

them for each response.  The absence of a reference to a general objection should not be

construed as a waiver of the general objection as to the specific Interrogatory.

2.     HSBC objects to the Interrogatories to the extent they are not proportional to the

needs of the case nor reasonably calculated to lead to the discovery of admissible evidence under

the Federal Rules of Civil Procedure or the Local Rules of this Court or otherwise purport to

impose any obligation on HSBC beyond that required or permitted by the Federal Rules of Civil

Procedure or the Local Rules of this Court, or other rules or practices applicable to cases in this

Court.

3.     HSBC objects to providing any information that is protected from disclosure by

the attorney-client privilege, work-product doctrine, or any other applicable privilege or

protection.  Any disclosure of such information here or elsewhere is inadvertent and is not to be

construed as a waiver of any such privilege.

4.     HSBC objects to the Interrogatories to the extent they are vague and ambiguous,

overly broad, and could require an unduly burdensome search for information that is neither

relevant to the subject matter of the pending action nor proportional to the needs of the case.

5.     HSBC objects to the Interrogatories to the extent they are not reasonably

calculated to lead to the discovery of relevant evidence.  In all such instances, HSBC has

interpreted the specific Interrogatory as asking for, and have undertaken to provide, only such

information that reasonably relates to the subject matter of the action.

6.     HSBC objects to each Interrogatory to the extent it seeks information that is

duplicative, cumulative, and/or redundant of Plaintiffs' requests for the production of documents

or other discovery sought or provided in this action.

7.      HSBC objects to the extent that these interrogatories are not "a more practical method of obtaining the information sought than a request for production or a deposition."  L. R. Civ. P. 33.3(b).  HSBC further objects to the extent that the interrogatories seek "long narrative explanations" or "an account of [HSBC's] version of the facts," which numerous courts in this district have held to be prohibited by the local rule.  *See, e.g.*, *E\*Trade Fin. Corp. v. Deutsche Bank, AG*, No. 05-cv-902, 2006 WL 3267267, at \*1 (S.D.N.Y. Nov. 13, 2006); *McMenamin v. Kingson*, No. 97-cv-7005 DLC MHD, 1999 WL 47199, at \*3 (S.D.N.Y. Feb. 2, 1999).

8.      HSBC objects to each Interrogatory to the extent it seeks information that is already within Plaintiffs' possession, custody, or control, or that is equally available to them, on the grounds that such Interrogatories are unduly burdensome and oppressive.

9.      HSBC objects to each Interrogatory to the extent it seeks information not in HSBC's possession, custody, or control, or that is available from a more convenient, more efficient, less burdensome, or less expensive source.  HSBC's search will be limited to information in its possession, custody, or control.

10.     HSBC objects to each Interrogatory to the extent it seeks information that is publicly available.

11.     HSBC objects to each Interrogatory to the extent it seeks to define terms and/or characterize the evidence or pleadings in this matter.  To the extent HSBC adopts any terms used by Plaintiffs in the Interrogatories, such adoption is specifically limited to these responses.

12.     HSBC objects to each Interrogatory to the extent it seeks legal conclusions and/or ultimate factual determinations.

13.     HSBC objects to each Interrogatory on the grounds that discovery is ongoing.

The responses set forth below are based upon information and documents presently known to HSBC and/or their attorneys after having made, and while still in the process of making, a diligent search and investigation.  HSBC expressly reserves the right to supplement its responses.

14.    HSBC reserves the right to retract the production of information that is produced inadvertently and is later found to fall within a general or specific objection.

15.    In submitting these responses, HSBC expressly reserves the right to object on any ground whatsoever to the use as evidence or any other use of the information provided in this or any other proceeding.

16.    HSBC objects to the Interrogatories as premature, overly broad, and unduly burdensome to the extent they purport to request all reasons supporting certain contentions.  The reasons stated herein are based on facts presently known to HSBC and represent a diligent and good faith effort to respond to the Interrogatories.  HSBC's discovery and investigation into the matters specified is continuing.  Accordingly, HSBC reserves its right to supplement, alter, or change its objections or responses to Plaintiffs' Interrogatories as additional information becomes available.

17.    HSBC objects to each interrogatory, definition, or instruction to the extent that it prematurely seeks information to be provided by expert witnesses, or otherwise is premature in light of any applicable order, rule, doctrine, or accepted practice.  To the extent that HSBC herein agrees to provide such information, it will do so at the legally appropriate juncture.

18.    HSBC expressly reserves the right to supplement these General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    HSBC objects to the definition of the term "Coordinated Force Placed Insurance Litigation" to the extent it includes actions in which HSBC was not a party, namely all actions

listed except *Lopez v. HSBC Bank USA NA*, No. 13-cv-21104.  HSBC will interpret this term to include only *Lopez v. HSBC Bank USA NA* in its responses to these interrogatories.

2.      HSBC objects to the definition of "Event of Default" to the extent it means anything other than a "Master Servicer Event of Default" as defined under the Bellwether Trust PSAs or an "Indenture Event of Default" as defined under the Indenture for MLMBS 2007-2.  HSBC will interpret the term "Event of Default" accordingly in its responses to these interrogatories.

3.      HSBC objects to the definition of the term "FHFA Coordinated Litigation" to the extent it includes actions in which HSBC was not a party, namely all actions listed except *Federal Housing Finance Agency v. HSBC North America Holdings Inc.*, No. 11-cv-06189 (DLC) (S.D.N.Y.).  HSBC will interpret this term to include only *Federal Housing Finance Agency v. HSBC North America Holdings Inc.* in its responses to these interrogatories.

4.      HSBC objects to the definition of "Interagency Review of Foreclosure Practices" to the extent it refers to anything beyond the April, 2011 Interagency Review of Foreclosure Policies and Practices Report, published by the Federal Reserve System, the Office of the Comptroller of the Currency, and the Office of Thrift Supervision.

5.      HSBC objects to the elaborate definition of "Identify."  This definition necessarily turns any interrogatory using the term into multiple interrogatories by creating discrete subsets.  Plaintiff's definition would require HSBC to provide information that is separate and distinct from the communications, documents, and events directly mentioned in the interrogatories.  This ancillary information is better obtained through different means, such as through deposition testimony or through examination of documents.  When responding to interrogatories that request HSBC to "Identify" a communication, document, or event, HSBC will provide enough

information to put Plaintiffs on notice of the communication, document, or event.

6.      HSBC objects to the definitions of the terms "Originator" and "Sponsor" to the extent those definitions include the entities' officers, directors, employees, corporate parents, predecessors, subsidiaries, affiliates, divisions, branch offices, agents, representatives and "all other Persons" acting or purporting to act on their behalf.  When responding to interrogatories using the terms Originator and Sponsor, HSBC will interpret those terms to mean the specific entity that either originated or securitized the loans underlying or collateralizing the Certificates and Notes for the Bellwether Trusts.

