LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD REDDINGTON
(202) 434-5063
ereddington@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 31, 2017

<u>Via ECF</u>

Honorable Sarah Netburn
Thurgood Marshall Courthouse
United States District Court

      Re:    <u>*BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*</u>, No. 14-CV-09366-LGS-SN

Dear Judge Netburn:

      I write on behalf of HSBC Bank USA, N.A. ("HSBC") to update the Court and request relief regarding ongoing deficiencies in the BlackRock Plaintiffs' discovery productions. HSBC has attempted to resolve these issues in good faith without further need for Court intervention, but it is clear that despite these best efforts, the BlackRock Plaintiffs do not intend to remedy these deficiencies. As a result, HSBC continues to be prejudiced in the taking of discovery and the preparation of its defense in this case.

**Missing ESI Ordered by the Court.** On October 17, 2016, the Court ordered Plaintiffs to "produce department and folder specific information as required by the ESI protocol." *See BlackRock* ECF No. 239 at 5. This information is needed so that HSBC can competently prepare for depositions—without it, HSBC cannot readily associate specific documents with specific deponents. Plaintiffs still have not complied with this Order and have ignored HSBC's repeated requests for a status update. This issue affects tens of thousands of documents produced by AEGON, BlackRock, DZ Bank, Kore, PIMCO, Prudential, and TIAA. In September, in order to facilitate Plaintiffs' efforts to correct this problem, HSBC provided Plaintiffs' counsel with the Bates numbers of documents affected by the problem. Since that time, Plaintiffs have provided the missing information for only *six* documents. The locations and custodians associated with Plaintiffs' document collection should be known to Plaintiffs, and it is their responsibility under the Court-ordered ESI protocol to provide it. The Court should require Plaintiffs to immediately provide this information to HSBC.

**BlackRock's Late and Incomplete Productions for Key Custodians.** In September, the Court directed BlackRock to search its archives for 11 key BlackRock custodians for whom BlackRock had produced no documents. Sept. 21, 2016 H'rg Tr. at 44:24-45:9. In October, BlackRock represented that it had identified backup tapes for 7 of these custodians, but could not identify backup tapes for 4 custodians. Per the Court's prior direction, HSBC selected 4 replacement custodians. Since that time, HSBC has repeatedly requested information about the status of these

custodians' productions, but Plaintiffs' counsel did not provide this information in a timely fashion. On January 19, 2017, BlackRock produced over 67,000 additional documents to HSBC, totaling more than 550,000 pages. HSBC is still attempting to organize and review this belated production, which will take time given its size. It appears that this production contains documents for some of the missing custodians (including some who BlackRock offered to HSBC for deposition in early February without informing HSBC that BlackRock still had a significant volume of documents to be produced for them but would not be doing so until late January). However, notwithstanding this January production, BlackRock still has not produced a single document for one of the BlackRock replacement custodians and has produced very low numbers of documents for the others. Additionally, even where BlackRock has produced documents for some missing or replacement custodians, there are large gaps in the date ranges associated with those productions. Accordingly, the Court should order BlackRock to inform HSBC of the status of BlackRock's outstanding productions for all of these custodians, explain its efforts to collect documents for the missing and replacement custodians, and expeditiously complete any remaining productions.

Additionally, in October, the Court also ordered BlackRock to confirm in writing that Scott Amero and Kishore Yalamanchili preserved their documents in the searched database (that is, active email files). *See BlackRock* ECF No. 239 at 4. BlackRock has not complied with this direction. This information is needed because the Court further ordered that, "[i]f these custodians did not preserve their documents in this fashion, BlackRock must report to HSBC on the availability of backup tapes and/or archives." *Id*. Despite HSBC's repeated requests, counsel for BlackRock has refused to provide HSBC with necessary information regarding the status of its productions for Mr. Amero or Mr. Yalamanchili. The Court should order BlackRock to provide HSBC with a written status update regarding the restoration of any backup tapes and when it will complete production for both Mr. Yalamanchili and Mr. Amero.

