# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

February 3, 2017

**VIA ECF & HAND DELIVERY**

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 14-cv-9366 (S.D.N.Y.)

Dear Judge Netburn:

On behalf of Plaintiffs in this action, we write to respond to Defendant HSBC Bank USA, N.A.'s ("HSBC") January 31, 2017 letter [ECF No. 292] regarding supposed deficiencies in the BlackRock Plaintiffs' discovery productions.

### 1.   Plaintiffs Have Provided The Required Information Under The ESI Protocol

Plaintiffs have produced over 7.9 million documents in this action.  HSBC does not seriously dispute that Plaintiffs have provided the metadata specified under the ESI Protocol for over 99% of these documents.  Instead, HSBC apparently still takes issue with a minimal number of documents produced at the outset of discovery in this action.

The great majority of the records in question are centrally stored documents produced by Plaintiffs TIAA and DZ Bank, which at the time of collection did not possess the ESI metadata specified under the ESI Protocol.  Nevertheless, after meeting and conferring with HSBC, DZ Bank and TIAA, though their E-Discovery vendors, re-migrated the impacted centrally stored documents that had been previously produced, performed an electronic overlay on this collection, and re-produced each of these documents with the associated custodian and location information, including the full file path data, to the extent such metadata was available.  Nothing further is required under the ESI Protocol.

HSBC's remaining complaints on this issue concern a very small set of "loose file" documents produced *at the outset of discovery* by AEGON (40), BlackRock (32), Kore (2), PIMCO (1,629), and Prudential (40).  These documents are not custodian-specific or from shared drives.  Rather, they are administrative in nature, such as corporate filings, organizational charts, investment management/advisor agreements, and document retention policies.  The documents were provided to HSBC early on for informational purposes, largely to assist in the selection of appropriate custodians



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
February 3, 2017
Page 2

and to provide basic information about Plaintiffs' corporate structure and organization. Accordingly, there is no true electronic metadata for these documents.

2. **The BlackRock Plaintiffs Have Completed Their Productions For All Custodians**

As the Court is aware, BlackRock has agreed to search thirty-eight document custodians in this action. During the course of discovery, BlackRock learned that electronic data for eleven of its custodians was not reasonably accessible. At its own cost, BlackRock agreed to restore backup tapes containing the ESI for seven of these custodians. BlackRock, however, was unable to identify backup tapes for four custodians. In accordance with the Court's directions, BlackRock agreed to search four replacement custodians at HSBC's selection.

The BlackRock Plaintiffs completed their production for the restored and replacement BlackRock custodians by making a final production on January 19, 2017. HSBC's suggested claim that it was prejudiced by their most recent production is without merit. The production, which represents a small fraction of the nearly 1 million documents produced by BlackRock to date, was produced well in advance of any of these custodians' depositions.

Similarly, HSBC's claim that BlackRock has not produced a single document for one of the replacement custodians and has produced very low numbers of documents for the others is incorrect.[1] According to Plaintiffs' vendor's analysis, Plaintiffs have produced the following number of documents for the replacement custodians:

| Custodian | Document Count |
|---|---:|
| Arledge, Curtis | 1,799 |
| Dickstein, Akiva | 34,158 |
| Reider, Rick | 16,818 |
| Perillo, Glenn | 4,584 |

Likewise, Plaintiffs have repeatedly confirmed to HSBC, both orally and in writing, that BlackRock preserved and searched the active email files for Scott Amero and Kishore Yalamanchili that covered the relevant time period based on their dates of employment.

3. **TIAA Has Completed Its Production And Provided All Required Metadata**

HSBC's claim that TIAA has not provided sufficient custodian metadata with its productions is without merit. Months ago - on September 16, 2016 and October 10, 2016 - Plaintiffs served corrected overlays providing custodial metadata for TIAA's productions. Nothing more is required under the deposition protocol.

---

[1] The BlackRock Plaintiffs suspect that HSBC is not taking into account duplicate document overlays Plaintiffs performed.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
February 3, 2017
Page 3

_____

In addition, HSBC's assertions regarding the quantity of documents from the custodial files of the eight TIAA custodians in question is inaccurate according to Plaintiffs' vendor. Contrary to HSBC's suggestion, Plaintiffs explained that HSBC's document count for these custodians was inaccurate and provided HSBC with their vendors' calculations. Plaintiffs further explained their vendors' methodology for calculating the document counts.

**4.     Kore Has Completed Its Document Production**

HSBC's unsupported claims that Kore's document production is somehow insufficient are without merit. That the bulk of Kore's production consists of Bloomberg emails should come as no surprise, as this is the medium through which Kore conducts its RMBS business. Moreover, many of the categories of documents HSBC has contended to be "missing" in its meet and confer correspondence, were in fact produced by Kore and identified for HSBC in writing. Other categories of documents that HSBC claims have not been produced – *e.g.*, client presentations or whitepapers – apparently do not exist. This is not surprising given the size and nature of Kore's business. Unlike other Plaintiffs, Kore is not a large investment advisor or investment manager. Rather, it is a small business that manages a handful of private funds. However, HSBC's mere supposition – without any support in the record – is insufficient to warrant additional discovery.

**5.     DZ Bank Has Produced Documents As
        They Are Maintained In The Course Of Business**

As known to both HSBC and this Court, DZ Bank is unable to systematically identify documents produced with so-called "stub" attachments. Moreover, the vendor working with DZ Bank knows of no method to "match" emails with other documents within DZ Bank's production that may be corresponding "stub" attachments with any reasonable certainty. For this reason, this Court held in the Wells Fargo action that DZ Bank has no obligation to attempt to identify incomplete emails or attempt to "match" documents. It is unclear why HSBC now seeks to revisit this same issue here, or what rights it seeks to reserve.

**6.     Sealink Has Repeatedly Stated The Nature Of Its Claims**

As HSBC has known for several months now, Sealink does not assert the claims of the prior owners under N.Y.G.O.L. § 13-107. Rather, Sealink asserts claims exclusively in its own right. HSBC's demand that Sealink must clarify that it will not seek damages from before its period of ownership is vague and results from a misunderstanding of Plaintiffs' damages theory. As HSBC knows from Plaintiffs' motion for class certification, Plaintiffs do not base their model of damages on the timing of price declines on the securities themselves. Rather, Plaintiffs seek their contractual damages measured by their pro rata share of the trust assets diminished as a direct result of HSBC's breaches.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
February 3, 2017
Page 4

### 7. Plaintiffs Have Complied With Their Prior Holder Discovery Obligations

Plaintiffs have committed to follow the protocol set forth in the Court's June 2, 2016 Order on prior discovery by serving subpoenas on the brokers and immediate prior holders for Plaintiffs' RMBS securities at issue in this action. Following receipt of responses to those third-party subpoenas, Plaintiffs agree to meet and confer to discuss whether any additional discovery to be pursued by Plaintiffs regarding this subject matter is warranted. But as Judge Peck recently instructed in another RMBS trustee action against U.S. Bank, to the extent HSBC believes this or additional prior holder discovery is important for its defenses, HSBC should obtain this discovery on its own.

Finally, Plaintiffs have not refused to provide an update on the status of prior discovery. Quite the contrary. Plaintiffs will provide HSBC Trustee with a detailed status update on February 15, 2017.

Respectfully submitted,

Benjamin Galdston

cc: All Counsel of Record via ECF