LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD REDDINGTON
(202) 434-5063
ereddington@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 7, 2017

<u>Via ECF</u>

Honorable Sarah Netburn
Thurgood Marshall Courthouse
United States District Court

      Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 14-CV-09366-LGS-SN

Dear Judge Netburn:

      I write on behalf of HSBC Bank USA, N.A. ("HSBC") in reply to the *BlackRock* Plaintiffs' ("Plaintiffs") February 3 letter. Plaintiffs' February 3 letter contains many inaccuracies. Plaintiffs provided similar explanations to HSBC in response to HSBC's most recent attempt to meet and confer. HSBC promptly informed Plaintiffs that the issues identified in HSBC's January 31 letter had not been remedied. Ex. 1 (Email from M. Ferguson dated January 31, 2017).

**Missing ESI Ordered by the Court.** Plaintiffs distort the facts of the missing ESI issue. The actual timeline reveals a disregard for the Court's October 17 Order and direction at the September 21 hearing. Immediately following that hearing, HSBC provided Plaintiffs with a spreadsheet listing the Bates numbers of *tens of thousands* of documents missing proper department and folder-specific information for AEGON, BlackRock, DZ Bank, Kore, PIMCO, Prudential, and TIAA. Since that time, HSBC has received nothing for five of these plaintiffs: AEGON, BlackRock, Kore, PIMCO, or Prudential. Specifically, we are waiting on department and folder-specific information for 40 AEGON documents, 32 BlackRock documents, 2 Kore documents, 1,628 PIMCO documents, and 40 Prudential documents. Plaintiffs' "loose file" argument with respect to these documents is irrelevant under the ESI Protocol. HSBC is entitled to know the departments and folders from which Plaintiffs collected the documents they produced. *BlackRock* ECF No. 98 (ESI Protocol) ¶ 5. Plaintiffs should be compelled to provide this information, which should be readily available if Plaintiffs kept records of their document collection.

      Additionally, HSBC is still waiting to receive accurate custodial information (including department and folder-specific information as required by the ESI Protocol) for over 15,000 DZ Bank documents and (as is discussed in more detail below) 175,000 TIAA documents. Plaintiffs' February 3 letter is far too generous in its characterization of the "overlays" that these two remaining Plaintiffs provided to HSBC. On October 10, TIAA

Honorable Sarah Netburn
February 7, 2017
Page 2

provided an "overlay" containing file paths that were created in September 2015 in response to this litigation (rather than those maintained in the normal course of business as required by the ESI Protocol), rendering the information provided by the overlay useless.  Additionally, DZ Bank provided two overlays that were useful, but did so for only 75 documents (out of 15,000).  HSBC requests accurate overlays for all documents.  If it would facilitate a resolution of this issue, HSBC believes a vendor-to-vendor call regarding these overlays would be appropriate.

**BlackRock's Incomplete Productions for Key Custodians.**  HSBC has identified major gaps in BlackRock's productions for the 11 missing custodians discussed with the Court at the September 21, 2016 discovery conference.  As indicated in Plaintiffs' February 3 letter, BlackRock restored backup tapes for 7 of the 11 missing custodians.  For the 4 missing custodians without backup tapes, HSBC selected 4 replacement custodians: Rick Reider, Curtis Arledge, Akiva Dickstein, and Glenn Perillo.

As indicated in the charts below, BlackRock's productions are seriously deficient for all 4 of the replacement custodians and 6 of the 7 restored custodians.  HSBC's custodian counts for these 10 individuals are based exactly on the metadata that BlackRock produced.

| Replacement Custodians | Document Count | Missing Date Ranges |
|---|---|---|
| Rick Reider | 0 | All dates missing |
| Curtis Arledge | 361 | All documents are from 2010 |
| Akiva Dickstein | 3,471 | No documents dated before 2009 |
| Glenn Perillo | 3,611 | No documents dated after 2007 |

| Restored Custodians | Document Count | Missing Date Ranges |
|---|---|---|
| Sriram Sumaithangi | 62 | No documents before 11/15/2007 |
| Alexander Reiss | 116 | No documents before 8/10/2006 |
| Todd Kopstein | 121 | No documents before 9/9/2004 |
| Laura Powers | 125 | No documents before 6/13/2007 |
| Michael Khankin | 482 | No documents before 8/4/2006 |
| Keith Anderson | 699 | No documents before 10/18/2006 |

If BlackRock has different custodian counts, it has not provided the underlying support to HSBC.  Moreover, HSBC has not received any "overlay" for these custodians as suggested in Plaintiffs' February 3 letter.  HSBC requests a vendor-to-vendor call if BlackRock cannot provide the information to back up its custodian counts.

