March 17, 2017

<u>VIA ECF</u>

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY  10007

      Re:    *Coordinated RMBS Trustee Litigation against HSBC Bank USA, N.A.*,
             Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-02144; 15-cv-10032; and
             15-cv-10096

Dear Judge Netburn:

We write to request a pre-motion conference to seek a protective order limiting the 176 improper, unnecessary and unduly burdensome requests for admission ("RFAs") served by Defendant HSBC Bank USA, N.A. ("HSBC").  Consistent with this Court's procedure in addressing similar requests for admissions, plaintiffs seek to limit HSBC to 20 of its previously served RFAs per action and to limit the scope of future RFAs served on plaintiffs to the authentication of documents and other areas where there is no material dispute between the parties.

**I.**    **HSBC's Requests for Admission**

On February 17, 2017, HSBC served its first set of requests for admission, comprising a total of 20 requests.  *See* Ex. 1.  Less than two weeks later, on March 1, 2017, HSBC served its second set of requests for admission, comprising an additional 156 requests.  *See* Ex. 2.  Rather than seeking admissions as to, for example, the authenticity of certain documents, HSBC's RFAs are impossibly broad, impermissibly vague and, for the most part, cannot be answered in a manner that will advance the litigation in any meaningful way.  *See, e.g.*, Ex. 2 at Request No. 20 ("Macroeconomic factors, including rising unemployment, declining home prices, and the economic downturn beginning in or around 2007, contributed to an increase in the number of defaults by borrowers in loans underlying the certificates or securities held by You in the Trusts at Issue."), Request No. 25 ("Admit that general news reports typically do not identify which loans in which trusts breach which underwriting guidelines."), Request No. 30 ("Admit that general news reports typically do not identify which loans in which trusts breach which representations and warranties provided to the purchasers of the loan pools."), Request No. 63 ("By 2012 You were aware of investigations by state attorneys general of loan servicers concerning alleged violations of prudent servicing practices."), Request No. 80 ("Mortgage loans that are fully compliant with loan origination underwriting guidelines can sometimes default."), Request No. 87 ("Admit that some loan modifications may benefit an RMBS trust."), Request No. 88 ("Admit that some loan modifications may not benefit an RMBS trust."), Request No. 125 ("Admit that under the terms of the Governing Agreements, an indenture trustee is entitled to reasonable indemnity."), Request No.

1245383_1

Judge Netburn
March 17, 2017
Page 2

132 ("Admit that borrowers may not make payments on loans for different reasons."), Request No. 133 ("Admit that borrowers' employment circumstances may change after closing on a loan.") and Request No. 156 ("Life events such as illness, loss of earning capacity, loss of employment or death can cause a borrower to default.").

On March 7, 2017, plaintiffs contacted HSBC seeking to resolve the issue of excessive RFAs without burdening the Court.  *See* Ex. 3.  HSBC failed to respond.

## II.     A Protective Order Is Appropriate

The purpose of RFAs pursuant to Rule 36 "is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *Wiwa v. Royal Dutch Petroleum Co.*, Nos. 96 Civ. 8386 (KMW) (HBP) & 01 Civ. 1909 (KMW) (HBP), 2009 U.S. Dist. LEXIS 45621, at *15-*16 (S.D.N.Y. May 21, 2009).  "Requests should be simple and direct, not vague or ambiguous." *Wiwa*, 2009 U.S. Dist. LEXIS 45621, at *16 (citing 7 *Moore's Federal Practice* §36.10[6] (2017)).  Likewise, RFAs should seek information that is readily ascertainable rather than information in the control of non-parties.  *Bernstein v. Principal Life Ins. Co.*, 2010 U.S. Dist. LEXIS 127733 (S.D.N.Y. Dec. 2, 2010).  As the Court explained in the *Coordinated RMBS Trustee Litigation against Wells Fargo Bank, N.A.*[1] ("Coordinated Wells Fargo action"), requests for admission should be limited to "asking the parties to admit areas where there is no dispute, [such as] admit that this is an authentic document."  Transcript of Telephone Conference held on January 17, 2017 (highlighted for the Court's convenience), attached as Ex. 4 hereto, at 31.  "Upon a showing of good cause, the Court may issue a protective order excusing a party's response." *Joseph L. v. Conn. Dep't of Children & Families*, 225 F.R.D. 400, 403 (D. Conn. 2005).  The Court may also "defer its final decision [on an RFA response] until a pretrial conference or a specified time before trial."  Fed. R. Civ. P. 36(a)(6).

