LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD REDDINGTON
(202) 434-5063
ereddington@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 20, 2017

Via ECF

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

    Re:    *Coordinated RMBS Trustee Actions Against HSBC Bank USA, NA*, Nos. 14-cv-08175; 14-cv-09366; 14-cv-10101; 15-cv-02144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

    I write in response to Plaintiffs' April 6, 2017 application seeking to strike the advice of counsel defense from the answers of Defendant HSBC Bank USA, N.A. ("HSBC"). For the reasons set forth below, Plaintiffs' application should be denied.

**Background**

    Each of Plaintiffs' complaints generally asserts that, over a ten-year period, HSBC purportedly breached its duties as indenture trustee in hundreds of separate trusts holding thousands of individual loans. As this Court and many others have held on numerous occasions, at summary judgment and trial, Plaintiffs will have to prove their claims on a loan-by-loan and trust-by-trust basis. March 10, 2017 Opinion & Order (14-cv-08175, Dkt. No. 192) at 8 (quoting *Ret. Bd. of the Policeman's Annuity and Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d Cir. 2014)); *see also Royal Park Investments SA/NV v. HSBC*, 109 F. Supp. 3d 587, 601 (S.D.N.Y. 2015) ("*Royal Park*") ("Certainly, at trial or summary judgment, plaintiffs must prove their claims loan-by-loan and trust-by-trust."). Such a showing will require Plaintiffs to prove HSBC's actual knowledge of specific third party breaches, as well as how HSBC's specific actions or inactions with respect to those breaches caused Plaintiffs' harm. Plaintiffs' complaints, however, do *not* identify particular circumstances that Plaintiffs claim constitute breaches in specific trusts. To avoid dismissal at the motion to dismiss stage, Plaintiffs claimed they eventually would make this loan and trust specific showing, but Plaintiffs argued that generalized allegations should be sufficient in a complaint and evidence of specific breaches was deferred to discovery. *See* Pls. Opp. to Defs. MTD (14-cv-8175, Dkt. No. 32) at 12-18.

WILLIAMS & CONNOLLY LLP

The Honorable Sarah Netburn
April 20, 2017
Page 2

Against this backdrop, months ago HSBC served interrogatories on Plaintiffs asking them to identify the specific actions or inactions with respect to specific loans and trusts that Plaintiffs believe constitute a breach of HSBC's obligations. *See, e.g.*, Ex. 1 (Interrogatories 1, 2, and 3, HSBC's Third Set of Interrogatories to Royal Park dated May 26, 2016). Notwithstanding the voluminous discovery the Plaintiffs have received since the first of these cases was filed in June 2014, Plaintiffs still have failed to disclose to HSBC the details regarding what they believe HSBC did or should have done with respect to any particular claim of breach. Moreover, in response to HSBC's interrogatories, some Plaintiffs asserted that their investigations were ongoing and reserved the right to supplement their responses following the substantial completion of discovery. *See, e.g.*, Ex. 2 (Response to Interrogatory 2, Royal Park's Objections and Responses to HSBC's Third Set of Interrogatories dated June 30, 2016). As a result, on January 27, 2017, and in response to this Court's direction, HSBC informed Plaintiffs that HSBC did not intend to raise an advice of counsel defense at that time, but HSBC reserved the right to do so should Plaintiffs ever identify with particularity the specific events upon which Plaintiffs intend to rely in order to substantiate their claims of breach, as well as what Plaintiffs contend HSBC did or should have done in connection with specific trusts and loans. *See* Ex. 3 (E. Reddington Letter to Plaintiffs dated Jan. 27, 2017).

Courts generally do not require defendants to assert the advice of counsel defense until the defendant has sufficient factual information to make an informed decision. *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.*, 173 F.R.D. 367, 378-79 (W.D.N.Y. 1995) (denying as premature plaintiff's motion to compel or preclude with respect to the advice of counsel defense, ordering plaintiff to supplement its interrogatories, and setting a schedule to allow defendant time to decide whether or not to assert the defense); *see also Valois of Am., Inc. v. Ridson Corp.*, 1998 WL 1661397, at *4 (D. Conn. Dec. 18, 1998) (noting that a defendant should have "opportunity to take reasonable discovery" before deciding whether to assert the advice of counsel defense."). Here, Plaintiffs strategically have refused to provide specific information regarding their claims. As a result of Plaintiffs' tactical choices, HSBC remains unable to: (i) determine if it received legal advice with respect to particular decisions or conduct that Plaintiffs may contend is at issue, or (ii) decide whether it wishes to waive the privilege over any such advice in order to assert the advice of counsel defense.

**HSBC Cannot Make Decisions about the Advice of Counsel Defense Before Plaintiffs Identify Their Specific Claims of Breach**

Plaintiffs have the burden of proof in these matters. To prove their cases at summary judgment or trial, Plaintiffs will need to point to specific facts in specific trusts showing that (1) a breach by a third party occurred, (2) HSBC had actual knowledge of that breach, (3) in response to that breach, HSBC was required to act in the manner that Plaintiffs contend, and (4) HSBC's action or inaction caused Plaintiffs' harm. March 10, 2017 Opinion & Order (14-cv-08175, Dkt. No. 192) at 9, 13; *see also Royal Park*, 109 F. Supp. 3d at 603 ("If, after discovery, plaintiffs cannot prove that HSBC had actual knowledge regarding the loans at issue here, HSBC may

WILLIAMS & CONNOLLY LLP

The Honorable Sarah Netburn
April 20, 2017
Page 3

move for summary judgement."). Plaintiffs still have not identified any such facts, beyond the high-level and generic criticisms lodged in their complaints.

