LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

GEORGE A. BORDEN
(202) 434-5563
gborden@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 21, 2017

<u>Via ECF</u>

Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, 14-cv-9366-LGS-SN; *Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, 14-cv-8175-LGS-SN

Dear Judge Schofield:

  In connection with the pending motions for class certification in the above-captioned matters, HSBC Bank USA, N.A. invites the Court's attention to a recent order denying class certification in a case Royal Park brought against another trustee. *See* ECF No. 350, Mem. & Order, *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-4394-AJN-BCM (S.D.N.Y. Apr. 4, 2017) (attached hereto as Exhibit A).

  The decision is equally fatal to both Royal Park's and the *BlackRock* Plaintiffs' pending motions for certification. Judge Nathan found, among other things, that "reconstructing the chain of ownership" of the type of investments at issue in both these cases "can only be ascertained through highly detailed and individualized inquir[ies]." Mem. & Order at 12-13. She further reasoned that precisely this detailed inquiry is necessary to determine whether class members have standing. That is because transfer of ownership of an RMBS certificate does not necessarily transfer ownership of breach of contract claims. Rather, determining standing to bring such claims "turn[s] on both the nature and terms of the assignments themselves (as well as any predecessor assignments) and on the particular jurisdiction whose law governs those assignments," Mem. & Order at 14, which in turn must be decided under "New York's fact-intensive 'grouping of contacts' choice-of-law framework" as applied to each individual transfer, Mem. & Order at 15. This reasoning applies equally in these cases and illustrates one of the many reasons why, under the commonality and predominance requirements of Rule 23, the putative classes cannot be certified.

WILLIAMS & CONNOLLY LLP

Honorable Lorna G. Schofield
April 21, 2017
Page 2

                                        Respectfully submitted,

                                        George A. Borden

cc: All counsel via ECF