# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

May 5, 2017

**VIA ECF & HAND DELIVERY**

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:  *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*,
No. 14-cv-9366-LGS-SN (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Fed. R. Civ. P. 26(c), we write on behalf of the BlackRock Plaintiffs to seek a protective order to quash defendant HSBC Bank U.S.A., N.A.'s deposition of BlackRock Managing Director, Dapeng Hu, PhD. Good cause exists for the protective order. As evidenced by Dr. Hu's testimony in the BlackRock Plaintiffs' similar RMBS trustee action against *Wells Fargo*,[1] Dr. Hu has little or no personal knowledge that is relevant to any claim or defense in this action. Moreover, requiring Dr. Hu to sit for another pointless full-day deposition would unduly burden and harass both BlackRock and Dr. Hu by distracting a vital, senior member of BlackRock's operations team from his important functions.

To date, HSBC has been unable to articulate what, if any, relevant, unique information it believes Dr. Hu may possess. *See* Fed. R. Civ. P. 26(b)(1). HSBC's silence on this matter is for good reason. Unlike the many members of BlackRock's Fixed Income team that have already been deposed, Dr. Hu was not involved in any of the securities transactions at issue in this action or responsible for BlackRock's investment policy or decision-making. *Wells Fargo*, 14-cv-9371, Dep. Tr. of Dapeng Hu, dated February 9, 2017, at 46:4-10.[2] Indeed, Dr. Hu has never placed a trade or made a trade decision in his entire career, let alone on behalf of any BlackRock Plaintiff Fund. *Id.* at 46:4-6; 91:13-20. Moreover, Dr. Hu has no knowledge regarding any non-agency RMBS investment decision at BlackRock. *Id.* at 46:11-14. *See Royal Park Invs. SA/NV v. U.S. Bank, N.A.*, 14-cv-2590

---

[1] *BlackRock Allocation Target Shares: Series S Portfolio, et al. v. Wells Fargo Bank, N.A.*, No. 14-cv-9371 (S.D.N.Y.) ("*Wells Fargo*").

[2] In accordance with the Court's directions with respect to appending exhibits to discovery letter motions, Plaintiffs have not included the cited relevant excerpts of Dr. Hu's deposition transcript, which was marked "Highly Confidential" pursuant to the Joint Stipulation and Confidentiality and Protective Order (ECF No. 98). Plaintiffs will submit the relevant excerpts under seal, should the Court prefer to review the testimony.

(VM) (JCF) (S.D.N.Y.), ECF No. 218, at 6, 8 (denying motion to compel deposition of plaintiff witness with no responsibility for RMBS trusts at issue because the witness was "too marginal a witness to warrant taking his deposition."); *In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*, 2014 WL 5392465, at *3 (S.D.N.Y. Oct. 9, 2014), *clarified on denial of reconsideration*, 2014 WL 6879835 (S.D.N.Y. Nov. 6, 2014) (denying motion to compel depositions that "might be relevant, in the capacious sense of Federal Rules of Evidence 401 and Civil Procedure 26(b)(1)" but were "sufficiently unimportant to the resolution of the issues at hand" to warrant such depositions).[3]

Instead, Dr. Hu devotes the bulk of his work at BlackRock to BlackRock Solutions ("BRS"), a financial advisory and client solutions business, which is a wholly separate and distinct business from BlackRock's investment management business. Hu Dep. Tr., at 30:17-31:9. Dr. Hu's primary responsibilities include directing development of BRS's mortgage prepayment and credit models accessible through the Aladdin platform, which is licensed to the investing public. *Id.* at 16:21-24; 81:20-83:6. Since 2003 to the present, Dr. Hu has worked at BRS to develop a variety of econometric models that assist BRS' clients analyze prospective cash flows of various asset backed securities, including non-agency residential mortgage backed securities. *Id.* at 81:20-84:13; 93:7:18; 100:7-18. These models provide users a quantitative tool for risk management and investment processes. *Id.* at 27:4-9; 98:5-12. However, these tools offer a wide array of customization options. *Id.* at 117:3-118:5; 120:7-12. Individual users can thereby tailor the different variables (called "dials") within the models to consider various scenarios and potential outcomes, such as the refinance intensity, turnover intensity, liquidation timeline, loan modification, etc. *Id.* at 117:3-118:11.

During the meet and confer discussions, HSBC's sole basis for seeking Dr. Hu's deposition was his knowledge of the BRS econometric models generally. However, the models themselves – in isolation from their application by the users – are irrelevant to the claims and defenses in this action. *See Wells Fargo*, 14-cv-9371, ECF No. 234, p. 4 (discovery of the broad based models is not relevant). As Dr. Hu explained during his Wells Fargo deposition, the models are tools with dials that users may or may not modify and customize to suit their needs. Hu Dep. Tr., at 117:3-118:5; 120:7-12. Accordingly, the only information that might even arguably be relevant to any issue in this action would be the analysis actually performed by the BlackRock investment professionals who evaluated and decided to purchase the securities at issue. *See Wells Fargo*, 14-cv-9371, ECF No. 234, pp. 4-5. This information has already been the subject of exhaustive discovery, including the production of approximately 1 million documents produced by BlackRock and the depositions of 15 BlackRock Portfolio Managers, Research Analysts, and Traders in this and other actions that have been provided to HSBC. By contrast, Dr. Hu has testified that he has no personal knowledge regarding *how* BlackRock's Fixed Income team actually used the models. Hu Dep. Tr., at 91:2-12.

Even if Dr. Hu's knowledge of the BRS models was a proper basis for his deposition, such testimony would be duplicative of information already provided to HSBC. Fed. R. Civ. P. 26(b)(2)(C)(i) (requires the court to limit discovery that is "unreasonably cumulative or duplicative.").

---

[3] *See also Wells Fargo*, 14-cv-9371, ECF No. 153 ("broad-based discovery that did not include the relevant RMBS instruments in question" is "clearly prohibited.") (citing *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 4613390, at *11 (S.D.N.Y. Aug. 31, 2016)).

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
May 5, 2017
Page 3

---

In particular, the BlackRock Plaintiffs have already provided HSBC with Dr. Hu's testimony in the *Wells Fargo* action, which lasted the full seven hours on the record. In that deposition, Dr. Hu testified in detail regarding, among other things, the design, construction, operation and functionality of BRS's models. Hu Dep. Tr., at 113:7-160:3; 23:4-19; 74:7-12; 75:23-76:9; 93:19-95:4; 98:5-12; 100:7-21; 103:2-105:5; 107:22-109:5; 166:12-168:8; 174:17-184:8; 196:3-201:19. Accordingly, there is no new information that Dr. Hu can offer here.

Finally, given Dr. Hu's lack of relevant information, forcing Dr. Hu to sit through another day of deposition would serve no purpose other than to burden BlackRock and Dr. Hu by "disrupting [BlackRock's] business." *Treppel v. Biovail Corp.*, 2006 WL 468314, at *3 (S.D.N.Y. Feb. 28, 2006). Dr. Hu is an important senior member of BlackRock's operations team with overall responsibility for BRS's modeling business line. Another full day's absence from his job duties would unnecessarily interfere with BlackRock's business operations while serving no legitimate discovery purpose.

For all of the reasons set forth above, the BlackRock Plaintiffs respectfully request the Court quash HSBC's deposition of Dr. Hu.

We thank the Court for its attention to this matter.

Respectfully submitted,

Benjamin Galdston

cc: All Counsel of Record via ECF