KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

May 8, 2017

**VIA ECF**
The Honorable Sarah Netburn
United States District Court Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *Coordinated RMBS Trustee Actions Against HSBC Bank USA, N.A.,* Nos. 14-cv-8175; 14-cv-9366; 14-cv-10101; 15-cv-2144; 15-cv-10032; 15-cv-10096

Dear Judge Netburn:

    I write on behalf of all coordinated plaintiffs in the above-referenced actions and respectfully request the Court's leave to submit this brief reply to HSBC's Letter of May 4, 2017 ("Ltr.") (No. 15-2144, ECF No. 254), primarily to address a new issue raised in HSBC's opposition to plaintiffs' request for a cooperative, efficient protocol to identify exception reports and certifications (ECF No. 252, May 1. 2017).

    *First*, HSBC erroneously contends Judge Scheindlin "dismissed all claims relating to document deficiencies" for bellwether trusts. Ltr. 2-3 (citing *Royal Park v. HSBC*, 109 F. Supp. 3d 587, 608 (S.D.N.Y. 2015)). The Phoenix Light complaint addressed by the Court alleged two types of Mortgage File breaches of duties (1) to take title to the loans and prepare certifications and exception reports,[1] and (2) subsequently to provide notice and enforce repurchase of loans with incomplete or defective Mortgage Files.[2] HSBC moved to dismiss the former claims but *not* the latter.[3] Unsurprisingly, Judge Scheindlin's opinion was similarly limited to claims for breaches of the duties to "tak[e] physical possession of mortgage loan files, and prepar[e] and deliver[] certification and exception reports." 109 F. Supp.3d at 607-08 (reasoning that those duties were assigned to custodians in most instances and untimely where they were not, with

---

[1] *See* PSA §§ 2.01-.02; *e.g.*, No. 14-10101, ECF No. 1 at ¶¶ 36-44, 68-69, 484(a)-(c); ECF No. 1-1 at pp. 1-20 of Ex. C.

[2] *See* PSA § 2.03; *e.g.*, No. 14-10101, ECF No. 1 at ¶¶ 45, 70, 484(f), (j); ECF No. 1-1 at pp. 20-26 of Ex. C.

[3] *See* No. 14-10101, ECF No. 16 at 29-31 (HSBC brief limited to "Taking Physical Possession of Mortgage Loan Files," and "Preparing and Delivering Certification and Exception Reports.").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Honorable Sarah Netburn
May 8, 2017
Page 2

three exceptions).  But HSBC *never* argued that claims concerning the notice and enforcement duties, which are indisputably assigned to HSBC as *trustee* in PSA § 2.03, were assigned to a different party or untimely, so Judge Scheindlin plainly had no occasion to address them.  HSBC's contrary representation in its Letter is wholly inaccurate.[4]

     *Second*, although HSBC's Letter professes a willingness to cooperate and faults plaintiffs for not seeking to engage in further meeting and conferring on this ongoing issue, as detailed in plaintiffs' letter the task of obtaining and identifying certifications and exception reports has been ongoing since 2015 but is still incomplete.  Given the approaching June 2, 2017 close of third-party fact discovery (except from servicers and warrantors, which is stayed along with expert discovery), plaintiffs wanted timely to apprise the Court of the status of the ongoing task to identify the 24 sets of certifications and exceptions reports for the Mortgage Files, and the need for entry of a cooperative protocol, which is evidenced most clearly by HSBC's numerous objections to this simple request.  HSBC hired the custodians, regularly received documents produced by those custodians, and has contractual control over the custodians' relevant documents.  HSBC should therefore have no objection to working with plaintiffs (1) to identify a final set of certifications and exception reports produced from HSBC and its agents' files, and (2) to agree about any gaps that cannot be filled.

     We thank the Court for its attention to this matter, and respectfully request entry of the protocol plaintiffs requested in the May 1st letter.

Respectfully submitted,

Scott K. Attaway

Cc:    All counsel or record via ECF

---

[4] *See Fusco v. Rome Cable*, 946 F. Supp. 171, 175-76 (N.D.N.Y. 1996) (no law of the case for an issue the "court did not expressly decide" and that "was not necessary for the court to determine").  Judge Scheindlin's timeliness ruling on the PSA § 2.01-.02 claims does not apply to NCUA in any event.  NCUA (along with Commerzbank and Triaxx) was not even involved in the motion-to-dismiss briefing, and NCUA has an extender statute, 12 U.S.C. § 1787(b)(14)(A), which Judge Scheindlin applied in a subsequent order to conclude that *all* of NCUA's "contract claims are timely."  *See NCUA v. HSBC*, 117 F. Supp. 3d 392, 403 (S.D.N.Y. 2015) ("The Extender provision states that contract claims are timely if they are brought within six years.  NCUA filed the Complaint on March 20, 2015 — exactly six years after the first two credit unions were placed into conservatorship.").