**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>Defendant. | **Case No. 14-CV-8175-LGS-SN** |
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>Defendant. | **Case No. 14-CV-9366-LGS-SN** |
| PHOENIX LIGHT SF LIMITED, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>Defendant. | **Case No. 14-cv-10101-LGS-SN** |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>Defendant. | **Case No. 15-cv-2144-LGS-SN** |

COMMERZBANK AG,

                    Plaintiff,

     v.

HSBC BANK USA, NATIONAL
ASSOCIATION,

                    Defendant.

**Case No. 15-cv-10032-LGS-SN**

TRIAXX PRIME CDO 2006-1, LTD, *et al*.,

                    Plaintiffs,

     v.

HSBC BANK USA, NATIONAL
ASSOCIATION,

                    Defendant.

**Case No. 15-cv-10096-LGS-SN**

**MEMORANDUM OF LAW IN SUPPORT OF HSBC BANK USA, N.A.'S
RULE 72 OBJECTIONS AND MOTION TO NOT APPROVE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
<u>REGARDING ADVICE-OF-COUNSEL DEFENSE</u>**

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ......................................................................................................... i

**TABLE OF AUTHORITIES** ...................................................................................................ii

**INTRODUCTION**.................................................................................................................1

**BACKGROUND** .................................................................................................................2

**STANDARD OF REVIEW** ...................................................................................................6

**ARGUMENT**.....................................................................................................................6

**CONCLUSION** ................................................................................................................11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Aristocrat Leisure Ltd. v Deutsche Bank Trust Co. Americas*, 727 F. Supp. 2d 256 (S.D.N.Y. 2010) ..................................................................................................................7

*Bausch & Lomb Inc. v. Alcon Laboratories, Inc.*, 173 F.R.D. 367 (W.D.N.Y. 1995) ..................................................................................................................8

*Grassia v. Scully*, 892 F.2d 16 (2d Cir. 1989) ...................................................................6

*In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. 43 (S.D.N.Y. 2002) ...................................7

*In re County of Erie*, 546 F.3d 222 (2d Cir. 2008) ...........................................................7

*In re ML-Lee Acquisition Fund* II, 859 F. Supp. 765 (D. Del. 1994) ....................................10, 11

*Inv. Tech Grp., Inc. v. Liquidnet Holdings, Inc.*, 2009 U.S. Dist. LEXIS 23278 (S.D.N.Y. Mar. 23, 2009) .............................................................................8

*Minerals Techs., Inc. v. Omya AG*, 2005 U.S. Dist. LEXIS 12981 (S.D.N.Y. June 23, 2005) ...............................................................................................8

*Ret. Bd. of the Policeman's Annuity and Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154 (2d Cir. 2014) ..............................................2

*Royal Park Investments SA/NA v. HSBC*, 109 F. Supp. 3d 587 (S.D.N.Y. 2015) ......................3, 9

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991)..........................................7, 11

*United States v. Raddatz*, 447 U.S. 667 (1980) .................................................................6

*United States v. Skeddle*, 989 F. Supp. 905 (N.D. Ohio 1997) .........................................10

*Valois of Am., Inc. v. Ridson Corp.*, 1998 WL 1661397 (D. Conn. Dec. 18, 1998)........................8

### OTHER AUTHORITIES

28 U.S.C. § 636..................................................................................................................1, 6

Fed. R. Civ. P. 72..............................................................................................................1, 6

Paul R. Rice, ATTORNEY CLIENT PRIVILEGE IN THE UNITED STATES § 9:83 (2012).......................10

**INTRODUCTION**

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), HSBC Bank

USA, N.A. ("HSBC") submits these objections to Magistrate Judge Netburn's May 8, 2017 Report

and Recommendation (the "Report and Recommendation") regarding HSBC's advice-of-counsel

defense.

