# MILLER | WRUBEL

**WRITER'S DIRECT NUMBER**

(212) 336-3504
E-MAIL
cjacob@mw-law.com

**FACSIMILE**
(212) 336-3555

June 5, 2017

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
United States District Court,
   Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

   Re: *Coordinated RMBS Trustee Litigation against HSBC Bank USA, NA, Nos. 14-cv-08175, 14-cv-09366, 14-cv-10101, 14-cv-02144, 15-cv-10032, and 15-cv-10096*

Dear Judge Netburn:

  We represent the Triaxx plaintiffs ("Triaxx") in the above-referenced coordinated proceedings. We submit this letter-motion for a protective order pursuant to Fed. R. Civ. P. 26(c) and sanctions pursuant to Fed. R. Civ. P. 37(a)(5), based on the service by defendant HSBC ("HSBC") on and after Friday, June 2, 2017 – the discovery cutoff for third-party depositions (with exceptions not relevant here) – of *six* third-party deposition subpoenas on third parties connected with Triaxx in some way, all noticed for after the third-party deposition cutoff, and HSBC's harassment of those third parties over this past weekend.

   **1. June 2 Was the Third-Party Deposition Cutoff Date**

  The Court is familiar with its imposition of discovery cutoffs in these coordinated proceedings. In its Order filed March 23, 2017 (DE 143),[1] after all parties were heard at length, the Court set June 2 as the cutoff date for third-party depositions, stating: "Pursuant to the March 10, 2017 Order, third-party depositions (except for depositions of third-party warrantors and servicers) shall be completed by June 2, 2017."

---

[1] "DE" citations are to the docket in 15-cv-10096, but the referenced orders apply in all six of these coordinated proceedings.

MILLER & WRUBEL PC

Hon. Sarah Netburn
June 5, 2017
Page 2

It is undisputed that none of the third-parties on which HSBC served subpoenas on and after June 2 is a "third-party warrantor [or] servicer." Thus, had HSBC wished to take the depositions of those third parties, it had to do so by June 2. The Court's May 5, 2017 Order (DE 158) extended the cutoff to June 16 only "for purposes of resolving outstanding party depositions" and emphasized that "Discovery will not be extended further."

### 2. HSBC's Improper Service of Fifteen Third-Party Subpoenas Without Leave of the Court to Do So

On Thursday May 31, with the third-party deposition cutoff two days away, we received a request from Mayer Brown, HSBC's co-counsel, to extend discovery for 45 days from June 16, *i.e.*, to July 31, 2017. In view of the Court's March 23 and May 5 Orders, we did not consider Triaxx at liberty to agree to this request. Further, Triaxx vigorously disagrees with the notion that anything whatsoever "new" happened in recent weeks justifying such a discovery extension.[2] HSBC, in particular through its other co-counsel Williams & Connolly, is very familiar with Triaxx and the manner in which it is managed.

Promptly on May 31, we responded to Mayer Brown that Triaxx was not in a position to agree to extend the June 2 third-party deposition cutoff in view of Your Honor's Orders. Since counsel seemed to be confusing the June 2 and June 16 cutoffs, we also explained that June 2, not June 16, was the relevant date. We also pointed out that "We also don't know exactly what post-cutoff discovery you are proposing" – which we didn't, since this was the first we had heard of specific third-party discovery involving Triaxx. A copy of that exchange of e-mail correspondence is annexed as Exhibit 1. There was no mention of six deposition subpoenas or nine related document subpoenas.

On June 1, 2017, the day before the third-party discovery cutoff, HSBC filed a motion for an extension of the cutoff, acknowledging that leave of this Court was required in order for HSBC to proceed with untimely third-party discovery.

On Friday, June 2 – the cutoff date itself – HSBC served notice of *six* third-party deposition subpoenas (and *nine* related document subpoenas), copies of which are annexed as Exhibit 2. No explanation was provided as to why HSBC could possibly wish to take six third-party depositions involving Triaxx, which holds only one of the "bellwether" trusts in these proceedings (WFMBS 2006-9), or why the nine related document subpoenas are needed. In fact, HSBC's counsel never met and conferred with us at all about these fifteen subpoenas – they just went ahead and served them, without leave of the Court to do so.

---

[2] We will file tomorrow Triaxx's opposition to HSBC's June 1 letter-motion for a discovery extension, which will discuss the lack of merit to that request in greater detail. Briefly put, HSBC's reliance on alleged recent discovery of a "conflict" is both factually incorrect and irrelevant to the matters at hand.

MILLER & WRUBEL PC

Hon. Sarah Netburn
June 5, 2017
Page 3

These subpoenas are, on their faces, absurdly overbroad, cumulative and duplicative. But since they are also untimely, we do not discuss that in detail here.

### 3. HSBC's Harassment of the Third-Party Witnesses' Families

Under the circumstances, including HSBC's own acknowledgment that leave of Court is necessary for any third-party depositions to take place after June 2, there was absolutely no urgency to serve these subpoenas. In fact, since leave of Court was necessary to serve them, they should not have been served at all.

That did not stop HSBC from harassing the families of the third-party witnesses over this past weekend. At 4:00 p.m. on Saturday, June 3, the Mayer Brown process server confronted the 15-year old daughter of third-party Dominick Savino at the Savinos' home, misled her by saying he "has a check for Dominick Savino," handed her a check and subpoena and took at least one photograph, leaving young Ms. Savino understandably upset and confused. At 10:00 p.m. on Friday night – well past any ordinary business hours – the Mayer Brown process server visited the home of third party Mingsung Tang, leaving their teenaged son (who answered the door) similarly upset and confused.

There is a right way and a wrong way to do things, even in this contentious business. HSBC's counsel never met and conferred *at all* about these fifteen untimely subpoenas, went ahead and served them on and after the June 2 cutoff, despite our efforts to explain that leave of Court was needed to do so, and served them in a way that was obviously intended to harass and intimidate these non-party witnesses. There was no urgency as to the service of these subpoenas, since this Court had not yet been heard from as to extending the cutoff.

For the foregoing reasons, Triaxx requests a protective order quashing these fifteen subpoenas and the sanction of its expenses in opposing them.[3]

Respectfully submitted,

Charles R. Jacob III

Cc: All Counsel (via ECF)
Counsel in coordinated actions (via e-mail)

---

[3] We communicated our views to Mayer Brown by e-mails on May 31 (before knowing HSBC proposed to serve fifteen subpoenas) and again on June 2, but our e-mails were ignored and HSBC served the subpoenas before there was an opportunity to meet and confer about them.