# EXHIBIT 2

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                           Dominick Savino
                 One Zero Capital, LLC, 459 Broadway, New York, NY 10013
                          *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Mayer Brown LLP | Date and Time: |
|---|---|
| 1221 Avenue of the Americas, New York, NY 10020 | 06/16/2017 9:00 am |

The deposition will be recorded by this method:    Video and/or stenographic means

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/02/2017

              *CLERK OF COURT*

                                              OR

                                                        /s/ Matthew Ingber
_____            _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
HSBC Bank USA, N.A.
_____, who issues or requests this subpoena, are:
Matthew D. Ingber, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020
Phone (212) 506-2373 Email: mingber@mayerbrown.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   15-CV-10096 (LGS)(SN)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Dominick Savino
One Zero Capital, LLC, 459 Broadway, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A, attached.

| Place: Mayer Brown LLP<br>1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br><br>06/14/2017 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/02/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Matthew Ingber |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A. _____ , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS

The following definitions shall apply as used herein:

1.      "This Action" refers to the above captioned lawsuit.

2.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

3.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

4.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

5.       "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

6.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

7.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

8.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar

AMECURRENT 724461294.1 01-Jun-17 16:29

document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

9.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

10.      "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

11.      "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

12.      "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

13.      "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

14.      "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information,

2

research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

15.     "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

16.     "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

17.     "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.     "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

19.     "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

20.     "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

AMECURRENT 724461294.1 01-Jun-17 16:29

21.     "You" (or derivations thereof) means Dominick Savino, or any entity or individual acting under the control of or on behalf of Dominick Savino involved in or providing information, research, analysis, consulting services, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management or were managed by ICP.

22.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the request would indicate.

<h1 style="text-align:center">INSTRUCTIONS</h1>

1.     These requests call for all responsive documents or information in Your possession, custody, or control.

2.     Unless otherwise stated, please respond to these requests as to the time period from June 1, 2003, to the present.

3.     If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

4.     Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken, as well as the name, affiliation, and position for each custodian for each file.

5.     Include all metadata with any electronic documents.

6.     If any document requested was, but no longer is, in Your possession or subject to Your control and cannot be produced by You, state for each such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances

AMECURRENT 724461294.1 01-Jun-17 16:29

surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.      Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.      If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are nonetheless being produced, we will construe Your statement as a representation that You are

producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.     All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

## DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**     All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to ICP, Triaxx Asset Management, the Triaxx CDOs, or any RMBS securities.

**Request No. 2.**     All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs, ICP, or Triaxx Asset Management.

**Request No. 3.**     Any Communications related to the Triaxx CDOs between You and (1) any directors, officers, agents, employees, and/or attorneys of Phoenix Real Estate Solutions Limited, Phoenix Advisors and Managers Limited d/b/a Phoenix ABS, Ferry Farm Capital d/b/a Ferry Farm Capital Management, 1/0 Capital LLC, ICP Asset Management, or Triaxx Asset Management; (2) current or former investors in the Triaxx CDOs; (3) prospective investors in the Triaxx CDOs; (4) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (5) HSBC; or (6) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter, servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 4.**     Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

**Request No. 5.**        Communications or other documents related to decisions to acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 6.**        Communications or other documents related to the monitoring or analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 7.**        Presentations or other marketing materials related to the type of services You provided to ICP, Triaxx Asset Management, or the Triaxx CDOs.

**Request No. 8.**        The following documents related to the Triaxx CDOs: (a) agreements, forms, prospectuses, prospectus supplements, offering documents, marketing materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar documents prepared by You.

**Request No. 9.**        Documents relating to or discussing HSBC in its capacity as an RMBS trustee.

**Request No. 10.**        Documents related to Your performance of the duties set forth in any agreements between You and (a) ICP; (b) Triaxx Asset Management; or (c) the Triaxx CDOs.

**Request No. 11.**        Documents related to (a) potential or actual breaches of representation or warranties in the mortgage loans underlying any of the RMBS trusts held by the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported knowledge of any potential or actual breach of representation or warranty, potential or actual Event of Default, or potential or actual breach of any Governing Agreement.

**Request No. 12.**     Documents related to Your monitoring, evaluation, or assessment of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 13.**     Documents You prepared on behalf of ICP or Triaxx Asset Management in accordance with their duties as collateral manager for the Triaxx CDOs.

**Request No. 14.**     Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 15.**     Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 16.**     Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 17.**     Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 18.**     Documents concerning any efforts You or others made on behalf of ICP, Triaxx Asset Management, or the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments, positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

8

**Request No. 19.**        Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 20.**        Documents related to any advice or analysis You offered ICP, Triaxx Asset Management, or the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 21.**        Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 22.**        Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 23.**        Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

AMECURRENT 724461294.1 01-Jun-17 16:29

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| Triaxx Prime CDO 2006-1, Ltd, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Mingsung Tang
                     One Zero Capital, LLC, 459 Broadway, New York, NY 10013
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Mayer Brown LLP<br>1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br>06/16/2017 9:00 am |
|---|---|

The deposition will be recorded by this method:  Video and/or stenographic means

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/02/2017

             *CLERK OF COURT*
                                                                        OR

                                                                         /s/ Matthew Ingber
_____                        _____
       *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A.                                                                  , who issues or requests this subpoena, are:

Matthew D. Ingber, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020
Phone (212) 506-2373 Email: mingber@mayerbrown.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   15-CV-10096 (LGS)(SN)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Mingsung Tang
One Zero Capital, LLC, 459 Broadway, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A, attached.

| Place: Mayer Brown LLP <br> 1221 Avenue of the Americas, New York, NY 10020 | Date and Time: <br><br> 06/15/2017 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/02/2017

*CLERK OF COURT*

OR

_____          /s/ Matthew Ingber
*Signature of Clerk or Deputy Clerk*              _____
                                                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A. _____ , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The following definitions shall apply as used herein:

1.      "This Action" refers to the above captioned lawsuit.

