UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

ROYAL PARK INVESTMENTS SA/NV,
Individually and on Behalf of All Others
Similarly Situated,

                  Plaintiff,

    vs.

HSBC BANK USA, NATIONAL
ASSOCIATION, as Trustee,

                Defendant.

—————————————————————

BLACKROCK BALANCED CAPITAL
PORTFOLIO (FI), *et al.*,

                Plaintiffs,

    vs.

HSBC BANK USA, NATIONAL
ASSOCIATION,

                Defendant,

————————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 14-cv-08175-LGS-SN

<u>CLASS ACTION</u>

Civil Action No. 14-cv-09366-LGS-SN

[Caption continued on following page.]

PLAINTIFFS' RESPONSE TO HSBC BANK USA, N.A.'S RULE 72 PURPORTED
OBJECTIONS AND MOTION

1273357_2

———————————————————————— x

PHOENIX LIGHT SF LIMITED, *et al.*,    :   Civil Action No. 14-cv-10101-LGS-SN

         Plaintiffs,     :

   vs.     :

HSBC BANK USA, N.A.,     :

         Defendant.    :

——————————————————————————

NATIONAL CREDIT UNION     :   Civil Action No. 15-cv-02144-LGS-SN
ADMINISTRATION BOARD, *et al.*,    :

         Plaintiffs,     :

   vs.     :

HSBC BANK USA, N.A.,     :

         Defendant.    :

——————————————————————————

COMMERZBANK AG,     :   Civil Action No. 15-cv-10032-LGS

         Plaintiff,     :

   vs.     :

HSBC BANK USA, NATIONAL     :
ASSOCIATION,     :

         Defendant.    :

——————————————————————————

TRIAXX PRIME CDO 2006-1, LTD.,    :   Civil Action No. 15-cv-10096-LGS-SN
TRIAXX PRIME CDO 2006-2, LTD., and   :
TRIAXX PRIME CDO 2007-1, LTD.,    :

         Plaintiffs,     :

   vs.     :

HSBC BANK USA, NATIONAL     :
ASSOCIATION     :

         Defendant.    :

———————————————————————— x

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................................................1

II.     PROCEDURAL HISTORY.......................................................................................2

III.    MAGISTRATE JUDGE NETBURN'S R&R ..........................................................5

IV.     HSBC's "OBJECTIONS".........................................................................................6

V.      LEGAL STANDARD................................................................................................7

VI.     ARGUMENT .............................................................................................................7

        A.      HSBC Does Not Identify a Specific Error in the R&R ................................7

        B.      HSBC Failed to Object to the November 17 Order .....................................7

        C.      HSBC Has Waived Any Advice of Counsel Defense ..................................9

        D.      HSBC's Purported Intention to Assert a Loan-by-Loan Privilege Claim Is
                Improper.....................................................................................................11

VII.    CONCLUSION.......................................................................................................14

1273357_2

## TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. N.Y. State Dep't of Educ.*,
855 F. Supp. 2d 205 (S.D.N.Y. 2012)..........................................................................6

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Alcoa S.S. Co.*,
232 F.R.D. 191 (S.D.N.Y. 2005) ...........................................................................11

*Ball Aerosol & Specialty Container, Inc. v. Limited Brands, Inc.*,
514 F. Supp. 2d 1051 (N.D. Ill. 2007), *rev'd on other grounds*,
555 F.3d 984 (Fed. Cir. 2009)...........................................................................9

*Bush v. Colvin*,
No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689
(S.D.N.Y. Feb. 10, 2017, as corrected Apr. 26, 2017)...........................................6

*Capital One Nat'l Ass'n v. 48-52 Franklin, LLC*,
No. 12 Civ. 3366 (LGS), 2013 WL 4457367
(S.D.N.Y. Aug. 21, 2013) ...........................................................................7

*Convolve, Inc. v. Compaq Comput. Corp.*,
224 F.R.D. 98 (S.D.N.Y. 2004) ...........................................................................11

*Edwards v. Fischer*,
414 F. Supp. 2d 342 (S.D.N.Y. 2006)...........................................................................6

*Harty v. Spring Valley Marketplace LLC*,
No. 15 Civ. 8190 (NSR), 2016 WL 8710480
(S.D.N.Y. Jan. 22, 2016)...........................................................................7, 8

*In re Buspirone Patent & Antitrust Litig.*,
210 F.R.D. 43 (S.D.N.Y. 2002) ...........................................................................9, 14

*In re ML-Lee Acquisition Fund II, L.P.*,
859 F. Supp. 765 (D. Del. 1994)...........................................................................12

*In re Subpoena Issued to Dennis Friedman*,
350 F.3d 65 (2d Cir. 2003)...........................................................................9

*Reino de Espana v. Am. Bureau of Shipping, Inc.*,
03 Civ. 3573 (LTS) (RLE), 2006 WL 2128789
(S.D.N.Y. July 28, 2006) ...........................................................................9

*Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*,
924 F. Supp. 2d 508 (S.D.N.Y. 2013)...........................................................................7, 8

**Page**

*United States ex rel. Emanuelle v. Medicor Assocs. Inc.*,
    No. 1:10-cv-00245-JFC, 2014 WL 12588331
    (W.D. Pa. June 16, 2014) ........................................................................................................9

*United States v. Skeddle*,
    989 F. Supp. 905 (N.D. Ohio 1997) ....................................................................................12

*Vega v. Artuz*,
    No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466
    (S.D.N.Y. Sept. 30, 2002) ......................................................................................................6

*Village Bd. of Pleasantville v. Rattner*,
    130 A.D.2d 654 (2d Dep't 1987) .........................................................................................12

<u>STATUTES, RULES AND REGULATIONS</u>

Federal Rules of Civil Procedure
    Rule 72 ............................................................................................................... *passim*
    Rule 72(b)(2) .........................................................................................................6

Local Civil Rule 6.3 ........................................................................................................7

## I.      INTRODUCTION

On November 17, 2016, Magistrate Judge Netburn properly issued an Order requiring HSBC to "decide whether it intends to assert an advice of counsel defense by January 27, 2017." Dkt. No. 233 ("Order") at 4. HSBC did not timely challenge or object to the November 17 Order. By failing to timely object to the Order, HSBC was bound to comply with it.

On January 27, 2017, HSBC sent a letter to plaintiffs stating that it did not intend to raise an advice of counsel defense; however, in violation of the November 17, 2016 Order, HSBC purportedly "reserved its right" to assert an advice of counsel defense "in the future." Plaintiffs promptly moved to strike the purported defense on the ground that HSBC failed to properly assert it in accordance with Judge Netburn's November 17, 2016 Order. On May 8, 2017, Judge Netburn issued her Report and Recommendation (Dkt. No. 343) ("R&R"), agreeing with plaintiffs and recommending that this Court strike HSBC's affirmative defense from its answers in these coordinated actions ("R&R"). Magistrate Judge Netburn found that HSBC is time-barred from asserting an advice of counsel defense and that its purported "reservation of rights" was "unauthorized and therefore invalid." R&R at 4. Accordingly, Judge Netburn recommended that "HSBC be found to have forfeited any right to assert that [advice of counsel] defense in the future, and that the Court strike such affirmative defenses in HSBC's answers in these coordinated actions." *Id*. at 6.

In attempting to belatedly challenge Magistrate Judge Netburn's decisions, HSBC rehashes its threadbare and unpersuasive arguments that have been repeatedly rejected by Judge Netburn and other courts in this District. Moreover, discovery is nearly over with a June 16, 2017 deadline. Permitting HSBC to continue to "reserve" an advice of counsel defense when it instructed fact witnesses not to answer questions based on privilege assertions and refused to produce documents

- 1 -

relevant to such a defense would be unfair and unjust. HSBC would need to immediately produce thousands of documents and make new witnesses available for deposition and prior witnesses available for re-examination, further disrupting the pretrial schedule.

For these reasons and as explained in more detail below, the Court should adopt the May 8, 2017 Report and Recommendations in full.

## II.   PROCEDURAL HISTORY

On August 7, 2015, Royal Park moved to strike HSBC's advice of counsel affirmative defense because HSBC's failure to provide basic information related to that defense did not provide fair notice and was prejudicial to Royal Park. *See* Dkt. No. 67.[1]

In the August 26, 2015 hearing regarding Royal Park's motion to strike, Judge Scheindlin stated that HSBC must choose between asserting the advice of counsel defense and maintaining privilege because HSBC "can't do it both ways." Dkt. No. 74 at 11. After HSBC indicated that it intended to wait to make that decision, Judge Scheindlin warned, "if you want to claim that you relied on advice of counsel, you are going to have to waive so we know what the advice of counsel was that you relied on." *Id*. at 11-12.

On November 9, 2016, following the close of document discovery, plaintiffs filed a letter motion to compel HSBC to respond to an interrogatory seeking information regarding its advice of counsel defense. Dkt. No. 222. HSBC had refused to provide responsive information on the grounds of privilege "unless and until HSBC elects to rely on such a defense." *Id*. at 2. As depositions had already begun, plaintiffs stressed the urgency of obtaining HSBC's position so plaintiffs could properly prepare for the depositions. *Id*. HSBC responded, arguing that it "should

---

[1]   "Dkt. No. ___" refers to docket entries in *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, No. 14 Civ. 8175, unless otherwise noted.

not be forced to make premature decisions about defenses" and "[o]nly after a plaintiff identifies its specific claims can a defendant determine whether it even received advice related to those claims." Dkt. No. 229 at 1-2.

