# MILLER | WRUBEL

**WRITER'S DIRECT NUMBER**

(212) 336-3504
E-MAIL
cjacob@mw-law.com

**FACSIMILE**
(212) 336-3555

June 13, 2017

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
United States District Court,
   Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *Coordinated RMBS Trustee Litigation against HSBC Bank USA, NA, Nos. 14-cv-08175, 14-cv-09366, 14-cv-10101, 14-cv-02144, 15-cv-10032, and 15-cv-10096*

Dear Judge Netburn:

      We represent the Triaxx plaintiffs ("Triaxx") in the above-referenced coordinated proceedings. We submit this letter-motion for a protective order pursuant to Fed. R. Civ. P. 26(c) quashing the Notice, served by defendant HSBC ("HSBC") *at 11:34 p.m. on Friday, June 9, 2017* of a Rule 30(b)(6) Deposition of Triaxx (the "Notice") noticed for June 16, 2017. A copy of the Notice (and cover email to which the Notice was attached) is annexed as Exhibit 1 hereto.

      The Notice should be quashed because it is grossly untimely and impossible to comply with, and because, in the conference held with the Court at 12:30 p.m. last Friday, June 9, HSBC obtained an extension of the third-party discovery cutoff by misleading the Court – implicitly representing that it would not be taking a deposition of Triaxx itself.

      No conflict of interest precluded HSBC's counsel from noticing a deposition of Triaxx in a timely manner. As Mr. Hodges of Williams & Connolly himself emphasized in his letter to the Court on June 8 (Dkt. No. 185),[1] "to be clear, Williams & Connolly ('W&C') has no conflict with the three Triaxx CDOs that are the plaintiffs in this action. Thus, *nothing prevents W&C from* defending this action generally or *taking discovery from the plaintiff CDOs*." (Emphasis

---

[1] "Dkt. No." citations are to the docket in 15-cv-10096.

MILLER & WRUBEL PC

Hon. Sarah Netburn
June 13, 2017
Page 2

in part.) Accordingly, the conflict that we heard about in last Friday's conference has nothing whatsoever to do with HSBC's untimely service of the Notice.

The Court will recall that the topic of last Friday's conference was whether to extend the third-party discovery cutoff in view of HSBC's untimely service of 15 third-party subpoenas. In arguing for that extension, HSBC submitted a letter of its counsel on June 1 (Dkt. No. 173) asserting that the extension was needed because "the Triaxx plaintiffs are investment vehicles that have no employees and *act only through third-parties*." (Emphasis added). Implicit in that assertion, and the lack of any notice of deposition to Triaxx until last Friday night *after* the conference, was a representation to the Court that there would not be any Rule 30(b)(6) deposition of Triaxx. Based on this representation and others, at last Friday's conference the Court extended the third-party discovery cutoff to the extent of permitting HSBC to proceed with two deposition subpoenas and two document subpoenas to third parties. HSBC identified those four subpoenas later in the afternoon of Friday, June 9.

Then, apparently disappointed with the outcome of the conference and plainly seeking to further harass and prejudice Triaxx, at 11:34 p.m. on Friday night, HSBC served the Notice on Triaxx. The Notice is untimely and should be quashed for many reasons:

1. It is pointless and a waste of time and resources, because it cannot be used at trial. *See* Fed. R. Civ. P. 32(a)(5)(A) (deposition on less than 14 days' notice cannot be used at trial if recipient moves for a protective order and motion is pending at the time of the deposition).

2. It is impossible to comply with on four business days' notice. As the Court will see, the Notice is extremely broad, covering 18 disparate topics. HSBC cannot seriously suggest that Triaxx can comply with this Notice.

3. The June 16 party deposition cutoff should not be extended to accommodate this deposition. First, HSBC has not requested any such extension. More important, the Court specifically cautioned that this was not going to happen. *See* Dkt. No. 158 at 1-2 ("that this is the fourth extension of the fact discovery deadline in this consolidated action. Discovery will not be extended further. Applications to take one-off depositions beyond the June 16, 2017 deadline will not be permitted.").

4. Triaxx respectfully submits that HSBC, with its huge and sophisticated team of lawyers, knows all of the above; misled the Court at last Friday's conference and in its correspondence to the Court by not disclosing that it thought it had the right to serve the Notice; and served the Notice only to circumvent last Friday's ruling by the Court and further harass and prejudice Triaxx.

MILLER & WRUBEL PC

Hon. Sarah Netburn
June 13, 2017
Page 3

      For the foregoing reasons, Triaxx requests a protective order quashing the Notice.[2] There is no prejudice to HSBC from this outcome because, as HSBC has argued, any discovery of Triaxx must be taken through Triaxx's collateral managers and related parties. The Court already granted HSBC the ability to take that discovery.

      Respectfully submitted,

      Charles R. Jacob III

Cc:   All Counsel (via ECF)

---

[2] HSBC served the Notice without any prior discussion with us of their intention to do so. We have requested that the Notice be withdrawn and have not yet received a response.