**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV,<br><br>                        Plaintiff,<br>      v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>                        Defendant. | **Case No. 14-CV-8175-LGS-SN** |
| BLACKROCK BALANCED CAPITAL PORTFOLIO (FI), *et al.*,<br><br>                        Plaintiffs,<br>      v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>                        Defendant. | **Case No. 14-CV-9366-LGS-SN** |
| PHOENIX LIGHT SF LIMITED, *et al.*,<br><br>                        Plaintiffs,<br>      v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>                        Defendant. | **Case No. 14-cv-10101-LGS-SN** |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *et al.*,<br><br>                        Plaintiffs,<br>      v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>                        Defendant. | **Case No. 15-cv-2144-LGS-SN** |

| | |
|---|---|
| COMMERZBANK AG,<br><br>                    Plaintiff,<br>          v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>                    Defendant. | **Case No. 15-cv-10032-LGS-SN** |
| TRIAXX PRIME CDO 2006-1, LTD, *et al.*,<br><br>                    Plaintiffs,<br>          v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>                    Defendant. | **Case No. 15-cv-10096-LGS-SN** |

**REPLY IN SUPPORT OF HSBC BANK USA, N.A.'S
<u>RULE 72 OBJECTIONS AND MOTION</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ........................................................................................................1

    I.    The Legal Standard for Review Is *De Novo* ...........................................1

    II.    Any Possible Invocation of the Advice-of-Counsel Defense by HSBC Would Be Based on Particular Factual Circumstances, But Such Advice Would Not Necessarily Be Provided "Loan-By-Loan" ..........................................2

    III.    Plaintiffs Have Failed To Allege Specific Facts for Which HSBC Could Assert an Advice-of-Counsel Defense ...................................................5

    IV.    HSBC Has Neither Waived Nor Conceded the Advice-of-Counsel Defense..........6

    V.    HSBC Would Be Severely and Unfairly Prejudiced If Its Advice-of-Counsel Defense Is Prematurely Stricken................................................8

CONCLUSION .................................................................................................10

i

# TABLE OF AUTHORITIES

## CASES

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Alcoa S.S. Co.*, 232 F.R.D. 191 (S.D.N.Y. 2005) ................................................................................................10

*Aristocrat Leisure Ltd. v Deutsche Bank Trust Co. Americas*, 727 F. Supp. 2d 256 (S.D.N.Y. 2010) ..................................................................................................5

*Capital One Nat'l Ass'n v. 48-52 Franklin, LLC*, No. 12 Civ. 3366 (LGS), 2013 WL 4457367 (S.D.N.Y. Aug. 21, 2013) ....................................................................2

*In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. 43 (S.D.N.Y. 2002) ...................................5

*In re County of Erie*, 546 F.3d 222 (2d Cir. 2008) ............................................................5, 8, 10

*Inv. Tech Grp., Inc. v. Liquidnet Holdings, Inc.*, 2009 U.S. Dist. LEXIS 23278 (S.D.N.Y. Mar. 23, 2009) .......................................................................................5

*Minerals Techs., Inc. v. Omya AG*, 2005 U.S. Dist. LEXIS 12981 (S.D.N.Y. June 23, 2005) .........................................................................................................5

*ML-Lee Acquisition Fund II*, 859 F. Supp. 765 (D. Del. 1994) ...................................................8, 9

*Ret. Bd. of the Policeman's Annuity v. Bank of N.Y. Mellon*, 775 F.3d 154 (2d Cir. 2014) .......................................................................................................3

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) ........................................................5, 10

*United States v. Skeddle*, 989 F. Supp. 905 909 ...............................................................9

## OTHER AUTHORITIES

28 U.S.C. § 636(b)(1) ...........................................................................................1, 2

Fed. R. Civ. P. 72(b)(3) ...........................................................................................1

Paul R. Rice, Attorney Client Privilege in the United States § 9:83 (2012) .............................9, 10

Plaintiffs' Opposition to HSBC's Rule 72 Objections and Motion fails to dispute the key facts, and supporting law, that (1) in order for HSBC to know whether it relied on advice of counsel and invoke the advice-of-counsel defense, it must first know the specific facts alleged against it, and (2) Plaintiffs have failed to identify specific alleged actions or inactions by HSBC that Plaintiffs believe constitute a breach of HSBC's obligations.  Because of these facts, the Court should not adopt Magistrate Judge Netburn's May 8, 2017 Report and Recommendation (the "Report and Recommendation").  HSBC appropriately has reserved its right to invoke the advice-of-counsel defense if and when Plaintiffs come forward with specific allegations.  Striking HSBCs defense now in the abstract would severely and unfairly prejudice HSBC.

