**ROBBINS GELLER**
**Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Christopher M. Wood
cwood@rgrdlaw.com

June 6, 2017

<u>VIA EMAIL</u>

The Honorable Judge Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1106
New York, NY  10007

   Re: *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-8175-LGS-SN;
     *Blackrock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*,
     No. 14-cv-9366-LGS-SN

Dear Judge Schofield:

   In response to the Court's Order dated May 31, 2017 (Dkt. No. 355), Plaintiff Royal Park writes to address exhibits that Defendant HSBC submitted in connection with its Opposition to Plaintiffs' Amended Motions for Class Certification ("Opposition").  Specifically, Royal Park requests that certain of the exhibits submitted by HSBC be redacted or filed under seal pursuant to the procedures outlined in Section I.C.3 of Your Honor's Individual Practices for filing documents under seal.  Additionally, the Opposition and the related Declaration of George A. Borden in Support of HSBC Bank USA, N.A.'s Opposition to Plaintiffs' Amended Motions for Class Certification ("Borden Decl.") each identifies by name certain individual non-parties who are not before this Court.  Royal Park requests that the identities of these specific individuals be redacted in the publicly-filed documents.

**Documents to Be Redacted or Filed Under Seal**

   Royal Park analyzed the documents submitted by the Trustee pursuant to the requirements of *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006), in an attempt to limit any confidentiality designations.  Royal Park identified a document that it expressly agreed to keep confidential with third parties and respectfully requests that Borden Decl., Ex. 26 ("Exhibit 26"), be filed under seal.  Royal Park notes that Judge Nathan already considered this same document and concluded that it was appropriate to file under seal in connection with class certification briefing in the *Royal Park Investments SA/NV v. Deutsche Bank National Trust Co.*, No. 1:14-cv-04394-AJN-BCM (S.D.N.Y.) action ("*Deutsche Bank* action").  *Deutsche Bank* action, Dkt. No. 350 at 28.  Additionally, Royal Park identified two exhibits containing non-public confidential minutes from Royal Park's Board of Directors.  Specifically, Royal Park requests that redacted forms of Borden Decl., Ex. 22 ("Exhibit 22"), and Borden Decl., Ex. 23 ("Exhibit 23"), be filed on the public docket.

1274313_1

414 Union Street, Suite 900  Nashville, TN 37219  Tel 800 449 4900  Fax 615 252 3798  www.rgrdlaw.com

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge Schofield
June 6, 2017
Page 2

To determine whether to seal a document, a three-step balancing test is applied. *Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548, at *2 (S.D.N.Y. Apr. 12, 2016). The threshold inquiry is whether the document is a "judicial document." *Id*. If so, the second step is to assign a weight of the presumption of access along "'a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id*. (quoting *Lugosch*, 435 F.3d at 119). The final step is to consider competing factors that counterbalance the weight of the presumption, such as the proponent's privacy interests. *Id*.

**Exhibits 22, 23, and 26 Are Judicial Documents**

"Judicial documents" are subject to the presumption of public access. *Lugosch*, 435 F.3d at 119. To be a judicial document, it "'must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id*. (citation omitted). Courts in this District have previously held that exhibits supporting an opposition to class certification are judicial documents. *Tropical Sails*, 2016 WL 1451548, at *3. Exhibits 22, 23, and 26 were cited once each as support for minor points in the Opposition. Assuming, *arguendo*, that mere citation in the Opposition is the threshold for a document to support the Opposition, then Exhibits 22, 23, and 26 are "judicial documents."

**Exhibit 26 Is a Non-Public Settlement Agreement and Should Be Sealed, as Judge Nathan Previously Ruled**

"[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Indeed, the Second Circuit has held "'the privacy interests of innocent third parties' . . . are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (citation omitted). In determining the weight to be accorded to an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. *Id*. The nature of the injury is also weighed by considering the "sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *Id*. at 1051.

This third-party privacy exception applies here because Royal Park promised to protect the privacy interests of third parties by agreeing to keep the settlement agreement of Exhibit 26 confidential. This settlement agreement is typical of private business agreements between companies that were not intended to be nor typically made public. In addition, this agreement, if made public, contains many provisions that go far beyond the questions at issue in this motion. The resultant harm would be, at the very least, the privacy interests of the third parties.

Judge Nathan previously considered this same document in the coordinated action against Deutsche Bank and concluded that this settlement agreement should be sealed in order to maintain

Robbins Geller
Rudman & Dowd LLP

The Honorable Judge Schofield
June 6, 2017
Page 3

confidentiality.  *See Deutsche Bank* action, Dkt. No. 350 at 28.  Royal Park submits that the criteria supporting sealing of this settlement agreement is equally applicable in this action as it was in the action before Judge Nathan.  Accordingly, Royal Park requests that Exhibit 26 be sealed.

