June 20, 2017

**VIA ECF & HAND DELIVERY**
The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, New York 10007

Re:   *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 14-cv-09366; *Commerzbank AG v. HSBC Bank USA, N.A.*, No. 15-cv-10032

Dear Judge Netburn:

On behalf of the BlackRock and Commerzbank Plaintiffs, we write in response to Defendant HSBC Bank USA, N.A.'s ("HSBC") June 15, 2017 submission to the Court concerning (i) HSBC's Rule 30(b)(6) deposition notices to the BlackRock Plaintiffs and (ii) the BlackRock and Commerzbank Plaintiffs' privilege logs.

### I.   HSBC's Rule 30(b)(6) Deposition Notices Are Untimely And Improper

HSBC's Rule 30(b)(6) deposition notices to the BlackRock Plaintiffs are untimely, which HSBC does not dispute. The deadline to complete party depositions closed on **May 1, 2017**, except for seven specific Plaintiff witness depositions that the Court authorized at HSBC's request, which did not include Rule 30(b)(6) depositions of either party. ECF Nos. 354, 358. HSBC served its notices on **May 26, 2017** – *i.e.*, three weeks after party discovery closed. Notably, HSBC never previously informed the Court or Plaintiffs that it intended to seek additional Rule 30(b)(6) depositions.[1]

HSBC attempts to justify its tardiness by citing Plaintiffs' recent production of 4,000 documents. This rationale is *non sequitor* and fails for at least three reasons. First, the May 26 notices ***pre-date*** Plaintiffs' June 6 production by nearly two weeks. Second, HSBC seeks to depose three Plaintiffs, DZ Bank, Prudential and TIAA, that did not produce any documents. Third, HSBC's proposed deposition topics on their face are not tailored to the documents produced; rather, they seek testimony on overbroad topics such as Plaintiffs' "organizational structure" that are more appropriate for the outset of discovery.

Even if HSBC's notices could somehow be construed as timely, they are improper. The notices propose 18 expansive topics applicable to all Plaintiffs with 11 additional topics for certain Plaintiffs. Indeed, HSBC's proposed topics conspicuously mimic topics proposed by the trustee defendant in the parallel action brought by Plaintiffs against Wells Fargo that are currently subject

---

[1] Moreover, HSBC filed this motion in violation of the Court's and Local Rules after rejecting Plaintiffs' proposal to meet and confer. On this basis alone, HSBC's motion should be denied. HSBC similarly attempted to belatedly notice Rule 30(b)(6) depositions of the Triaxx Plaintiffs, which it withdrew as untimely and improper. ECF No. 405.

The Honorable Sarah Netburn
June 20, 2017
Page 2

to Plaintiffs' challenge.[2]  HSBC also attempted to schedule all six depositions to occur on the same day, only further demonstrating their unreasonableness.

Tellingly, the topics for examination are not narrowly tailored to the HSBC's claimed justification – the 4,000 recently produced documents, which comprise less than 0.001% of Plaintiffs' total productions.  These documents were produced in connection with Plaintiffs' privilege review and are generally duplicative of documents previously produced to HSBC.  However, HSBC seeks testimony on unrelated and overbroad topics, such as the "structure and organization" of the Prudential Plaintiffs in connection with "evaluation and purchases of the RMBS at Issue" (Ex. 1, Additional Topics for Prudential, Topic No. i).

Finally, HSBC cannot demonstrate good cause for taking yet more depositions on these topics after the close of fact discovery and exceeding the Court's 45-deposition limit.  HSBC previously deposed 41 plaintiff witnesses, nearly all which lasted seven hours on the record and in some instances even longer.  In addition, HSBC has received 31 transcripts from these same witnesses' depositions in other RMBS trustee actions.  Putting aside the other fatal defects discussed above, the proposed topics have been exhaustively covered in the 72 total Plaintiff depositions HSBC has received thus far.  Against this background, subjecting Plaintiffs to more depositions serves no legitimate purpose and is only harassing.  On this point, HSBC and its counsel have demonstrated a troubling pattern of burdening and annoying Plaintiff witnesses (including former employees) throughout discovery, including, (i) reading lengthy document excerpts into the record and asking the witnesses to confirm the accuracy of counsel's reading instead of asking substantive questions (*see*, *e.g.*, Ex. 2 (Baskin at 100:24-104:21, 117:5-112:13); Ex. 3 (Foster at 112:1-113:20, 150:4-152:2); Ex. 4 (Incoglu at 395:6-15, 476:15-19); Ex. 5 (Greenberg at 301:5-302:8); (ii) asked verbatim or near verbatim the same questions previously asked by another RMBS trustee defendant in a prior deposition of the same witness (*see*, *e.g.*, Ex. 6 (Freitag at 25:2-33:8); Ex. 7 (Teleanu at 10:16-14:25); Ex 8 (Koudinov at 51:4-23, 52:21-53:8, 56:5-58:14, 169:7-18, 184:18-185:4, 200:20-201:5, 25:6-8, 310:21-311:17) (iii) badgered, intimidated and harassed witnesses; and (*see*, *e.g.*, Ex. 4 (Incoglu at 203:14-23, 279:17-281:9); Ex 8 (Koudinov at: 231:4-19, 340:18-342:11); Ex. 9 (van Akkeren at 37:14-16, 136:10-139:2, 187:9-11, 308:24-309:3, 312:23-313:10); Ex. 10 (Vibert at 119:22-126:17, 240:11-249:18); and (iv) asked irrelevant, personally invasive questions (*see*, *e.g.*, Ex. 11 (Yalamanchili at 35:8-40:6); Ex. 7 (Teleanu at 35:23-38:7). [3]

In sum, HSBC should not be permitted to belatedly attempt to reopen discovery on such untimely and flimsy pretense.

