LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

AMY MURPHY
(202) 434-5249
amurphy@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 15, 2017

Via Electronic Mail

Honorable Sarah Netburn
Thurgood Marshall Courthouse
United States District Court

      Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 14-CV-09366-LGS-SN; *Commerzbank AG v. HSBC Bank USA, N.A.*, No. 15-CV-10032-LGS-SN

Dear Judge Netburn:

      I write regarding the privilege logs produced by the *BlackRock* Plaintiffs and Commerzbank. HSBC identified a number of issues with Plaintiffs' privilege logs and engaged in multiple meet-and-confers with Plaintiffs starting in April 2017. The *BlackRock* Plaintiffs assured HSBC that they would produce a revised privilege log addressing those issues. But the same problems persist in Plaintiffs' revised log, which they produced on Thursday, June 1, 2017. As for Commerzbank, it has thus far refused to produce a revised privilege log addressing the issues raised by HSBC. When similar issues arose in the *Wells Fargo* action, HSBC understands that the Court instructed the parties to submit exemplar documents for *in camera* review. Given that HSBC has identified several of the same issues, and Plaintiffs have failed to correct them, HSBC respectfully requests that a similar protocol be ordered in this case.

      To mitigate the prejudice to HSBC of belated document productions stemming from Plaintiffs' deficient privilege logs and improper withholding of non-privileged and partially privileged documents, HSBC also seeks to depose six *BlackRock* Plaintiffs pursuant to Rule 30(b)(6) on a discrete set of topics already approved by the Court in the *Wells Fargo* action. To date, Plaintiffs have refused to produce witnesses or meet and confer with HSBC before the June 16 fact discovery deadline, despite the fact that HSBC issued the deposition notices on May 26 and Plaintiffs served their responses and objections on June 9. Without these depositions, HSBC will have no opportunity to question Plaintiffs regarding thousands of documents that they produced *only after* the Court extended the fact discovery deadline on May 5. HSBC also believes that a significant amount of additional production remains outstanding and respectfully requests that the Court order Plaintiffs to produce witnesses to testify under Rule 30(b)(6) pending completion of all outstanding production and the resolution of Plaintiffs' related Motion to Vacate in the *Wells Fargo* action.

1

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
June 15, 2017
Page 2

### I.  The *BlackRock* Plaintiffs' Revised Privilege Log Is Deficient.

#### A.  Plaintiffs Failed To Produce Non-Privileged Portions of Documents.

Plaintiffs have not met their obligation to produce redacted versions of documents that contain both privileged and non-privileged content.  To confirm this, HSBC searched Plaintiffs' productions for potentially redacted documents.  The results are shockingly low:

| Producing Party | Redacted Documents | Total Documents |
|---|---:|---:|
| AEGON | 8 | 691,808 |
| BlackRock | 1 | 788,403 |
| DZ Bank | 0 | 133,555 |
| PIMCO | 57 | 1,972,195 |
| Prudential | 0 | 121,235 |
| Sealink | 0 | 3,669 |
| TIAA | 12 | 208,998 |
| **Total** | **78** | **3,919,863** |

Based on HSBC's searches, it appears that out of 3.9 million documents produced by the seven *BlackRock* Plaintiffs, only 78 documents were produced in redacted form (.002% of Plaintiffs' production).  Comparing Plaintiffs' productions to HSBC's production illustrates how disproportionate these numbers are:  HSBC produced more than 3,300 partially redacted documents in its production of 135,000 documents (2.44% of HSBC's production).

Plaintiffs also have shown a disregard for their obligation to produce non-privileged documents.  During discovery, HSBC identified documents produced by AEGON that contained both a privileged communication and a separate non-privileged communication with a third party.  Consistent with HSBC's obligations under the protective order, HSBC notified Plaintiffs of the privileged portion of these documents by letter on February 15, 2017, and Plaintiffs immediately clawed back all of the documents.  *See* Ex. 1 (Feb. 15, 2017 Ltr. to L. Gilmore).  In HSBC's letter and subsequent correspondence, HSBC reminded Plaintiffs that portions of these documents were not privileged and should be produced.  Only after repeated prompting did Plaintiffs produce redacted versions of the clawed-back documents two months later.  HSBC obviously cannot know what other documents Plaintiffs have withheld in their entirety that should be produced in redacted form.  But HSBC is aware that this same problem affected Plaintiffs' document productions in the *Wells Fargo* matter.  In that case, the Court concluded that Plaintiffs should have redacted many of the exemplar documents and ordered Plaintiffs to review all withheld documents to correct this problem.  *See* Dkt. 472, *BlackRock Allocation Target Shares: Series Portfolio, et al. v. Wells Fargo*, 14-cv-09371.

