# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

July 5, 2017

**VIA ECF & HAND DELIVERY**
The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, New York 10007

    Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*,
                   No. 14-cv-09366 (S.D.N.Y.)

Dear Judge Netburn:

       On behalf of Plaintiffs, we write to submit three exemplar documents from Plaintiffs' privilege log in accordance with the Court's June 26, 2017 Order (ECF No. 412) and to update the Court on the parties' meet and confer efforts concerning Defendant HSBC Bank USA, N.A.'s ("HSBC") privilege log.

    **I.**    **Plaintiffs' Privilege Log**

       On July 5, 2017, the parties met and conferred regarding 13 exemplars that HSBC identified to Plaintiffs from their privilege log concerning either communications with or concerning Plaintiffs' (and other investors') law firm Talcott Franklin or potential redactions. The parties resolved their disputes as to ten of the 13 exemplars, including each exemplar relating to potential redactions. Plaintiffs, however, have properly withheld the remaining three documents on privilege grounds.

       Each of the three documents reflect legal advice or work product of the law firm of Talcott Franklin P.C., a litigation law firm that Plaintiffs and other institutional investors engaged or contemplated engaging to represent their collective interests in connection with their purchases of RMBS. *See, e.g.*, Ex. 1 (enclosing a draft engagement letter between the TIAA Plaintiffs and Talcott Franklin). To further that representation or potential representation, Talcott Franklin provided legal advice to the group of investors and their representatives on potential claims and legal strategies. Because Plaintiffs were members of a representative body of institutional investors represented by Talcott Franklin, among other law firms, for the purpose of pursuing a clear coordinated, common legal strategy, the documents remain protected from disclosure under the common interest doctrine irrespective of whether institutional investors other than Plaintiffs were recipients of the document. Indeed, this Court has previously recognized this well-established principle in its prior rulings.



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
July 5, 2017
Page 2

---

Nonetheless, HSBC claims that Plaintiffs are not entitled to invoke the attorney-client privilege with respect to any communications with Talcott Franklin because the firm performed only non-legal work. This assertion is not true, as reflected by the exemplars. While not all communications with Talcott Franklin were privileged, which is why Plaintiffs have produced a number of such documents, others like the following three exemplars are privileged because they reflect legal advice, mental impressions or confidential communications in furtherance of obtaining legal advice from Talcott Franklin.

***Document 1 (DOC002518956).*** Document 1 is an email and draft engagement letter protected by the attorney-client privilege and work product doctrine. Ex. 1. Specifically, it is an email chain between Talcott Franklin and John McCally, in-house counsel for the TIAA Plaintiffs, reflecting edits to a draft engagement letter. Notably, the engagement letter expressly defines the scope of the engagement between the TIAA Plaintiffs and Talcott Franklin to be providing: "(a) legal advice and services related to the establishment, maintenance, and analysis of the data base; and (b) legal advice rendered in the initial determination as to whether collective action is feasible, when such advice is requested under paragraphs 3-7 below."

***Document 2 (SCS_001_1_00000001-00043-1).*** Document 2 is draft letter protected by the work product doctrine and common interest doctrine. Ex. 2. Plaintiffs have agreed to produce the parent email to the draft letter but have included a copy in Exhibit 2 for the Court's convenience. In Document 2, Mr. Franklin provides comments from the law firm of Grais and Ellsworth on a draft event of default letter to the TIAA Plaintiffs, among other institutional investors. This draft is protected from disclosure by the common interest doctrine because the institutional investors were collectively part of a representative body that reasonably anticipated becoming co-litigants in litigation against RMBS trustees. In fact, the Court has found the common interest doctrine to apply under similar circumstances where there was a "clear coordinated, common legal strategy." *See, e.g.*, *BlackRock Allocation Target Shares: Series S Portfolio, et al. v. Wells Fargo Bank ("Wells Fargo"), N.A.*, 14-cv-9371 (S.D.N.Y.), ECF No. 472, at 5-6.

***Document 3 (SMK_012_1_00000054-07082-1).*** Document 3 is a redacted draft appendix protected by the work product doctrine and common interest doctrine for the same reasons as Document 2. Ex. 3. Specifically, the draft appendix was prepared by Mr. Franklin's law firm in anticipation of litigation and sets forth a coordinated, common legal strategy relating to the occurrence of events of default under the Governing Agreements. For the Court's convenience, Plaintiffs have included a copy of the parent email to the draft appendix, which Plaintiffs have agreed to produce to HSBC, and indicated in yellow highlighting the portion of the appendix they redacted.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Sarah Netburn
July 5, 2017
Page 3

## II. HSBC's Privilege Log

The parties continue to meet and confer with concerning HSBC's privilege log deficiencies and will submit exemplars in accordance with the Court's established protocol. In the interim, however, Plaintiffs wish to notify the Court of an issue that may imminently require judicial intervention. Specifically, although HSBC has asserted the bank examination privilege ("BEP") with respect to hundreds of documents on its privilege log, it has not yet notified the regulators as to each document on its log for which it asserts the BEP. Plaintiffs have requested that HSBC notify them by Friday, July 7, whether it will follow the Court's protocol set forth in the *Wells Fargo* action and will promptly notify the Court if HSBC refuses to immediately notify the regulators. *Wells Fargo*, 14-cv-9371, ECF No. 501.

Respectfully submitted,

Benjamin Galdston