# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

TIMOTHY A. DeLANGE
timothyd@blbglaw.com
(858) 720-3186

January 26, 2018

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.,*
               No. 14-cv-09366-LGS-SN (S.D.N.Y.)

Dear Judge Schofield:

      We write on behalf of Plaintiffs in response to Defendant HSBC Bank USA, N.A.'s ("HSBC") January 19, 2018 letter (ECF No. 474) attaching as supplemental authority the Magistrate Judge's Report & Recommendation denying class certification in *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, Case No. 14-cv-09764-KPF-SN, ECF No. 442 (S.D.N.Y. Jan. 10, 2018) (Netburn, M.J.) ("*Royal Park R&R*").

      As an initial matter, the District Court in that action has neither adopted nor rejected the *Royal Park R&R*. More importantly, significant differences in the class definitions, evidentiary record, alleged harm, and proposed class damages model exist between this case and the *Royal Park* action. In fact, the *Royal Park R&R* provides a useful illustration of why questions common to Plaintiffs' more narrowly defined Class of current holders will predominate over individual ones, and why a class action is "superior" to other forms of adjudicating this dispute.

      The *Royal Park R&R* concluded that the plaintiff met the implied requirement of ascertainability (*id*. at 13-16), as well as Rule 23(a)'s numerosity, commonality, typicality and adequacy requirements. *Id*. at 16-22. It nevertheless recommended denying class certification because the plaintiff purportedly failed to satisfy Rule 23(b)(3)'s predominance and superiority requirements. *Id*. at 22-35. As explained below, none of the four concerns identified in the *Royal Park R&R* is present here.



12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Lorna G. Schofield
January 26, 2018
Page 2

1. **Tracing And Choice Of Law Analysis Will Not Be Required To Establish Class Member Standing**

   The plaintiff in *Royal Park* moved to certify a class of all current and ***former*** beneficial holders of the certificates for the two trusts at issue. *Id*. at 4. The *Royal Park R&R* concluded that to ensure each class member had Article III standing, the Court would be forced to undertake two "fact-intensive, individualized inquiries" of each potential class member: (i) a tracing of the entire trading history of the securities to determine who owned the securities and when; and (ii) a choice of law analysis to determine which jurisdiction applied to every transfer of the securities and whether the class member retained litigation rights against the trustee. *Id*. at 24-29.

   Here, current holders are readily identifiable and, in fact, trustees communicate with them on a regular basis for reporting and payment purposes. Pls.' Class Cert. Brief ("Br.") at 23-24 (ECF No. 386). Additionally, the securities themselves are governed by New York law, thus resolving any possible uncertainty as to whether New York's General Obligations Law Section 13-107 applies. *See* Br. at 24; Pls' Reply Brief ("Reply") at 4-5 (ECF No. 391), citing *Excelsior Fund, Inc. v. JP Morgan Chase Bank, N.A.*, 2007 WL 950134, at *6 (S.D.N.Y. Mar. 28, 2007). Accordingly, upon a transfer of the securities to Plaintiffs and other current holders as purchasers, Plaintiffs and the Class acquired all of the sellers' claims for damages against HSBC. *See* Reply at 4-5; *see also Bluebird Partners, L.P. v. First Fid. Bank, N.A.*, 97 N.Y.2d 456, 461 & n.1 (2002) (statute is "eminently clear that the buyer of a bond receives exactly the same 'claims or demands' as the seller held before the transfer."). As such, there is no need for the Court to employ New York's "center of gravity" test to determine which jurisdiction's law controls, or undertake individualized inquiries into whether Class members hold litigation rights against HSBC. *See* Br. at 24; Reply at 4-5; *Okla. Police Pension & Ret. Sys. v. U.S. Bank Nat'l Ass'n*, 986 F. Supp. 2d 412, 415 (S.D.N.Y. 2013).

   Moreover, the *Royal Park R&R*'s statement that "[i]t is apparently common for [RMBS investors] to divorce litigation rights from the underlying securities" (*id*. at 28), is unsupported and inaccurate. There is no evidence here demonstrating that investors in the Trusts commonly "assigned" or carved out litigation rights from the underlying securities. Indeed, HSBC was unable to identify a single instance where an investor in the hundreds of thousands of transactions in the securities at issue here purportedly sold its beneficial interests in a security, but retained its litigation rights against HSBC. In sum, no individualized questions regarding standing exist, much less predominate.