7.      HSBC objects to the definition of the term "Servicer" to the extent it includes both Master Servicers and Servicers.  Master Servicers and Servicers are distinct entities under the governing agreements, and play different roles.  Accordingly, in responding to interrogatories including the term Servicer, HSBC will interpret it to be Servicer and not to include Master Servicer.

**RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify and Describe the functions of all Persons that You engaged in connection with Your administration of the Bellwether Trusts for the purposes of analyzing, evaluating or reviewing an Originator's, Sponsor's or Servicer's compliance with the Governing Agreements and any federal, state or local requirement, and the Documents You sent or received in connection with this assignment.

**RESPONSE TO INTERROGATORY NO. 1:**

HSBC objects to this interrogatory on the ground that is vague and ambiguous to the extent it does not articulate the specific Governing Agreement provisions or the federal, state or local requirements about which it asks.  HSBC also objects to this interrogatory on the ground and to the extent it calls for information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege or

immunity.  HSBC further objects to this interrogatory on the grounds that the term "engaged" is vague as to whether the interrogatory seeks information about Persons outside of HSBC, or whether it includes HSBC personnel; HSBC interprets the request as calling for information about Persons who are not HSBC personnel that HSBC engaged.  HSBC objects to this interrogatory to the extent it presupposes that HSBC had any duty to engage anyone to conduct investigations or analyses regarding the conduct of Originators, Servicers, and Sponsors. HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

HSBC served as indenture trustee in the Bellwether trusts.  HSBC's duties as indenture trustee were limited and generally did not include a duty to analyze, evaluate, or review the "compliance" of third party originators, sponsors or servicers.  To the extent HSBC engaged third parties through counsel in anticipation of litigation, such engagements are protected from disclosure by the attorney-client privilege, the common interest privilege, and the work product doctrine.

**INTERROGATORY NO. 2:**

Identify each Document or Communication You received alleging, identifying, or discussing a breach or a potential breach of a Representation and Warranty occurring within a Bellwether Trust, irrespective of Your position with respect to the allegation.

**RESPONSE TO INTERROGATORY NO. 2:**

HSBC objects to this interrogatory as vague and ambiguous to the extent it purports to call for information about alleged breaches or potential breaches of Representations and Warranties occurring in a Bellwether Trust without identifying alleged specific breaches in specific loans within the Bellwether Trusts; HSBC will limit its response to allegations of breaches or potential breaches of Representations and Warranties for mortgage loans within the

8

Bellwether Trusts.  By responding to this interrogatory, HSBC does not agree that any of the communications identified below relate to actual breaches of Representations and Warranties for mortgage loans in the Bellwether Trusts or that any of these communications triggered any contractual obligation for HSBC.  HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to following documents:

HSBCCTLA0095343, HSBCCTLA0095346, HSBCCTLA0095472, HSBCCTLA0095477, HSBCCTLA0095480, HSBCCTLA0095483, HSBCCTLA0095488, HSBCCTLA0095491, HSBCCTLA0095494, HSBCCTLA0095499, HSBCCTLA0095503, HSBCCTLA0095506, HSBCCTLA0095539, HSBCCTLA0095542, HSBCCTLA0095657, HSBCCTLA0095660, HSBCCTLA0095811, HSBCCTLA0095815, HSBCCTLA0095820, HSBCCTLA0095823, HSBCCTLA0095840, HSBCCTLA0095845, HSBCCTLA0095851, HSBCCTLA0095857, HSBCCTLA0095870, HSBCCTLA0095887, HSBCCTLA0095890, HSBCCTLA0095958, HSBCCTLA0095958, HSBCCTLA0095961, HSBCCTLA0095967, HSBCCTLA0096043, HSBCCTLA0096125, HSBCCTLA0096125, HSBCCTLA0096130, HSBCCTLA0096133, HSBCCTLA0096139, HSBCCTLA0096144, HSBCCTLA0096150, HSBCCTLA0096156, HSBCCTLA0096164, HSBCCTLA0096180, HSBCCTLA0096183, HSBCCTLA0096192, HSBCCTLA0096196, HSBCCTLA0096199, HSBCCTLA0096262, HSBCCTLA0096265, HSBCCTLA0096328, HSBCCTLA0096332, HSBCCTLA0096335, HSBCCTLA0096341, HSBCCTLA0096371, HSBCCTLA0096407, HSBCCTLA0096411, HSBCCTLA0096415, HSBCCTLA0096421, HSBCCTLA0096553, HSBCCTLA0096556,

HSBCCTLA0096648, HSBCCTLA0097072, HSBCCTLA0097113, HSBCCTLA0097117,

HSBCCTLA0097121, HSBCCTLA0097125, HSBCCTLA0146119, HSBCCTLA0146123,

HSBCCTLA0146126, HSBCCTLA0146202, HSBCCTLA0146206, HSBCCTLA0146209,

HSBCCTLA0151995, HSBCCTLA0151999, HSBCCTLA0152002, HSBCCTLA0152005,

HSBCCTLA0152009, HSBCCTLA0152013, HSBCCTLA0152016, HSBCCTLA0152019,

HSBCCTLA0274913, HSBCCTLA0274918, HSBCCTLA0274921, HSBCCTLA0274930,

HSBCCTLA0274933, HSBCCTLA0274954, HSBCCTLA0274957, HSBCCTLA0274967,

HSBCCTLA0274970, HSBCCTLA0274972, HSBCCTLA0274974, HSBCCTLA0274976,

HSBCCTLA0274979, HSBCCTLA0278340, HSBCCTLA0278344, HSBCCTLA0278347,

HSBCCTLA0278378, HSBCCTLA0281752, HSBCCTLA0281757, HSBCCTLA0281763,

HSBCCTLA0281769, HSBCCTLA0281782, HSBCCTLA0282690, HSBCCTLA0282694,

HSBCCTLA0282697, HSBCCTLA0282701, HSBCCTLA0282704, HSBCCTLA1048172,

HSBCCTLA1048177, HSBCCTLA1048180, HSBCCTLA1048186, HSBCCTLA1048191,

HSBCCTLA1048359, HSBCCTLA1048364, HSBCCTLA1048367, HSBCCTLA1048373,

HSBCCTLA1048378.

**INTERROGATORY NO. 3:**

For each Document and Communication Identified in Your response to Interrogatory No. 2, describe all steps that You took when you became aware of the Document or Communication, including all steps you took to protect the rights of the Holders.

**RESPONSE TO INTERROGATORY NO. 3:**

HSBC objects to this interrogatory as vague, ambiguous, overbroad and overly

burdensome to the extent it purports to request a separate response for "each Document and

Communication" or seeks a description of "all steps."   HSBC also objects to this interrogatory

to the extent it calls for information protected from disclosure by the attorney-client privilege,

work product doctrine, common interest privilege, or any other applicable privilege or immunity.