**TIAA's Missing Custodians and Metadata.** Custodian metadata is the standard organizing principle for any large-scale document production. In October, the Court ordered TIAA to "work[] to address the problem of missing custodian metadata." *See BlackRock* ECF No. 239 at 6. Despite HSBC's repeated attempts to remedy this issue without a second Court intervention, TIAA has failed to correct this issue or even provide HSBC with an update regarding its efforts to do so. The metadata that TIAA has provided HSBC to date shows that TIAA produced zero documents from the custodial files of eight TIAA custodians. Each of these custodians is a potential deponent for whom HSBC needs to prepare. If these counts are not accurate, then TIAA should be required to provide HSBC with a detailed written explanation and metadata that actually matches TIAA's claimed counts. TIAA's failure to provide accurate metadata in accordance with the ESI Protocol continues to impede HSBC's ability to review TIAA's production and prepare for depositions. Specifically, HSBC needs proper custodian metadata to determine which documents are associated with which custodians. The Court should order TIAA to fully comply with the ESI Protocol and provide HSBC with proper custodian metadata for the documents TIAA has produced in this case.

**Kore's Late and Incomplete Production.** Kore produced the vast majority of its documents after the August 11, 2016 deadline. HSBC now has had time to analyze this production, and it is

Honorable Sarah Netburn
January 31, 2017
Page 3

deficient. Over 99% of Kore's production consists of Bloomberg email blasts, which are commonly referred to as BWICs in the financial industry. These are not substantive documents that will be of much use in depositions. *BlackRock* counsel has tried to explain away the lack of substantive documents in Kore's production because Kore is a small business. This may be so, but it is still a sophisticated investment manager and small businesses use emails. HSBC has been able to identify emails involving Kore employees in the productions of other plaintiffs, and these emails are missing from Kore's production. The status of Kore's production continues to prejudice HSBC's ability to prepare for depositions of Kore witnesses. The Court should order Kore to promptly advise HSBC how long Kore preserved emails in active files before they were deleted or archived and to determine whether emails for Kore custodians are available in email archives. If so, Kore should produce responsive documents from the archives.

**DZ Bank's Failure to Preserve Family Relationships.** In October, the Court ordered DZ Bank to "work[] to address the problem of 'parent emails' and 'orphan attachments.'" *See BlackRock* ECF No. 239 at 5-6. On November 23, 2016, Mr. Galdston sent HSBC a letter explaining that DZ Bank lost the ability to recreate the original family relationship for these documents[1] during a 2011 email migration. DZ Bank's failure to preserve these family relationships is highly prejudicial to HSBC in the deposition phase of this case because HSBC has no way to tie the orphaned attachments back to their original senders and recipients. HSBC reserves all rights with respect to this preservation issue.

**Sealink's Failure to Produce Documents from Prior Holders.** On January 27, counsel for Sealink represented that Sealink was not asserting the claims of the prior owners and was asserting claims exclusively in its own right. HSBC is concerned that counsel is playing semantical games with this representation, and despite our best efforts for many months, we have been unable to clarify it. If Sealink intends to seek damages from before its period of ownership under any theory of assignment including by operation of law, then Sealink must obtain documents from prior holders. If Sealink does not intend to seek such damages (which is, at least, what has been implied by counsel's representation), the Court should order Sealink to confirm this to HSBC in writing.[2]

**Missing Assignor Documents**. HSBC has requested but Plaintiffs have refused to provide an update regarding their subpoenas to ascertain the identities of the prior holders of the securities at issue, along with subsequent efforts to actually obtain documents from those holders. This is a stalling tactic. Plaintiffs are taking the position that this Court's prior Order only requires them to issue a subpoena to identify prior holders and that nothing further is required. This is

---

[1] Following the September 21, 2016 discovery conference before the Court, HSBC provided DZ Bank with a detailed spreadsheet listing the Bates numbers of almost 8,000 parent emails that appear to be missing relevant attachments.

[2] HSBC has asked but Sealink's counsel has refused to confirm the meaning of his statement in his October 7, 2016 letter to the Court that, "in connection with its holdings in the three Bellwether Trusts, Sealink does not assert the claims of the prior owners under N.Y.G.O.L. § 13-107." *See BlackRock* ECF No. 234.

Honorable Sarah Netburn
January 31, 2017
Page 4

sophistry—the entire reason for identifying prior holders is so that Plaintiffs can then obtain relevant and responsive documents from them.  This is Plaintiffs' burden if they are attempting to prove that New York law applies to these transactions, or they are seeking the damages of prior holders.  The Court should order Plaintiffs to comply with the June 2, 2016 Order, and provide HSBC with a written status update.

                                                Sincerely,

                                                Edward Reddington

cc: All counsel via ECF