As can be seen from the first table of replacement custodians, BlackRock has not produced a single document from Reider's files, fewer than 400 documents from Arledge's files, and numerous custodians are missing key date ranges in their documents.  Several of these witnesses are scheduled for deposition in the next month.

Honorable Sarah Netburn
February 7, 2017
Page 3

BlackRock's productions for 6 of the 7 restored custodians also appear to have major gaps in their collections.  For example, Alexander Reiss, Michael Khankin, and Keith Anderson all worked at BlackRock as of 2004; yet, BlackRock failed to produce any documents for these individuals from before 2006.  Similarly, Sriram Sumaithangi began working at BlackRock in May of 2006; yet, BlackRock failed to produce any documents for him before November 2007.

With respect to Scott Amero and Kishore Yalamanchili, BlackRock has not complied with the Court's October 17 Order, and Plaintiffs' February 3 letter does not address the issue of backup tapes for these custodians (as the Court ordered).  On January 19, HSBC received over 7,000 documents from Mr. Yalamanchili's files without any prior notice.  Mr. Yalamanchili is scheduled for deposition on February 15 (which Plaintiffs offered to HSBC on December 13 without disclosing BlackRock still had documents to be produced).  BlackRock still has not explained whether these documents came from active e-mail files (which would be inconsistent with BlackRock's position at the September 21 hearing) or backup tapes (which begs the questions of when and for what dates they were restored and why BlackRock offered these witnesses for deposition but then delayed producing their documents).

**TIAA's Missing Custodians and Metadata.**  The overlays that TIAA provided to HSBC on September 16, 2016 and October 10, 2016 are both deficient.  In particular, the September 16 overlay merely lists "TIAA Shared Drive" as the custodian *for 175,000 (over three quarters)* of TIAA's documents, despite the fact that it is clear that most of these documents are in fact attachments to emails with individual custodians.  After HSBC informed the Court of this problem on September 30, Plaintiffs committed in their October 7 letter to the Court to "re-produce the subject email attachments with the correct corresponding custodian metadata shortly."  *BlackRock* ECF No. 234 at 5.  However, TIAA never fulfilled this pledge.  Instead, on October 10, TIAA provided an overlay "to provide additional information within the *'AllFullPath' field* associated with these documents."  Ex. 2 (Letter from L. Gilmore dated Oct. 10, 2016) (emphasis added).  This did not correct the problem because the "AllFullPath" field does not identify the custodian of the document.  It merely includes administrative information about the computer file path from which the document was collected.  For example, one such entry reads "GG55355615.HD001\2015-09-24_2661  LIST A\Bloomberg\27993."  This is of no use in making decisions about what documents to use with individual deponents.  The Court should require TIAA to provide accurate and complete custodian information.

With respect to HSBC's custodian counts for TIAA, HSBC has based these exactly on the metadata that TIAA provided, as updated by the metadata provided in TIAA's September 16, 2016 overlay.

| Custodian | Document Count |
|---|---|
| Albert, Mike | 0 |
| Dugaw, Marcus | 0 |
| Fulmer (nee Cho), Shirley | 0 |
| Grosso, Suzanne | 0 |

Honorable Sarah Netburn
February 7, 2017
Page 4

| Custodian | Count |
|---|---|
| Lummus, Jimmy | 0 |
| Nelson, Duane | 0 |
| Nelson, Joyce | 5 |
| Pierre Merritt, Marjorie | 0 |
| Wilkinson, Bill | 0 |

If TIAA's custodian counts differ from the metadata that it has produced to HSBC, the Court should require TIAA to provide HSBC with the supporting metadata immediately. In any case, both HSBC's and TIAA's custodian counts show that TIAA has produced zero documents for TIAA custodian Jimmy Lummus. HSBC should be provided with a replacement custodian.

**Kore's Late and Incomplete Production.** While Kore's size and structure may differ from larger institutional plaintiffs, even a small business that manages private funds should have more responsive documents and communications than just BWICs. Productions from other Plaintiffs in these cases have included emails involving Kore custodians that are conspicuously absent from Kore's own production. These documents have been marked confidential by Plaintiffs, but can be provided under seal if needed. HSBC requests that the Court require Kore to diligently search for and produce any additional relevant documents or communications from the files of the agreed upon custodians immediately.

**Sealink's Failure to Produce Documents from Prior Holders.** This is a very simple request that Plaintiffs are taking great pains to avoid answering. HSBC needs to know whether Plaintiffs, purportedly either by assignment, operation of New York law, or otherwise, intend to ask for damages for losses allegedly sustained by prior owners. If Plaintiffs do, they need to comply with *Winnick*. If, however, Sealink Plaintiffs intend to only seek damages for losses incurred while they held the certificates, then Plaintiffs should simply say so.

Sincerely,

Edward Reddington

cc: All counsel via ECF