The Court should issue a protective order because the requests for admission are improper, vague, and "excessive to the point of being abusive." *Joseph L.*, 225 F.R.D. at 403.  While RFAs may be useful "to reduce the costs of litigation" the RFAs at issue fail to "eliminat[e] the necessity of proving facts that are not in substantial dispute." *T. Rowe Price Small-Cap Fund*, 174 F.R.D. at 42; *see also Pasternak v. Kim*, No. 10 Civ. 5045 (LTS) (JLC), 2011 U.S. Dist. LEXIS 113998, at *16 (S.D.N.Y. Sep. 28, 2011); *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, Nos. 5:02-571 & 5:04-84, 2007 U.S. Dist. LEXIS 39788, at *23 (E.D. Ky. Apr. 19, 2007).  To the contrary,

---

[1]   Nos. 14-cv-09371; 14-cv-09764; 15-cv-10067; 15-cv-10102; and 15-cv-10033.

Judge Netburn
March 17, 2017
Page 3

the RFAs served by HSBC are vague and ambiguous (*see, e.g.*, Ex. 2 at Request Nos. 80, 87, 88), and often seek information in the control of non-parties (*see, e.g.*, *id.* at Request Nos. 25, 30). The RFAs also fail to "state the fact in such a way that it can be denied or admitted 'with an absolute minimum of explanation or qualification,'"[2] and therefore they are improper. In short, like the RFAs the Court addressed in the Coordinated Wells Fargo action, HSBC's requests are an "incredibl[e] burden[] . . . without a whole lot of upside." Ex. 4 at 31-39.

Moreover, HSBC's RFAs are not consistent with the Court's guidance at the January 17, 2017 teleconference in the Coordinated Wells Fargo action. *See* Ex. 4. Indeed, none of the 176 RFAs are intended to reduce the cost of litigation by seeking admissions in areas "where there is no dispute" or as to the authentication of documents. In contrast, while plaintiffs similarly served 545 RFAs on HSBC, those RFAs seek admissions as to the authentication, existence, or production of documents and are therefore within the scope of the Court's January 17 ruling.

To avoid being forced to prepare extremely burdensome responses to 176 RFAs that cumulatively do not reduce the costs of litigation, plaintiffs request that the Court issue a protective order imposing the same restrictions in this coordinated action as it did in the Coordinated Wells Fargo action, namely to limit HSBC to a total of 20 of its previously-served RFAs per action, to which plaintiffs will respond within two weeks, and to limit the scope of future RFAs served on plaintiffs to the authentication of documents or other areas where there is no material dispute between the parties. *See* Ex. 4 at 39-40.

Respectfully submitted,

| s/ Christopher M. Wood | s/ Benjamin Galdston | s/ Steven S. Fitzgerald |
|---|---|---|
| Christopher M. Wood | Benjamin Galdston | Steven S. Fitzgerald |
| Robbins Geller Rudman & Dowd LLP | Bernstein Litowitz Berger & Grossmann LLP | Wollmuth Maher & Deutsch LLP |
| *Counsel for Plaintiff Royal Park Investments SA/NV* | *Counsel for Plaintiffs BlackRock Balanced Capital Portfolio (FI), et al.* | *Counsel for Plaintiffs Phoenix Light SF Limited, et al. and Commerzbank AG* |

---

[2]   *Wiwa*, 2009 U.S. Dist. LEXIS 45621, at *16 (citing *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 968 (3d Cir. 1988)).

1245383_1

Judge Netburn
March 17, 2017
Page 4

| s/ John A. Libra | s/ John G. Moon |
|---|---|
| John A. Libra | John G. Moon |
| Korein Tillery, LLC | Miller & Wrubel PC |
| *Counsel for Plaintiffs National Credit Union Administration Board, et al.* | *Counsel for Plaintiffs Triaxx Prime CDO 2006-1, Ltd., et al.* |

cc:   All Counsel of Record (Via ECF)

1245383_1