As a result, Plaintiffs' motion to strike effectively puts HSBC in a catch-22—Plaintiffs seek to force HSBC now to decide whether it wants to waive privilege and assert an advice of counsel defense before HSBC knows the factual basis for the specific claims that the Plaintiffs ultimately will rely upon at trial. The advice of counsel defense, however, is not asserted in the abstract. In order to evaluate a potential advice of counsel defense, HSBC must first know what specific actions or inactions Plaintiffs intend to rely upon to advance their claims. Only after Plaintiffs identify their claims with specificity can HSBC then determine whether it even received advice with respect to those particular actions or inactions. Once HSBC can evaluate whether it received advice with respect to a particular action, it can then determine whether it wishes to waive privilege to assert the defense. *United States v. Rubin/Chambers, Dunhill Ins. Services*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) ("Fairness and efficiency dictate that Defendants have an opportunity to assess their potential advice of counsel defenses based on the transactions that are likely to be presented to the jury).

HSBC has repeatedly explained to Plaintiffs that it reserves its right to offer a fact-specific advice of counsel defense should Plaintiffs ever identify their specific claims of breach. Thus, Plaintiffs' assertion, Apr. 6, 2017 Ltr. at 2, that HSBC has "express[ed] its intention to maintain its asserted privilege and therefore abandon its advice of counsel defense" is inaccurate. Moreover, Plaintiffs' letter also inaccurately characterizes HSBC as using the attorney-client privilege as both a "shield and a sword." Ltr. at 1, Apr. 6, 2017. HSBC cannot use the advice of counsel as a "sword" because Plaintiffs have not identified the specific circumstances that they assert constituted a breach of HSBC's obligations. Given the generic and non-specific nature of Plaintiffs' claims, all HSBC can do is continue to reserve its rights with respect to the advice of counsel defense.

**Plaintiffs Should Be Required to Identify Their Specific Claims of Breach with Particularity**

Plaintiffs' motion is particularly problematic since it is Plaintiffs' own refusal to identify its claims with particularity that has placed HSBC in the position of being unable to determine whether it has an advice of counsel defense.

HSBC's efforts to discover basic information concerning the specific facts and circumstances underlying Plaintiffs' claims have been frustrated since the outset of discovery. HSBC's interrogatories were designed in part to help HSBC determine whether it had an advice of counsel defense. Specifically, HSBC asked Plaintiffs to identify any loan-level breaches and specific Events of Default in the Bellwether Trusts. Most Plaintiffs provided no substantive response to these interrogatories. *See, e.g.*, Ex. 2 (Royal Park's Objections and Responses to HSBC's Third Set of Interrogatories dated June 30, 2016). The Plaintiffs who did respond provided only the same generic allegations lodged in their complaints. *See, e.g.*, Ex. 4

WILLIAMS & CONNOLLY LLP

The Honorable Sarah Netburn
April 20, 2017
Page 4

(BlackRock Plaintiffs' Responses to and Objections to HSBC's Third Set of Interrogatories dated July 22, 2016).  As explained above, these generic allegations are not sufficient for HSBC to assess whether it has an advice of counsel defense in a particular circumstance.

      Upon receiving Plaintiffs' responses, HSBC engaged in meet and confer discussions in an effort to get Plaintiffs to provide meaningful responses to these interrogatories.  Plaintiffs did not supplement their responses at that time, although several Plaintiffs reserved the right to do so.  HSBC identified this issue to the Court in November 2016, noting that Plaintiffs still had not identified "specific actions in specific trusts that they claim were a breach of HSBC's obligations."  14-cv-8175, Dkt. 229.  The Court agreed that "HSBC is entitled to better understand the plaintiffs' claims" before determining whether to assert the advice of counsel defense "in connection with a specific allegation of breach."  *See* Nov. 17, 2016 Order (No. 14-cv-8175, Dkt. No. 233) at 4.  The Court further directed that HSBC would have 14 days to decide whether to rely on the advice of counsel defense once Plaintiffs "identify specific action[s] or omission[s] in connection with a specific trust or a specific loan that [Plaintiffs] believe constitutes a breach of HSBC's obligations."  *Id*.  Plaintiffs still have not supplemented their responses or otherwise identified their specific claims of breach.

      Plaintiffs' lack of transparency ultimately prejudices HSBC—it is difficult, for example, for deponents to prepare to testify beyond generalities when the party bringing the lawsuit refuses to disclose the particular circumstances that it alleges result in actionable claims.  As they are required to do under the federal rules, and now that the parties are nearing the end of the fact discovery period, Plaintiffs should supplement their responses to HSBC's Third Set of Interrogatories with specific information regarding their particular claims.  Upon such supplementation, HSBC will review Plaintiffs' responses and promptly evaluate whether it wishes to assert an advice of counsel defense based on Plaintiffs' specific claims of breach.

* * * * * * * *

      For the foregoing reasons, Plaintiffs' application to strike the advice of counsel defense from HSBC's answers should be denied.

                                            Respectfully submitted,

                                            Edward Reddington

cc: All counsel via e-mail