Plaintiffs have the burden of proof in this proceeding, but to date have alleged only

generalized claims potentially encompassing a more-than-ten-year timeframe.  At summary

judgment or trial, as this Court and the Second Circuit have held, Plaintiffs will have to prove their

claims loan-by-loan and trust-by-trust.  Notwithstanding Plaintiffs' burden of proof, and the

discovery that has taken place thus far, Plaintiffs still have not identified what specific actions or

omissions by HSBC they assert are actionable in specific trusts or as to specific loans or groups of

loans at specific times.  As such, HSBC may have received advice from counsel in a specific

situation that has not yet been identified by Plaintiffs as the basis for their claims.  In response to

the overbroad, generalized, and non-specific claims of breaches of contract advanced so far by

Plaintiffs (which HSBC believes must fail as a matter of law), HSBC does not intend to raise an

advice-of-counsel defense.  In response to any yet-unidentified specific allegations, however,

HSBC should be permitted to raise an advice-of-counsel defense if and when Plaintiffs come

forward with such allegations.

An advice-of-counsel defense is not raised in the abstract; the defense is raised with regard

to specific acts or decisions.  It is not HSBC's burden to scour its records to identify every

circumstance that it received advice and then to preemptively waive the privilege over that advice

on the offhand chance Plaintiffs eventually may claim that some factual circumstance relating to

that advice supports their claims.  Instead, if Plaintiffs, at some later date including at trial, seek to

introduce evidence of specific alleged actions or omissions by HSBC, HSBC should have the opportunity to raise the advice-of-counsel defense if HSBC in fact received relevant advice relating to that specific circumstance.  Any privilege waiver associated with that defense similarly would be based on the specific issue on which the advice was received and thus should result in only very limited supplemental discovery.  If that situation arises, the Court should be free to permit the defense based on all the circumstances then existing.  The recommendation to strike HSBC's defense now, which the Magistrate Judge reached in the abstract and without regard to any specific invocation of the defense, is therefore premature.  Accordingly, HSBC respectfully requests that the Court decline to adopt the Report and Recommendation.

## BACKGROUND

Plaintiffs' complaints generally allege that, over the course of more than a decade, HSBC purportedly breached its duties as indenture trustee with regard to hundreds of separate RMBS trusts holding over a million different loans.  Despite months of discovery, however, Plaintiffs have failed to identify any specific actions or omissions by HSBC to support their claims.  Yet they nevertheless seek to force HSBC to make a binding determination whether to invoke an advice-of-counsel defense for every potential action or omission that Plaintiffs so far have failed to identify.

Each of Plaintiffs' complaints generically asserts that HSBC breached the terms of the governing agreements of the trusts that issued the securities they purchased. To prove a breach of contract, Plaintiffs eventually will have to identify the specific factual circumstances—*i.e.*, the particular actions or omissions that occurred at specific times and places—that they claim were a breach of HSBC's obligations, as well as the specific contractual provision or provisions that support those claims.  As this Court and others have held, in a case against an indenture trustee,

2

Plaintiffs must prove these claims on a loan-by-loan and trust-by-trust basis.  Mar. 10, 2017

Opinion & Order (14-cv-08175, Dkt. No. 292) at 8 (quoting *Ret. Bd. of the Policeman's Annuity*

*and Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d Cir. 2014));

*see also Royal Park Investments SA/NA v. HSBC*, 109 F. Supp. 3d 587, 601 (S.D.N.Y. 2015)

("Certainly, at trial or summary judgment, plaintiffs must prove their claims 'loan-by-loan and

trust-by-trust'").  This requires Plaintiffs to prove HSBC's actual knowledge of specific third-party

breaches, as well as how HSBC's specific actions or omissions with respect to those breaches

caused Plaintiffs' alleged harm.  To avoid dismissal at the pleadings stage, Plaintiffs conceded that

they eventually would have to make this specific showing following discovery.  *See* Pls.' Opp'n

to Defs.' Mot. to Dismiss (14-8175, Dkt. No. 32) at 12–18.  But Plaintiffs have not yet identified

*any* particular actions or omissions by HSBC in *any* specific trust that support their claims.