2.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

3.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

4.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

5.      "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

6.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

7.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

8.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar

1

document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

9.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

10.      "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

11.      "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

12.      "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

13.      "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

14.      "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information,

research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

15.     "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

16.     "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

17.     "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.     "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

19.     "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

20.     "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

3

21.     "You" (or derivations thereof) means Mingsung Tang, or any entity or individual acting under the control of or on behalf of Mingsung Tang involved in or providing information, research, analysis, consulting services, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management or were managed by ICP.

22.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the request would indicate.

## INSTRUCTIONS

1.      These requests call for all responsive documents or information in Your possession, custody, or control.

2.      Unless otherwise stated, please respond to these requests as to the time period from June 1, 2003, to the present.

3.      If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

4.      Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken, as well as the name, affiliation, and position for each custodian for each file.

5.      Include all metadata with any electronic documents.

6.      If any document requested was, but no longer is, in Your possession or subject to Your control and cannot be produced by You, state for each such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances

AMECURRENT 724461301.1 01-Jun-17 16:29

surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.     Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.     If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are nonetheless being produced, we will construe Your statement as a representation that You are

producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.     All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

## DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**     All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to ICP, Triaxx Asset Management, the Triaxx CDOs, or any RMBS securities.

**Request No. 2.**     All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs, ICP, or Triaxx Asset Management.

**Request No. 3.**     Any Communications related to the Triaxx CDOs between You and (1) any directors, officers, agents, employees, and/or attorneys of Phoenix Real Estate Solutions Limited, Phoenix Advisors and Managers Limited d/b/a Phoenix ABS, Ferry Farm Capital d/b/a Ferry Farm Capital Management, 1/0 Capital LLC, ICP Asset Management, or Triaxx Asset Management; (2) current or former investors in the Triaxx CDOs; (3) prospective investors in the Triaxx CDOs; (4) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (5) HSBC; or (6) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter, servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 4.**     Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

6

**Request No. 5.**        Communications or other documents related to decisions to acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 6.**        Communications or other documents related to the monitoring or analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 7.**        Presentations or other marketing materials related to the type of services You provided to ICP, Triaxx Asset Management, or the Triaxx CDOs.

**Request No. 8.**        The following documents related to the Triaxx CDOs: (a) agreements, forms, prospectuses, prospectus supplements, offering documents, marketing materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar documents prepared by You.

**Request No. 9.**        Documents relating to or discussing HSBC in its capacity as an RMBS trustee.

**Request No. 10.**        Documents related to Your performance of the duties set forth in any agreements between You and (a) ICP; (b) Triaxx Asset Management; or (c) the Triaxx CDOs.

**Request No. 11.**        Documents related to (a) potential or actual breaches of representation or warranties in the mortgage loans underlying any of the RMBS trusts held by the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported knowledge of any potential or actual breach of representation or warranty, potential or actual Event of Default, or potential or actual breach of any Governing Agreement.

**Request No. 12.**        Documents related to Your monitoring, evaluation, or assessment of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 13.**        Documents You prepared on behalf of ICP or Triaxx Asset Management in accordance with their duties as collateral manager for the Triaxx CDOs.

**Request No. 14.**        Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 15.**        Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 16.**        Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 17.**        Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 18.**        Documents concerning any efforts You or others made on behalf of ICP, Triaxx Asset Management, or the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments, positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

AMECURRENT 724461301.1 01-Jun-17 16:29

**Request No. 19.**        Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 20.**        Documents related to any advice or analysis You offered ICP, Triaxx Asset Management, or the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 21.**        Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 22.**        Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 23.**        Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

AMECURRENT 724461301.1 01-Jun-17 16:29

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

Southern District of New York

| Triaxx Prime CDO 2006-1, Ltd., et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Nicholas Calamari
One Zero Capital, LLC, 459 Broadway, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Mayer Brown LLP<br>1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br>06/15/2017 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and/or stenographic means

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/02/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Matthew Ingber |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A.                                                                        , who issues or requests this subpoena, are:

Matthew D. Ingber, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020
Phone (212) 506-2373 Email: mingber@mayerbrown.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd., et al. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                                     Nicholas Calamari
                 One Zero Capital, LLC, 459 Broadway, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A, attached.

| Place: Mayer Brown LLP<br>       1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br><br>      06/14/2017 9:00 am |
|---|---|

     ❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/02/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Matthew Ingber |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
HSBC Bank USA, N.A.                             , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

The following definitions shall apply as used herein:

1.      "This Action" refers to the above captioned lawsuit.

2.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

3.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

4.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

5.       "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

6.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

7.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

8.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar

1

document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

9.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

10.     "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

11.     "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

12.     "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

13.     "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

14.     "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information,

research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

15.     "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

16.     "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

17.     "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.     "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

19.     "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

20.     "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

AMECURRENT 724461321.1 01-Jun-17 16:36

21.     "You" (or derivations thereof) means Nicholas Calamari, or any entity or individual acting under the control of or on behalf of Nicholas Calamari involved in or providing information, research, analysis, consulting services, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management or were managed by ICP.

22.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the request would indicate.

## INSTRUCTIONS

1.     These requests call for all responsive documents or information in Your possession, custody, or control.

2.     Unless otherwise stated, please respond to these requests as to the time period from June 1, 2003, to the present.

3.     If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

4.     Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken, as well as the name, affiliation, and position for each custodian for each file.

5.     Include all metadata with any electronic documents.

6.     If any document requested was, but no longer is, in Your possession or subject to Your control and cannot be produced by You, state for each such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances

4

surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.     Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.     If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are nonetheless being produced, we will construe Your statement as a representation that You are

producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.    All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

## DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**    All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to ICP, Triaxx Asset Management, the Triaxx CDOs, or any RMBS securities.