In the November 17, 2016 Order regarding plaintiffs' motion to compel HSBC's response to interrogatories, Magistrate Judge Netburn held: (i) HSBC must decide whether it will rely on an advice of counsel defense within 14 days of plaintiffs' identification of any specific action or omission in connection with a specific trust or a specific loan, and (ii) regardless of whether any specific breaches and/or events of default are identified, "***HSBC must decide whether it intends to assert an advice of counsel defense by January 27, 2017***." Dkt. No. 233 at 4.[2]  HSBC neither objected to this Order within the period provided by Fed. R. Civ. P. 72 nor took any other action to extend the January 27 deadline.

Magistrate Judge Netburn issued another order on January 26, 2017 in which she expressly warned HSBC of its deadline: "HSBC is reminded of its obligation to notify plaintiffs whether it intends to assert the defense by January 27, 2017, ***regardless of whether plaintiffs are able to identify specific loan-level breaches***." Dkt. No. 254 at 8.

On January 27, 2017, HSBC sent a letter to plaintiffs stating that plaintiffs had not identified any specific loan-level breaches of HSBC's obligations and "at this time HSBC does not intend to raise an advice of counsel defense." Dkt. No. 320-3 at 2.  HSBC added that it "reserves all rights" to determine whether it relied on the advice of counsel as to any specific loan-level breaches that plaintiffs may identify.  *Id*.  HSBC did not seek the Court's permission to reserve any rights or to extend the January 27, 2017 deadline.

---

[2]   Emphasis is added and citations are omitted throughout, unless otherwise noted.

In numerous depositions following HSBC's January 27, 2017 deadline to elect whether to assert an advice of counsel defense, HSBC continued to express its intention to maintain its asserted privilege – and therefore abandon its advice of counsel defense – by repeatedly instructing witnesses not to testify as to attorney-client communications.  *See* Dkt. No. 310 (plaintiffs' letter motion) at 2 (identifying selected depositions).

Plaintiffs sought resolution of Royal Park's August 7, 2015 motion to strike HSBC's advice of counsel affirmative defense, as well as to strike that defense from the remainder of the answers in the coordinated actions, through a letter motion filed on April 6, 2017.  Dkt. No. 310.  Plaintiffs asserted that because HSBC did not elect to rely on its advice of counsel defense by the January 27, 2017 deadline and had continued to assert privilege in subsequent depositions, HSBC's advice of counsel affirmative defenses have been waived and should be stricken to avoid further uncertainty and prejudice.  *Id.*  On April 13, 2017, the Court referred plaintiffs' April 6, 2017 letter motion to Magistrate Judge Netburn.  Dkt. No. 318.

HSBC filed a response on April 20, 2017, arguing again that "HSBC cannot make decisions about the advice of counsel defense before plaintiffs identify their specific claims of breach."[3]  Dkt. No. 320 at 2.  HSBC's response recycled its rejected argument that it was premature to make decisions regarding whether to waive the attorney-client privilege and suggested that HSBC wished to preserve the right to selectively waive privilege on a loan-by-loan basis "based on Plaintiffs' specific claims of breach."  Dkt. No. 320 at 4.  HSBC also noted that this coordinated action involves allegations that "HSBC purportedly breached its duties as indenture trustee in hundreds of

---

[3]     *Compare* this language *with* Magistrate Judge Netburn's January 26, 2017 warning: "HSBC is reminded of its obligation to notify plaintiffs whether it intends to assert the defense by January 27, 2017, ***regardless of whether plaintiffs are able to identify specific loan-level breaches***."  Dkt. No. 254 at 8.

separate trusts holding thousands of individual loans." *Id*. at 1.  Absent from HSBC's opposition was any assertion that it elected to rely on the advice of counsel affirmative defense on or before the January 27, 2017 deadline, nor was there any suggestion that HSBC sought permission from the Court to extend that deadline or otherwise challenge the November 17, 2016 Order.  To the contrary, HSBC's counsel remarked in a subsequent hearing that the Court's November 17, 2016 Order "is a perfectly acceptable ruling to us."  April 24, 2017 hearing transcript ("April 24 Hr'g Tr.") at 11 (Dkt. No. 347).

On May 22, 2017, Magistrate Judge Netburn issued her Report and Recommendation (Dkt. No. 343), which is the subject of HSBC's "objections" (Dkt. No. 353) and which considered HSBC's arguments set forth above.

In regard to the current status of discovery, the deadline for document discovery has passed. Although the deadline for party depositions passed on May 1, 2017, the Court granted a joint motion permitting a handful of specified party depositions to be taken beyond that deadline but no later than June 16, 2017.  Dkt. Nos. 327, 338.  With certain exceptions, third-party depositions are also complete.  Nearly 100 depositions have been conducted and more than 30 millions of pages of documents have been exchanged.  Party discovery is essentially complete and HSBC still maintains that it is currently not asserting an advice of counsel defense.