## ARGUMENT

### I.      The Legal Standard for Review Is *De Novo*

Because HSBC has made specific objections to the Report and Recommendation, the District Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

HSBC objected to the Report and Recommendation on several grounds.  HSBC objected to the finding that any potential assertion of the advice-of-counsel defense by HSBC would be identical, regardless of the yet-unidentified factual circumstances or alleged breaches.  Mot.[1] at 6,

---

[1] References to "Mot." refer to HSBC's Memorandum of Law in Support of HSBC's Rule 72 Objections and Motion (Dkt. 353, *Royal Park Investments SA/NV v. HSBC Bank, USA, N.A.*, 14-8175).  References to "Opp'n" refer to Plaintiffs' Response to HSBC's memorandum of law (Dkt. 362).  These papers are docketed in each of the HSBC Coordinated Trustee Actions.

10–11. HSBC also objected to the finding that HSBC should have been able to evaluate whether it will raise the advice-of-counsel defense without knowing Plaintiffs' specific allegations. *Id.* at 6–11. HSBC further objected to the finding that HSBC could not reserve its right to raise the advice-of-counsel defense. *Id.* Finally, HSBC objected to the finding that HSBC's advice-of-counsel defense should be entirely stricken, due to HSBC's purported failure to assert the defense in a factual vacuum. *Id.*

Plaintiffs' bald misrepresentation that "HSBC did not object to any 'particular findings,'" Opp'n at 7, finds no support in the record. Likewise, Plaintiffs' attempt to impose a "clearly erroneous and contrary to law" standard on HSBC's objections is not supported by law, including Plaintiffs' own cases. *See, e.g.*, Opp'n at 7 (citing *Capital One Nat'l Ass'n v. 48-52 Franklin, LLC*, No. 12 Civ. 3366 (LGS), 2013 WL 4457367, at *1–2 (S.D.N.Y. Aug. 21, 2013) (conducting *de novo* review in response to objections to particular findings)).

Accordingly, this Court should "make a de novo determination" whether to adopt those portions of the Report and Recommendation to which HSBC has objected. 28 U.S.C. § 636(b)(1).

## II.    Any Possible Invocation of the Advice-of-Counsel Defense by HSBC Would Be Based on Particular Factual Circumstances, But Such Advice Would Not Necessarily Be Provided "Loan-By-Loan"

HSBC, as an indenture trustee, has a ministerial function. In that role, it may receive communications from certificate holders that may trigger a decision to act or not to act. And the governing agreements expressly permit HSBC to rely upon any advice of counsel, which shall fully and completely authorize and protect HSBC with respect to any actions taken or omitted in good faith and in accordance with such advice:

> The Trustee and the Securities Administrator may consult with counsel of its selection and any advice of such counsel or any Opinion of Counsel shall be full and complete authorization and protection *in respect of any action taken or suffered or omitted* by it hereunder in good faith and in accordance with such advice or Opinion of Counsel; . . .

2

*See, e.g.*, Exhibit 1 to HSBC's Mot. (14-8175, Dkt. 354-1), DBALT 2006-AR5 PSA § 9.2(a)(ii)
(emphasis added).  HSBC repeatedly has requested that Plaintiffs disclose which, if any, particular
communications triggered an action or inaction that supports their allegations.  Plaintiffs have
refused to provide such information and instead continue to rely on their generic allegations that
HSBC should have known that there were general problems with RMBS based on generalities,
press reports, or other publicly available information.  While such generalities may have been
sufficient for Plaintiffs' claims to survive at the motion to dismiss stage, the Court was clear that
at summary judgment or trial, Plaintiffs will need to identify the specifics of their claims.  As the
Second Circuit has held, for Plaintiffs that showing must be made "loan-by-loan." *Ret. Bd. of the
Policeman's Annuity v. Bank of N.Y. Mellon*, 775 F.3d 154, 162 (2d Cir. 2014).