**Exhibits 22 and 23 Should Be Redacted to Exclude Confidential Information Not Relied Upon in the Opposition**

The weight of the common law presumption is "'governed by the role of the material at issue . . . and the resultant value of such information to those monitoring the federal courts'" and ranges on "'a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'"  *Lugosch*, 435 F.3d at 119 (citation omitted).  Accordingly, irrelevant materials have the least weight.  *See id*. at 121.  In addition, the First Amendment presumption, unlike the common law, attaches only if the documents are "'historically . . . open to the . . . public'" and if "'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id*. at 120 (citation omitted).  Under the First Amendment, judicial documents "'may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  *Id*. (citation omitted).  Consistent with the First Amendment, pre-trial dissemination of information may be limited by the court because the liberality of the discovery process "creates 'a significant potential for abuse' such as delay, expense, misuse of court process and damage to the reputation and privacy of litigants and third parties."  *Macias v. City of Clovis*, No. 1:13-CV-01819-BAM, 2015 WL 7282841, at *6 (E.D. Cal. Nov. 18, 2015) (citation omitted); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984).

Exhibit 22 was cited in the Opposition only once, where it was used to support a portion of a sentence that was quoted in the Opposition.  Royal Park does not object to the public filing of that relevant sentence in its entirety[1] but objects to the public filing of the remainder of that document due to the implication of legitimate privacy interests and the irrelevance of the remaining document.  Likewise, Exhibit 22 was cited exactly once, where it was the second of two citations in support of a generalized, yet slanted, assertion by HSBC.  Royal Park objects to the public filing of the non-relevant portions of Exhibit 23 due to the implication of legitimate privacy interests, in addition to the lack of relevance.

Because the issue to be decided here is not an adjudication on the merits of the case, but rather Royal Park's ability to maintain a class action, an adverse decision does not prevent Royal

---

[1]  Royal Park notes that the quoted portion of the Opposition is taken out of context as it does not include the condition precedent that exists as the beginning of the sentence.  Providing the full sentence in the redacted version of Exhibit 22 will provide additional context for the reader.

1274313_1

**Robbins Geller**
**Rudman & Dowd LLP**

The Honorable Judge Schofield
June 6, 2017
Page 4

Park from pursuing its individual claims, nor does it prohibit other parties from attempting to represent a class. *See Tropical Sails*, 2016 WL 1451548, at *3 (holding that class certification "is not an adjudication"). Thus, the presumption of access receives less weight than other motions, such as summary judgment. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, No. 1:00-1898, 2013 WL 3531600, at *3 (S.D.N.Y. July 12, 2013) (holding that documents filed with a motion to dismiss for lack of jurisdiction only entails a "relatively weak" presumption of access because it did not rule on the merits of the case and that the plaintiff was free to file its claims elsewhere).

Royal Park submits that providing the full sentence of Exhibit 22 from which the Opposition quotes provides a balance between allowing public access to the material supporting the Opposition with the privacy interests of the parties in preventing public access to material relied upon in the Opposition. Royal Park requests that the Court substitute Exhibit 22 with the redacted version attached to this letter as Exhibit A.

Similarly, Royal Park submits that providing the portions of the paragraph the Opposition refers to in Exhibit 23 that were not already redacted for privilege issues provides a balance between the public access to the material supporting the Opposition and the privacy interests of the parties in preventing public access to material relied upon in the Opposition. Royal Park requests that the Court substitute Exhibit 23 with the redacted version attached to this letter as Exhibit B.

**The Opposition and Borden Declaration Should Redact Personally Identifiable Information of Non-Party Individuals**

Paragraph 2 of the Borden Declaration and two pages of the Opposition identify specific non-party individuals (and potential class members) by name. The identity of these individual non-parties was only revealed to HSBC through confidential information provided by DTC participants pursuant to subpoenas issued by Royal Park in this case. The Second Circuit has made clear that the privacy interests of innocent third parties, like those HSBC specifically identified by name and description, are excepted from the presumption of public access. *New York Times Co.*, 828 F.2d at 116 ("the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted"); *Amodeo*, 71 F.3d at 1050-51 ("'the privacy interests of innocent third parties' . . . are a venerable common law exception to the presumption of access") (citation omitted).

In light of the protection afforded to the personal information of innocent non-parties, the most efficient method of protecting their privacy interests is to redact the personally identifiable information of those non-parties from the Opposition and Borden Declaration. As noted above, redaction is permitted to prevent abuses such as "damage to the reputation and privacy of litigants and third parties." *Macias*, 2015 WL 7282841, at *6. Attached as Exhibits C and D, respectively,

1274313_1

Robbins Geller
Rudman & Dowd LLP

The Honorable Judge Schofield
June 6, 2017
Page 5

are proposed redactions to pages 5 and 26 of the Opposition, as well as to paragraph 2 of the Borden Declaration.

      In accordance with the above discussion, Royal Park respectfully requests that the Court: (1) allow the settlement agreement of Exhibit 26 to be filed under seal, attached herewith; (2) replace Exhibits 22 and 23 with the redacted versions, attached herewith (Ex. A and Ex. B), that include the information quoted or referenced in the Opposition; and (3) redact the personal information of non-parties from the Opposition and Borden Declaration, attached herewith (Ex. C and Ex. D).

      Respectfully submitted,

CHRISTOPHER M. WOOD

CMW:dsg
Attachments

cc:    All Counsel of Record (via email)

1274313_1