---

[2] The notices are attached hereto as Exhibit 1.  Because HSBC's proposed topics are largely identical to topics previously proposed by Wells Fargo, Plaintiffs further submit they are improper for the reasons set forth in Plaintiffs' Rule 72 Objections to the Court's April 27, 2017 Order in the *Wells Fargo* action, ECF No. 433.

[3] "If the Court is inclined to grant HSBC leave to take additional depositions, Plaintiffs will seek to quash or limit the depositions based on HSBC's abusive conduct and with the benefit of a complete transcript and video record.

The Honorable Sarah Netburn
June 20, 2017
Page 3

## II. Privilege Logs

***BlackRock Plaintiffs***: HSBC's challenges to Plaintiffs' privilege log are premature. On June 1, 2017, Plaintiffs previously provided a revised privilege log as a result of the parties' extensive meet and confer discussions. Two weeks later, HSBC filed this motion without raising any additional issues with Plaintiffs. Putting aside HSBC's failure to meet and confer, its motion is also substantively flawed. Plaintiffs have already committed to further revising their log with the benefit of this Court's guidance in the June 7, 2017 *Wells Fargo* Order (ECF No. 472). Plaintiffs anticipate providing their updated privilege log on June 26. Accordingly, no dispute is presently ripe for the Court's consideration.

***Commerzbank***: HSBC's challenges to Commerzbank's privilege log are frivolous.

*First*, log nos. 309, 463 and 467 are emails containing legal advice and work product from Commerzbank's counsel in this action, Wollmuth Maher & Deutsch LLP ("WMD"), and in-house counsel concerning the claims in this lawsuit and similar lawsuits against RMBS trustees. For example, log no. 309 is an email chain from November 2015 with the subject line "FW: Subject to legal privilege and confidential RMBS Trustees: Memorandum and PowerPoint Presentation." The email chain consists of a legal memorandum and presentation from WMD and follow-up emails with counsel concerning legal issues. While the top email does not include attorneys, it forwards and reflects the privileged communications in the preceding emails.[4]

*Second*, and similarly, log nos. 281 and 465 consist of emails reflecting legal advice and strategy from outside counsel retained for a different legal matter. For example, log no. 281 is an email from outside counsel that is subsequently forwarded to others at Commerzbank.

*Third*, the last category of challenged documents (log nos. 4-5, 11, 21, 30-33, 48, 65, 215-16 and 221) consist of individually logged attachments to emails, which comprise documents compiled by and at the direction of Commerzbank's in-house counsel for an unrelated bankruptcy legal matter. *In re Grand Jury Subpoenas Dated October 22, 1991 and November 1, 1991*, 959 F.2d 1158 (2d Cir. 1992) (otherwise unprivileged documents might be protected from discovery if their disclosure presented a real concern that the thought processes of counsel would be exposed); *Santiago v. Miles*, 121 F.R.D. 636, 638–40 (W.D.N.Y. 1988) (applying selection and compilation exception to protect printouts of unprivileged data from computer prepared at direction of counsel). For example, one of the document collections consists of documents gathered for potential use by an expert for Commerzbank in the bankruptcy proceeding. As explained to HSBC on a meet and confer, these documents are irrelevant to the issues in this action and were only included on the privilege log in an excess of caution. To overcome the work product privilege, HSBC must demonstrate substantial need for the production of the documents, *In re Grand Jury Subpoenas*

---

[4] Commerzbank explained this to HSBC and offered to supplement its log to reflect the various components of the email chain if HSBC agreed to do so for its own log. HSBC declined to do so and instead filed the instant letter before finishing the meet and confer process and answering with respect to its own privilege log. Commerzbank has raised challenges with respect to HSBC's log and will attempt to resolve them without court intervention.

The Honorable Sarah Netburn
June 20, 2017
Page 4

*Dated October 22, 1991 and November 1, 1991*, 959 F.2d at 1166, and HSBC clearly cannot meet that burden here as the documents are not even relevant to this action.

  *Finally*, HSBC's complaint that Commerzbank redacted too few documents is misplaced. HSBC fails to inform the Court that Commerzbank only withheld 482 documents as privileged compared to the over 200,000 documents produced by Commerzbank. The small number of redacted documents therefore is the result of the miniscule number of documents that Commerzbank withheld on privilege grounds.

*  *  *  *  *  *

  For all of the reasons set forth above, HSBC's motion should be denied entirely. We thank the Court for its attention to these matters.

Respectfully submitted,


/s *Benjamin Galdston*        /s *Ryan A. Kane*
Benjamin Galdston         Ryan A. Kane
Bernstein Litowitz Berger      Wollmuth Maher
 & Grossmann LLP       & Deutsch LLP
*Counsel for Plaintiffs Blackrock Balanced*   *Counsel for Plaintiff Commerzbank AG*
*Capital Portfolio (FI), et al.*


cc: All Counsel of Record