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
June 15, 2017
Page 3

Absent few exceptions, it appears that whenever Plaintiffs believed a document contained a privileged communication, they withheld the document completely rather than redacting it. That is not a proper discovery practice, and it has prejudiced HSBC in its defense of this case. Plaintiffs' improper withholding of partially-privileged documents has also produced a serious inequity where HSBC, by contrast, took pains to properly redact documents for privileged communications. HSBC respectfully requests that the Court order the same relief as it did in the *Wells Fargo* matter, and instruct Plaintiffs to review all withheld documents and assess whether those documents should be produced with redactions.

### B. Plaintiffs Failed To Produce Previously Logged Documents.

In the revised privilege log HSBC received on June 1, the *BlackRock* Plaintiffs removed a significant number of documents that they had previously logged, but they have never produced those documents to HSBC. The documents at issue include Plaintiffs' communications with Talcott Franklin, a lawyer who performed non-legal work for Plaintiffs and are presumptively relevant (particularly since Plaintiffs chose to log them as privileged initially).

Plaintiffs' communications with Talcott Franklin are not entitled to the attorney-client privilege. Several of the *BlackRock* Plaintiffs communicated with Mr. Franklin and members of his law firm, but discovery has shown that many of those communications concerned not legal work but his RMBS Clearing House.[1] In his Clearing House capacity, Mr. Franklin was not providing legal advice but simply connecting investors whose investments, when pooled together, could reach the 25% threshold for directing the trustee. These documents are relevant and responsive to HSBC's document requests, and they are not privileged. Although HSBC has sought to meet and confer on this issue multiple times, Plaintiffs have been unwilling to answer basic questions about their assertion of privilege over these communications. *See, e.g.*, Ex. 4 (Apr. 7, 2017 Ltr. to L. Gilmore, excerpted); Ex. 5 (Apr. 14, 2017 Ltr. to L. Gilmore).

The *BlackRock* Plaintiffs' original privilege log contained more than 300 documents relating to Talcott Franklin or other members of his firm. Plaintiffs' revised privilege log contains just over 100 documents. Of the approximately 200 Talcott Franklin documents that fell off of Plaintiffs' revised log, it appears that 145 of those documents have not been produced at all, and another 19 have been produced only as artifact files, which do not provide any information other than the document's metadata. *See, e.g.*, Ex. 6 (sample artifact document).

The previously logged, unproduced Talcott Franklin documents and the produced artifact files are listed in the attached Exhibit 7. HSBC respectfully requests that Plaintiffs be ordered to produce these documents, including the underlying documents associated with the artifact files.

---

[1] *See, e.g.*, Ex. 2 at 99:13-15 (Purnell Dep., AEGON); Ex. 3 at 441:4-7 (Sabapathi Dep., Prudential).

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
June 15, 2017
Page 4

Moreover, HSBC respectfully asks that the Court order the parties to select and submit exemplars for the Court's *in camera* review of the remaining Talcott Franklin documents on Plaintiffs' revised log.

### C. Plaintiffs Are Asserting Privilege Despite the Presence of Third Parties or the Lack of an Attorney on Communications.

Plaintiffs have logged and withheld numerous documents despite the presence of third parties (either non-lawyers, or law firms that appear to be counsel to parties other than Plaintiffs) on the communications. They also have withheld documents on the basis of attorney-client privilege despite the fact that the log does not identify an attorney as present on the communication. A set of five example log entries is attached as Exhibit 8.

None of the example entries in Exhibit 8 that include third parties identify a common interest relationship among the Plaintiff and third parties that might justify their protection under the common interest doctrine. As for the documents that do not include an attorney but have nonetheless been withheld, they are inaccurately described on the log as involving an attorney. For example, an email between Bill Martin and Ian Moraino of TIAA (neither of whom is a lawyer) is wrongly described as an "Email between employee(s) and attorney(s) regarding legal advice . . . ." HSBC respectfully requests that the Court order Plaintiffs to submit the documents identified in Exhibit 8 for *in camera* review.