2. **HSBC's Speculative Statute Of Limitations Defense Will Not Present Individualized Issues**

   The *Royal Park R&R* adopted the defendant's speculation that its statute of limitations defense creates individualized issues. *Id*. at 29-30. In reaching that conclusion, the *Royal Park R&R* overlooked a critical body of law requiring that before an affirmative defense may be

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Lorna G. Schofield
January 26, 2018
Page 3

considered a factor in the class action calculus, the defendant must establish that such a defense is **meritorious**.  Reply at 5-6, citing *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 127 n.10 (2d Cir. 2013).  A defendant's mere speculation that some class members' claims may be barred by the statute of limitations is not sufficient to defeat certification.  *Id.*; *see also In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 303 (S.D.N.Y. 2003); *Schramm v. JPMorgan Chase Bank, N.A.*, 2011 WL 5034663, *11-12 (C.D. Cal. Oct. 19, 2011).

Here, HSBC has failed to establish that any class member's claim is barred by any statute of limitations.  Reply at 5.  Moreover, the *Royal Park R&R* failed to recognize the common issues embedded in making any statute of limitations determination.  Most notably, when the cause of action accrued is a common question that will be shown through common evidence, *i.e.*, when HSBC breached the contract.  Nor did the *Royal Park R&R* address the common questions of whether HSBC's continuous breaches and failure to inform noteholders of known Seller and Servicer defaults and Events of Default would toll any statute of limitations.

3. **Plaintiffs Allege A Different Harm Measured By A Different Damages Model Capable Of Calculating Class Member Damages Using Common "Inputs"**

Here, unlike the plaintiff in the *Royal Park R&R*, Plaintiffs have proposed a single common damages methodology for calculating Plaintiffs' and all other Class members' resulting injury.  *See* Br. at 21; Reply at 3-5.  In particular, Plaintiffs will measure the losses HSBC's failure to act caused through an analysis of the extent to which losses in the Trusts' loan pools were associated with mortgage loans that breached the Sellers' representations and warranties and servicing violations.  The damages methodology is based on common evidence, such as the loan files and performance of the loans within the Trusts.  *See id*.  Additionally, damage calculations will be performed through a common formula such that each Class member's damages calculation is performed in the same manner based on the same facts and evidence.  *See id*.  And unlike in *Royal Park*, the calculation of damages does not depend on individualized inquiries as to any Class member's ownership period, tranche, or the price paid or received for a security.  *Royal Park R&R* at 30-31.  Rather, damages associated with HSBC's failure to protect noteholders will be allocated to Class members based on the Governing Agreements' clear "waterfall" payment distribution guidelines; a method commonly used in other RMBS contractual actions.  *See* Br. at 21; Reply at 3-5.

4. **A Class Action Here Would Be Manageable And Superior To All Other Methods For Adjudication Of The Dispute**

Finally, the *Royal Park R&R*'s suggestion that separate actions would be superior given that RMBS investors "are sophisticated institutional investors with large claims in the millions of dollars," and "several [plaintiffs] have already commenced their own lawsuits against Defendants," contravenes Second Circuit case law [*Royal Park R&R* at 34].  *See* Br. at 22; Reply at 8-9, citing *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 277 F.R.D. 97, 120-21

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Lorna G. Schofield
January 26, 2018
Page 4

---

(S.D.N.Y. 2011).  Moreover, the superiority element requires a comparative analysis (Reply at 8-9), which the *Royal Park R&R* does not do.  *In re Petrobras Sec.*, 862 F.3d 250, 268 (2d Cir. 2017). In particular, the *Royal Park R&R* fails to consider that resolving noteholders' claims through numerous individual actions would potentially flood this Court and others with repetitive, costly, and resource-intensive litigation.  Individual holders would be forced to hire their own set of experts and repeatedly analyze the same population of breaching loans and servicing records.  Such a result would be a waste of litigant, judicial and public resources, as well as present the risk of inconsistent judgments.  Such inefficiencies are the very reason courts encourage the use of the class-action device in large securities actions like this one.  *See* Br. at 22; Reply at 8, citing *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.,* 269 F.R.D. 340, 355 (S.D.N.Y. 2010).

For all of these reasons, and the reasons set forth in Plaintiffs' motion papers, Plaintiffs' Motion should be granted.

Respectfully submitted,

*/s/ Timothy A. DeLange*

Timothy DeLange

cc: All Counsel of Record (Via ECF)