HSBC further objects to this interrogatory to the extent there is a more practical method for obtaining this information, for example by examining the documents HSBC has produced or by questioning HSBC's witnesses at deposition.  HSBC objects to this interrogatory to the extent that it presupposes that HSBC had any obligation upon receipt of the communications identified in its response to the previous interrogatory, including any purported general obligation to "protect the rights of the Holders."  By responding to this interrogatory, HSBC does not agree that any of the communications identified below relate to actual breaches of Representations and Warranties for mortgage loans in the Bellwether Trusts or that any of these communications triggered any contractual obligation for HSBC.  HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to the following documents:

HSBCCTLA0095343, HSBCCTLA0095820, HSBCCTLA0095840, HSBCCTLA0095887, HSBCCTLA0095472, HSBCCTLA0095477, HSBCCTLA0095488, HSBCCTLA0095499, HSBCCTLA0095503, HSBCCTLA0095539, HSBCCTLA0095657, HSBCCTLA0095811, HSBCCTLA0095815, HSBCCTLA0095958, HSBCCTLA0096043, HSBCCTLA0096125, HSBCCTLA0096130, HSBCCTLA0096139, HSBCCTLA0096180, HSBCCTLA0096192, HSBCCTLA0096196, HSBCCTLA0096262, HSBCCTLA0096328, HSBCCTLA0096332, HSBCCTLA0096371, HSBCCTLA0096407, HSBCCTLA0096411, HSBCCTLA0096553, HSBCCTLA0096648, HSBCCTLA0097113, HSBCCTLA0097117, HSBCCTLA0146119, HSBCCTLA0146123, HSBCCTLA0146202, HSBCCTLA0146206, HSBCCTLA0151995, HSBCCTLA0151999, HSBCCTLA0152009, HSBCCTLA0152013,

HSBCCTLA0274913, HSBCCTLA0274918, HSBCCTLA0274930, HSBCCTLA0274954,

HSBCCTLA0278340, HSBCCTLA0278344, HSBCCTLA0281752, HSBCCTLA0282690,

HSBCCTLA0282694, HSBCCTLA0282701, HSBCCTLA1048172, HSBCCTLA1048177,

HSBCCTLA1048359, HSBCCTLA1048364.

**INTERROGATORY NO. 4:**

Identify each Document or Communication You received alleging, identifying, or discussing a breach or a potential breach of a servicing obligation occurring within a Bellwether Trust, irrespective of Your position with respect to the allegation.

**RESPONSE TO INTERROGATORY NO. 4:**

HSBC objects to this interrogatory as vague and ambiguous to the extent it purports to

call for information about alleged breaches or potential breaches of a servicing obligation

occurring in a Bellwether Trust without identifying the alleged specific servicing obligation that

Plaintiffs believe was breached.  HSBC will limit its response to allegations of breaches or

potential breaches of servicing obligations for mortgage loans within the Bellwether Trusts.  By

responding to this interrogatory, HSBC does not agree that any of the communications identified

below relate to actual breaches of servicing obligations with respect to mortgage loans in the

Bellwether Trusts or that any of these communications triggered any contractual obligation for

HSBC.  HSBC's investigation into this subject matter is still ongoing and it reserves the right to

supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to

the following documents:

HSBCCTLA1046803, HSBCCTLA1046816, HSBCCTLA1159136,

HSBCCTLA0000432, HSBCCTLA0000762, HSBCCTLA0000757.

**INTERROGATORY NO. 5:**

12

For each Document and Communication Identified in Your response to Interrogatory No. 4, describe all steps that You took when you became aware of the Document or Communication, including all steps you took to protect the rights of the Holders.

## RESPONSE TO INTERROGATORY NO. 5:

HSBC objects to this interrogatory as vague, ambiguous, overbroad and overly burdensome to the extent it purports to request a separate response for "each Document and Communication" or seeks a description of "all steps."   HSBC also objects to this interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege or immunity. HSBC further objects to this interrogatory to the extent there is a more practical method for obtaining this information, for example by examining the documents HSBC has produced or by questioning HSBC's witnesses at deposition.  HSBC objects to this interrogatory to the extent that it presupposes that HSBC had any obligation upon receipt of the communications identified in its response to the previous interrogatory, including any purported general obligation to "protect the rights of the Holders."  By responding to this interrogatory, HSBC does not agree that any of the communications identified below relate to actual breaches of servicing obligations with respect to mortgage loans in the Bellwether Trusts or that any of these communications triggered any contractual obligation for HSBC.  HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to the following documents:

HSBCCTLA1046813, HSBCCTLA0527329, HSBCCTLA1046800, HSBCCTLA0000432, HSBCCTLA0000762, HSBCCTLA0000757.

## INTERROGATORY NO. 6:

Identify each written notice of a breach of representation or warranty made by an Originator or Sponsor in respect of a Loan within a Bellwether Trust that You sent or provided to the parties to the applicable Governing Agreement.

**RESPONSE TO INTERROGATORY NO. 6:**

By responding to this interrogatory, HSBC does not agree that any of the communications identified below relate to actual breaches of Representations and Warranties for mortgage loans in the Bellwether Trusts or that any of these communications triggered any contractual obligation for HSBC.  HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

HSBC refers Plaintiffs to its response to Interrogatory Number 3, above.

**INTERROGATORY NO. 7:**

Identify **(a)** all demands made by You or any other entity to repurchase any of the Loans from the Bellwether Trusts, the specific Loans subject to the demand and **(b)** any Persons involved in the demand, response or negotiation with respect to the repurchase request, including **(c)** the title, dates of employment, and role of each person.

**RESPONSE TO INTERROGATORY NO. 7:**

HSBC objects to this interrogatory as vague, ambiguous, overbroad and overly burdensome to the extent it purports to request a separate response for "all demands," (by any other entity," or seeks a description of "any Persons involved."   HSBC also objects to this interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege or immunity.  HSBC further objects to this interrogatory on the ground that it comprises at least three discrete and independent subparts, as denoted by the "(a)", "(b)", and "(c)" inserted above, each of which counts as a separate interrogatory.  By responding to this interrogatory, HSBC does not agree that any of the communications identified below relate to actual breaches of

14

Representations and Warranties for mortgage loans in the Bellwether Trusts or that HSBC had a contractual obligation in each case to demand a repurchase of the mortgage loans in question. HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Subparts (a) – (c):

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to the following documents:

HSBCCTLA0095343, HSBCCTLA0095346, HSBCCTLA0095472, HSBCCTLA0095477, HSBCCTLA0095480, HSBCCTLA0095483, HSBCCTLA0095488, HSBCCTLA0095491, HSBCCTLA0095494, HSBCCTLA0095499, HSBCCTLA0095503, HSBCCTLA0095506, HSBCCTLA0095539, HSBCCTLA0095542, HSBCCTLA0095657, HSBCCTLA0095660, HSBCCTLA0095811, HSBCCTLA0095815, HSBCCTLA0095820, HSBCCTLA0095823, HSBCCTLA0095840, HSBCCTLA0095845, HSBCCTLA0095851, HSBCCTLA0095857, HSBCCTLA0095870, HSBCCTLA0095887, HSBCCTLA0095890, HSBCCTLA0095958, HSBCCTLA0095958, HSBCCTLA0095961, HSBCCTLA0095967, HSBCCTLA0096043, HSBCCTLA0096125, HSBCCTLA0096125, HSBCCTLA0096130, HSBCCTLA0096133, HSBCCTLA0096139, HSBCCTLA0096144, HSBCCTLA0096150, HSBCCTLA0096156, HSBCCTLA0096164, HSBCCTLA0096180, HSBCCTLA0096183, HSBCCTLA0096192, HSBCCTLA0096196, HSBCCTLA0096199, HSBCCTLA0096262, HSBCCTLA0096265, HSBCCTLA0096328, HSBCCTLA0096332, HSBCCTLA0096335, HSBCCTLA0096341, HSBCCTLA0096371, HSBCCTLA0096407, HSBCCTLA0096411, HSBCCTLA0096415, HSBCCTLA0096421, HSBCCTLA0096553, HSBCCTLA0096556,