If and when Plaintiffs attempt to identify specific circumstances that support their claims,

there is good reason to believe that HSBC may have an advice-of-counsel defense.  The governing

agreements in these actions expressly permit HSBC to rely upon "any Opinion of Counsel," which

shall fully and completely authorize and protect HSBC with respect to any actions taken in good

faith and in accordance with such advice:

> The Trustee and the Securities Administrator may consult with counsel of its selection and
> any advice of such counsel or any Opinion of Counsel shall be full and complete
> authorization and protection *in respect of any action taken or suffered or omitted* by it
> hereunder in good faith and in accordance with such advice or Opinion of Counsel; . . .

*See, e.g.*, Exhibit 1, DBALT 2006-AR5 PSA § 9.2(a)(ii) (emphasis added).  But HSBC has not

been able to make a decision about pursuing an advice-of-counsel defense because, despite

repeated efforts to discover the specific bases for Plaintiffs' claims, Plaintiffs consistently have

refused to provide anything beyond generalities.  For example, nearly a year ago, HSBC served

interrogatories on Plaintiffs asking them to identify specific actions or omissions with respect to

specific loans and trusts that Plaintiffs believe constituted breaches of HSBC's obligations.  In response to HSBC's interrogatories, each Plaintiff either refused to provide a substantive response or merely reiterated the generalized allegations from its complaint.[1]  Some Plaintiffs asserted that identifying alleged trustee breaches was "premature" and promised to "update" their response "following the substantial completion of discovery."  *See, e.g.*, Response to Interrogatory No. 2, Royal Park's Objections and Responses to HSBC's Third Set of Interrogatories (14-cv-08175, Dkt. No. 320-2).  Yet, with less than a month of discovery remaining, Plaintiffs still have not updated their interrogatory responses.

Despite their ongoing failure to identify specific factual circumstances supporting their claims, in November 2016, Plaintiffs attempted to force HSBC to assert a so-called blanket advice-of-counsel defense, and thereby potentially broadly waive the attorney-client privilege, or to forfeit the advice-of-counsel defense entirely.  At that time, Magistrate Judge Netburn noted that HSBC is not asserting that its conduct as an indenture trustee was wholly guided by legal advice, and properly found that if HSBC "is considering asserting only a more limited defense in connection with a specific allegation of breach, then HSBC is entitled to better understand the plaintiffs' claims."  Nov. 17, 2016 Order (14-cv-08175, Dkt. 233) at 4.  She further noted that if Plaintiffs "identify specific action or omission in connection with a specific trust or a specific loan that they believe constitutes a breach of HSBC's obligations" and notify HSBC of these allegations, then HSBC "shall have 14 days to decide whether it intends to rely on an advice of counsel defense in

---

[1] The BlackRock plaintiffs contend that they provided sufficient detail because they included a list of various documents produced by HSBC in their interrogatory responses.  But their responses did not identify any specific alleged breaches, explain how the cited documents constituted evidence or notice of breach, or explain what action they believe HSBC took or did not take that they believe is actionable.  *See, e.g.*, Response to Interrogatories Nos. 1–2, BlackRock's Objections and Responses to HSBC's Third Set of Interrogatories (14-cv-08175, Dkt. No. 320-4).

connection with that specific allegation." *Id.*  However, Magistrate Judge Netburn also stated that,

even if Plaintiffs were unable to identify specific breaches, HSBC "must decide whether it intends

to assert an advice of counsel defense by January 27, 2017." *Id.*

Plaintiffs never identified any specific actions or omissions in connection with a specific

trust or loan that they believed constituted a breach of HSBC's obligations.  Accordingly, and in

response to Magistrate Judge Netburn's directive, on January 27, 2017, HSBC informed Plaintiffs

that it remained unable to determine if it received relevant advice with respect to any particular

transaction and thus did not intend to raise an advice-of-counsel defense at that time.  HSBC

reserved the right to raise an advice-of-counsel defense in the event that Plaintiffs ever identify

specific alleged actions or omissions by HSBC with respect to particular trusts or loans.

For the next five months, the parties continued to engage in discovery.  To date, with

discovery set to close in less than a month, Plaintiffs still have failed to identify any specific

breaches or any specific actions or omissions by HSBC upon which they base their claims.