**Request No. 2.**    All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs, ICP, or Triaxx Asset Management.

**Request No. 3.**    Any Communications related to the Triaxx CDOs between You and (1) any directors, officers, agents, employees, and/or attorneys of Phoenix Real Estate Solutions Limited, Phoenix Advisors and Managers Limited d/b/a Phoenix ABS, Ferry Farm Capital d/b/a Ferry Farm Capital Management, 1/0 Capital LLC, ICP Asset Management, or Triaxx Asset Management; (2) current or former investors in the Triaxx CDOs; (3) prospective investors in the Triaxx CDOs; (4) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (5) HSBC; or (6) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter, servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 4.**    Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

**Request No. 5.**     Communications or other documents related to decisions to acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 6.**     Communications or other documents related to the monitoring or analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 7.**     Presentations or other marketing materials related to the type of services You provided to ICP, Triaxx Asset Management, or the Triaxx CDOs.

**Request No. 8.**     The following documents related to the Triaxx CDOs: (a) agreements, forms, prospectuses, prospectus supplements, offering documents, marketing materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar documents prepared by You.

**Request No. 9.**     Documents relating to or discussing HSBC in its capacity as an RMBS trustee.

**Request No. 10.**     Documents related to Your performance of the duties set forth in any agreements between You and (a) ICP; (b) Triaxx Asset Management; or (c) the Triaxx CDOs.

**Request No. 11.**     Documents related to (a) potential or actual breaches of representation or warranties in the mortgage loans underlying any of the RMBS trusts held by the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported knowledge of any potential or actual breach of representation or warranty, potential or actual Event of Default, or potential or actual breach of any Governing Agreement.

**Request No. 12.**      Documents related to Your monitoring, evaluation, or assessment of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 13.**      Documents You prepared on behalf of ICP or Triaxx Asset Management in accordance with their duties as collateral manager for the Triaxx CDOs.

**Request No. 14.**      Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 15.**      Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 16.**      Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 17.**      Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 18.**      Documents concerning any efforts You or others made on behalf of ICP, Triaxx Asset Management, or the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments, positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

8

**Request No. 19.**     Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 20.**     Documents related to any advice or analysis You offered ICP, Triaxx Asset Management, or the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 21.**     Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 22.**     Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 23.**     Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

9

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | )|
| *Plaintiff* | )|
| v. | )   Civil Action No.   15-CV-10096 (LGS)(SN)|
| HSBC Bank USA, N.A. | )|
| *Defendant* | )|

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Phoenix Advisors and Managers USA LLC
                 459 Broadway, New York NY 10013
*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A, attached.

| Place: Mayer Brown LLP<br>1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br><br>06/14/2017 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/02/2017

                 *CLERK OF COURT*
                                        OR
                                                /s/ Matthew Ingber
_____                _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
HSBC Bank USA, N.A.                                     , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____             _____
                                                    *Server's signature*

                                           _____
                                                    *Printed name and title*

                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS

The following definitions shall apply as used herein:

1.      "Phoenix ABS" means Phoenix Advisors and Managers USA LLC, d/b/a Phoenix ABS, and any of its directors, officers, agents, employees, and/or attorneys.

2.      "This Action" refers to the above captioned lawsuit.

3.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

4.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

5.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

6.       "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

7.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

8.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

1

9.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

10.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

11.      "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

12.      "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

13.       "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

14.      "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

2

15.     "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

16.     "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

17.     "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.     "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

19.     "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

20.     "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

21.     "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make

use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

22.     "You" (or derivations thereof) means Phoenix ABS, or any director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Phoenix ABS or any affiliated entity involved in or providing information, research, analysis, consulting services, or management services relating to ICP, Triaxx Asset Management, or the Triaxx CDOs.

23.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the request would indicate.

## INSTRUCTIONS

1.     These requests call for all responsive documents or information in Your possession, custody, or control.

2.     Unless otherwise stated, please respond to these requests as to the time period from June 1, 2003, to the present.

3.     If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

4.     Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken, as well as the name, affiliation, and position for each custodian for each file.

5.     Include all metadata with any electronic documents.

6.     If any document requested was, but no longer is, in Your possession or subject to Your control and cannot be produced by You, state for each such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily

to others, or has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.     Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.     If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are

nonetheless being produced, we will construe Your statement as a representation that You are producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.     All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

## DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**     Documents sufficient to identify any persons, including third-parties, involved in Your services for ICP, Triaxx Asset Management, or any of the Triaxx CDOs.

**Request No. 2.**     All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs, ICP, or Triaxx Asset Management.

**Request No. 3.**     All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to ICP, Triaxx Asset Management, the Triaxx CDOs, or any RMBS securities.

**Request No. 4.**     Communications related to ICP, Triaxx Asset Management, or any of the Triaxx CDOs that occurred internally or between You and (1) current or former investors in the Triaxx CDOs; (2) prospective investors in the Triaxx CDOs; (3) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (4) HSBC; or (5) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter, servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 5.**        Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

**Request No. 6.**        Communications or other documents related to decisions to acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 7.**        Communications or other documents related to the monitoring or analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 8.**        Presentations or other marketing materials related to the type of services You provided to ICP, Triaxx Asset Management, or the Triaxx CDOs.

**Request No. 9.**        The following documents related to the Triaxx CDOs: (a) agreements, forms, prospectuses, prospectus supplements, offering documents, marketing materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar documents prepared by You.

**Request No. 10.**        Documents relating to or discussing HSBC in its capacity as an RMBS trustee.

**Request No. 11.**        Documents related to Your performance of the duties set forth in any agreements between You and (a) ICP; (b) Triaxx Asset Management; or (c) the Triaxx CDOs.

**Request No. 12.**        Documents related to (a) potential or actual breaches of representation or warranties in the mortgage loans underlying any of the RMBS trusts held by the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported

knowledge of any potential or actual breach of representation or warranty, potential or actual Event of Default, or potential or actual breach of any Governing Agreement.

**Request No. 13.**    Documents related to Your monitoring, evaluation, or assessment of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 14.**    Documents You prepared on behalf of ICP or Triaxx Asset Management in accordance with their duties as collateral manager for the Triaxx CDOs.