## III.   MAGISTRATE JUDGE NETBURN'S R&R

After briefing and oral argument, Judge Netburn recommended that this Court "strike HSBC's affirmative defense from its answers in these coordinated actions."  R&R at 3.  The R&R was based on the following:

- Magistrate Judge Netburn's November 17, 2016 Order required HSBC to decide whether it intended to rely on an advice of counsel defense – regardless of whether plaintiffs identified any specific breaches – by January 27, 2017, over two months later (*id*.);

- 5 -

- the November 17, 2016 Order setting forth the deadline for HSBC to decide whether to rely on its advice of counsel defense was a case management order "to ensure a fair resolution of this issue without prejudice to any party" (*id*. at 5);

- this "deadline was set to build in enough time in the discovery schedule to allow for the possibility of HSBC asserting the defense" and would have allowed plaintiffs two months to review HSBC's otherwise privileged information and conduct depositions accordingly (*id*. at 4);

- HSBC never sought an extension of the January 27, 2017 deadline by which it was to decide whether it intended to rely on the advice of counsel defense (*id*.);

- in depositions following the January 27, 2017 deadline, HSBC continued to assert its attorney-client privilege and instruct witnesses not to answer questions that encroached upon privileged communications (*id*.);

- HSBC "affirmed that it was not asserting the [advice of counsel] defense" prior to the deadline set forth in the November 17, 2016 Order (*id*.);

- "HSBC's purported 'reservation of rights' . . . was unauthorized and therefore invalid" (*id*.);

- HSBC still relies on its privilege to shield otherwise relevant discovery and discovery to date includes nearly 100 depositions and the exchange of millions of pages of documents (*id*. at 5);

- HSBC "faces nearly identical breaches with largely immaterial factual distinctions," "the governing agreements that set forth HSBC's obligations are substantially identical," and HSBC failed to demonstrate that any particular loan-level breach from among potentially tens of thousands of such breaches was material to its decision to seek legal advice (*id*.);

- Magistrate Judge Netburn found that "it is not plausible that HSBC's decision to seek counsel and rely on that advice varied on a loan-by-loan level" (*id*. at 6); and

- HSBC "failed to establish that waiving its privilege as to one alleged loan-level breach would not waive its privilege to all similar conduct 'at issue.'" *Id.*

## IV.   HSBC's "OBJECTIONS"

The only potential "specific written objection" (Fed. R. Civ. P. 72(b)(2)) identified in HSBC's response to the R&R states: "HSBC objects to the Report and Recommendation because it prematurely recommends striking HSBC's advice-of-counsel defense."  Dkt. No. 353 at 6.

1273357_2

## V.     LEGAL STANDARD

A district court reviewing a magistrate judge's report "'may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those section [sic] are not clearly erroneous or contrary to law.'"  *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Feb. 10, 2017, as corrected Apr. 26, 2017) (citing *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012)).  If a party fails to file objections "or where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition,' reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citing *Vega v. Artuz*, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).

## VI.    ARGUMENT

### A.     HSBC Does Not Identify a Specific Error in the R&R

While HSBC's response is replete with generalized discontent with the R&R, there are no specific written objections to any of the points listed in Section III, *supra*.  HSBC did not object to any "particular findings in the magistrate judge's proposal." *Capital One Nat'l Ass'n v. 48-52 Franklin, LLC*, No. 12 Civ. 3366 (LGS), 2013 WL 4457367, at *1 (S.D.N.Y. Aug. 21, 2013) (objections must be "specific and clearly aimed at particular findings").  For that reason, the Court need not engage in anything more than a review for clear error (of which there is none) before adopting the R&R.

### B.     HSBC Failed to Object to the November 17 Order

HSBC purports to object to the R&R as being "premature," but Magistrate Judge Netburn considered such "premature" arguments as part of the Order.  Because HSBC did not seek

- 7 -

reconsideration, it was bound to comply. *See* Local Civil Rule 6.3 (setting forth deadline to file a motion for reconsideration); *Harty v. Spring Valley Marketplace LLC*, No. 15 Civ. 8190 (NSR), 2016 WL 8710480, at *2-*3 (S.D.N.Y. Jan. 22, 2016) (an untimely request for reconsideration warrants denial); Fed. R. Civ. P. 72 (setting forth deadlines to object to a magistrate judge's order); *Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) ("Parties who fail to object to a magistrate's ruling . . . waive their opportunity to challenge that ruling."). Having failed to take timely action, it is improper for HSBC to now argue that January 27, 2017 was a premature deadline for making a conclusive determination as to whether to rely on its advice of counsel defense.

HSBC argued to Magistrate Judge Netburn that it "should not be forced to make premature decisions about defenses." Dkt. No. 229 at 1. It also argued that "[o]nly after a plaintiff identifies its specific claims can a defendant determine whether it even received advice related to those claims." *Id.* at 2. But the Order considered and rejected those arguments, setting forth a clear deadline: HSBC had until January 27, 2017 to elect whether it intended to rely on an advice of counsel defense, regardless of whether plaintiffs identified specific allegations.[4] Dkt. No. 233 at 4.