      In an attempt to muddy the water and conflate issues that are not related, Plaintiffs
baselessly argue that HSBC intends to assert a loan-by-loan advice-of-counsel defense rather than
an advice-of-counsel defense based on a specific factual issue or circumstance.  Plaintiffs know
full well that it is not and never has been HSBC's position that it got advice "loan by loan."  For
example, a few weeks ago, counsel for HSBC stated at a hearing before Magistrate Judge Netburn:

> [HSBC]: Thank you, your Honor.  I think there are some concepts that are being confused.
> *It's not the breaches in the underlying loans on which an advice-of-counsel defense would
> hinge*.  It is what HSBC was supposed to do or allegedly supposed to do with respect to a
> loan that came to its attention. . . . If you read the language of the PSA, it says the trustee
> -- I will paraphrase slightly -- may consult with counsel of its selection and any advice of
> such counsel or any opinion of such counsel shall be full and complete authorization and
> protection in respect of any action taken or suffered or omitted by it hereunder.  So, *it's the
> action under the PSA the governing document itself, it's the action that is subject to the
> advice-of-counsel defense*.  *The action depends on what it was that was supposed to have
> been done*.

April 24, 2017 Hr'g Tr. 16:14-19; 17:1-10 (emphasis added); *see also* HSBC's Jan. 27, 2017 Letter
to Plaintiffs (14-8175, Dkt. 320-3).  Plaintiffs attempt to confuse the analysis of an advice-of-

counsel defense (in the abstract) by conflating *Plaintiffs' obligation to prove breaches loan by loan* with the hypothetical circumstances in which clients might receive legal advice.  Here, HSBC is not saying that it got "legal advice" about specific loans *per se*.  Lawyers generally do not give legal advice about "loans."  Instead, lawyers typically give advice in the context of specific factual situations—something happens and a client seeks out a lawyer for advice about how to proceed.

Over the course of the more than ten-year time period that HSBC has acted as an indenture trustee, there are likely to be a number of specific factual circumstances that presented themselves and for which HSBC consulted with counsel.  It remains to be seen whether Plaintiffs intend to rely on any of those yet-unidentified specific factual circumstances as the basis for their claims that HSBC breached its duties as indenture trustee.  While those factual circumstances may implicate loans in the sense that the trusts contain loans, HSBC would not have received advice about the loans.  Instead, HSBC may have received advice about how to proceed in those particular factual circumstances.  If Plaintiffs point to those factual circumstances as supporting their claims, HSBC could have an advice-of-counsel defense to assert in response.  It is not HSBC's burden to attempt to identify such hypothetical factual circumstances now and then preemptively waive any privilege associated with advice about those circumstance, where Plaintiffs have not even put those specific factual circumstances at issue.

Plaintiffs have the burden to identify the specific factual circumstance supporting their claims, and they are fully aware that any advice-of-counsel defense that HSBC could raise would be issue- or circumstance-based and thus would be linked to Plaintiffs' specific, but yet-unidentified allegations of HSBC's purported actions or inactions.