### II. Commerzbank's Privilege Logs are Deficient.

HSBC also has raised numerous issues with Commerzbank's privilege logs that Commerzbank has refused to correct. First, as with the *BlackRock* Plaintiffs, it appears Commerzbank has failed to meet its obligation to produce redacted versions of partially-privileged documents. In particular, Commerzbank has produced only *ten* redacted documents out of a production of nearly 200,000 documents (.005% of Commerzbank's production). Ex. 9 (Commerzbank May 19, 2017 redaction log). Even these ten documents were produced only after HSBC questioned Commerzbank's withholding of these documents in their entirety. HSBC therefore respectfully requests that the Court instruct Commerzbank to review all withheld documents and assess whether those documents should be produced with redactions.

Second, Commerzbank's February 10, 2017 privilege log lists 224 attachments to 5 emails withheld as privileged, *see* Ex. 10 (Commerzbank Feb. 10, 2017 privilege log) at Nos. 1 through 229, even though the vast majority of these attachments do not appear to involve communications with attorneys or to have been prepared in anticipation of litigation. Many of these withheld attachments appear relevant and responsive to HSBC's document requests. *See, e.g.*, *id.* at Nos. 4, 5, 11, 21, 30, 31, 32, 33, 48, 65, 215, 216 & 221. It is well-established that "[m]erely attaching . . . documents to attorney-client communications does not constitute a basis

for assigning the privilege.  To permit this result would abrogate the well-established rule that only the communication, not the underlying facts, are privileged." *Renner v. Chase Manhattan Bank*, No. 98 civ. 926 (CSH), 2001 WL 1356192, at *5 (S.D.N.Y. Nov. 2, 2001).  "Were the rule otherwise, a party could shield quantities of highly relevant and fully discoverable documentary evidence through the simple expedient of conveying copies to his attorney." *Id.*  HSBC respectfully requests that the Court order Commerzbank to produce these unprivileged attachments.

Third, Commerzbank has withheld numerous documents as privileged even though no attorney is listed on the email.  *See, e.g.*, Ex. 10 at Nos. 281, 309, 463, 465 & 467.  Thus far, Commerzbank has refused HSBC's request that Commerzbank either provide an updated privilege log that sets forth a sufficient basis for withholding these documents, or else produce the documents.  HSBC therefore respectfully asks the Court to grant this same relief.

### III.     Six *BlackRock* Plaintiffs Should Submit to Rule 30(b)(6) Depositions.

Since the Court issued its May 5 Order extending the time for party depositions to June 16 (Dkt. 358), Plaintiffs have produced over 4,000 documents to HSBC.  For the reasons indicated above, HSBC believes that many additional documents remain to be produced as Plaintiffs work to correct the deficiencies in their privilege logs.  To avoid reopening individual fact depositions, HSBC seeks to depose a corporate representative from each Plaintiff group on a discrete set of topics that the Court already approved in the *Wells Fargo* action.  *See* Dkt. 422, *BlackRock Allocation Target Shares: Series Portfolio, et al. v. Wells Fargo*, 14-cv-09371, at 5-6.  Thus, on May 26, HSBC served a Notice of Depositions under Rule 30(b)(6) on plaintiffs AEGON, BlackRock, DZ Bank, PIMCO, Prudential, and TIAA.  *See* Ex. 11.

Since May 26, Plaintiffs have refused to produce witnesses for these depositions or schedule a meet and confer call to discuss them with HSBC before the June 16 fact discovery deadline.  While HSBC modeled its 30(b)(6) topics for each Plaintiff group on the streamlined set of topics that Plaintiffs litigated and the Court approved in the *Wells Fargo* action, we understand that Plaintiffs have moved to vacate the Court's order in that action before Judge Failla.  *See* Dkts. 432, 433, 434, *BlackRock Allocation Target Shares: Series Portfolio, et al. v. Wells Fargo*, 14-cv-09371.  Rather than burden the Court with a parallel discovery motion in this action, HSBC proposes that if Judge Failla denies Plaintiffs' motion, HSBC should be permitted, within one month of Judge Failla's order (subject to Plaintiffs' completion of outstanding document production), to depose under Rule 30(b)(6) corporate representatives from AEGON, BlackRock, DZ Bank, PIMCO, Prudential, and TIAA on the topics set forth in HSBC's Notice of Depositions.  In addition, HSBC proposes that Plaintiffs should provide HSBC with deposition transcripts of any such depositions taken in the *Wells Fargo* action so that HSBC can assess whether it can further streamline the noticed topics.

WILLIAMS & CONNOLLY LLP

Honorable Sarah Netburn
June 15, 2017
Page 6

                              Sincerely,

                              /s/ Amy Murphy
                              Amy Murphy

cc: Counsel of record