HSBCCTLA0096648, HSBCCTLA0097072, HSBCCTLA0097113, HSBCCTLA0097117,

HSBCCTLA0097121, HSBCCTLA0097125, HSBCCTLA0146119, HSBCCTLA0146123,

HSBCCTLA0146126, HSBCCTLA0146202, HSBCCTLA0146206, HSBCCTLA0146209,

HSBCCTLA0151995, HSBCCTLA0151999, HSBCCTLA0152002, HSBCCTLA0152005,

HSBCCTLA0152009, HSBCCTLA0152013, HSBCCTLA0152016, HSBCCTLA0152019,

HSBCCTLA0274913, HSBCCTLA0274918, HSBCCTLA0274921, HSBCCTLA0274930,

HSBCCTLA0274933, HSBCCTLA0274954, HSBCCTLA0274957, HSBCCTLA0274967,

HSBCCTLA0274970, HSBCCTLA0274972, HSBCCTLA0274974, HSBCCTLA0274976,

HSBCCTLA0274979, HSBCCTLA0278340, HSBCCTLA0278344, HSBCCTLA0278347,

HSBCCTLA0278378, HSBCCTLA0281752, HSBCCTLA0281757, HSBCCTLA0281763,

HSBCCTLA0281769, HSBCCTLA0281782, HSBCCTLA0282690, HSBCCTLA0282694,

HSBCCTLA0282697, HSBCCTLA0282701, HSBCCTLA0282704, HSBCCTLA1048172,

HSBCCTLA1048177, HSBCCTLA1048180, HSBCCTLA1048186, HSBCCTLA1048191,

HSBCCTLA1048359, HSBCCTLA1048364, HSBCCTLA1048367, HSBCCTLA1048373,

HSBCCTLA1048378.

**INTERROGATORY NO. 8:**

Identify each written notice of a breach of a servicing obligation made by a Servicer in respect of a Loan within a Bellwether Trust that You sent or provided to the responsible Servicer.

**RESPONSE TO INTERROGATORY NO. 8:**

HSBC objects to this interrogatory as vague and ambiguous to the extent it purports to

call for information about alleged breaches of servicing obligations without identifying the

alleged specific servicing obligation that Plaintiffs believe was breached.  HSBC will limit its

response to written allegations of breaches or potential breaches of servicing obligations for

mortgage loans within the Bellwether Trusts.  HSBC objects to this interrogatory to the extent

that it presupposes that HSBC had any obligation to send any notice of breach to a "responsible Servicer." By responding to this interrogatory, HSBC does not agree that any of the communications identified below relate to actual breaches of servicing obligations with respect to mortgage loans in the Bellwether Trusts or that any of these communications triggered any contractual obligation for HSBC. HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to the following documents:

HSBCCTLA0000432, HSBCCTLA0000762, HSBCCTLA0000757.

**INTERROGATORY NO. 9:**

Identify each written notice of an Event of Default occurring within a Bellwether Trust that you sent or provided to the responsible Servicer.

**RESPONSE TO INTERROGATORY NO. 9:**

HSBC objects to this interrogatory as vague and ambiguous to the extent it does not define the specific circumstance that Plaintiffs purport constituted an "Event of Default" or the entity Plaintiffs assert was "the responsible Servicer." HSBC further objects to this interrogatory to the extent it incorrectly presumes that Events of Default as defined in the Governing Agreements relate to the conduct of Servicers or that HSBC, as indenture trustee, had duties with respect to the oversight of servicers. By responding to this interrogatory, HSBC does not agree that written notice of Events of Default were required under the Governing Agreements to have been provided by HSBC to Servicers or that such notices would have constituted Master Servicer Events of Default or Issuer Events of Default, or triggered any contractual obligations for HSBC. HSBC construes this request as calling for information concerning Master Servicer Events of

Default or Issuer Events of Default as those terms are defined in the Governing Agreements. HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

HSBC is not aware of any such "Event of Default" as defined in the relevant Governing Agreements occurring in a Bellwether Trust.  Accordingly, HSBC is also unaware of any written notice of such an "Event of Default" occurring in a Bellwether Trust being sent to a "responsible Servicer" by HSBC.

**INTERROGATORY NO. 10:**

Identify each written notice of an uncured Event of Default within a Bellwether Trust that You sent or provided to Holders.

**RESPONSE TO INTERROGATORY NO. 10:**

HSBC objects to this interrogatory as vague and ambiguous to the extent it does not define the specific circumstance that Plaintiffs purport constituted an "uncured Event of Default."  By responding to this interrogatory, HSBC does not agree that any conduct would constitute an "Event of Default" other than a Master Servicer Event of Default or Issuer Event of Default, as defined in the Governing Agreements, or that purported notices of generic "uncured Events of Default" triggered any contractual obligations for HSBC.  HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

HSBC is not aware of any such "Event of Default" as defined in the relevant Governing Agreements occurring in a Bellwether Trust.  Accordingly, HSBC is not aware of any written

18

notice of a Master Servicer Event of Default or Issuer Event of Default in a Bellwether Trust sent to a Holder by HSBC.

## INTERROGATORY NO. 11:

Describe all steps that You took to evaluate any potential conflicts of interest as Trustee with the Holders.

## RESPONSE TO INTERROGATORY NO. 11:

HSBC objects to this interrogatory as vague and ambiguous to the extent it does not define the specific circumstance that Plaintiffs purport constituted "any potential conflicts of interest." HSBC also objects to this interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege or immunity. HSBC further objects to this interrogatory on the ground that it is vague as to timeframe. HSBC further objects to this interrogatory on the ground that the term "Holders" is vague and it is unclear whether the interrogatory is seeking information about specific Holders or about a class of Holders in general. HSBC further objects to this interrogatory to the extent that it calls for a legal conclusion. HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

At the time each of the Bellwether Trusts closed, and continuing to the present day, HSBC was not necessarily aware of the specific identities of each of the Holders in the Bellwether Trusts. In any event, HSBC is not aware of any conflicts of interest with such Holders in the Bellwether Trusts.

## INTERROGATORY NO. 12:

Describe all steps that You took to evaluate or estimate Your potential liability for alleged defective loans and alleged violations of servicing standards and requirements.