Nonetheless, in an April 2017 letter to Judge Netburn, Plaintiffs once again raised the issue of

advice of counsel, arguing that HSBC must forfeit the defense.  HSBC responded, explaining that

courts do not require litigants to make decisions about whether to assert an advice-of-counsel

defense until they have sufficient factual information to make informed choices.  HSBC again

requested that Plaintiffs identify their specific claims of breach with particularity.

On May 8, 2017, Judge Netburn entered a Report and Recommendation recognizing that

Plaintiffs have failed to come forward with specific allegations, but nonetheless holding that HSBC

could not reserve its right to present an advice-of-counsel defense in the event Plaintiffs ever do

identify specific factual circumstances constituting alleged breaches.  *See* May 8, 2017 Report and

Recommendation (14-cv-08175, Dkt. 343).  Although there was no specific proposed invocation

of the defense that required a ruling, the Report and Recommendation assumed in the abstract that any assertion of the advice-of-counsel defense that HSBC could raise would be identical for any yet-unidentified specific actions and that, by not invoking the defense, HSBC forfeited it.

## STANDARD OF REVIEW

Upon a party's objection to a magistrate judge's recommendation pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the District Court shall "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The statutory language of section 636(b)(1) affords the district court broad latitude in considering the magistrate's recommendation." *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Indeed, "the phrase de novo *determination* in section 636(b)(1), as opposed to de novo *hearing*, was selected by Congress 'to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" *Id.* (quoting *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). The District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

HSBC objects to the Report and Recommendation because it prematurely recommends striking HSBC's advice-of-counsel defense. The Report and Recommendation incorrectly assumes that any potential assertion of the advice-of-counsel defense by HSBC would be identical, regardless of the yet-unidentified factual circumstances or alleged breaches, and that therefore HSBC should already have been able to evaluate whether it will raise that defense without knowing

Plaintiffs' specific allegations.  But whether to raise an advice-of-counsel defense cannot be decided in a factual vacuum.  For that reason, orders precluding defenses based on speculation as to how a party might attempt to present its case at trial are premature and contrary to law.  These lawsuits involve more than 300 trusts with more than 1 million loans.  Discovery has been focused on 24 Bellwether Trusts with tens of thousands of loans.  Based on Plaintiffs' complaints, the actions of HSBC, Plaintiffs, and dozens of originators, warrantors, servicers, and master servicers over the course of more than a decade are purportedly at issue.  During that more-than-ten-year time frame, HSBC consulted with counsel on various issues related to RMBS.  Without knowing Plaintiffs' yet-unidentified specific allegations, HSBC is unable to determine whether it even received specific advice of counsel, let alone whether it wishes to waive the privilege over that advice.  While Plaintiffs may have been permitted to advance their claims at the pleadings stage based on general allegations, the law is clear that such generalities will not suffice at trial.  Should Plaintiffs ever articulate specific circumstances that support their claims, HSBC should not be prejudiced by being foreclosed now from presenting a potentially viable defense based on specific factual circumstances.  Magistrate Judge Netburn's recommendation that HSBC's advice-of-counsel defense be stricken, due to HSBC's purported failure to assert the defense in a factual vacuum, is therefore premature.

The advice-of-counsel defense requires a party's actual reliance on specific legal advice as to a specific issue.  *See In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008).  For this reason, questions concerning invocation of the defense, and its consequences, should be decided in "a specific factual context."  *United States v. Bilzerian*, 926 F.2d 1285, 1293 (2d Cir. 1991); *see also Erie*, 546 F.3d at 229; *Aristocrat Leisure Ltd. v Deutsche Bank Trust Co. Americas*, 727 F. Supp. 2d 256, 271 (S.D.N.Y. 2010) (collecting cases); *In re Buspirone Patent & Antitrust Litig.*, 210