**Request No. 15.**    Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 16.**    Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 17.**    Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 18.**    Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 19.**    Documents concerning any efforts You or others made on behalf of ICP, Triaxx Asset Management, or the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments,

8

positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

**Request No. 20.**    Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 21.**    Documents related to any advice or analysis You offered ICP, Triaxx Asset Management, or the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 22.**    Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 23.**    Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 24.**    Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Phoenix Real Estate Solutions Limited
                          459 Broadway, New York NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Schedule A, attached.

| Place: Mayer Brown LLP<br>        1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br><br>        06/14/2017 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/02/2017

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Matthew Ingber<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A.                               , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

      ❏  I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

      I declare under penalty of perjury that this information is true.

Date: _____

                                          _____

                                                  *Server's signature*

                                          _____

                                                  *Printed name and title*

                                          _____

                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A</u>

## **DEFINITIONS**

The following definitions shall apply as used herein:

1.      "Phoenix Real Estate Solutions" means Phoenix Real Estate Solutions Limited, and any of its directors, officers, agents, employees, and/or attorneys.

2.      "This Action" refers to the above captioned lawsuit.

3.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

4.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

5.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

6.       "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

7.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

8.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

1

9.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

10.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

11.      "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

12.      "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

13.       "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

14.      "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

2

15.     "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

16.     "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

17.     "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.     "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

19.     "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

20.     "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

21.     "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make

AMECURRENT 724465057.1 01-Jun-17 19:25

use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

22.     "You" (or derivations thereof) means Phoenix Real Estate Solutions, or any director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Phoenix Real Estate Solutions or any affiliated entity involved in or providing information, research, analysis, consulting services, or management services relating to ICP, Triaxx Asset Management, or the Triaxx CDOs.

23.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the request would indicate.

### INSTRUCTIONS

1.     These requests call for all responsive documents or information in Your possession, custody, or control.

2.     Unless otherwise stated, please respond to these requests as to the time period from June 1, 2003, to the present.

3.     If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

4.     Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken, as well as the name, affiliation, and position for each custodian for each file.

5.     Include all metadata with any electronic documents.

6.     If any document requested was, but no longer is, in Your possession or subject to Your control and cannot be produced by You, state for each such document whether the

document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.     Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.     If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are nonetheless being produced, we will construe Your statement as a representation that You are producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.     All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

## DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**     Documents sufficient to identify any persons, including third-parties, involved in Your services for ICP, Triaxx Asset Management, or any of the Triaxx CDOs.

**Request No. 2.**     All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to ICP, Triaxx Asset Management, the Triaxx CDOs, or any RMBS securities.

**Request No. 3.**     All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs, ICP, or Triaxx Asset Management.

**Request No. 4.**     Communications related to ICP, Triaxx Asset Management, or any of the Triaxx CDOs that occurred internally or between You and (1) current or former investors in the Triaxx CDOs; (2) prospective investors in the Triaxx CDOs; (3) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (4) HSBC; or (5) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter,

servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 5.** Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

**Request No. 6.** Communications or other documents related to decisions to acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 7.** Communications or other documents related to the monitoring or analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 8.** Presentations or other marketing materials related to the type of services You provided to ICP, Triaxx Asset Management, or the Triaxx CDOs.

**Request No. 9.** The following documents related to the Triaxx CDOs: (a) agreements, forms, prospectuses, prospectus supplements, offering documents, marketing materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar documents prepared by You.

**Request No. 10.** Documents relating to or discussing HSBC in its capacity as an RMBS trustee.

**Request No. 11.** Documents related to Your performance of the duties set forth in any agreements between You and (a) ICP; (b) Triaxx Asset Management; or (c) the Triaxx CDOs.

**Request No. 12.** Documents related to (a) potential or actual breaches of representation or warranties in the mortgage loans underlying any of the RMBS trusts held by the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the

7

Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported knowledge of any potential or actual breach of representation or warranty, potential or actual Event of Default, or potential or actual breach of any Governing Agreement.

**Request No. 13.**      Documents related to Your monitoring, evaluation, or assessment of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 14.**      Documents You prepared on behalf of ICP or Triaxx Asset Management in accordance with their duties as collateral manager for the Triaxx CDOs.

**Request No. 15.**      Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 16.**      Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 17.**      Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 18.**      Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 19.**      Documents concerning any efforts You or others made on behalf of ICP, Triaxx Asset Management, or the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments,

8

positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

**Request No. 20.**      Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 21.**      Documents related to any advice or analysis You offered ICP, Triaxx Asset Management, or the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 22.**      Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 23.**      Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 24.**      Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

AMECURRENT 724465057.1 01-Jun-17 19:25

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Randy Tokar
              The Federal Reserve Board of New York, 33 Liberty Street, New York, NY 10045
                              *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Mayer Brown LLP | Date and Time: |
|---|---|
| 1221 Avenue of the Americas, New York, NY 10020 | 06/15/2017 9:00 am |

  The deposition will be recorded by this method:   Video and/or stenographic means

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/02/2017

                    *CLERK OF COURT*
                                                              OR
                                                                          /s/ Matthew Ingber
              _____              _____
                  *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A.                                                              , who issues or requests this subpoena, are:

Matthew D. Ingber, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020
Phone (212) 506-2373 Email: mingber@mayerbrown.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Randy Tokar
The Federal Reserve Board of New York, 33 Liberty Street, New York, NY 10045

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A, attached.

| Place: Mayer Brown LLP<br>1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br><br>06/14/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/02/2017

CLERK OF COURT

OR

_____          /s/ Matthew Ingber
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A.                              , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. ___15-CV-10096 (LGS)(SN)___

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The following definitions shall apply as used herein:

1.      "This Action" refers to the above captioned lawsuit.