Through its inaction, HSBC acquiesced to the deadline in Magistrate Judge Netburn's November 17, 2016 Order. *Harty*, 2016 WL 8710480, at *2-*3; *Thai Lao Lignite*, 924 F. Supp. 2d at 517. Even if HSBC's arguments that it was unable to evaluate its defenses were given credit (and Magistrate Judge Netburn found they lacked merit), HSBC could have sought to extend the deadline. But HSBC failed to take that action, as well. *See* R&R at 4 ("notably, HSBC never sought an

---

[4]    As noted in the R&R, this deadline was selected to reasonably manage this litigation "without prejudice to any party." R&R at 5. On January 26, 2017, the day before the deadline, Magistrate Judge Netburn provided the additional courtesy of reminding HSBC "of its obligation to notify plaintiffs whether it intends to assert the defense by January 27, 2017, ***regardless of whether plaintiffs are able to identify specific loan-level breaches***." Dkt. No. 254 at 8.

extension of the January 27, 2017 deadline"). Simply put, HSBC did absolutely nothing in regard to the rights it now contends it should have been permitted to reserve.

Thus, to the extent that HSBC believed that: (i) it should be able to selectively assert privilege on specific claims, or (ii) the January 27, 2017 deadline was premature, it should have taken action in response to the November 17, 2016 Order – or, at a minimum, sought to extend the January deadline – and not waited to raise its concerns until months after the deadline had passed, after the substantial completion of discovery, and only then in response to plaintiffs' efforts to put this issue to rest.

### C.   HSBC Has Waived Any Advice of Counsel Defense

In response to Magistrate Judge Netburn's November 17, 2016 case management Order – which HSBC described as "a perfectly acceptable ruling to us"[5] – HSBC was required to notify plaintiffs whether it intended to assert the advice of counsel defense no later than January 27, 2017, regardless of whether plaintiffs identified specific loan-level breaches. Dkt. No. 233 at 4; *see also* Dkt. No. 254 at 8. By informing plaintiffs on January 27, 2017 that "at this time, HSBC does not intend to raise an advice of counsel defense" (Dkt. No. 320-3, at 2), HSBC waived the ability to raise that defense in the future.

"A magistrate judge is afforded broad discretion in managing discovery matters." *Reino de Espana v. Am. Bureau of Shipping, Inc.*, 03 Civ. 3573 (LTS) (RLE), 2006 WL 2128789, at *1 (S.D.N.Y. July 28, 2006) (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)). A party raising an advice-of-counsel defense must do so while reasonable discovery time remains. *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. 43, 55 (S.D.N.Y. 2002) (a party "must clearly elect whether it will raise an advice-of-counsel defense before the close of discovery

---

[5]   *See* April 24 Hr'g Tr. at 11.

and in time to allow for such discovery"); *United States ex rel. Emanuelle v. Medicor Assocs. Inc.*, No. 1:10-cv-00245-JFC, 2014 WL 12588331, at *8 (W.D. Pa. June 16, 2014) (election regarding advice of counsel defense must be made "no later than four months before the close of fact discovery to allow Plaintiff adequate time to conduct any related discovery"); *Ball Aerosol & Specialty Container, Inc. v. Limited Brands, Inc.*, 514 F. Supp. 2d 1051, 1067 (N.D. Ill. 2007), *rev'd on other grounds*, 555 F.3d 984 (Fed. Cir. 2009) ("it is proper for a district court to set a date by which the defendant must inform the plaintiff whether the defendant will elect to assert the advice-of-counsel defense at trial").

Magistrate Judge Netburn used her discretion to select the January 27, 2017 deadline "to build in enough time in the discovery schedule to allow for the possibility of HSBC asserting the defense." R&R at 4. HSBC does not challenge that finding. It is also undisputed that party discovery is essentially completed. *See* Dkt. Nos. 327 (joint motion requesting extension to take certain party witness depositions until June 16, 2017) and 338 at 3 (order approving joint motion and noting "[d]iscovery will not be extended further").

On January 27, 2017 HSBC represented that it did not intend to assert the advice of counsel defense, and plaintiffs were entitled to rely on that representation when planning and taking discovery over the ensuing several months. Since that time, HSBC has repeatedly invoked an assertion of privileged in numerous depositions, thereby preventing plaintiffs from obtaining otherwise relevant information and reinforcing its abandonment of its advice of counsel defense. *See* Dkt. No. 310 at 2 (identifying selected depositions). HSBC's suggestion that it could change its mind now that discovery is complete would severely prejudice plaintiffs and require re-opening of discovery and add a significant amount of time before this case is ready for trial (not to mention the additional motion practice involved relating to re-opening depositions of party and non-party

- 10 -

witnesses).  This is exactly the situation that Magistrate Judge Netburn's November 17, 2016 Order was intending to avoid.  It is therefore improper for HSBC to attempt to disrupt Magistrate Judge Netburn's November 17, 2016 case management Order or attempt to renege on its four-month-old election not to assert the advice of counsel affirmative defense.