### III.    Plaintiffs Have Failed To Allege Specific Facts for Which HSBC Could Assert an Advice-of-Counsel Defense

Plaintiffs entirely fail to respond to HSBC's arguments and case law showing that the advice-of-counsel defense requires a party's actual reliance on specific legal advice as to a specific issue, *see In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008), and that questions concerning the invocation of the defense and its consequences should be decided in a "specific factual context," *United States v. Bilzerian*, 926 F.2d 1285, 1293 (2d Cir. 1991); *see also Aristocrat Leisure Ltd. v Deutsche Bank Trust Co. Americas*, 727 F. Supp. 2d 256, 271 (S.D.N.Y. 2010) (collecting cases); *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. 43, 53 (S.D.N.Y. 2002) (advice of counsel may only be asserted "within the context of the actual factual disputes that are placed at issue").  Plaintiffs also do not dispute that in order for a party to know whether it may rely on the advice-of-counsel defense, it must know the specific facts alleged against it, and that forcing a party to decide whether it will raise advice of counsel before it knows the specific facts against it is both unnecessary and prejudicial.  *See Inv. Tech Grp., Inc. v. Liquidnet Holdings, Inc.*, 2009 U.S. Dist. LEXIS 23278, at *4 (S.D.N.Y. Mar. 23, 2009); *Minerals Techs., Inc. v. Omya AG*, 2005 U.S. Dist. LEXIS 12981, at *4 (S.D.N.Y. June 23, 2005).

Plaintiffs further do not dispute that, over a year ago, HSBC served interrogatories on Plaintiffs asking them to identify specific actions or omissions with respect to specific loans and trusts that Plaintiffs believe constituted breaches of HSBC's obligations, but that Plaintiffs thus far have failed to provide substantive responses.  Some Plaintiffs asserted that identifying alleged trustee breaches was "premature" and promised to "update" their response "following the substantial completion of discovery."  *See, e.g.*, Response to Interrogatory No. 2, Royal Park's Objections and Responses to HSBC's Third Set of Interrogatories (14-cv-08175, Dkt. No. 320-2).  Yet, with less than one week of discovery remaining, Plaintiffs still have not updated their

interrogatory responses.  Plaintiffs have not otherwise identified any specific allegations of actions or omissions by HSBC that Plaintiffs believe constitute breaches of HSBC's obligations.

Striking HSBC's advice-of-counsel defense in this factual vacuum is premature.  Without knowing Plaintiffs' specific allegations against HSBC in particular contexts, HSBC cannot identify the specific legal advice it may have received in that context or decide whether to assert its reliance on particular legal advice it may have obtained.  The procedural posture the Plaintiffs are attempting to put HSBC in is akin to a litigant alleging that everything an opposing party has done over the course of a decade is actionable and, therefore, if the opposing party wants to assert an advice of counsel defense, the opposing party must proactively identify its own actions and then preemptively waive privilege over any advice it may have received concerning those actions.  That is not what the law requires either with respect to the advice of counsel defense or for a party who does not have the burden of proof.

## IV.   HSBC Has Neither Waived Nor Conceded the Advice-of-Counsel Defense

HSBC properly has reserved its right to raise the advice-of-counsel defense if and when Plaintiffs come forward with specific actions or inactions in connection with particular transactions.  Plaintiffs' contentions to the contrary fail to survive the slightest scrutiny.

First, Plaintiffs argue that HSBC waived its right to the advice-of-counsel defense by not seeking reconsideration of Magistrate Judge Netburn's November 17, 2016 Order.  That Order provided that if Plaintiffs "identify specific action or omission in connection with a specific trust or a specific loan that they believe constitutes a breach of HSBC's obligations" and notify HSBC of these allegations, then HSBC "shall have 14 days to decide whether it intends to rely on an advice of counsel defense in connection with that specific allegation" and that HSBC "must decide whether it intends to assert an advice of counsel defense by January 27, 2017."  Nov. 17, 2016

6

Order (14-cv-08175, Dkt. 233) at 4.  HSBC did not oppose the Order because it made clear that Plaintiffs needed to come forward with specific allegations.  If Plaintiffs did not do so, then HSBC intended to maintain its position that it would not invoke the advice-of-counsel defense to Plaintiffs' overbroad, generalized, and non-specific claims.  Indeed, in response to the Order and Plaintiffs' continued failure to identify specific allegations, HSBC informed Plaintiffs that it remained unable to determine if it received relevant advice with respect to any particular transaction and therefore that it did not intend to raise the advice-of-counsel defense at that time. *See* HSBC's Jan. 27, 2017 Letter to Plaintiffs (14-08175, Dkt. 320-3).  HSBC also reserved the right to raise the advice-of-counsel defense in the event that Plaintiffs ever identify specific alleged actions or omissions by HSBC with respect to particular trusts or loans.  *Id.*[2]