19

**RESPONSE TO INTERROGATORY NO. 12:**

HSBC objects to this interrogatory as vague and ambiguous to the extent it does not define the specific circumstance that Plaintiffs purport constituted "alleged defective loans or alleged violations of servicing standards." HSBC also objects to this interrogatory as vague, ambiguous, overbroad and overly burdensome to the extent it does not define the loans and trusts about which it asks. HSBC interprets the request as seeking information relating to HSBC's role as indenture trustee in the Bellwether Trusts. HSBC further objects to this interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege or immunity. HSBC further objects to this interrogatory to the extent it incorrectly presumes that HSBC as indenture trustee was a guarantor of representations and warranties made by third parties or had obligations to supervise servicers and therefore could theoretically have "potential liability for alleged defective loans and alleged violations of servicing standards." By responding to this interrogatory, HSBC does not agree that it has or had any liability or potential liability for alleged defective loans or alleged violations of servicing standards or requirements. HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

HSBC does not agree that under the Governing Agreements in the Bellwether Trusts it has any liability or potential liability as indenture trustee for allegedly defective loans or alleged violations of servicing standards. To the extent HSBC conducted any analyses regarding such liability, such analysis would be protected from disclosure under the attorney client, work product, and common interest privileges.

**INTERROGATORY NO. 13:**

Identify all lawsuits (by providing the name and case number of the case, the court in which the case is pending, and the current status or final disposition of the case) in which You were a party or received a subpoena, alleging non-compliance with underwriting or servicing guidelines or breaches of any of the Governing Agreements by an Originator, Servicer, or Sponsor.

**RESPONSE TO INTERROGATORY NO. 13:**

HSBC objects to this interrogatory as vague and ambiguous to the extent it does not define the specific circumstance that Plaintiffs purport constituted "non-compliance with underwriting or servicing guidelines or breaches of any of the Governing Agreements." HSBC further objects to this interrogatory to the extent it does not define the trusts, Originators, Servicers, or Sponsors about which it asks. HSBC interprets the request as calling for information concerning lawsuits involving a Bellwether Trust. HSBC also objects to this interrogatory as overbroad and overly burdensome to the extent it seeks information about foreclosure actions relating to mortgage loans in a Bellwether Trust; HSBC will not include information about foreclosure actions. By responding to this interrogatory, HSBC does not agree that any allegation establishes that an Originator, Servicer, or Sponsor in fact breached any of the Governing Agreements for the Bellwether Trusts, or that HSBC had any contractual obligation to act regarding the examples provided in its response. HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

- *Allstate Insurance Company, et al. v. ACE Securities*, No. 650431/2011, New York Supreme Court, New York County.

21

- *FHFA v. UBS Americas, Inc., et al.*. No. 11-cv-5201, United States District Court, Southern District of New York.

- *Massachusetts Mutual Life Ins. Co. v. DB Structured Products, Inc. et al.*, No. 3:11cv30039, United States District Court, District of Massachusetts.

- *The Prudential Insurance Company of America, et al. v. RBS Financial Products, Inc., et al.*, No. ESX-L-6206-12, Superior Court of New Jersey Law Division, Essex County.

**INTERROGATORY NO. 14:**

Identify all governmental investigations in which you received a subpoena, civil investigative demand, or similar request for documents or information, including the Interagency Review of Foreclosure Practices and the investigation that recently culminated in Your agreement with the U.S. Department of Justice, the Department of Housing and Urban Development (HUD) and the Consumer Financial Protection Bureau to pay $470 million to resolve claims concerning Your origination, servicing and foreclosure practices.

**RESPONSE TO INTERROGATORY NO. 14:**

HSBC objects to this interrogatory as vague, ambiguous, overbroad, and unduly

burdensome to the extent that it purports to seek information regarding "all governmental

investigations," and not relevant and not proportional to the needs of this case including to the

extent it purports to seek information regarding HSBC's "origination, servicing and foreclosure

practices," which are not relevant to Plaintiffs' claims against HSBC as indenture trustee.  HSBC

further objects to this interrogatory to the extent it calls for information protected from disclosure

by the attorney-client privilege, work product doctrine, common interest privilege, or any other

applicable privilege or immunity.  HSBC further objects to this interrogatory to the extent it

seeks information unrelated to HSBC's administration of the Bellwether Trusts; HSBC will limit

its response to government investigations in which HSBC received a subpoena related to the

Bellwether Trusts.  HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

From time to time, HSBC receives requests for information including in the form of subpoenas issued by various governmental entities.  These information requests have included documents related to trusts for which HSBC serves as indenture trustee, including subpoenas issued by the DOJ on or about February 24, 2012 and on or about May 29, 2013.  The issuance of a subpoena is not an indication that any governmental authority has determined any person or entity has violated the law, that any such violation has occurred, and is not to be construed as a reflection upon any person or entity.  Government correspondence accompanying a subpoena routinely note these qualifications.  As additional information in response to this interrogatory, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to the following documents:

HSBCCTLA0127939, HSBCCTLA0684112, HSBCCTLA0683811, HSBCCTLA0683691, HSBCCTLA0683611, HSBCCTLA0683470, HSBCCTLA0683450, HSBCCTLA0684072.

**INTERROGATORY NO. 15:**

Identify all transcripts, sworn statements, affidavits, declarations or other records of testimony or statements under oath that any of Your officers and employees provided in connection with the proceedings identified in Your responses to Interrogatory Nos. 4-5.

**RESPONSE TO INTERROGATORY NO. 15:**

HSBC objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to seek information regarding "all transcripts, sworn statements, affidavits, declarations or other records" for "any of Your officers and employees." HSBC further objects to this interrogatory as not relevant and not proportional to the needs of

23

this case to the extent it purports to seek information regarding collateral proceedings that are

unrelated to HSBC's role as indenture trustee in the Bellwether Trusts.  HSBC further objects to

this interrogatory to the extent it calls for information protected from disclosure by the attorney-

client privilege, work product doctrine, common interest privilege, or any other applicable

privilege or immunity.  HSBC's investigation into this subject matter is still ongoing and it

reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Interrogatory Numbers 4 and 5 did not request the identification of any proceedings and

HSBC did not identify any proceedings in its responses to Interrogatory Numbers 4 and 5.

**INTERROGATORY NO. 16:**

Identify all compensation or other income You received in connection with the
Bellwether Trusts, including annual fees, transactional fees, ancillary fees, and float income.