F.R.D. 43, 53 (S.D.N.Y. 2002) (advice of counsel may only be asserted "within the context of the actual factual disputes that are placed at issue"). In order for a party to know whether it may rely on advice of counsel, it must know the specific facts alleged against it. Therefore, a party must be allowed to learn what specific facts its adversary is relying upon to advance its claims so that the party may "decide whether it will assert" the defense. *Valois of Am., Inc. v. Ridson Corp.*, 1998 WL 1661397, at *4 (D. Conn. Dec. 18, 1998); *see also Bausch & Lomb Inc. v. Alcon Laboratories, Inc.*, 173 F.R.D. 367, 378–79 (W.D.N.Y. 1995). Only after the adversary identifies its specific claims can the party determine whether it in fact received advice related to those claims and whether it wishes to raise an advice-of-counsel defense. Forcing a party to decide whether it will raise advice of counsel before it knows the specific facts against it is both unnecessary and prejudicial. *Inv. Tech Grp., Inc. v. Liquidnet Holdings, Inc.*, 2009 U.S. Dist. LEXIS 23278, at *4 (S.D.N.Y. Mar. 23, 2009) ("[T]he more recent decisions from the Federal Circuit and from Judges in this District have held that the decision of whether to assert an advice-of-counsel defense should be deferred until the need to assert such a defense is clear."); *Minerals Techs., Inc. v. Omya AG*, 2005 U.S. Dist. LEXIS 12981, at *4 (S.D.N.Y. June 23, 2005) (asserting advice-of-counsel defense and waiving attorney-client privilege is a "difficult" decision and "forcing" it "may prejudice the defendants' position").

The PSAs at issue in this case are in conformance with this authority. The PSAs provide that the trustee may receive protection based on advice of counsel "in respect of any action taken or suffered or omitted." Exhibit 1, DBALT 2006-AR5 PSA § 9.2(a)(ii). From the outset of discovery, however, Plaintiffs have refused to provide specific information regarding their claims and have frustrated HSBC's efforts to learn information concerning the specific facts and circumstances underlying Plaintiffs' claims. For nearly a year, HSBC has been propounding

discovery designed in part to help it determine whether it has an advice-of-counsel defense.  HSBC

asked Plaintiffs to identify any loan-level breaches and specific Events of Default in the Bellwether

Trusts.  Plaintiffs have provided no meaningful responses.  Despite HSBC's repeated requests

during meet-and-confers and in other communications, Plaintiffs still have not supplemented their

responses or otherwise identified any specific breaches or any specific actions or omissions by

HSBC upon which Plaintiffs base their claims.  *See* May 8, 2017 Report and Recommendation

(14-cv-08175, Dkt. 343) at 3 ("Plaintiffs never identified a particular breach").

For Plaintiffs to meet their burden of proof in these cases, Plaintiffs will need to show

specific acts or omissions by HSBC related to specific loans in specific trusts, including that (1) a

breach by a third party occurred, (2) HSBC had actual knowledge of that third party's breach, (3)

in response to that third party's breach, HSBC was required to act in the manner that Plaintiffs

contend, and (4) HSBC's action or omission caused Plaintiffs' harm.  *See* Mar. 10, 2017 Opinion

& Order (14-cv-08175, Dkt. No. 292) at 9, 13; *see also Royal Park*, 109 F. Supp. 3d at 603 ("If,

after discovery, plaintiffs cannot prove that HSBC had actual knowledge regarding the loans at

issue here, HSBC may move for summary judgment").  Plaintiffs still have failed to identify any

of the above.  Striking HSBC's advice-of-counsel defense in this factual vacuum is premature.

Without knowing Plaintiffs' specific allegations against HSBC in particular contexts, HSBC

cannot identify the specific legal advice it may have received in that context or decide whether to

assert its reliance on particular legal advice it may have obtained over the course of the decade-

plus time period in which it has been an indenture trustee.

Moreover, striking HSBC's advice-of-counsel defense in the abstract is particularly

inappropriate here because Plaintiffs' claims are based on contracts that expressly provide for

advice of counsel as a complete defense as to specific actions by the trustee.  The governing

agreements permit the trustee to rely upon advice or opinion of counsel, which shall fully and completely authorize and protect the trustee "in respect of any action taken or suffered or omitted" taken in good faith and in accordance with such advice. *See, e.g.*, Exhibit 1, DBALT 2006-AR5 PSA § 9.2(a)(ii). In a transparent attempt to sidestep this language, Plaintiffs refuse to identify any specific actions that could implicate an advice-of-counsel defense while they simultaneously demand that HSBC decide whether to raise or waive an advice-of-counsel defense. That approach is improper.