2.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

3.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

4.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

5.       "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

6.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

7.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

8.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar

1

document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

9.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

10.     "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

11.     "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

12.     "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

13.     "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

14.     "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information,

research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

15.     "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

16.     "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

17.     "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.     "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

19.     "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

20.     "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

21.     "You" (or derivations thereof) means Randy Tokar, or any entity or individual

acting under the control of or on behalf of Randy Tokar involved in or providing information,

research, analysis, consulting services, or management services relating to the investments at

issue in this action that are managed by Triaxx Asset Management or were managed by ICP.

22.     To the extent not otherwise defined, all words shall have their usual and ordinary

meaning as the context of the request would indicate.

## INSTRUCTIONS

1.      These requests call for all responsive documents or information in Your

possession, custody, or control.

2.      Unless otherwise stated, please respond to these requests as to the time period

from June 1, 2003, to the present.

3.      If, in responding to any of these requests, You encounter any ambiguity in

construing either the request or a definition or instructions relevant to it, set forth the matter

deemed ambiguous and the construction selected or used in responding to the request.

4.      Produce all documents as they are kept in the normal course of business and

identify the file from which each document was taken, as well as the name, affiliation, and

position for each custodian for each file.

5.      Include all metadata with any electronic documents.

6.      If any document requested was, but no longer is, in Your possession or subject to

Your control and cannot be produced by You, state for each such document whether the

document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily

to others, or has been otherwise disposed of, and in each instance explain the circumstances

4

surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.      Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.      If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are nonetheless being produced, we will construe Your statement as a representation that You are

producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.     All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

## DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**     All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to ICP, Triaxx Asset Management, the Triaxx CDOs, or any RMBS securities.

**Request No. 2.**     All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs, ICP, or Triaxx Asset Management.

**Request No. 3.**     Any Communications related to the Triaxx CDOs between You and (1) any directors, officers, agents, employees, and/or attorneys of Phoenix Real Estate Solutions Limited, Phoenix Advisors and Managers Limited d/b/a Phoenix ABS, Ferry Farm Capital d/b/a Ferry Farm Capital Management, 1/0 Capital LLC, ICP Asset Management, or Triaxx Asset Management; (2) current or former investors in the Triaxx CDOs; (3) prospective investors in the Triaxx CDOs; (4) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (5) HSBC; or (6) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter, servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 4.**     Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

6

**Request No. 5.**        Communications or other documents related to decisions to acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 6.**        Communications or other documents related to the monitoring or analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 7.**        Presentations or other marketing materials related to the type of services You provided to ICP, Triaxx Asset Management, or the Triaxx CDOs.

**Request No. 8.**        The following documents related to the Triaxx CDOs: (a) agreements, forms, prospectuses, prospectus supplements, offering documents, marketing materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar documents prepared by You.

**Request No. 9.**        Documents relating to or discussing HSBC in its capacity as an RMBS trustee.

**Request No. 10.**        Documents related to Your performance of the duties set forth in any agreements between You and (a) ICP; (b) Triaxx Asset Management; or (c) the Triaxx CDOs.

**Request No. 11.**        Documents related to (a) potential or actual breaches of representation or warranties in the mortgage loans underlying any of the RMBS trusts held by the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported knowledge of any potential or actual breach of representation or warranty, potential or actual Event of Default, or potential or actual breach of any Governing Agreement.

**Request No. 12.**         Documents related to Your monitoring, evaluation, or assessment of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 13.**         Documents You prepared on behalf of ICP or Triaxx Asset Management in accordance with their duties as collateral manager for the Triaxx CDOs.

**Request No. 14.**         Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 15.**         Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 16.**         Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 17.**         Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 18.**         Documents concerning any efforts You or others made on behalf of ICP, Triaxx Asset Management, or the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments, positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

**Request No. 19.**        Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 20.**        Documents related to any advice or analysis You offered ICP, Triaxx Asset Management, or the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 21.**        Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 22.**        Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 23.**        Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

9

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Thomas Priore
15 Deer Park Meadow Road, Greenwich, CT 06830

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:    Mayer Brown LLP<br>     1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br><br>     06/14/2017 9:00 am |
|---|---|

     The deposition will be recorded by this method:    Video and/or stenographic means

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/02/2017

        *CLERK OF COURT*

                                       OR

                                                        /s/ Matthew Ingber

              *Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
HSBC Bank USA, N.A.                                                  , who issues or requests this subpoena, are:

Matthew D. Ingber, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020
Phone (212) 506-2373 Email: mingber@mayerbrown.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. ___15-CV-10096 (LGS)(SN)_____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Thomas Priore
15 Deer Park Meadow Road, Greenwich, CT 06830

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A, attached.

| Place: Mayer Brown LLP<br>1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br><br>06/13/2017 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/02/2017

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Matthew Ingber<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A. , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**DEFINITIONS**

The following definitions shall apply as used herein:

1.      "This Action" refers to the above captioned lawsuit.

2.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

3.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

4.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

5.      "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

6.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

7.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

8.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar

1

document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

9.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

10.     "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

11.     "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

12.     "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

13.     "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

14.     "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information,

research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

15.    "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

16.    "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

17.    "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.    "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

19.    "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

20.    "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

21.     "You" (or derivations thereof) means Thomas Priore, or any entity or individual acting under the control of or on behalf of Thomas Priore involved in or providing information, research, analysis, consulting services, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management or were managed by ICP.

22.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the request would indicate.

## INSTRUCTIONS

1.     These requests call for all responsive documents or information in Your possession, custody, or control.

2.     Unless otherwise stated, please respond to these requests as to the time period from June 1, 2003, to the present.

3.     If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

4.     Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken, as well as the name, affiliation, and position for each custodian for each file.

5.     Include all metadata with any electronic documents.

6.     If any document requested was, but no longer is, in Your possession or subject to Your control and cannot be produced by You, state for each such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances

surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.      Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.      If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are nonetheless being produced, we will construe Your statement as a representation that You are

AMECURRENT 724461226.1 01-Jun-17 16:25

producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.     All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

### DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**     All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to ICP, Triaxx Asset Management, the Triaxx CDOs, or any RMBS securities.