### D.   HSBC's Purported Intention to Assert a Loan-by-Loan Privilege Claim Is Improper

HSBC's argument that it should be able to selectively assert privilege on a loan-by-loan basis is an improper Rule 72 objection, is not supported by the cited authority, and has been rejected by other courts as being too disruptive to case management.

Magistrate Judge Netburn properly rejected the same "loan-by-loan" arguments that HSBC raises here.  Specifically, Magistrate Judge Netburn recognized that HSBC was "seeking to evaluate whether or not the advice-of-counsel defense would apply on a loan-by-loan basis."[6] April 24 Hr'g Tr. at 6.  In contrast, plaintiffs asserted that the advice of counsel defense results in a broad subject matter waiver, and therefore cannot be used on an action-by-action or loan-by-loan basis.  *Id*. at 5; *see also Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Alcoa S.S. Co.*, 232 F.R.D. 191, 198 (S.D.N.Y. 2005) ("if a party places advice that it has received from an attorney 'at issue' in litigation, it has waived the privilege with respect to ***all such advice on the same topic***.  An 'at issue' waiver occurs, for example, when a defendant raises a defense of advice of counsel"); *Convolve, Inc. v. Compaq Comput. Corp.*, 224 F.R.D. 98, 102 (S.D.N.Y. 2004) (noting "the general principle that if privileged communications are placed 'in issue' by virtue of claims or defenses in litigation, then a 'broad[] subject matter waiver [of the privilege] is effected [sic].'").  After hearing HSBC's arguments supporting its position that it should be able to selectively assert privilege and considering

---

[6]   HSBC emphasized that the advice of counsel hinged on "what HSBC was supposed to do or allegedly supposed to do with respect to a loan that came to its attention."  April 24 Hr'g Tr. at 16.

the number of loans, she concluded that "the view that [HSBC is] taking, I think, is one that is unmanageable as a sort of practical basis." April 24 Hr'g Tr. at 19-20. The R&R confirms that in rejecting HSBC's arguments, Magistrate Judge Netburn considered: HSBC's failure to cite compelling authority in support of its position (R&R at 5), the implausibility that HSBC's advice of counsel varied on a loan-by-loan level[7] (R&R at 6), and HSBC's failure to establish that a waiver of privilege would not result in a waiver of all similar conduct "at issue" ( *id*.).

HSBC erroneously relies on foreign authority that is readily distinguished. Dkt. No. 353 at 10. In arguing that "waivers are limited to the specific issue on which the advice was received" (*id*.), HSBC relies on *In re ML-Lee Acquisition Fund II, L.P.*, 859 F. Supp. 765 (D. Del. 1994). HSBC's reliance is plainly misplaced. Rather than limiting an express waiver to an issue on which advice was *received*, *ML-Lee Acquisition Fund II* stands for the proposition that even without asserting an affirmative defense, denials in an answer to a complaint can result in an implied waiver of privilege and *the extent of the waiver is determined by the pleadings in the defendant's answer*. *Id*. at 768-69 (over defendants' protests that an implied waiver occurred, finding privilege was waived "to the specific areas pled in Defendants' answers"). Applying that holding to the facts of this coordinated action would result in a complete waiver of privilege because, unlike the defendants in *ML-Lee Acquisition Fund II*, HSBC did not limit its advice of counsel defense in its answer to any "specific areas."[8] *ML-Lee Acquisition Fund II*, 859 F. Supp. at 768-69.

---

[7]   Plaintiffs had identified broad policy issues for which HSBC failed to assert an advice of counsel defense by the January 27, 2017 deadline, such as HSBC's understanding of its duties pursuant to the PSAs, the meaning of "discovery" and "material exception," its treatment of exception reports, and its duties to enforce sellers to repurchase or secure defective loans. *See, e.g.*, April 24 Hr'g Tr. at 16, 21-22.

[8]   *See also* Dkt. No. 259 at 4 (noting that: "'[w]here a party asserts as an affirmative defense the reliance upon the advice of counsel, the party waives the attorney-client privilege'" (quoting *Village Bd. of Pleasantville v. Rattner*, 130 A.D.2d 654, 655 (2d Dep't 1987))).

The second case relied upon by HSBC was a criminal case that applied Sixth Circuit law, *United States v. Skeddle*, 989 F. Supp. 905 (N.D. Ohio 1997). As Magistrate Judge Netburn observed when distinguishing another criminal case relied upon by HSBC, "[o]f course, issues of fundamental fairness are heightened in a criminal case." R&R at 6. Moreover, *Skeddle* did not limit the waiver to the granular level proposed by HSBC but instead divided the relevant time period into distinct phases for purposes of addressing waiver issues. *Skeddle*, 989 F. Supp. at 909-10 (finding attorney involvement "can be divided into three distinct phases" each involving different legal objectives and analyzing waiver issues with respect to those periods).