Plaintiffs would like, of course, to eliminate the language in the November 17, 2016 Order pertaining to the 14-day period during which HSBC can raise the advice-of-counsel defense if Plaintiffs finally raise a specific allegation.  Indeed, Plaintiffs go so far as to selectively quote HSBC as stating that the November 17, 2016 Order "is a perfectly acceptable ruling," Opp'n at 5, omitting the highly relevant context:

> [HSBC]: . . . . *As your Honor ruled the last time this issue was before the Court, when the plaintiffs present to us evidence of particular breaches or particular actions that they believe we should have taken, then we would have 14 days to assert the defense after that. That was the ruling, and that is a perfectly acceptable ruling to us, and we submit that that should remain the ruling.* So when they give us the additional information and they do point out to us specific actions that they think we took or didn't take, then 14 days later we would tell them yes, we have an advice-of-counsel defense, but the timing would rest in the hands of the plaintiffs.
> THE COURT: OK.

---

[2] Moreover, there was no reason to "challenge" the November 17 Order.  That Order did not strike HSBC's advice of counsel defense.

April 24, 2017 Hr'g Tr. 11:8–20 (emphasis added).  But Plaintiffs cannot change the text of the Order.  If Plaintiffs continue to fail to assert claims with specificity, HSBC will not raise the advice-of-counsel defense.  On the other hand, if Plaintiffs finally come forward with specific allegations, HSBC has reserved its right to raise the advice-of-counsel defense at that time.

Second, Plaintiffs argue—without any supporting authority—that HSBC's assertion of privilege at a deposition waives any possible advice-of-counsel defense.  Even if HSBC asserted advice of counsel as to a specific issue, it would not amount to a waiver of any and all privileged communications.  *See ML-Lee Acquisition Fund II*, 859 F. Supp. 765, 768–69 (D. Del. 1994).  And, in any event, HSBC is entitled to assert privilege if it has not yet invoked advice of counsel as to a particular issue.  *See In re County of Erie*, 546 F.3d at 229 (waiver does not occur unless and until party asserts actual reliance on specific advice of counsel).

Third, Plaintiffs argue in a footnote that they have "identified broad policy issues for which HSBC failed to assert an advice of counsel defense" and therefore HSBC waived the defense.  Opp'n at 12 n.7.  Plaintiffs' sole citation is the April 24, 2017 hearing before Magistrate Judge Netburn.  But that citation provides no support.  Magistrate Judge Netburn never found that HSBC had waived an advice-of-counsel defense for "broad policy issues" nor did HSBC indicate that it was waiving any such defense.  Indeed, Plaintiffs never identified—including in their interrogatory responses—particular "broad policy issues" as grounds for a breach of HSBC's obligations.

HSBC properly has reserved its right to raise the advice-of-counsel claim in response to any yet-unidentified specific claims by Plaintiffs.  Plaintiffs' arguments fail to show otherwise.

## V.     HSBC Would Be Severely and Unfairly Prejudiced If Its Advice-of-Counsel Defense Is Prematurely Stricken

Plaintiffs make much of the fact that discovery is nearing conclusion, arguing that they would be prejudiced if HSBC later invokes the advice-of-counsel defense because it would

"require re-opening of discovery." Opp'n at 10. This concern is overblown. First, to the extent Plaintiffs' belated identification of the factual basis for their claims results in some additional disclosure by HSBC, that circumstance is solely a result of Plaintiffs' refusal to identify the specific factual basis for their claims when requested by HSBC.[3] HSBC should not be penalized for Plaintiffs' gamesmanship. Likewise, Plaintiffs should not profit from it. Striking HSBC's advice-of-counsel defense now, in the abstract and without regard to any specific invocation, would severely and unfairly prejudice HSBC.