**RESPONSE TO INTERROGATORY NO. 16:**

HSBC objects to this interrogatory as vague and ambiguous to the extent the

interrogatory does not define the term "compensation or other income."  HSBC will apply the

common meaning of the term income and interpret the term to mean the annual fees,

transactional fees, ancillary fees, and float income, if any, HSBC was contractually entitled to

receive as income for serving as indenture trustee for the Bellwether Trusts.  By responding to

this interrogatory, HSBC is not agreeing that it received all of those forms of payment for its role

as indenture trustee for the Bellwether Trusts.  HSBC's investigation into this subject matter is

still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to

the following documents:

HSBCCTLA0000010, HSBCCTLA0000337, HSBCCTLA0000414,

HSBCCTLA0000452, HSBCCTLA0000559, HSBCCTLA0002433, HSBCCTLA0000587,

HSBCCTLA0000812, HSBCCTLA0000774, HSBCCTLA0002474, HSBCCTLA0000722,

HSBCCTLA0001782, HSBCCTLA0001644, HSBCCTLA0001523, HSBCCTLA0001410,

HSBCCTLA0001326, HSBCCTLA0001006, HSBCCTLA0002348, HSBCCTLA0002290,

HSBCCTLA0477537, HSBCCTLA0014672, HSBCCTLA0002221, HSBCCTLA0002061,

HSBCCTLA0001949.

**INTERROGATORY NO. 17:**

Identify the banking institutions and accounts that You used to deposit and hold funds for the benefit of the Bellwether Trusts.

**RESPONSE TO INTERROGATORY NO. 17:**

HSBC objects to this interrogatory to the extent that it incorrectly presupposes that HSBC

served in the role of Securities Administrator for the Bellwether Trusts.  HSBC's investigation

into this subject matter is still ongoing and it reserves the right to supplement this response as

discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

In its role as indenture trustee for the Bellwether Trusts, HSBC did not routinely receive

or hold funds from borrowers or from other deal parties for the benefit of the Bellwether Trusts,

and it did not distribute funds to Holders.  Those functions were performed by other parties to the

Governing Agreements.

**INTERROGATORY NO. 18:**

Identify all tolling agreements or similar agreements that You entered into with any Originator, Servicer, or Sponsor.

**RESPONSE TO INTERROGATORY NO. 18:**

HSBC objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to seek information regarding "all tolling or similar agreements" entered into with "any Originator, Servicer or Sponsor" without regard to the trust, time frame or issue tolled.  HSBC further objects to this interrogatory as not relevant and not proportional to the needs of this case to the extent it purports to seek information regarding collateral proceedings or claims that are unrelated to HSBC's role as indenture trustee in the Bellwether Trusts.  HSBC will limit its response to tolling agreements with Originators, Servicers, or Sponsors of the Bellwether Trusts that specifically relate to claims by or possible liabilities to the Bellwether Trusts.  By responding to this interrogatory, HSBC is not agreeing that any potential claims against such Originators, Servicers, or Sponsors of the Bellwether Trusts were or are meritorious or that HSBC had contractual obligations under the Governing Agreements with respect to such claims.  HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

HSBC has not identified any tolling agreements that it entered into with an Originator, Servicer, or Sponsor in a Bellwether Trust regarding claims by or possible liabilities to the Bellwether Trusts.

**INTERROGATORY NO. 19:**

**(a)** Identify all Persons, including legal and compliance professionals on whose work, advice, professional judgment, and opinions You relied, as alleged in Your Answers, and **(b)** describe the advice and opinions provided by those Persons.

**RESPONSE TO INTERROGATORY NO. 19:**

HSBC objects to this interrogatory as vague, ambiguous, overbroad, overly burdensome and premature.  HSBC further objects to this interrogatory on the ground and to the extent it calls for information protected from disclosure by the attorney-client privilege, work product doctrine,

common interest privilege, or any other applicable privilege or immunity. HSBC further objects to this interrogatory on the ground that certain Plaintiffs have exceeded the number of interrogatories allotted by Rule 33(a) of the Federal Rules of Civil Procedure. HSBC further objects to this interrogatory on the ground that it comprises at least two discrete and independent subparts, as denoted by the "(a)" and "(b)" inserted above, each of which counts as a separate interrogatory. HSBC further objects to this interrogatory on the ground that it is premature because HSBC has not yet elected to rely on the advice of legal and/or compliance professionals; unless and until HSBC elects to rely on such a defense, the information this interrogatory seeks remains protected from discovery by the attorney-client privilege and other applicable privileges and immunities. HSBC further objects to this interrogatory on the ground that it is premature because it is a contention interrogatory which is not properly served until the end of discovery; accordingly, HSBC will respond to both subparts of this interrogatory at the close of discovery.

## INTERROGATORY NO. 20:

Identify the way(s) that Plaintiffs failed to mitigate their damages, as You allege in Your Answers.

## RESPONSE TO INTERROGATORY NO. 20:

HSBC objects to this interrogatory on the ground and to the extent it calls for information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege or immunity. HSBC further objects to this interrogatory because discovery has not yet concluded, and Plaintiffs have not yet produced documents and witnesses on which HSBC will support its contention that Plaintiffs failed to mitigate their damages. HSBC further objects to this interrogatory on the ground that certain Plaintiffs have exceeded the number of interrogatories allotted by Rule 33(a) of the Federal Rules of Civil Procedure. HSBC further objects to this interrogatory on the ground that it is

premature because it is a contention interrogatory which is not properly served until the end of discovery; accordingly, HSBC will respond to this interrogatory at the close of discovery.

**INTERROGATORY NO. 21:**

Identify all settlements, releases, or accords and satisfactions that bar Plaintiffs' claims, as You allege in Your Answers.

**RESPONSE TO INTERROGATORY NO. 21:**

HSBC objects to this interrogatory on the ground and to the extent it calls for information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege or immunity. HSBC further objects to this interrogatory because discovery has not yet concluded, and Plaintiffs have not yet produced documents and witnesses on which HSBC will support its contention that Plaintiffs' claims are barred by settlements, releases, or accords. HSBC further objects to this interrogatory on the ground that certain Plaintiffs have exceeded the number of interrogatories allotted by Rule 33(a) of the Federal Rules of Civil Procedure. HSBC further objects to this interrogatory on the ground that it is premature because it is a contention interrogatory which is not properly served until the end of discovery; accordingly, HSBC will respond to this interrogatory at the close of discovery.

**INTERROGATORY NO. 22:**

Identify (by name, job title, job responsibilities, dates of employment and reporting structure) all HSBC personnel involved in **(a)** the FHFA Coordinated Litigation, **(b)** Interagency Review of Foreclosure Practices, or the **(c)** Coordinated Force Placed Insurance Litigation, and **(d) – (f)** the nature of such involvement in these proceedings (e.g., communications with the counsel for litigants; the search, collection or disclosure of information and documents; etc.).