Finally, the Report and Recommendation's assumption that all breaches are fungible not only runs afoul of the principle that advice-of-counsel issues be raised and decided on specific facts, it also is contrary to the law concerning the scope of the associated privilege waiver. Such waivers are limited to the specific issue on which the advice was received. *See In re ML-Lee Acquisition Fund II*, L.P., 859 F. Supp. 765, 768-69 (D. Del. 1994) ("Defendants' assertions as to Defendants' reliance on counsel were very specific and very narrow. Therefore, the Defendants are compelled to produce only those communications relating to the specific areas which Defendants have asserted reliance on the advice of counsel."); *see also United States v. Skeddle*, 989 F. Supp. 905, 909 n.2 (N.D. Ohio 1997) ("courts have generally held that the 'same subject matter' is to be viewed narrowly"); Paul R. Rice, ATTORNEY CLIENT PRIVILEGE IN THE UNITED STATES § 9:83, at 654 (2012) ("As a general rule, courts attempt to construe the subject matter [of an implied waiver] as narrowly as possible—limiting the scope to the matters explicitly addressed in the communications through which the waiver occurred."). These decisions further reinforce that advice-of-counsel issues must be decided in a specific factual context and show that the Court need not be concerned that an invocation of advice of counsel later in this case would require a broad reopening of discovery. Any such invocation would occasion only a narrow waiver as to

10

the specific issue in question and thus limited discovery.  *See, e.g.*, *In re ML-Lee Acquisition Fund II*, L.P., 859 F. Supp. at 768-69.

To the extent Plaintiffs' belated identification of the factual basis for their claims results in some additional disclosure by HSBC, that circumstance is a function of Plaintiffs' decision to style their claims generically and their refusal to identify the specific factual basis for their claims when requested by HSBC.  HSBC should not be penalized for that circumstance.  The Court can address such circumstances either before or during trial based on the facts presented at that time.

For these reasons, the Court should reserve any decision on an advice-of-counsel defense until such time that HSBC actually attempts to invoke that defense.  By taking that course, the Court can preserve its ability to decide any issue as to the defense in "a specific factual context," as the Second Circuit has counseled.  *See Bilzerian*, 926 F.2d at 1293.  If, under all the circumstances then presented, the Court were to conclude that fairness required that the defense be permitted, it should have the option to so rule.  Especially where Plaintiffs have declined to identify any specific alleged actions constituting breach by HSBC, it is possible that new allegations could surface which would justify assertion of an advice-of-counsel defense.  There is no good reason to preclude the defense now, in the abstract, and without reference to any specific invocation.

## CONCLUSION

For the foregoing reasons, HSBC respectfully requests that this Court decline to adopt Magistrate Judge Netburn's May 8, 2017 Report and Recommendation.

Dated: May 22, 2017                              By:   /s/ *George A. Borden*
                                                        George A. Borden
                                                        Kevin M. Hodges (*pro hac vice*)
                                                        Andrew W. Rudge  (*pro hac vice*)
                                                        Edward C. Reddington (*pro hac vice*)
                                                        Vidya Atre Mirmira (*pro hac vice*)
                                                        Eric C. Wiener (*pro hac vice*)
                                                        WILLIAMS & CONNOLLY LLP
                                                        725 Twelfth Street, N.W.
                                                        Washington, DC 20005
                                                        Telephone: (202) 434-5000
                                                        Facsimile: (202) 434-5029
                                                        gborden@wc.com
                                                        khodges@wc.com
                                                        arudge@wc.com
                                                        ereddington@wc.com
                                                        vmirmira@wc.com
                                                        ewiener@wc.com


                                                        *Counsel for HSBC Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2017, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to all

counsel of record in this matter who are on the CM/ECF system.

/s/ *Lauren H. Uhlig*
Lauren H. Uhlig