**Request No. 2.**     All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs, ICP, or Triaxx Asset Management.

**Request No. 3.**     Any Communications related to the Triaxx CDOs between You and (1) any directors, officers, agents, employees, and/or attorneys of Phoenix Real Estate Solutions Limited, Phoenix Advisors and Managers Limited d/b/a Phoenix ABS, Ferry Farm Capital d/b/a Ferry Farm Capital Management, 1/0 Capital LLC, ICP Asset Management, or Triaxx Asset Management; (2) current or former investors in the Triaxx CDOs; (3) prospective investors in the Triaxx CDOs; (4) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (5) HSBC; or (6) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter, servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 4.**     Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

AMECURRENT 724461226.1 01-Jun-17 16:25

**Request No. 5.**        Communications or other documents related to decisions to acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 6.**        Communications or other documents related to the monitoring or analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 7.**        Presentations or other marketing materials related to the type of services You provided to ICP, Triaxx Asset Management, or the Triaxx CDOs.

**Request No. 8.**        The following documents related to the Triaxx CDOs: (a) agreements, forms, prospectuses, prospectus supplements, offering documents, marketing materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar documents prepared by You.

**Request No. 9.**        Documents relating to or discussing HSBC in its capacity as an RMBS trustee.

**Request No. 10.**        Documents related to Your performance of the duties set forth in any agreements between You and (a) ICP; (b) Triaxx Asset Management; or (c) the Triaxx CDOs.

**Request No. 11.**        Documents related to (a) potential or actual breaches of representation or warranties in the mortgage loans underlying any of the RMBS trusts held by the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported knowledge of any potential or actual breach of representation or warranty, potential or actual Event of Default, or potential or actual breach of any Governing Agreement.

7

**Request No. 12.**        Documents related to Your monitoring, evaluation, or assessment of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 13.**        Documents You prepared on behalf of ICP or Triaxx Asset Management in accordance with their duties as collateral manager for the Triaxx CDOs.

**Request No. 14.**        Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 15.**        Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 16.**        Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 17.**        Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 18.**        Documents concerning any efforts You or others made on behalf of ICP, Triaxx Asset Management, or the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments, positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

**Request No. 19.**       Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 20.**       Documents related to any advice or analysis You offered ICP, Triaxx Asset Management, or the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 21.**       Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 22.**       Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 23.**       Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

AMECURRENT 724461226.1 01-Jun-17 16:25

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Triaxx Asset Management LLC
              459 Broadway, 4th Floor, New York, NY 10013
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A, attached.

| Place: Mayer Brown LLP | Date and Time: |
|---|---|
| 1221 Avenue of the Americas, New York, NY 10020 | 06/14/2017 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/02/2017

            *CLERK OF COURT*
                                              OR
                                                        /s/ Matthew Ingber
    _____            _____
    *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A. _____ , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____

                                                *Server's signature*

                                 _____

                                                *Printed name and title*

                                 _____

                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**DEFINITIONS**

The following definitions shall apply as used herein:

1.      "This Action" refers to the above captioned lawsuit.

2.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

3.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

4.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

5.       "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

6.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

7.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

8.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar

1

document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

9.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

10.      "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

11.      "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

12.       "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

13.      "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

14.      "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information,

2

research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

15.     "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

16.     "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

17.     "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.     "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

19.     "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

20.     "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

21.     "You" (or derivations thereof) means Triaxx Asset Management, or any director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information, research, analysis, consulting services, or management services relating to the Triaxx CDOs.

22.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the request would indicate.

## INSTRUCTIONS

1.     These requests call for all responsive documents or information in Your possession, custody, or control.

2.     Unless otherwise stated, please respond to these requests as to the time period from June 1, 2003, to the present.

3.     If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

4.     Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken, as well as the name, affiliation, and position for each custodian for each file.

5.     Include all metadata with any electronic documents.

6.     If any document requested was, but no longer is, in Your possession or subject to Your control and cannot be produced by You, state for each such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances

4

surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.     Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.     If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are nonetheless being produced, we will construe Your statement as a representation that You are

producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.    All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

## DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**    Documents sufficient to identify any persons, including third-parties, involved in Your services for any of the Triaxx CDOs.

**Request No. 2.**    All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to the Triaxx CDOs or any RMBS securities.

**Request No. 3.**    All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs.

**Request No. 4.**    Communications related to any of the Triaxx CDOs that occurred internally or between You and (1) current or former investors in the Triaxx CDOs; (2) prospective investors in the Triaxx CDOs; (3) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (4) HSBC; or (5) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter, servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 5.**    Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

**Request No. 6.**        Communications or other documents related to decisions to

acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 7.**        Communications or other documents related to the monitoring or

analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 8.**        Presentations or other marketing materials related to the type of

services You provided to the Triaxx CDOs.

**Request No. 9.**        The following documents related to the Triaxx CDOs: (a)

agreements, forms, prospectuses, prospectus supplements, offering documents, marketing

materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar

documents prepared by You.

**Request No. 10.**        Documents relating to or discussing HSBC in its capacity as an

RMBS trustee.

**Request No. 11.**        Documents related to Your performance of the duties set forth in

any agreements between You and (a) ICP or (b) the Triaxx CDOs.

**Request No. 12.**        Documents related to (a) potential or actual breaches of

representation or warranties in the mortgage loans underlying any of the RMBS trusts held by

the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the

Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the

Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported

knowledge of any potential or actual breach of representation or warranty, potential or actual

Event of Default, or potential or actual breach of any Governing Agreement.

**Request No. 13.**        Documents related to Your monitoring, evaluation, or assessment

of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by

any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 14.**     Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 15.**     Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 16.**     Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 17.**     Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 18.**     Documents concerning any efforts You or others made on behalf of the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments, positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

**Request No. 19.**     Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 20.**     Documents related to any advice or analysis You offered the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 21.**        Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 22.**        Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 23.**        Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

**Request No. 24.**        Your document retention policies, including, but not limited to, any Documents concerning the retention, alteration, or deletion of Documents you received from ICP.