The final authority relied on by HSBC, the Rice treatise, is distinguished expressly in the cited section, which refers to an ***implied*** waiver. Dkt. No. 353 at 10. In short, HSBC again "failed to establish that waiving its privilege as to one alleged loan-level breach would not waive its privilege to all similar conduct 'at issue.'" *See* R&R at 6.

One need look no further than this District to find authority that is directly on point and squarely rejects HSBC's "loan by loan" selective waiver argument. Magistrate Judge Moses addressed identical arguments in the matter of *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14 Civ. 4394 (AJN) (S.D.N.Y.) (the "DB action"). Like HSBC in this action,[9] Deutsche Bank argued that "the governing agreements give [it] the ability to assert this defense." DB action, May 1, 2017 hearing transcript ("May 1 Hr'g Tr.") at 9 (Dkt. No. 381). And like HSBC, Deutsche Bank was unable to support its arguments with any authority. *Id.*; Dkt. No. 353 at 9-10. Magistrate Judge Moses refused Deutsche Bank's request to allow the assertion of the advice of counsel defense on a loan-by-loan basis and noted that the request "would be unfair to RPI which needs to know

---

[9]   *See* Dkt. No. 353 at 9-10 (arguing that "[t]he governing agreements permit the trustee to rely upon advice or opinion of counsel").

- 13 -

whether it can or cannot obtain documents and information which are at present punitively [sic] privileged and it needs to know that while there is still time in our discovery schedule." DB action, May 1 Hr'g Tr. at 15. Recognizing that "Deutsche Bank's proposal also presents a significant case management problem," Magistrate Judge Moses ordered that "Deutsche Bank has to fish or cut bait on this issue in a timely fashion and [she] set a deadline for Deutsche Bank to do that." *Id.* at 16.[10] Simply put, HSBC's arguments for selective assertion of privilege on a loan-by-loan basis are unsupported by case law and have been rejected in this District.

**VII.    CONCLUSION**

HSBC had multiple opportunities to elect to rely on the advice of counsel defense, but made a strategic decision not to do so. HSBC had the opportunity to challenge the case management Order setting forth the deadline to affirmatively decide whether to rely on the advice of counsel defense, but elected not to challenge that Order. HSBC had the opportunity to seek to extend the deadline for purportedly being "premature," but HSBC elected not to seek any extension. Now that discovery is essentially completed, HSBC seeks the opportunity to renege on its election and seeks an unprecedented right to selectively assert privilege on a granular level with no resulting "at issue" waiver. Magistrate Judge Netburn's R&R correctly rejected HSBC's arguments. HSBC's purported objections lack legal support, are at odds with opinions in this District, and therefore are insufficient

---

[10]   As in this case, Magistrate Judge Moses found that requiring the defendant to decisively elect whether to assert the defense by a specific deadline that allowed time for the completion of discovery "best balances the rights of the parties in a manner which is also consistent with the needs of efficient case management." *Id.* at 16-17 (also relying on *Buspirone*, 210 F.R.D. 43 and Magistrate Judge Netburn's opinion in this action).

to raise a proper objection or a reason to alter any of the findings or recommendations of the R&R.

This Court should adopt the R&R in its entirety.

DATED:  June 5, 2017                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        CHRISTOPHER M. WOOD

                                        _____
                                              s/ Christopher M. Wood
                                            CHRISTOPHER M. WOOD

                                        414 Union Street, Suite 900
                                        Nashville, TN  37219
                                        Telephone:  615/244-2203
                                        615/252-3798 (fax)
                                        cwood@rgrdlaw.com

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        ARTHUR C. LEAHY
                                        STEVEN W. PEPICH
                                        LUCAS F. OLTS
                                        DARRYL J. ALVARADO
                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101-8498
                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)
                                        artl@rgrdlaw.com
                                        stevep@rgrdlaw.com
                                        lolts@rgrdlaw.com
                                        dalvarado@rgrdlaw.com

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        SAMUEL H. RUDMAN
                                        58 South Service Road, Suite 200
                                        Melville, NY  11747
                                        Telephone:  631/367-7100
                                        631/367-1173 (fax)
                                        srudman@rgrdlaw.com

                                        Attorneys for Plaintiff Royal Park Investments
                                        SA/NV

- 15 -

DATED:  June 5, 2017

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
BLAIR A. NICHOLAS
TIMOTHY A. DeLANGE
BENJAMIN GALDSTON
LUCAS E. GILMORE
DAVID R. KAPLAN


          s/ Benjamin Galdston
BENJAMIN GALDSTON
12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  858/793-0070
858/793-0323 (fax)
blairn@blbglaw.com
timothyd@blbglaw.com
beng@blbglaw.com
lucas.gilmore@blbglaw.com
davidk@blbglaw.com

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
JEROEN VAN KWAWEGEN
HANNAH E. ROSS
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212/554-1472
212/554-1444 (fax)
jeroen@blbglaw.com
hannah@blbglaw.com