Second, should a situation even arise that would implicate an advice-of-counsel defense, the Court can address the invocation before or during trial based on the facts presented at that time. Courts have many tools available within their discretion to deal with discovery issues in the context of specific facts. There is no need now to strike a defense in the abstract on the offhand chance that raising the defense later may require some limited additional discovery. As HSBC has shown, any privilege waiver as a result of the invocation of the advice-of-counsel defense would be limited in scope. Plaintiffs' attempt to distinguish HSBC's authority is unpersuasive. As Plaintiffs themselves concede, *ML-Lee Acquisition Fund II*, holds that waivers relate only to the "specific areas which Defendants have asserted reliance on the advice of counsel." 859 F. Supp. at 768–69. If Plaintiffs come forward with specific allegations for which HSBC relied on specific advice of counsel, the privilege waiver would encompass only the "specific area" at issue. *Id.*; *see also United States v. Skeddle*, 989 F. Supp. 905 909 n.2 (N.D. Ohio 1997) ("[C]ourts have generally held that the 'same subject matter' is to be viewed narrowly."); Paul R. Rice, Attorney Client Privilege in the United States § 9:83, at 654 (2012) ("As a general rule, courts attempt to construe

---

[3] In addition, contrary to Plaintiffs' representation, they did not "promptly move[] to strike [HSBC's] purported [advice-of-counsel] defense," Opp'n at 1, but rather waited nearly three months, until the tail end of discovery, to re-raise their argument.

9

the subject matter [of an implied waiver] as narrowly as possible—limiting the scope to the matters explicitly addressed in the communications through which the waiver occurred.").

Plaintiffs' attempt to distinguish the Rice treatise because it "refers to an implied waiver" falls flat.  Opp'n at 13.  "The assertion of an 'advice-of-counsel' defense has been properly described as a 'quintessential example' of an implied waiver of the privilege."  *In re County of Erie*, 546 F.3d at 228.  As such, this authority is wholly on point.

Plaintiffs' own cases further support the narrow nature of any potential advice-of-counsel waiver in this case.  *See, e.g.*, Opp'n at 11 (citing *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Alcoa S.S. Co.*, 232 F.R.D. 191, 198 (S.D.N.Y. 2005) (noting that the advice-of-counsel defense waives the privilege not over all advice but only over advice on the same topic)).[4]

In sum, the Court should reserve any decision on the advice-of-counsel defense until such time that HSBC actually attempts to invoke that defense.  At that time, the Court can decide whether to permit the defense in "a specific factual context," as the Second Circuit has counseled.  *See Bilzerian*, 926 F.2d at 1293.  But there is no good reason to preclude the defense now, in the abstract, and without reference to any specific invocation.

## CONCLUSION

For the foregoing reasons, HSBC respectfully requests that this Court decline to adopt Magistrate Judge Netburn's May 8, 2017 Report and Recommendation.

---

[4] Plaintiffs also rely on a transcript of a hearing before Magistrate Judge Moses in another case to argue against a so-called "loan-by-loan" waiver.  Opp'n at 13–14.  The transcript Plaintiffs cite, *id.* (citing *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, 14-cv-4394, Dkt. 381 at 9–10) has redactions pending and is not PACER accessible to HSBC.  In any event, as explained above, a "loan-by-loan" advice-of-counsel defense is an invention of Plaintiffs.  Any defense raised by HSBC would be based on a specific factual circumstance, not a particular loan.

10

Dated: June 13, 2017        By:   /s/ George A. Borden

                George A. Borden
                Kevin M. Hodges (*pro hac vice*)
                Andrew W. Rudge  (*pro hac vice*)
                Edward C. Reddington (*pro hac vice*)
                Vidya Atre Mirmira (*pro hac vice*)
                Eric C. Wiener (*pro hac vice*)
                WILLIAMS & CONNOLLY LLP
                725 Twelfth Street, N.W.
                Washington, DC 20005
                Telephone: (202) 434-5000
                Facsimile: (202) 434-5029
                gborden@wc.com
                khodges@wc.com
                arudge@wc.com
                ereddington@wc.com
                vmirmira@wc.com
                ewiener@wc.com

                *Counsel for HSBC Bank USA, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

/s/ Amy E. Murphy
Amy E. Murphy