**RESPONSE TO INTERROGATORY NO. 22:**

HSBC objects to this interrogatory as not relevant and not proportional to the needs of this case to the extent it purports to seek information regarding collateral proceedings or claims

that are unrelated to HSBC's role as indenture trustee in the Bellwether Trusts.  HSBC further

objects to this interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the

extent that it purports to seek information regarding "all HSBC personnel involved in" certain

collateral proceedings and then purports to provide a non-exclusive list of the nature of such

"involvement."  HSBC will provide information concerning employees who, based on its

understanding, were principally involved in these collateral lawsuits or review, and, for each

employee identified, that employee's name, title, dates of employment by HSBC Bank USA,

N.A., and general nature of their involvement in the relevant litigation or review.  HSBC further

objects to this interrogatory to the extent it calls for information protected from disclosure by the

attorney-client privilege, work product doctrine, common interest privilege, or any other

applicable privilege or immunity.  HSBC further objects to this interrogatory on the ground that

it comprises at least six discrete and independent subparts, as denoted by the "(a)" through "(f)"

inserted above, each of which counts as a separate interrogatory.  HSBC further objects to this

interrogatory to the extent it seeks information about individuals who were not employees of

HSBC Bank USA, N.A. ("HBUS") at the relevant time; HSBC will limit its response to

individuals who were HBUS employees after 2010 at the time of their involvement with the

FHFA Coordinated Litigation, the Interagency Review of Foreclosure Practices, or the

Coordinated Force Placed Insurance Litigation.  HSBC further objects to this interrogatory on

the ground that Plaintiffs have exceeded the number of interrogatories allotted by Rule 33(a) of

the Federal Rules of Civil Procedure.   HSBC's investigation into this subject matter is still

ongoing and it reserves the right to supplement this response as discovery progresses.

 Subject to the foregoing general and specific objections, HSBC responds as follows:

 <u>Subparts (a) and (d)</u>:

HBUS employees involved in the FHFA Coordinated Litigation:

| Name | Title | Dates of HBUS Employment since 1/1/2010 | Involvement |
|------|-------|------------------------------------------|-------------|
| Hertz, Marcy | Department Operations Manager; Manager of Servicing Oversight | 6/13/2011 – 12/22/2013; 12/22/2014 – present | Identified in initial disclosures. |
| Mattia, Gerard | SEVP & CFO; GGM CFO GB&M & CFO NA | 1/1/2010 – 7/31/2010; 7/1/2014 – present | Fact deponent. |
| Yang, Jae | Trading Assistant/Desk Strategist | 7/21/2014 – present | Identified in initial disclosures. |

Subparts (b) and (e):

HBUS employees involved in the Interagency Review of Foreclosure Practices:  HSBC objects to disclosure of specific information related to this review as protected from disclosure under the bank examination privilege.  The following general information is provided without waiver of any claim of privilege.

| Name | Title | Dates of HBUS Employment since 1/1/2010 | Involvement |
|------|-------|------------------------------------------|-------------|
| Glasgow, William | Head of Mortgage Servicing | 4/27/2015 – present | Involved in review coordination and oversight. |
| Hertz, Marcy | Department Operations Manager; Manager of Servicing Oversight | 6/13/2011 – 12/22/2013; 12/22/2014 – present | Involved in review coordination and oversight. |
| Privitera, Michael | SVP District Executive; SVP Senior District Executive; Senior Area Manager; SVP National Mortgage Sales & Marketing; SVP, Special Project Consultant | 1/1/2010 – 1/20/2013; 7/20/2015 – present | Involved in review coordination and oversight. |

<u>Subparts (c) and (f)</u>:  HBUS employees involved in the Coordinated Force Placed

Insurance Litigation:

| Name | Title | Dates of HBUS Employment since 1/1/2010 | Involvement |
|------|-------|-----------------------------------------|-------------|
| Hertz, Marcy | Department Operations Manager; Manager of Servicing Oversight | 6/13/2011 – 12/22/2013; 12/22/2014 – present | Assisted in responding to Plaintiff's document requests and identified as having knowledge of force placed insurance or related services; deponent; verified interrogatory responses; signed settlement agreement |

## INTERROGATORY NO. 23:

Identify **(a)** all policies and procedures governing Your trusteeship of the Bellwether Trusts, and **(b)** identify all persons responsible for drafting, revising, and implementing these policies and procedures.

## RESPONSE TO INTERROGATORY NO. 23:

HSBC objects to this interrogatory as vague, ambiguous, overbroad, and unduly

burdensome to the extent that it purports to seek the identification of "all policies and

procedures" "governing Your trusteeship" and "all persons" responsible for their drafting,

revision and implementation.  HSBC further objects to this interrogatory to the extent it calls for

information protected from disclosure by the attorney-client privilege, work product doctrine,

common interest privilege, or any other applicable privilege or immunity.  HSBC further objects

to this interrogatory on the ground that Plaintiffs have exceeded the number of interrogatories

allotted by Rule 33(a) of the Federal Rules of Civil Procedure.  HSBC further objects to this

interrogatory on the ground that it comprises at least two discrete and independent subparts, as

denoted by the "(a)" and "(b)" inserted above, each of which counts as a separate interrogatory. HSBC further objects to this interrogatory to the extent it seeks information about policies and procedures that are only tangentially related to the Bellwether Trusts or the claims and defenses in this case. HSBC's investigation into this subject matter is still ongoing and it reserves the right to supplement this response as discovery progresses.

Subject to the foregoing general and specific objections, HSBC responds as follows:

Subsections (a) and (b):

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, HSBC refers Plaintiffs to the following documents:

HSBCCTLA1159365, HSBCCTLA1179394, HSBCCTLA0097363, HSBCCTLA1164382, HSBCCTLA1179624, HSBCCTLA1178761, HSBCCTLA1178157, HSBCCTLA1178159, HSBCCTLA1179196, HSBCCTLA1156992, HSBCCTLA1156392, HSBCCTLA1179434, HSBCCTLA1179199, HSBCCTLA1179566, HSBCCTLA0097337, HSBCCTLA1156389, HSBCCTLA1154160, HSBCCTLA1176387, HSBCCTLA1179208, HSBCCTLA1179449, HSBCCTLA1179482, HSBCCTLA1179443, HSBCCTLA1176603, HSBCCTLA1179577, HSBCCTLA1179234, HSBCCTLA1179243, HSBCCTLA1179600, HSBCCTLA1176417, HSBCCTLA1165392, HSBCCTLA1179609, HSBCCTLA1159362, HSBCCTLA1179129, HSBCCTLA1176670, HSBCCTLA1165343, HSBCCTLA1159601, HSBCCTLA1177111, HSBCCTLA1177394, HSBCCTLA1179150, HSBCCTLA1179193, HSBCCTLA1179422, HSBCCTLA1179248, HSBCCTLA1179120, HSBCCTLA1176696, HSBCCTLA0097327, HSBCCTLA1179154, HSBCCTLA1176352, HSBCCTLA1179136, HSBCCTLA0097318, HSBCCTLA1161824, HSBCCTLA1176512, HSBCCTLA1176704, HSBCCTLA1176523, HSBCCTLA1176707, HSBCCTLA1176361, HSBCCTLA0097359,

HSBCCTLA1176520, HSBCCTLA1179382, HSBCCTLA0097300, HSBCCTLA1179188,

HSBCCTLA1176713, HSBCCTLA1178387, HSBCCTLA1176382, HSBCCTLA1176365,

HSBCCTLA1176740, HSBCCTLA1176715, HSBCCTLA0097296, HSBCCTLA1123922,

HSBCCTLA1179437, HSBCCTLA1176573, HSBCCTLA0097310, HSBCCTLA0097292,

HSBCCTLA0097288, HSBCCTLA1176565, HSBCCTLA1156383, HSBCCTLA0097332,

HSBCCTLA1176730, HSBCCTLA1176567, HSBCCTLA1179540, HSBCCTLA1179548,

HSBCCTLA0097375, HSBCCTLA1172944, HSBCCTLA0097264, HSBCCTLA1159224,

HSBCCTLA1176582, HSBCCTLA1179260, HSBCCTLA1176349, HSBCCTLA1179223,

HSBCCTLA0097345, HSBCCTLA1179590, HSBCCTLA1179121, HSBCCTLA1179308,

HSBCCTLA1176585, HSBCCTLA1176746, HSBCCTLA1179612, HSBCCTLA1159496,

HSBCCTLA1176751, HSBCCTLA1176754.