9

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Vishal Garg, One Zero Capital, LLC, 459 Broadway, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Mayer Brown LLP | Date and Time: |
|---|---|
| 1221 Avenue of the Americas, New York, NY 10020 | 06/14/2017 9:00 am |

The deposition will be recorded by this method:    Video and/or stenographic means

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/02/2017

CLERK OF COURT

OR

_____          /s/ Matthew Ingber
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
HSBC Bank USA, N.A.                                                      , who issues or requests this subpoena, are:

Matthew D. Ingber, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020
Phone (212) 506-2373 Email: mingber@mayerbrown.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Triaxx Prime CDO 2006-1, Ltd, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   15-CV-10096 (LGS)(SN) |
| HSBC Bank USA, N.A. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Vishal Garg, One Zero Capital, LLC, 459 Broadway, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Schedule A, attached.

| Place: Mayer Brown LLP<br>        1221 Avenue of the Americas, New York, NY 10020 | Date and Time:<br><br>06/13/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         06/02/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Matthew Ingber |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
HSBC Bank USA, N.A.                                              , who issues or requests this subpoena, are:

Matthew D. Ingber, Esq., Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY  10020

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   15-CV-10096 (LGS)(SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                   _____
                                          *Printed name and title*

                                   _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The following definitions shall apply as used herein:

1.      "This Action" refers to the above captioned lawsuit.

2.      "And" or "or" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

3.      "All," "any," "each," or "every" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York for "All/Any/Each."

4.      "Communication" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

5.       "Concerning" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  "Pertaining," "reflecting," "regarding," or "relating" shall be construed as synonyms for "concerning."

6.      "Document" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

7.      "Employee" means any person who at any time acted or purported to act on behalf of an entity, or another person or persons including, but not limited to, all present and former accountants, advisors, agents, consultants, managers, officers, representatives, and staff personnel of such entity, person, or persons.

8.      "Governing Agreement" includes Pooling and Servicing Agreements, Indentures, Collateral Management Agreements, Mortgage Loan Purchase Agreements, Custodial Agreements, Servicing Agreements, Master Servicing Agreements, and any other similar

1

document or contract that provides for, describes, or creates, any rights, obligations, or duties, related to any of the trusts at issue.

9.      "Governmental Entity" means any state or federal law enforcement or regulatory agency including, but not limited to, any state's office of attorney general, the United States Department of Justice, the U.S. Securities and Exchange Commission, the Federal Reserve Bank, the Federal Deposit Insurance Company, the Office of the Comptroller of the Currency, the Federal Housing Finance Agency, the United States Department of Housing and Urban Development, the Federal Bureau of Investigation, any committee of the United States Congress, any state or federal banking regulatory authority or any other state or federal agency or law enforcement authority.

10.     "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

11.     "Identify" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

12.     "Loans at Issue" means any loan underlying or forming the corpus of the Securities or Trusts at Issue.

13.     "Person" shall have the meaning provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

14.     "Triaxx Asset Management" means Triaxx Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of Triaxx Asset Management or any affiliated entity involved in or providing information,

2

research, analysis, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management.

15.     "ICP" means ICP Asset Management LLC and any affiliate, director, officer, agent, employee, attorney, or person acting under the control of or on behalf of ICP or any affiliated entity involved in or providing information, research, analysis, or management services relating to the investments at issue in this action that were managed by ICP.

16.     "Plaintiffs" means any Plaintiffs in this Action:  Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

17.     "Triaxx CDOs" means, individually or collectively, any of the three Plaintiffs in this action: Triaxx Prime CDO 2006-1, Triaxx Prime CDO 2006-2, and Triaxx Prime CDO 2007-1.

18.     "RMBS" or "Residential Mortgage Backed Security" include any security or investment vehicle, however structured, using, involving, relating to, based on, or dependent on residential mortgages.

19.     "Security" or "Securities" include any financial instrument, including any certificate, note, option or other instrument representing or relating to the debt of or ownership in any trust, corporation, company, partnership, or any person, natural or non-natural.

20.     "Use" or "used" are meant in their broadest sense.  They include to accept, adopt, apply, control, employ, exploit, handle, manage, manipulate, operate, practice, run, utilize, wield, work, exercise, exert, bring, bear, draw on, find of use, make do with, make the most of, make use of, put into service, put forth, put into action, put to use, put to work, run through, set in motion, take advantage of or any similar word or phrase.

AMECURRENT 724461426.1 01-Jun-17 16:37

21.     "You" (or derivations thereof) means Vishal Garg, or any entity or individual acting under the control of or on behalf of Vishal Garg involved in or providing information, research, analysis, consulting services, or management services relating to the investments at issue in this action that are managed by Triaxx Asset Management or were managed by ICP.

22.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the request would indicate.

<b>INSTRUCTIONS</b>

1.     These requests call for all responsive documents or information in Your possession, custody, or control.

2.     Unless otherwise stated, please respond to these requests as to the time period from June 1, 2003, to the present.

3.     If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

4.     Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken, as well as the name, affiliation, and position for each custodian for each file.

5.     Include all metadata with any electronic documents.

6.     If any document requested was, but no longer is, in Your possession or subject to Your control and cannot be produced by You, state for each such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances

surrounding the disposition of the documents, state the date of that disposition, and identify the person who You believe has control of the document.

7.      References to any natural person shall be deemed to include that natural person's agents, attorneys, representatives, current and former employees, successors, and any person acting or purporting to act on that person's behalf.

8.      References to any non-natural person (e.g., corporation, partnership, limited liability company, etc.) shall be deemed to include that entity's current and former employees, agents, officers, directors, partners, members, attorneys, representatives, successors, advisors, sub-advisors, managers, and any person acting or purporting to act on its behalf.

9.      These requests are continuing in character and require further response if additional documents or information are generated, obtained, or located after the time of initial production.