Attorneys for Plaintiffs BlackRock Balanced
Capital Portfolio (FI), *et al.*

- 16 -

1273357_2

DATED:  June 5, 2017

WOLLMUTH MAHER & DEUTSCH LLP
DAVID H. WOLLMUTH
RANDALL R. RAINER
MELISSA A. FINKELSTEIN
MICHAEL C. LEDLEY
STEVEN S. FITZGERALD
NIRAJ J. PAREKH
DANIELLE A. D'AQUILA
ROSELIND F. HALLINAN
RYAN A. KANE
SEAN P. McGONIGLE
VINCENT T. CHANG
WILLIAM A. MAHER


_s/ Steven S. Fitzgerald_
STEVEN S. FITZGERALD

500 Fifth Avenue, Suite 1200
New York, NY  10110
Telephone:  212/382-3300
212/382-0050 (fax)
dwollmuth@wmd-law.com
rrainer@wmd-law.com
mfinkelstein@wmd-law.com
mledley@wmd-law.com
sfitzgerald@wmd-law.com
nparekh@wmd-law.com
ddaquila@wmd-law.com
rhallinan@wmd-law.com
rkane@wmd-law.com
smcgonigle@wmd-law.com
vchang@wmd-law.com
wmaher@wmd-law.com

DATED:  June 5, 2017

KOREIN TILLERY LLC
GEORGE A. ZELCS
JOHN A. LIBRA
MATTHEW C. DAVIES
MAX C. GIBBONS


_s/ John A. Libra_
JOHN A. LIBRA

- 17 -

205 North Michigan Plaza, Suite 1950
Chicago, IL  60601
Telephone:  312/641-9750
312/641-9760 (fax)
gzelcs@koreintillery.com
jlibra@koreintillery.com
mdavies@koreintillery.com
mgibbons@koreintillery.com

Attorneys for Plaintiffs Phoenix Light SF Limited,
Blue Heron Funding II, Ltd., Blue Heron
Funding V Ltd., Kleros Preferred Funding V PLC,
Silver Elms CDO PLC and Silver Elms CDO II
Limited

KOREIN TILLERY LLC
STEPHEN M. TILLERY
505 North Seventh Street, Suite 3600
St. Louis, MO  63101-1625
Telephone:  314/241-4844
314/241-3525 (fax)
stillery@koreintillery.com

KELLOGG, HUBER, HANSEN, TODD, EVANS
   & FIGEL, P.L.L.C
DAVID C. FREDERICK
WAN J. KIM
GREGORY G. RAPAWY
SCOTT K. ATTAWAY
Sumner Square
1615 M Street NW, Suite 400
Washington, DC  20036
Telephone:  202/326-7900
202/326-7799 (fax)
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
sattaway@khhte.com

- 18 -

1273357_2

WOLLMUTH MAHER & DEUTSCH LLP
DAVID H. WOLLMUTH
STEVEN S. FITZGERALD
DANIELLE A. D'AQUILA
ROSELIND F. HALLINAN
RYAN A. KANE
SEAN P. McGONIGLE
WILLIAM A. MAHER
500 Fifth Avenue, Suite 1200
New York, NY  10110
Telephone:  212/382-3300
212/382-0050 (fax)
dwollmuth@wmd-law.com
sfitzgerald@wmd-law.com
ddaquila@wmd-law.com
rhallinan@wmd-law.com
rkane@wmd-law.com
smcgonigle@wmd-law.com
wmaher@wmd-law.com

Attorneys for Plaintiff The National Credit Union
Administration Board

- 19 -

WOLLMUTH MAHER & DEUTSCH LLP
DAVID H. WOLLMUTH
STEVEN S. FITZGERALD
NIRAJ J. PAREKH
DANIELLE A. D'AQUILA
ROSELIND F. HALLINAN
RYAN A. KANE
SEAN P. McGONIGLE
VINCENT T. CHANG
500 Fifth Avenue, Suite 1200
New York, NY  10110
Telephone:  212/382-3300
212/382-0050 (fax)
dwollmuth@wmd-law.com
sfitzgerald@wmd-law.com
nparekh@wmd-law.com
ddaquila@wmd-law.com
rhallinan@wmd-law.com
rkane@wmd-law.com
smcgonigle@wmd-law.com
vchang@wmd-law.com

Attorneys for Plaintiff Commerzbank AG

DATED:  June 5, 2017

MILLER & WRUBEL, P.C.
CHARLES R. JACOB, III
JOHN G. MOON
KERRIN T. KLEIN


s/ John G. Moon
JOHN G. MOON

570 Lexington Avenue, 25th Floor
New York, NY  10022
Telephone:  212/336-3500
212/336-3555 (fax)
cjacob@mw-law.com
jmoon@mw-law.com
kklein@mw-law.com

Attorneys for Plaintiffs Triaxx Prime CDO 2006-
1, Ltd.; Triaxx Prime CDO 2006-2, Ltd.; and
Triaxx Prime CDO 2007-1, Ltd.

- 20 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 5, 2017.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

E-mail:cwood@rgrdlaw.com