Dated:  May 3, 2016

By:   /s/  George A. Borden
George A. Borden
Kevin M. Hodges (*pro hac vice*)
Andrew W. Rudge  (*pro hac vice*)
Edward C. Reddington (*pro hac vice*)
Vidya Atre Mirmira (*pro hac vice*)
Eric C. Wiener (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
gborden@wc.com
khodges@wc.com
arudge@wc.com
ereddington@wc.com
vmirmira@wc.com
ewiener@wc.com

*Counsel for HSBC Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on May 3, 2016, upon the following by email.

/s/ Noah M. Weiss___
Noah M. Weiss

| | |
|---|---|
| Blair A. Nicholas<br>Timothy A. DeLange<br>Benjamin Galdston<br>Lucas E. Gilmore<br>David R. Kaplan<br>Hannah Elizabeth Ross<br>Jeroen Van Kwawegen<br>**BERNSTEIN LITOWITZ BERGER &**<br>**GROSSMAN LLP**<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Telephone No.: (858) 793-0070<br>Facsimile No.: (858) 793-0323<br>Email: blairn@blbglaw.com<br>      timothyd@blbglaw.com<br>      beng@blbglaw.com<br>      lucas.gilmore@blbglaw.com<br>      davidk@blbglaw.com<br>      hannah@blbglaw.com<br>      jeroen@blbglaw.com | *Counsel for Plaintiff BlackRock Balanced*<br>*Capital Portfolio (FI), et al.* |
| Samuel H. Rudman<br>**ROBBINS GELLER RUDMAN & DOWD**<br>**LLP**<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone No.: (631) 367-7100<br>Facsimile No.: (631) 367-1173<br>Email: srudman@rgrdlaw.com | *Counsel for Plaintiff Royal Park Investments*<br>*SA/NA* |
| Arthur C. Leahy<br>Steven W. Pepich<br>Luke Olts<br>Ashley M. Robinson<br>Jennifer N. Caringal<br>Cody R. Lejeune<br>Darryl Alvarado | *Counsel for Plaintiff Royal Park Investments*<br>*SA/NA* |

| | |
|---|---|
| Joseph Marco Janoski Gray<br>Juan Carlos Sanchez<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone No.:  (619) 231-1058<br>Facsimile:   (619) 231-7423<br>Email: artl@rgrdlaw.com<br>      stevep@rgrdlaw.com<br>      LOlts@rgrdlaw.com<br>      ashleyr@rgrdlaw.com<br>      jcaringal@rgrdlaw.com<br>      clejeune@rgrdlaw.com<br>      DAlvarado@rgrdlaw.com<br>      mjanoski@rgrdlaw.com<br>      jsanchez@rgrdlaw.com | |
| Christopher M. Wood<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Telephone No.: (615) 244-2203<br>Facsimile No.: (615) 252-3798<br>Email: cwood@rgrdlaw.com | *Counsel for Plaintiff Royal Park Investment SA/NA* |
| David H. Wollmuth<br>Randall R. Rainer<br>Michael C. Ledley<br>Steven S. Fitzgerald<br>Melissa A. Finkelstein<br>Niraj J. Parekh<br>Ryan A. Kane<br>Danielle A. D'Aquila<br>William A. Maher<br>Robert T. Franciscovich<br>Roselind F. Hallinan<br>Sean P. McGonigle<br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone No.: (212) 382-3300<br>Facsimile No.: (212) 382-0050<br>Email: dwollmuth@wmd-law.com<br>      rrainer@wmd-law.com<br>      mledley@wmd-law.com | *Counsel for Plaintiffs Phoenix Light SF Limited, et al.; National Credit Union Administration Board, et al.; and Commerzbank AG* |

| | |
|---|---|
| sfitzgerald@wmd-law.com<br>mfinkelstein@wmd-law.com<br>nparekh@wmd-law.com<br> rkane@wmd-law.com<br>ddaquila@wmd-law.com<br>wmaher@wmd-law.com<br>rfranciscovich@wmd-law.com<br>rhallinan@wmd-law.com<br>smcgonigle@wmd-law.com | |
| George A. Zelcs<br>John Libra<br>Matthew Davies<br>Maximilian C. Gibbons<br>**KOREIN TILLERY**<br>205 N. Michigan Ave., Suite 1950<br>Chicago, IL 60601<br>Tel:   (312) 641-9750<br> Fax: (312) 641-9751<br> Email: gzelcs@koreintillery.com<br>         jlibra@koreintillery.com<br>         mdavies@koreintillery.com<br>         mgibbons@koreintillery.com | *Counsel for Plaintiffs Phoenix Light SF Limited, et al.; and National Credit Union Administration Board, et al.* |
| Stephen M. Tillery<br>**KOREIN TILLERY**<br>505 North 7th Street, Suite 3600<br>St. Louis, MO 63101<br>Tel:   (314) 214-4844<br>Fax:   (314) 241-5325<br>Email: stillery@koreintillery.com | *Counsel for Plaintiffs Phoenix Light SF Limited, et al.; and National Credit Union Administration Board, et al.* |
| David C. Frederick<br>Wan Joo Kim<br>Gregory G. Rapawy<br>Scott K. Attaway<br>**KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC**<br>1615 M Street, N.W., Suite 400<br>Washington, DC 20036<br>Tel:  (202) 326-7967<br>Fax:  (202) 326-7999<br>Email: dfrederick@khhte.com<br>         wkim@khhte.com<br>         grapawy@khhte.com | *Counsel for National Credit Union Administration Board, et al.* |

| | |
|---|---|
| sattaway@khhte.com | |
| Charles R. Jacob III<br>John G. Moon<br>Kerrin T. Klein<br>**MILLER WRUBEL, P.C.**<br>570 Lexington Avenue, 25th Floor<br>New York, NY 10022<br>Tel: (212) 336-3500<br>Fax: (212) 336-3555<br>Email: cjacob@mw-law.com<br>      jmoon@mw-law.com<br>      kklein@mw-law.com | *Counsel for Plaintiffs Triaxx Prime CDO 2006-1, Ltd., et al.* |