10.     Whenever a request calls for production of a document claimed by You to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: (a) the type of communication; (b) the date or dates of the communication; (c) the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; (d) the general subject matter of the communication; and (e) the basis or bases for the claim of privilege.  If You claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

11.     If You intend to withhold any document on the basis of an objection, please state so in Your response.  If You note an objection but indicate that responsive documents are nonetheless being produced, we will construe Your statement as a representation that You are

producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

12.     All documents produced in response to these requests should be bates stamped or otherwise marked in sequential order.

## DOCUMENTS AND THINGS TO BE PRODUCED

**Request No. 1.**     All transcripts, marked exhibits, sworn statements, affidavits, declarations or other records of testimony or statements under oath that You provided in connection with any lawsuit or investigation by a Governmental Entity related to ICP, Triaxx Asset Management, the Triaxx CDOs, or any RMBS securities.

**Request No. 2.**     All agreements between You and any other person or entity concerning services to be performed for the Triaxx CDOs, ICP, or Triaxx Asset Management.

**Request No. 3.**     Any Communications related to the Triaxx CDOs between You and (1) any directors, officers, agents, employees, and/or attorneys of Phoenix Real Estate Solutions Limited, Phoenix Advisors and Managers Limited d/b/a Phoenix ABS, Ferry Farm Capital d/b/a Ferry Farm Capital Management, 1/0 Capital LLC, ICP Asset Management, or Triaxx Asset Management; (2) current or former investors in the Triaxx CDOs; (3) prospective investors in the Triaxx CDOs; (4) Certificateholders and any other actual or potential investors in the RMBS trusts held by the Triaxx CDOs; (5) HSBC; or (6) other persons or entities that were a trustee, originator, depositor, seller, sponsor, underwriter, servicer, master servicer, rating agency, administrator, or custodian, or other party in connection with RMBS securities held by the Triaxx CDOs.

**Request No. 4.**     Communications or other documents related to decisions to settle claims or pursue legal action related to the Triaxx CDOs.

AMECURRENT 724461426.1 01-Jun-17 16:37

**Request No. 5.**        Communications or other documents related to decisions to acquire, sell, or transfer RMBS securities held by the Triaxx CDOs.

**Request No. 6.**        Communications or other documents related to the monitoring or analysis of RMBS securities held by the Triaxx CDOs.

**Request No. 7.**        Presentations or other marketing materials related to the type of services You provided to ICP, Triaxx Asset Management, or the Triaxx CDOs.

**Request No. 8.**        The following documents related to the Triaxx CDOs: (a) agreements, forms, prospectuses, prospectus supplements, offering documents, marketing materials, or reports; (b) notes, memoranda, research, evaluations, modeling, or other similar documents prepared by You.

**Request No. 9.**        Documents relating to or discussing HSBC in its capacity as an RMBS trustee.

**Request No. 10.**        Documents related to Your performance of the duties set forth in any agreements between You and (a) ICP; (b) Triaxx Asset Management; or (c) the Triaxx CDOs.

**Request No. 11.**        Documents related to (a) potential or actual breaches of representation or warranties in the mortgage loans underlying any of the RMBS trusts held by the Triaxx CDOs; (b) potential or actual Events of Default in any of the RMBS trusts held by the Triaxx CDOs; (c) potential or actual breaches of any party's obligations under any of the Governing Agreements for the RMBS trusts held by the Triaxx CDOs; or (d) HSBC's purported knowledge of any potential or actual breach of representation or warranty, potential or actual Event of Default, or potential or actual breach of any Governing Agreement.

**Request No. 12.**        Documents related to Your monitoring, evaluation, or assessment of (a) the loans or trusts underlying the Triaxx CDOs; (b) the underwriting guidelines used by any of the originators of any loans underlying the Triaxx CDOs; or (c) the servicing practices or guidelines used by any of the servicers of the trusts underlying the Triaxx CDOs.

**Request No. 13.**        Documents You prepared on behalf of ICP or Triaxx Asset Management in accordance with their duties as collateral manager for the Triaxx CDOs.

**Request No. 14.**        Documents reflecting Your policies and procedures related to (a) the purchase of RMBS; (b) investment research and analysis of RMBS; (c) RMBS investment decisions and guidelines; (d) analysis of underlying loans, originators, sponsors or servicers; or (e) the management of RMBS investments.

**Request No. 15.**        Documents relating to or reflecting Your views and expectations relating to trustees in any RMBS transaction.

**Request No. 16.**        Documents relating to or reflecting requests made or recommended by You to anyone to make any demand or bring any claim related to the Triaxx CDOs.

**Request No. 17.**        Documents relating to or reflecting (a) any documents reflecting Your valuations or marks of the securities held by the Triaxx CDOs; or (b) any documents reflecting projections relating to those securities.

**Request No. 18.**        Documents concerning any efforts You or others made on behalf of ICP, Triaxx Asset Management, or the Triaxx CDOs to hedge investments held by the Triaxx CDOs, including, without limitation, documents concerning any insurance, investments, positions, futures, options, or swap or derivative contracts (including but not limited to credit default swaps).

AMECURRENT 724461426.1 01-Jun-17 16:37

**Request No. 19.**      Documents relating to Your role in the acquisition of the securities held by the Triaxx CDOs, including but not limited to any asset purchase agreement, assignment, or similar agreement.

**Request No. 20.**      Documents related to any advice or analysis You offered ICP, Triaxx Asset Management, or the Triaxx CDOs pertaining to RMBS litigation.

**Request No. 21.**      Documents related to any assertion that You actively manage or monitor any RMBS portfolio, including, but not limited to, documents describing such management, advertising such management, describing the alleged benefits of such management, and any agreements governing such management.

**Request No. 22.**      Documents concerning audits or compliance reviews of the RMBS investments You manage.

**Request No. 23.**      Documents concerning the impact of originators, sellers, sponsors, issuers, depositors, servicers, and/or trustees on the value of RMBS.

AMECURRENT 724461426.1 01-Jun-17 16:37